FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 NOV 30 PM 12: 06

Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>        Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. F04-0034 CIV (RRB)

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTS II-IV**

COME NOW Defendants Fannie Carroll and the City of Fort Yukon, Alaska, by and through their counsel Jermain Dunnagan & Owens, P.C., and pursuant to Fed.R.Civ.P 56(b), hereby move for summary judgment on Counts II-IV in the above-captioned case.

This motion is supported by the attached memorandum and affidavit.

DATED at Anchorage, Alaska this 28 day of November, 2005.

JERMAIN, DUNNAGAN & OWENS, P.C.

By: _____
Howard S. Trickey
Alaska Bar No. 7610138

**CERTIFICATE OF SERVICE**

This is to certify that on this 29th day of November, 2005, a true and correct copy of the foregoing was mailed, postage prepaid, to:

Michael J. Walleri, Esq.
330 Wendell St., Suite E
Fairbanks, AK 99709

_____
Jeanine M. Huston

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTS II-IV
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)

PAGE 2

Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. F04-0034 CIV (RRB) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON COUNTS II-IV**

**I.   INTRODUCTION**

Defendants are entitled to summary judgment on Counts II-IV of Plaintiffs' complaint, because these claims were resolved in a partial settlement agreement. Plaintiffs made an offer for partial settlement on September 1, 2005. Plaintiffs offered to dismiss Counts II-IV in return for certain promises by the City, as spelled out in a letter by Plaintiffs' counsel. On October 13, 2005, Defendants accepted Plaintiffs' offer. At

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

that point, the parties had a contract that resolved Counts II-IV and required the parties to execute a stipulation dismissing those counts. Instead of performing its contractual obligation, Plaintiffs then reneged on the deal. They explained that they had changed their mind and now wanted a "global settlement." Since a party's right to revoke an offer is terminated upon acceptance of the offer, Plaintiffs cannot repudiate the contract. The Court should enforce the settlement agreement and enter a summary judgment order that Counts II-IV are barred by the parties' contractual agreement.

## II. FACTS

In a letter dated September 1, 2005, Plaintiffs counsel made an unequivocal offer to resolve Counts II, III, and IV of Plaintiffs' complaint. In return for the City's promise to change the status of two of the Plaintiffs from "terminated" to "resigned," and to limit any answer to a job reference inquiry to a confirmation of employment only, Plaintiffs promised to dismiss Counts II, III, and IV.[1] These claims alleged wrongful discharge, constructive discharge, and violation of civil rights. Plaintiffs' counsel explained that none of his clients had been harmed by their "terminations" and so there were no damages worthy of pursuit.

Upon receipt of Plaintiffs' partial settlement offer, Defendants' counsel, Matthew Singer, telephoned Plaintiffs' counsel, Michael Walleri, to discuss the terms of the offer.

---

[1] Affidavit of Matthew Singer ("Singer Affidavit").

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTS II-IV      PAGE 2
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)

In that lengthy conversation, Mr. Walleri confirmed and repeated the settlement terms exactly as he proposed in his September 1, 2005 letter.[2]

Mr. Singer then sent a confirmatory letter on September 6, informing Walleri that Defendants' counsel would take the offer to the client and hope to get a response within ten days.[3] Mr. Singer had at least two subsequent telephone conversations with Mr. Walleri's office in September and October, where he informed Walleri that he was still working to set up a meeting to present Plaintiffs' offer to Defendants.[4]

Due to scheduling difficulty and a pending city election, defense counsel was not able to meet with the Fort Yukon City Council until October 12. The Council agreed to accept the offer. The next day, October 13, 2005, Mr. Singer sent Walleri a letter containing Defendants' acceptance. The letter plainly stated that "the City accepts plaintiffs' offer to settle Counts II, III, and IV of the complaint."

On October 17, Mr. Singer and Mr. Walleri had a telephone conversation, wherein they discussed the papers necessary to execute the partial settlement agreement. Mr. Singer agreed to prepare those papers and forward them to Mr. Walleri for review.[5]

On October 19, Mr. Singer sent to Mr. Walleri a Settlement Agreement and Release, along with a Stipulation for Dismissal With Prejudice of Counts II, III and IV of the Complaint.

---

[2]   Singer Affidavit, ¶ 3.
[3]   Singer Affidavit, Ex. B.
[4]   Singer Affidavit, Ex. C.
[5]   Singer Affidavit, ¶ 7.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Mr. Walleri temporarily misplaced the settlement documents. In an e-mail message on October 26, 2005, Mr. Walleri wrote that he found the documents and sent them to his clients. He stated "I think it looks fine, but they may have some fine points. I don't think we have a real problem."[6]

Next, on November 7, 2005, Plaintiffs reneged on the deal. Mr. Walleri wrote that "My clients have informed me that they have reconsidered the proposed partial settlement and are declining to proceed with the partial settlement. Essentially, my clients would prefer a global settlement or litigate all claims."[7]

Defendants sought to keep the settlement on track. In a letter dated November 10, 2005, Defendants explained that they had a contract and expected Plaintiffs to perform their promises under the agreement.[8] Mr. Walleri then responded on November 14 with a letter seeking to shift blame for the failed settlement.[9] Plaintiffs have refused to execute the agreed upon dismissal of Counts II, III, and IV, and so this motion is necessary.

