Howard S. Trickey
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA, | ) ) ) | |
| Defendants. | ) ) | Case No. F04-0034 CIV (RRB) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON COUNT I**

## I.    INTRODUCTION

Defendants are entitled to summary judgment on Count I of Plaintiffs' complaint, which alleges unpaid overtime pay. Plaintiffs' overtime claim fails as a matter of law because the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, does not apply to small police departments that employ fewer than five law enforcement officers.[1]

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

---

[1]    *See* 29 U.S.C. § 213(b)(20).

Plaintiffs in this case were all law enforcement officers for Fort Yukon at various times from November 2001 to February 2004.[2] During this period, the City of Fort Yukon ("City") never employed more than four people in law enforcement activities.[3] Because the City is therefore exempt from the FLSA's overtime requirements, this Court should grant summary judgment for Fort Yukon on Count I of the complaint.

## II.    FACTS

The City of Fort Yukon maintains a small police department to enforce city law, protect municipal property, and keep peace in the village. Plaintiffs in this case were all employed at one time as Public Safety Officers for the City of Fort Yukon. Prior to their hire, each of the Plaintiffs had obtained law enforcement training at the Tanana Valley Campus Law Enforcement Academy. Each of the Plaintiffs then served as a uniformed, armed member of the City of Fort Yukon police department, where each was given the power to arrest.

Reginald Fleming was hired as Chief of Police on November 20, 2001,[4] and worked in that position until his termination on February 9, 2004.[5] Prior to being hired, Fleming completed 460 hours of basic police training at the 2001 Tanana Valley Campus Law Enforcement Academy.[6]

---

[2]    Complaint ¶¶ 7, 8, 9, 10, 11.

[3]    Affidavit of Vera James ("V. James Aff.") ¶¶ 5, 12 & Attachment C.

[4]    Ex. 1, p. 1.

[5]    Answer ¶ 7.

[6]    Ex. 1, p. 5.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Chris Hampton was hired by the City as a public safety officer on January 15, 2003,[7] having completed 490 hours of basic police training at the 2002 Tanana Valley Campus Law Enforcement Academy.[8]  He worked as a public safety officer for barely one month before resigning on February 18, 2003.[9]

Todd Schlumbohm was hired by the City as a public safety officer in March 2003,[10] having previously graduated from the 2002 Tanana Valley Campus Law Enforcement Academy.[11]  Schlumbohm worked as a Fort Yukon public safety officer until his resignation on February 16, 2004.[12]

William McKillican was hired by the City as a public safety officer in August 2002.[13]  He worked in that position until his resignation in August 2003.[14]  McKillican had also graduated from the 2002 Tanana Valley Campus Law Enforcement Academy.[15]

Christopher DeLeon was hired by the City as a public safety officer on June 30, 2003, and worked in that position until his termination on February 9, 2004.[16]  DeLeon

---

[7]  Ex. 2, p. 1.

[8]  *Id.,* p. 2.

[9]  Ex. 2, p. 1.

[10]  Answer ¶ 11.

[11]  Ex. 3, p. 2.

[12]  *Id.*, p. 3.

[13]  Answer ¶ 8.

[14]  Answer ¶ 8.

[15]  Ex. 4.

[16]  Answer ¶ 10.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

had previously completed 460 hours of basic police training at the 2001 Tanana Valley Campus Law Enforcement Academy.[17]

All five plaintiffs assert that they are entitled to overtime pay under the FLSA.[18] The law exempts police departments with fewer than five law enforcement officers. Thus, the issue in this motion is whether the Fort Yukon police department employed more than four people in law enforcement activities during any workweek between November 20, 2001 (when Fleming was hired) to February 16, 2004 (when the last of the plaintiffs, Schlumbohm, resigned).    Since the City never employed more than four officers engaged in law enforcement activities during this operative period,[19] Plaintiffs' overtime claim fails as a matter of law.

## III.    ARGUMENT

### A.    Standard for Granting a Motion for Summary Judgment

Interpretation of the Fair Labor Standards Act and its administrative regulations are questions of law.[20] Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law.[21] The non-moving party

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

---

[17]    Ex. 5.

[18]    *See* Complaint, Count I.

[19]    V. James Aff. ¶¶ 4, 5, 12, and Attachment C.

[20]    *Geig v. DDR, Inc.*, 407 F.3d 1038, 1044-45 (9th Cir. 2005).

