Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM<br><br>            Plaintiffs,<br><br>  vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>            Defendants. | **MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF DEADLINE TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNT I**<br>[FRCP 56 (f)]<br><br>Case No. F04-0034 CIV (RRB) |

  Reginald Fleming, et. al., Plaintiffs seek an extension of deadline to respond to Defendant's Motion for Summary Judgment pursuant to FRCP 56 (f). The reason this motion is sought is because discovery difficulties beyond the control of the parties.

  The present action was brought by five (5) former officers of the City of Fort Yukon Police Department. Count I of the complaint deals with Wage and Hour claims by five (5) officers. The City's motion for summary judgment asserts a small

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 4
Op: Def. Mot. S. J. (Count I)

police force exemption to the FSLA [29 USC §213(b)(20)] The statute in question provides that

> The provisions of section 207 of this title shall not apply with respect to—
> (20) any employee of a public agency who in any workweek is employed in fire protection activities or any employee of a public agency who in any workweek is employed in law enforcement activities (including security personnel in correctional institutions), if the public agency employs during the workweek less than 5 employees in fire protection or law enforcement activities, as the case may be;

According to the City's motion, in addition to the five (5) officers named in the complaint, there were at least twelve (12) other employees of the City Police Department over the periods of time in question. The City admits that six (6) of these individuals were law enforcement officers. It denies that the other six (6) persons employed by the City of Fort Yukon were officers. In its motion, the City asserts a number of facts about the employment status of these individuals, but has refused to provide requested employment records that would support the City's assertions, including job descriptions, and payroll records (See Def. Response to Plt.s First Discovery requests). The City has refused to provide any documents announcing any work policy for the Department. Id. It is therefore impossible to test the veracity of the assertions by the City set out in affidavits, which were obviously prepared by the city's attorneys.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                 *Page 2 of 4*
Op: Def. Mot. S. J. (Count I)

The various employees were employed under a complex funding arrangement involving the Department of Justice (COPS) grant and the Tanana Chiefs Conference, Inc. The Plaintiff's have asked for copies of these grants and funding and the Defendants have refused to comply.

Finally, as the e-mail copies filed by the City in the Summary Judgment Motion on Count II – IV indicate, the parties have been attempting to conduct depositions of the witnesses in Fort Yukon. This has been complicated by the fact that overnight accommodations are not available in the winter, and the City attorney's have been attempting to deal make alternative arrangements for such depositions. Moreover, Ms. Carroll, the former City Manager and named defendant in these proceedings has moved to someplace in Florida. Of course, depositions would not be possible until the City provides a proper discovery response.

As set out in the accompanying affidavit of Counsel, the failure with regard to discovery, some of which is within the control of the City and others which have not, have generally frustrated discovery. As a result, Plaintiffs are unable, at this time to properly address the factual contentions asserted by the City. Under these

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                 *Page 3 of 4*
Op: Def. Mot. S. J. (Count I)

circumstances, the Court should extend the deadline for response to the motion until discovery issues may be addressed.

DATED: February 8, 2006          s/ Michael J. Walleri
Michael J. Walleri
AK. Bar No. 7906060
Attorney for Plaintiffs

Certificate of Service
I hereby certify that under penalty of perjury that a true and
Correct copy of the foregoing was sent to the following counsel
of record on February 8, 2006 via electronic filing to:

Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*          *Page 4 of 4*
Op: Def. Mot. S. J. (Count I)