Howard S. Trickey
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM, <br><br> Plaintiffs, <br><br> vs. <br><br> FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case 4:04-cv-00034-RRB

**DEFENDANTS' OPPOSITION TO MOTION FOR
EXTENSION OF DEADLINE TO RESPOND TO
DEFENDANTS' SUMMARY JUDGMENT MOTION ON COUNT I**

**I.     INTRODUCTION**

Relying upon Federal Civil Rule 56(f), Plaintiffs have asked the Court for a continuance for an unspecified amount of time before they must oppose Defendants' long-pending motion for summary judgment on Count I of the Complaint. Count I of the complaint asserts a claim for overtime pay under the Fair Labor Standards Act ("FLSA"), and Defendants moved for summary judgment because the FLSA exempts small police

departments like the City of Fort Yukon that employ fewer than five law enforcement officers.[1]

The Court should deny Plaintiffs' Rule 56(f) motion and order Plaintiffs to promptly file any opposition to the pending motion. Plaintiffs have been dilatory in conducting discovery in this case, and they fail to identify any needed discovery that would have any bearing whatsoever on the pending motion.

## II. PLAINTIFFS ARE NOT ENTITLED TO A RULE 56(f) CONTINUANCE

Plaintiffs are purportedly seeking delay under Federal Civil Rule 56(f). Civil Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Plaintiffs fail to meet the express requirements of the Rule. "A Rule 56(f) motion must show how the additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact."[2]

Most significantly, the evidence Plaintiffs purportedly seek is not relevant to the issue before the Court. The Ninth Circuit has said that "[a] Rule 56(f) request must

---

[1] *See* 29 U.S.C. § 213(b)(20).

[2] *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989).

DEFENDANTS' OPPOSITION TO MOTION FOR EXTENSION OF DEADLINE TO RESPOND TO DEFENDANTS' SUMMARY JUDGMENT MOTION ON COUNT I
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-CV-00034-RRB

PAGE 2

demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."[3]

The sole issue presented to the Court is whether the City of Fort Yukon ever employed more than five law enforcement officers at any relevant time. Plaintiffs claim in their motion that the City has not provided various documents, but Plaintiffs utterly fail to show how any of these documents have anything to do with the issue before the Court. For example, Plaintiffs complain that the City has not provided any "work policy" documents. This is a red herring, as this refers to policy documents required by an unrelated section of the FLSA that has nothing to do with how many law enforcement officers worked for the City during the relevant time. Plaintiffs should not be permitted to delay the case to pursue patently irrelevant discovery.

Moreover, the Ninth Circuit has said that a Rule 56(f) movant "cannot complain if it fails to pursue discovery diligently before summary judgment."[4] Professors Wright and Miller explain

> the rule will not be applied to aid a party who has been lazy or dilatory. Thus … a request for relief under Rule 56(f) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery. The courts will not delay a case to allow discovery when the discovery sought could have been instituted earlier, especially when there is no reason to believe that it will lead to a denial of the motion.[5]

---

[3]  *United States v. $5,644,540.00 in U.S. Currency*, 799 F.2d 1357, 1363 (9th Cir. 1986).

[4]  *Brae Trans., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986).

[5]  Wright, Miller & Kane, 10B *Federal Practice and Procedure* § 2741 at 429-436 (3d ed. 1998) (citing cases).

DEFENDANTS' OPPOSITION TO MOTION FOR EXTENSION OF DEADLINE TO RESPOND TO
DEFENDANTS' SUMMARY JUDGMENT MOTION ON COUNT I
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-CV-00034-RRB

PAGE 3

Plaintiffs filed their complaint in 2004, and have done virtually nothing to prosecute their case since then. They submitted one discovery request in October 2005, which Defendants timely answered in November. Since then and prior to their Rule 56(f) motion, Plaintiffs have made no mention to Defendants of any deficiencies in Defendants' discovery response. Plaintiffs have not written any letters, filed any motions to compel, or submitted any follow up discovery. In November 2005, the parties did exchange an email or two about scheduling depositions. Since then, Plaintiffs have done nothing to follow up. Instead, Plaintiffs requested on December 7, 2005, a "stay" of the case for 60 days, during which time Plaintiffs apparently did absolutely nothing.

Further, Plaintiffs can hardly claim to be surprised by the City's summary judgment motion. In their complaint, Plaintiffs identified the very exemption now asserted by Defendants. [*See* Complaint] Having been aware for over a year that the City would seek an exemption from the FLSA because it employed fewer than five officers, Plaintiffs have no reasonable explanation for their failure to conduct the discovery they now claim to need. For this reason, the Court should deny the continuance and direct Plaintiffs to file any opposition within 10 days.

### III. AT THE LEAST, THE COURT SHOULD ALLOW ONLY A REASONABLE TIME FOR LIMITED ADDITIONAL DISCOVERY

Even if Plaintiffs had a legitimate basis to ask for a Rule 56(f) continuance, they should not be permitted an extension for an indeterminate amount of time. In their

motion, Plaintiffs ask for 60 days, at which time they will file a status report. They make no promise to actually do anything in those 60 days, and they seem to be seeking a much longer delay before they actually have to file any opposition. If the Court does entertain the motion for extension, it should grant only a limited extension with a date certain deadline for Plaintiffs to file their opposition. Defendants submit that 60 days is a reasonable period for Plaintiffs to conduct any discovery and submit their opposition, and that any more delay is unwarranted.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for extension. In the alternative, the Court should allow only a short extension and provide a date certain for Plaintiffs to file any opposition to summary judgment.

DATED at Anchorage, Alaska this 24th day of February, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By:   s/ Howard S. Trickey
      Howard S. Trickey
      3000 A Street, Suite 300
      Anchorage, AK  99503
      Phone: (907) 563-8844
      Fax: (907) 563-7322
      Alaska Bar No. 7610138

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2006,
a true and correct copy of the foregoing
Opposition to Motion for Extension of Deadline
to Respond to Defendants' Motion for Summary
Judgment on Count I was served electronically
on the following counsel of record:

s/ Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99709

s/ Howard S. Trickey

DEFENDANTS' OPPOSITION TO MOTION FOR EXTENSION OF DEADLINE TO RESPOND TO
DEFENDANTS' SUMMARY JUDGMENT MOTION ON COUNT I
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. 4:04-CV-00034-RRB

PAGE 6