Howard S. Trickey
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>    Plaintiffs,<br><br> vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. F04-0034 CIV (RRB) |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON COUNTS II-IV**

**I. INTRODUCTION**

The parties entered into a partial settlement agreement for Counts II-IV that contained all of the elements of a contract, including a clear offer encompassing all essential terms, unequivocal acceptance of the offer, consideration, and an intent to be bound. After Defendants accepted the offer, Plaintiffs reneged for the sole reason that they decided they wanted a better deal. Now, in hopes of avoiding summary judgment to enforce the partial settlement agreement, Plaintiffs have filed an opposition that: (1)

confuses the issue by discussing inapplicable civil rules; (2) mischaracterizes the parties' contract as merely an "agreement to negotiate;" and (3) feigns prejudice where none exists. Because the parties reached a binding agreement encompassing all essential terms, the Court should hold that Counts II-IV are barred by contract and Defendants are consequently entitled to summary judgment as to those counts.

## II.   CIVIL RULES 41 AND 68 ARE IRRELEVANT

This motion is brought pursuant to Civil Rule 56. Defendants contend that Counts II, III, and IV are barred by a settlement contract and therefore Defendants are entitled to summary judgment. Ignoring Civil Rule 56 completely, Plaintiffs try to confuse the matter by dedicating pages of their opposition to discussion about Civil Rules 41 and 68. Neither Civil Rule 41 nor Rule 68 has any relevance or application to the instant dispute.

Civil Rule 41 deals with voluntary dismissals. Essentially, Plaintiffs argue that their claims cannot be dismissed unless they so stipulate and execute a stipulation for dismissal. Plaintiffs are incorrect. Courts routinely dismiss claims without the consent of the plaintiff, as when the complaint fails to state a claim (*see* Civil Rule 12(b)(6)), or when, as here, there is a no genuine issue of any material fact and Defendant is entitled to judgment as a matter of law (Civil Rule 56).

Plaintiffs contend that the Court cannot enforce the settlement agreement unless Plaintiffs first sign a stipulation for dismissal. [Opp. at 5] But the general rule is that "a settlement agreement or stipulation voluntarily entered into cannot be repudiated by

either party and will be summarily enforced by the Court."[1]  Plaintiffs' argument is inconsistent with the law in the Ninth Circuit, such as the holding in *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990), where the court explained:

> Furthermore, enforceability of these compromise agreements is favored in the law.  The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation.

Plaintiffs try to distinguish *Jeff D.*, claiming that the case somehow requires that the parties sign a stipulated dismissal before the court has authority to dismiss any claims.  To the contrary, *Jeff D.* plainly establishes that the court has authority to enforce "a settlement agreement," and that the existence of a settlement agreement is a question of state law.  *See id.*

Under Alaska law, the parties here had a binding settlement agreement. Plaintiffs sent a letter stating the clear terms for a partial settlement.  Defendants sent a letter accepting the offer.  The parties' exchange of promises constituted consideration.  The parties intended to be bound.  Mr. Walleri made clear after he reviewed the draft documents executing the settlement that the documents looked fine.  Simply put, the parties had a deal.  Once a deal is reached encompassing all these basic terms, the parties have a binding contract.[2]

---

[1]   *Cummins Diesel Michigan, Inc. v. The Falcon*, 305 F.2d 721, 723 (7th Cir. 1962); *see also Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1015 (D.C. Cir. 1985).

[2]   *Wyatt v. Wyatt*, 65 P.3d 825, 828 (Alaska 2003).

Plaintiffs also make the bizarre statement that "the City seeks to have the Court treat the letter exchange as on offer of judgment governed by FRCP 68." This is not true. Rather, Defendants believe that the letter exchange created a contract, and that claims inconsistent with that contract are thereby barred. Plaintiffs' discussion of Rule 68 is a red herring.

### III. THE PARTIES REACHED AN ENFORCEABLE AGREEMENT UNDER STATE LAW

Next, Plaintiffs seek to mischaracterize the parties' agreement as nothing more than "an agreement to agree." Plaintiffs claim that this situation is like *Davis v. Dykman*, where the parties had only a vague agreement to negotiate, and had not proposed "a specific amount or a method of calculating a specific amount."[3] Since the parties had not agreed on essential terms, there was no contract.