### III.  DISCUSSION

The Ninth Circuit Court of Appeals holds that "[a]n agreement to settle a legal dispute is a contract and its enforceability is governed by familiar principles of contract law."[10] "Each party agrees to extinguish those legal rights it sought to enforce through

---

[6]  Singer Affidavit, Ex. G.
[7]  Singer Affidavit, Ex. H.
[8]  Singer Affidavit, Ex. I.
[9]  Singer Affidavit, Ex. J.
[10]  *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990).

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

litigation in exchange for those rights secured by the contract."[11]   "Furthermore, enforceability of these contracts is favored in the law."[12]

The general rule is that "a settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the Court."[13] The Ninth Circuit explained in *Dacanay v. Mendoza* that "a litigant can no more repudiate a compromise agreement than he could disavow any other binding contractual relationship."[14]   In determining the construction and enforcement of a settlement agreement, the Ninth Circuit applies the state law in the jurisdiction where the contract arose.[15]

To determine if a contract exists, the Alaska Supreme Court looks to whether there was "a meeting of the minds about the essential terms of the agreement."[16] In *Davis v. Dykman*, the court explained that "[t]he formation of a valid contract requires an offer encompassing all essential terms, unequivocal acceptance by the offeree, consideration,

---

[11]   *Id.* (internal citation omitted).

[12]   *Id.*

[13]   *Cummins Diesel Michigan, Inc. v. The Falcon*, 305 F.2d 721, 723 (7th Cir. 1962); *see also Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1015 (D.C. Cir. 1985).

[14]   573 F.2d 1075, 1078 (9th Cir. 1978).

[15]   *Jeff. D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989); *Miller v. Fairchild*, 797 F.2d 727, 733 (9th Cir. 1986).

[16]   *Walton v. Ramos*, 963 P.2d 1042, 1046 (Alaska 1998).

and an intent to be bound."[17] "A settlement agreement satisfying these elements forms a binding contract between the settling parties."[18]

Here, all of the elements of a contract exist. Plaintiffs' letter of September 1, 2005 contained all of the essential terms of Plaintiffs' offer to settle Counts II, III, and IV of their complaint. Defendants' letter of October 13, 2005 contained an unequivocal acceptance. The first sentence of that letter states: "We were finally able to meet with the City Council last night, and the City accepts plaintiffs' offer to settle Counts II, III, and IV of the complaint."

Moreover, there was ample consideration for a contract. The Alaska Supreme Court holds that the "bilateral exchange of promises" is sufficient consideration to create a contract.[19] Here, Plaintiffs promised to dismiss Counts II, III, and IV in return for Defendants' promise regarding changing the status of Fleming and DeLeon to "resigned" instead of "terminated" and to answer any job inquiry only by job title and dates of employment.

After the parties reached a binding contract, Plaintiffs decided to repudiate or renege. Mr. Walleri explained "My clients have informed me that they have reconsidered the proposed partial settlement and are declining to proceed with the partial settlement. Essentially, my clients would prefer a global settlement or litigate all claims."

---

[17]   938 P.2d 1002, 1006 (Alaska 1997).

[18]   *Wyatt v. Wyatt*, 65 P.3d 825, 828 (Alaska 2003).

[19]   *See id.*

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Since the parties had already reached a meeting of the minds, and a valid contract existed, Plaintiffs did not have the option to renege in hopes of a "global settlement." Had Plaintiffs wanted a "global settlement" they should not have made a "partial settlement offer" on September 1. But having made that offer in a clear, unequivocal writing, and the offer having been accepted in an equally clear and unequivocal writing by Defendants, the parties have a partial settlement agreement. That agreement requires Plaintiffs to dismiss Counts II, III, and IV, and prevents them from litigating those claims.

### IV.  CONCLUSION

Plaintiffs made a valid settlement offer and Defendants accepted that offer to settle Counts II, III, and IV of the complaint. Plaintiffs cannot renege the deal simply because they want more. Since the parties reached a binding agreement, this Court should enforce the partial settlement agreement and enter summary judgment in favor of Defendants on Counts II, III, and IV of the complaint.

DATED at Anchorage, Alaska this 28th day of November, 2005.

JERMAIN, DUNNAGAN & OWENS, P.C.

By: *Howard S. Trickey*
Howard S. Trickey
Alaska Bar No. 7610138

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

**CERTIFICATE OF SERVICE**

This is to certify that on this 29th day of November, 2005, a true and correct copy of the foregoing was mailed, postage prepaid, to:

Michael J. Walleri, Esq.
330 Wendell St., Suite E
Fairbanks, AK 99709

*Jeanine M. Huston*
Jeanine M. Huston

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTS II-IV   PAGE 8
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)