[21]    *See* FED. R. CIV. P. 56(b); *see also Voigt v. Savell*, 70 F.3d 1552, 1559 (9th Cir. 1995).

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT I          PAGE 4
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

cannot create a genuine issue of fact merely by making broad assertions in a responsive legal memorandum or by making unsupported conclusory allegations.[22]

### B.    Plaintiffs' Wage Claims are Barred by 29 U.S.C. § 213(b)(20)

The Fair Labor Standards Act provides overtime pay requirements for many workers under 29 U.S.C. § 207.  However, under 29 U.S.C. § 213(b)(20), the overtime provisions of section 207 do not apply to "any employee of a public agency who in any work week is employed in law enforcement activities (including security personnel in correctional institutions), if the public agency employs during the workweek less than 5 employees in … law enforcement activities[.]"  Section 213(b)(20) "provides a complete overtime pay exemption."[23]

The Department of Labor has developed a three-part test to define which employees are employed in law enforcement activities.[24]  First, the employee must be a member "of a body of officers and subordinates who are empowered by State or local ordinance to enforce laws designed to maintain public peace and order and to protect both life and property from accidental or willful injury, and to prevent and detect crimes[.]"[25] Second, the employee must have the power to arrest.[26]  Third, the employee must have either received or currently be receiving training in various law enforcement activities,

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

---

[22]    *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Angel v. Seattle-First Nat. Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981).

[23]    29 C.F.R. 553.200.

[24]    29 C.F.R. 553.211(a).

[25]    29 C.F.R. 553.211(a)(1).

[26]    29 C.F.R. 553.211(a)(2).

which usually includes training in shooting, self defense, and law enforcement techniques.[27]   "Employees who do not meet <u>each of the three tests described above</u> are not engaged in 'law enforcement activities' as the term is used in sections 7(k) and 13(b)(20)."[28]   Employees who spend more than 20 percent of their time working in activities other than law enforcement do not count as people engaged in law enforcement activities under § 213(b)(20).[29]

By the plain meaning of § 213(b)(20), the number of employees engaged in law enforcement activities is calculated week-by-week.[30]   "It is therefore possible that employees may be subject to [a] maximum hours standard in certain workweeks, but not in others."[31]   For Plaintiffs to defeat the City's exemption, they would have to show that the City employed more than four law enforcement officers for each week in which Plaintiffs seek overtime.  Plaintiffs cannot make this showing for <u>any</u> workweek between November 2001 and February 2004.

In their complaint, Plaintiffs seek to avoid the § 213(b)(20) exemption by inflating or exaggerating the size of the City's police department.  Plaintiffs list a number of

---

[27]     29 C.F.R. 553.211(a)(3).

[28]     29 C.F.R. 553.211(e) (emphasis added).

[29]     *See* 29 C.F.R. 553.212(a).

[30]     *See* 29 U.S.C. § 213(b)(20); *see also* 29 C.F.R. 553.200(c) ("The section 13(b)(20) exemption applies on a workweek basis.").

[31]     29 C.F.R. 553.200(c).

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

people as regular, relief, or temporary police officers.[32]  They also appear to count all the dispatchers as people engaged in law enforcement activities.[33]

The people listed in paragraphs 12 and 13 of the complaint can be grouped into two categories: the dispatchers and everyone else.  This memorandum establishes below that dispatchers were not engaged in law enforcement activities under § 213(b)(20).  Indeed, even if dispatchers were not expressly counted out under § 213(b)(20), which they are, none of the City's dispatchers were engaged in law enforcement activities during any workweek of Plaintiffs' employment.  Next, this memorandum establishes that none of the other people listed in paragraph 12 of the complaint were engaged in law enforcement activities during any relevant workweek or, if they were, they still do not bring the department above the legal threshold of four law enforcement officers.

1.    **Dispatchers do not count as "individuals engaged in law enforcement activities" under section 213(b)(20).**

The administrative regulations defining law enforcement activities specifically exempt dispatchers from being counted as employees engaged in law enforcement activities under § 213(b)(20).[34]  "Not included in the term 'employee in law enforcement activities' are the so-called 'civilian' employees of law enforcement agencies or correctional institutions who engage in such support activities as those performed by [a]

---

[32]    Complaint ¶ 12.

[33]    Complaint ¶ 13.

[34]    *See* 29 C.F.R. 553.211(g).