In contrast, the parties here did reach an agreement about essential terms. Plaintiffs proposed a partial settlement of this lawsuit, whereby they would dismiss Counts II-IV in return for: (1) Defendants' agreement to change the status of two employees from "terminated" to "resigned," (2) Defendants' promise about how to respond to an employment reference check; and (3) Defendants' agreement to bear its own costs and fees for these counts. Given that by their own admission Plaintiffs had not suffered any money damages as a result of these claims, this settlement agreement certainly provides Plaintiffs with more value than they would obtain at trial, since no jury

---

[3] 938 P.2d 1002, 1006 (Alaska 1997).

could order either changes in employment status or instructions on how to respond to employment references.

To support their specious argument that the parties never reached an agreement, Plaintiffs concoct a number of objections to the boilerplate language in the settlement agreement that Mr. Singer provided to Mr. Walleri. The problem with Plaintiffs' argument is that it ignores the facts. When Mr. Singer forwarded the draft settlement agreement, he asked Mr. Walleri to make any changes or edits. In a responding e-mail message on October 26, 2005, Mr. Walleri indicated that he reviewed the settlement documents and sent them to his clients. He stated "I think it looks fine, but they may have some fine points. I don't think we have a real problem."[4]

When Plaintiffs reneged on the deal, their reneging had nothing whatsoever to do with the proposed language in the settlement agreement. Rather, Mr. Walleri wrote: "My clients have informed me that they have reconsidered the proposed partial settlement and are declining to proceed with the partial settlement. Essentially, my clients would prefer a global settlement or litigate all claims."[5]

Thus, the facts are that Plaintiffs' counsel reviewed the agreement and approved the language, saying "I think it looks fine." Later, Mr. Walleri wrote that his clients had changed their mind and now preferred a "global settlement" or no settlement at all. Never did he raise a single objection to the proposed settlement language. The agreement fell apart not because of disputed terms, but because Plaintiffs had "buyer's remorse" and

---

[4] Singer Aff., Ex. G (filed November 30, 2005).

[5] Singer Aff., Ex. H.

decided they wanted a better deal.  Plaintiffs' arguments to the contrary are, at best, disingenuous.

## IV. PLAINTIFFS CANNOT BE PREJUDICED BY BEING BOUND BY A CONTRACT THEY THEMSELVES PROPOSED

Plaintiffs stretch logic beyond the breaking point when they assert that they will "suffer an injustice" if this Court enforces the settlement agreement.  Plaintiffs seem to forget that they initiated the partial settlement discussions themselves, and they proposed all of the terms of the agreement.  This settlement was Plaintiffs' idea.  If the terms are so "unjust" or prejudicial, then Plaintiffs never should have proposed the settlement.  But once they made the offer, and it was accepted by Defendants, Plaintiffs were bound by a contract and no longer had the authority to revoke the offer.  Because the parties had a binding agreement to resolve Counts II-IV, the Court should enter summary judgment for Defendants as to those three claims.

It is Defendants who will suffer prejudice if the Court fails to enforce the settlement agreement.  It took considerable time and expense to arrange a meeting between defense counsel and the City of Fort Yukon City Council to discuss Plaintiffs' settlement offer and agree to its terms.  Defendants then spent attorney time and money preparing the documents to memorialize the agreement, and now further effort trying to keep the agreement on track.  All of this prejudice is caused by Plaintiffs' failure to keep their word.

Further, in Plaintiffs' letter proposing the partial settlement, they conceded that they do not have any damages flowing from Counts II-IV.  Given the lack of any

damages, Plaintiffs have no valid reason to maintain these claims, other than to harass Defendants or complicate this litigation in hopes of prompting "a global settlement." The Court should not condone this type of bait-and-switch litigation practice, and the piling on of meritless claims. Since Plaintiffs admitted that they suffered no harm from Counts II-IV, and they expressly agreed to settle these claims, this Court should enter summary judgment holding that Counts II-IV are barred by the parties' settlement agreement.

DATED at Anchorage, Alaska this 27th day of February, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By: s/ Howard S. Trickey
Howard S. Trickey
3000 A Street, Suite 300
Anchorage, AK 99503
Phone: (907) 563-8844
Fax: (907) 563-7322
Alaska Bar No. 7610138

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2006,
a true and correct copy of the foregoing
Reply in Support of Motion for Summary
Judgment on Counts II-IV was served
electronically on the following counsel of record:

s/ Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99709

s/ Howard S. Trickey