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

dispatcher[.]"[35]  Halona Cadzow, Bobbie Gail James, Charlotte Fleener, Tara Fields, Audrey Fields, and Summer Alexander were all employed by Fort Yukon as dispatchers during various periods of Plaintiffs' employment.[36]  By the plain language of the controlling regulation, 29 C.F.R. 553.211(g), these dispatchers do not count as employees engaged in law enforcement activities under section 213(b)(20).

Further, none of the dispatchers meet the three-part test for being a person engaged in law enforcement activities.  While all of the Plaintiffs had previous significant law enforcement training at the Tanana Valley Campus Law Enforcement Academy, the dispatchers were all local Fort Yukon residents who had no law enforcement training.  As each of the dispatchers explains in their affidavits, they did not have the power to arrest. Nor did they conduct law enforcement activities.  The dispatchers were civilian employees of the police department, not members of the uniformed police force.  They simply do not count as law enforcement officers.

> **2.     Under the Department of Labor's three-part test, the Fort Yukon dispatchers did not count as individuals engaged in law enforcement during any relevant time period.**

Even if dispatchers were not expressly exempted from the term "employee in law enforcement activities," none of the dispatchers would satisfy the three-part test in 29 C.F.R. 553.211(g). This is because none of the dispatchers had the power to arrest, none

---

[35]     *Id.*

[36]     Cadzow Aff. ¶ 1; B.G. James Aff. ¶ 1; Fleener Aff. ¶ 1; T. Fields Aff. ¶ 1; A. Fields Aff. ¶ 1; Alexander Aff. ¶ 1.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

received any law enforcement training, and they did not conduct law enforcement activities.

### i.    Halona Cadzow

Fort Yukon employed Halona Cadzow as a dispatcher from November 2, 2001 to December 5, 2003.[37] She did not engage in the activities described in the Department of Labor's three-part test to deduce who is engaged in law enforcement activities.[38] Her employment never required her to enforce laws, regulate conduct, or protect property.[39] Her job never gave her powers to arrest.[40] And, she never received any job training for police or participated in a basic police-training course.[41] Any one of these facts would be fatal to the assertion that she was engaged in law enforcement activities for the purposes of § 213(b)(20).[42] When all three parts of the test are taken together, it is clear that she was not employed in law enforcement activities. Rather, Cadzow was a civilian employee engaged in dispatch functions, and therefore she does not count as a law enforcement officer.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

---

[37]    Cadzow Aff. ¶ 1.

[38]    29 C.F.R. 553.211(a).

[39]    Cadzow Aff. ¶ 3.

[40]    Cadzow Aff. ¶ 10.

[41]    Cadzow Aff. ¶ 11.

[42]    29 C.F.R. 553.211(e).

### ii.    Bobbie Gail James

Fort Yukon employed Bobbie Gail James as a dispatcher from July 2002 through February 21, 2003.[43]  She did not engage in the activities described in the Department of Labor's three-part test to deduce who is engaged in law enforcement activities.[44]  Her employment never required her to enforce laws, regulate conduct, or protect property.[45]  Her job never gave her powers to arrest.[46]  And, she never received any job training for police or participated in a basic police-training course.[47]  Any one of these facts would be fatal to the assertion that she was engaged in law enforcement activities for the purposes of § 213(b)(20).[48]  When all three parts of the test are taken together, it is clear that she was not working in law enforcement activities.

### iii.    Charlotte Fleener

Fort Yukon employed Charlotte Fleener as a dispatcher from July 5, 2003 through July 5, 2005.[49]  On July 5, 2005 she became a police officer for Fort Yukon.[50]  While she was a dispatcher, she did not engage in two of the activities described in the Department of Labor's three-part test to deduce who is engaged in law enforcement activities.[51]  Her

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

---

[43]    B.G. James Aff. ¶ 1.

[44]    29 C.F.R. 553.211(a).

[45]    B.G. James Aff. ¶ 3.

[46]    B.G. James Aff. ¶ 10.

[47]    B.G. James Aff. ¶ 11.

[48]    29 C.F.R. 553.211(e).

[49]    Fleener Aff. ¶ 1.

[50]    Fleener Aff. ¶ 1.

[51]    29 C.F.R. 553.211(a).

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT I        PAGE 10
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

job never gave her powers to arrest.[52]  And, she never received any job training for police or participated in a basic police-training course during the period when Fort Yukon employed Plaintiffs.[53]  She did periodically drive the police car around town while she was a dispatcher so that the police department continued to have a local presence while no officers were in town.[54]

Periodically driving a police car around town does not meet the first prong of the three-part test.  Even deputy sheriffs and deputy constables will typically only meet the first prong of the test when they are "regularly employed and paid as such."[55]  Employees who spend more than 20 percent of their time working in activities other than law enforcement do not count as people engaged in law enforcement activities under § 213(b)(20).[56]

But, even if Fleener's occasionally driving the police car around town did meet the first prong of the three-part test, failure to meet the other two is fatal to Plaintiffs' assertion that she was engaged in law enforcement activities for the purposes of § 213(b)(20).[57]  Her job never gave her powers to arrest, and she never received any

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

---

[52]    Fleener Aff. ¶ 4.

[53]    Fleener Aff. ¶ 5.

[54]    Fleener Aff. ¶ 3.

[55]    29 C.F.R. 553.211(c).

[56]    *See* 29 C.F.R. 553.212(a).

[57]    29 C.F.R. 553.211(e).

police training during the relevant time.[58]   She was not engaged in law enforcement

activities at any relevant time for the purposes of § 213(b)(20).

### iv.   Tara Fields

Fort Yukon employed Tara Fields as a dispatcher from May 2003 to January 16,

2004.[59]   She did not engage in the activities described in the Department of Labor's three-

part test to deduce who is engaged in law enforcement activities.[60]   Her employment

never required her to enforce laws, regulate conduct, or protect property.[61]   Her job never

gave her powers to arrest.[62]   And, she never received any job training for police or

participated in a basic police-training course.[63]   Any one of these facts would be fatal to

the assertion that she was engaged in law enforcement activities for the purposes of

§ 213(b)(20).[64]   When all three parts of the test are taken together, it is clear that she was

not working in law enforcement activities.

---

**LAW OFFICES OF**
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

| | |
|---|---|
| 58 | Fleener Aff. ¶¶ 4, 5. |
| 59 | T. Fields Aff. ¶ 1. |
| 60 | 29 C.F.R. 553.211(a). |
| 61 | T. Fields Aff. ¶ 3. |
| 62 | T. Fields Aff. ¶ 10. |
| 63 | T. Fields Aff. ¶ 11. |
| 64 | 29 C.F.R. 553.211(e). |

### v.    Audrey Fields

Fort Yukon employed Audrey Fields as a dispatcher from late September 2003 to February 4, 2005.[65]    She did not engage in the activities described in the Department of Labor's three-part test to deduce who is engaged in law enforcement activities.[66]

Like Ms. Fleener, Audrey Fields periodically drove the police vehicle around so that the police department continued to have a local presence while no officers were in town.[67]    However, this lone act is not sufficient to constitute employment in "law enforcement activities" under § 213(b)(20).    Audrey Fields' employment never required her to enforce laws, regulate conduct, or protect property.[68]    Nor did she have powers to arrest.[69]    And, she never received any job training for police or participated in a basic police-training course.[70]    Any one of these facts would be fatal to the assertion that she was engaged in law enforcement activities for the purposes of § 213(b)(20).[71]    When all three parts of the test are taken together, it is clear that she was not working in law enforcement activities.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

---

[65]    A. Fields Aff. ¶ 1.

[66]    29 C.F.R. 553.211(a).

[67]    A. Fields Aff. ¶ 5.

[68]    A. Fields Aff. ¶¶ 3, 4.

[69]    A. Fields Aff. ¶ 6.

[70]    A. Fields Aff. ¶ 11.

[71]    29 C.F.R. 553.211(e).

### vi.    Summer Alexander

Fort Yukon employed Summer Alexander as a dispatcher from July 2003 to September 5, 2003.[72]  She did not engage in the activities described in the Department of Labor's three-part test to deduce who is engaged in law enforcement activities.[73]  Her employment never required her to enforce laws, regulate conduct, or protect property.[74]  And, she never received any job training for police or participated in a basic police-training course.[75]  Any one of these facts would be fatal to the assertion that she was engaged in law enforcement activities for the purposes of § 213(b)(20).[76]  When all three parts of the test are taken together, it is clear that she was not working in law enforcement activities.

### 3.    None of the people listed in paragraph 12 of the complaint brings the police force above the four person exemption threshold.

### i.    J.R. Wallace

Fort Yukon admits that J.R. Wallace was a police officer employed by the City from November 2003 through September 2004.[77]  He was engaged in law enforcement activities for the purposes of § 213(b)(20) during the weeks that he was employed by the City.  His employment brings the number of people employed by Fort Yukon in law

---

[72]    Alexander Aff. ¶ 1.

[73]    29 C.F.R. 553.211(a).

[74]    Alexander Aff. ¶ 3.

[75]    Alexander Aff. ¶ 11.

[76]    29 C.F.R. 553.211(e).

[77]    Answer ¶ 12; V. James Aff. ¶ 11.

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT I    PAGE 14
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

enforcement activities to <u>four</u> during the period from November 9, 2003 to February 9, 2004, the day when Fleming and DeLeon were terminated.[78]  During that period, the police force consisted of Fleming as Chief, and Public Safety Officers DeLeon, Schlumbohm, and Wallace.  However, the City is still exempt from overtime because it never employed <u>more than four</u> law enforcement officers during this time.

### ii.    Mike Hardy

Mike Hardy's employment as a police officer is not relevant to this case because he was not employed as a law enforcement officer at any time Fort Yukon employed more than two other police officers.  Mike Hardy was a temporary police officer from March 2002 to June 28, 2002.[79]  During the time that Fort Yukon employed Mike Hardy, he was arguably engaged in law enforcement activities under § 213(b)(20), although he did not believe he had the power to arrest and he had received no training.[80]  During Hardy's short term of employment, Fort Yukon also employed Plaintiff Reginald Fleming and Debra Hardy as law enforcement officers, for a total of three law enforcement officers.[81]  After June 2002, Mike Hardy went to work as a Village Public Safety Officer for Tanana Chiefs Council and ceased to be employed by the City of Fort Yukon.[82]  There were never more than two other people employed by Fort Yukon as law

---

[78]    *See* Attachment C to V. James Aff.

[79]    V. James Aff. ¶ 9.

[80]    *See* Hardy Aff.

[81]    *See* V. James Aff. ¶ 8.

[82]    Hardy Aff. ¶ 2.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

enforcement officers while Mike Hardy was employed.[83]   There were a total of three people employed by Fort Yukon in law enforcement activities during Mike Hardy's employment, not the five required by § 213(b)(20).

### iii.   Debra Hardy

Debra Hardy's employment with the Fort Yukon police department is irrelevant to this case for the same reason that Mike Hardy's employment is irrelevant. Fort Yukon employed Debra Hardy as a law enforcement officer until December 2001.[84]   The only plaintiff who ever worked with Debra Hardy was Reginald Fleming, as he was hired in November 2001.  Between Fleming's hire in November 2001 and Debra Hardy's last day of work in December 2001, Fort Yukon did not employ any other law enforcement officers.[85]  There were a total of two people employed by Fort Yukon in law enforcement activities during the relevant portion of Debra Hardy's employment, not the five required by § 213(b)(20).[86]

### iv.   Gerald Alexander

Gerald Alexander's employment with the Fort Yukon police department is irrelevant to this case for the same reason that Mike and Debra Hardys' employment is irrelevant.  Gerald Alexander worked for Fort Yukon as a police officer from January 12,

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

---

83    *See* Attachment C to V. James Aff.

84    V. James Aff. ¶ 8.

85    *See* Attachment C to V. James Aff.

86    *See id.*

2001 until May 20, 2002.[87]  Fort Yukon never employed more than two other officers at any time during Alexander's employment, including Fleming and temporary officer Mike Hardy.[88]  There were at most a total of three people employed by Fort Yukon in law enforcement activities during Gerald Alexander's employment, not the five required by § 213(b)(20).[89]

### v.    Phillip Solomon

Fort Yukon did not employ Phillip Solomon during any relevant time period. Indeed, the City does not believe Phillip Solomon has ever been a City employee, and the computer records indicate that Solomon has not been employed by the City at least since the City went to its computer payroll system in 1997.[90]  The City believes that Solomon was employed by the State of Alaska as a jailer during at least part of the time that Plaintiffs assert that the alleged overtime violations occurred.[91]  Since Solomon was employed by the State of Alaska, not the City of Fort Yukon, he cannot possibly count as a city employee for the purposes of § 213(b)(20).

### vi.    Eric Tremblay

Tremblay was employed in the City of Fort Yukon's maintenance department during all relevant time periods.[92]  He has never held any job title within the Fort Yukon

---

[87]   V. James Aff. ¶ 10.

[88]   *See* Attachment C to V. James Aff.

[89]   *See id.*

[90]   V. James Aff. ¶ 7.

[91]   *Id.* ¶ 10.

[92]   Tremblay Aff. ¶ 1.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

police department.[93]    However, Plaintiffs assert that he was either a regular, relief or temporary officer.[94]

> ### a.    Tremblay's employment does not meet the Department of Labor's test for determining who is employed in law enforcement activities.

Plaintiffs' assertions fail because Tremblay was never an employee engaged in law enforcement activities under the Department of Labor's three-part test.[95]    Failure to comply with any part of the three-part test would be fatal to the assertion that Tremblay was an employee engaged in law enforcement activities.[96]    Tremblay's employment did not meet the criteria for at least two of the prongs of the test.

> ### (1) Tremblay was never empowered by state or local ordinance to uphold the laws of Fort Yukon.

Tremblay did cover for Plaintiffs for short periods of time when one of the officers would leave town before the other came back.[97]    On at least one occasion, Plaintiff Christopher DeLeon attempted to use an oath of office form in order to "deputize" Tremblay.[98]    What DeLeon expected the oath of office form to accomplish is unclear, since only elected or appointed officials had authority to designate officers.[99]

---

93    *Id.*

94    Complaint ¶ 12.

95    29 C.F.R. 553.211(a).

96    29 C.F.R. 553.211(e).

97    Tremblay Aff. ¶ 2.

98    *Id.*

99    *See* AS 29.20.600; AS 29.20.360.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Under Fort Yukon's Polices and Procedures Manual, the only person who had the ability to empower Tremblay to uphold Fort Yukon's laws "under state or local ordinance"[100] was the City Manager or a supervisory employee if the City Manager had previously given her permission.[101]   It was police officers who asked Tremblay to cover for them.[102]   None of the police officers for Fort Yukon supervised Tremblay, who worked as head of the City's maintenance department.  The police officers simply did not have the power to deputize Tremblay or employ him as a law enforcement officer.

Even if that were not the case, typically deputy sheriffs and deputy constables do not meet the three-part test unless they are "regularly employed and paid as such."[103] Employees who spend more than 20 percent of their time working in activities other than law enforcement do not count as people engaged in law enforcement activities under § 213(b)(20).[104]   Tremblay's work for the police department was not regular and never took up more than 20 percent of his time in any given workweek.[105]   Rather, he was asked by police officers to cover for them on a few isolated occasions when they left Fort Yukon before their replacements arrived.[106]   That is not regular employment, and Tremblay was not employed in law enforcement activities under § 213(b)(20).

---

[100]    29 C.F.R. 553.211(a)(1).

[101]    Fort Yukon Policies and Procedures, Chapter 1 § 10 (Ex. 6).

[102]    Tremblay Aff. ¶ 2.

[103]    29 C.F.R. 553.211(c).

[104]    *See* 29 C.F.R. 553.212(a).

[105]    *See* Exhibit 1 to Tremblay Aff.

[106]    Tremblay Aff. ¶ 2.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

### (2) Tremblay was never trained as a law enforcement officer

Tremblay never received any training whatsoever regarding law enforcement activities.[107] This fact alone is fatal to the contention that Tremblay was engaged in law enforcement activities under § 213(b)(20).[108]

## IV.    CONCLUSION

In enacting the FLSA, Congress recognized and adopted a special exemption for small police departments that employ fewer than five law enforcement officers. Since Fort Yukon's police department never employed five or more officers, it falls squarely within the exemption. Accordingly, Defendants respectfully request that the Court grant them summary judgment as to all of Plaintiffs' overtime claims under the FLSA.

DATED at Anchorage, Alaska this 30th day of December, 2005.

JERMAIN, DUNNAGAN & OWENS, P.C.

By: _Howard S. Trickey_
Howard S. Trickey
Alaska Bar No. 7610138

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

---

[107]    *Id.* ¶ 4.

[108]    29 C.F.R. 553.211(a)(3); 29 C.F.R. 553.211(e).

**CERTIFICATE OF SERVICE**

This is to certify that on this 30ᵗʰ day of
December, 2005, a true and correct copy of
the foregoing was mailed, postage prepaid, to:

Michael J. Walleri, Esq.
330 Wendell St., Suite E
Fairbanks, AK 99709

*Jeanine M. Huston*
Jeanine M. Huston

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322