Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON,  CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and  TODD SCHLUMBOHM<br><br>               Plaintiffs,<br><br>  vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>             Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY**<br><br><br>Case No. Fo4-0034 CIV (RRB) |

Plaintiffs (i.e. Fleming et. al., hereinafter referred to as "Policemen") seek an order to compel discovery against the Defendants (Carroll, et. al. hereinafter referred to as "City").  Specifically, the policemen are seeking the following information

1)  The costs of providing housing for the police during the time of their employment (i.e. Interrogatory No. 2), including utility costs.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*
Motion to Compel Discovery

2) The identity of all VPSO's and VPO's in the community of Fort Yukon during the plaintiff's employment. (i.e. Interrogatory No. 3)

3) Plaintiff's duty nights of uninterrupted sleep.  (Interrogatory No. 7)

4) The identity of all funding sources used by the City of Fort Yukon to fund their police department during plaintiff's employment. (i.e. Interrogatory No. 8)

5) The identity of all persons employed by the City in "law enforcement activities" during plaintiff's employment periods. (i.e. Interrogatory No. 9)

6) Copies of all interagency agreements relating to the provision of law enforcement.  (Request for production No. 1, First Round)

7) Payroll Records for  J.R. Wallace, Mike Hardy, Debra Hardy, Gerald Alexander, Phillip Solomon, and Eric Trembley; Halona Cadzow, Bobbie Gail James, Charolette Fleener, Tara Fields, Audry Fields, Summer Alexander, as well as other persons named in response to Interrogatory No. 9

Plaintiffs have initiated two rounds of discovery, however, Defendants are stonewalling filing objections and refusing to provide discovery in blatant bad faith. The discovery stonewalling is coupled with the City pressing dispositive motions,

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

and mudslinging by the City about the failure of the policemen to prosecute the case.   The Court should not only order discovery but order sanctions and costs incurred by the policeman.


**BACKGROUND.**

On October 24, 2006, the policeman, through the undersigned, served the first set of discovery upon the City which included thirty-three (33) requests for admissions, eight (8) interrogatories, and five (5) requests for production.  On November 22, 2005, the City responded and objected to each and every Interrogatory and Request for Production with the exception of Request for Production No. 5, to which the City responded that no such document existed.[1] A second set of discovery was served on February 6, 2006, which contained two interrogatories and three (3) requests for productions.  A late response was sent by the City on March 9, 2006. Again the city either objected to the discovery or indicated that there were no undisclosed documents.  In total, the City has not provided any the documents requested.    There can be little question that the City is

---

[1] See Exhibit A The first set of interrogatories admittedly contained a typographical error, in cross-referencing a prior interrogatory, which was corrected in subsequent discovery.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*
Motion to Compel Discovery

engaged in a bad faith course of conduct intended to evade, and frustrate normal discovery.   In particular, the issues raised are as follows:

Interrogatory No. 2.  Interrogatory No. 2 (served in the first round of discovery) requested that the City state the cost of providing housing for each Plaintiff during their employment for the City of Fort Yukon.  The City objected to the interrogatory, arguing that it was overbroad, burdensome and irrelevant.  The City incorrectly states that the City only provided housing for Chief Fleming, and provided only an estimate of $700 per month, plus utilities for Mr. Fleming.  The City did not indicate what the costs of utilities were.

The information is particularly relevant because the cost of housing is included in the calculation of the regular rate of pay for determining the overtime pay rate. See 29 USC § 203(m).  The information is not burdensome, because the employer is required to maintain such records. See 29 CFR 516.2  The objection and failure to disclose is without merit.

Interrogatory No. 3 ---.  Interrogatory No. 2 (served in the first round of discovery) requested that the City identify all persons serving a Village Public Safety

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                        *Page 4 of 10*
Motion to Compel Discovery

Officer or Public Safety Officer for the community of Fort Yukon during Plaintiffs

periods of employment with the City of Fort Yukon.  The City objected to the

interrogatory claiming that it was vague, ambiguous, unintelligible and

burdensome.  The City went on to disclose four individuals employed by the City as

"Public Safety Officers".  That was not the question, and the objection was not in

good faith.  The Village Public Safety Officer (VPSO) program is a high profile state-

funded cooperative program between the Alaska Department of Safety, Native

Regional Non-profit Corporations (TCC in this case) and villages.  The program is

authorized by state statute[2] and regulations.[3]   Under the program, the State Department

of Public Safety enters into agreements with Regional non-profit corporations to fund the

VPSO positions.[4]  The Corporations, in turn, enter into cooperative agreements with cities to

fund and operate the programs.[5]  The minimum requirements of the corporation/village

agreements is set out in state regulation.[6]  There is no ambiguity as to the term "Village

Public Safety Officer".   More importantly, the regulatory scheme means that if a VPSO was

in the village, the City would have to have entered into an agreement for the provision of

such services.  The obvious implication is that the City would be well award of the VPSO

program, if it was in the village.

---

[2] A.S. 18.65.670
[3] 13 AAC 96.010 et. seq.]
[4] 13 AAC 96.030
[5] 13 AAC 96.050.  The regulations provide that the agreements are with the governing body of villages. "Governing Body" is defined as meaning the city council. 13 AAC 96.900 (9)
[6] 13 AAC 96.040

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                    *Page 5 of 10*
Motion to Compel Discovery

Opposing counsel's feigned claims of ambiguity are more remarkable given that opposing counsel and his firm are very familiar with the VPSO program, having been involved in Alaska Labor Relations Agency proceedings comparing wildlife enforcement officers pay rates with other public safety officer pay rates, including VPSO's. [7]   Opposing counsel's claimed confusion as to what a VPSO strains credulity. The objection and failure to disclose is without merit.

Interrogatory No. 7.  --Interrogatory No. 7 (served in the first round of discovery) requested information as to nights of interrupted sleep.  The City responded with an objection stating that they had not way of knowing how many nights of sleep of the policeman were interrupted.  The police department, however, does keep log notes respecting the receipt of night complaints and of officer response.  Of course, all these records are in the possession of the City; not the police officers.  The claim that the City has no way of knowing how often the officers were called out during sleep time, is clearly not true. The objection and failure to disclose is without merit.

---

[7] See http://www.labor.state.ak.us/laborr/do/186.htm

**Michael J. Walleri**

*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                      *Page 6 of 10*
Motion to Compel Discovery

Interrogatory No. 8.  --Interrogatory No. 8 (served in the first round of discovery) requested that the City identify funding sources for the city police department.  The City objected claiming that merely stating all sources of funding would be burdensome and irrelevant. The City went on to state that the source of funds for the department was general funds, City Safety prevention account and Federal Cops (sp) Grant.  The reference to General Funds and the COPS grant is very clear.  However, the reference to a City Safety prevention account is not responsive, in that it merely reflects an account; not a funding source.   The material is very relevant in that it might lead to discoverable evidence respecting grant conditions and terms from other funding agencies.   Specifically, the City is arguing in some of its internal memoranda that some or all police officers were terminated because of grant and contract conditions.  The objection and failure to disclose is without merit.

Interrogatory No. 9.  --Interrogatory No. 9 (served in the second round of discovery) requested the identity of all persons employed by the City in "law enforcement activities" during plaintiff's employment periods.  The City objected claiming that the question was vague ambiguous and overburdensome.  The City went on to state that all such persons were previously identified in the City's motion for summary judgment.   In that motion, the City identified twelve persons

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

employed by the Department (i.e. Officers: J.R. Wallace, Mike Hardy, Debra Hardy, Gerald Alexander, Phillip Solomon, and Eric Trembley; Halona Cadzow, Bobbie Gail James, Charolette Fleener, Tara Fields, Audry Fields, Summer Alexander). It is difficult to understand how response to a question about the identity of persons working for law enforcement could be burdensome when the City claims to have complied this information for its motion for summary judgment. In essence, the City wants to assert facts without verifying under oath the completeness of such facts. The objection and failure to properly responde is without merit.

Request for Production No. 1. –Request for Production No. 1 (served in the first round of discovery) sought all interagency agreements relating to the provision of law enforcement. This clearly would include any VPSO agreement with TCC, COPS funding agreements, and the funding agency for the "City Safety prevention account" whatever that may be. The relevance of these documents are discussed above. The documents are relevant in that they may lead to discovery of admissible evidence. They are clearly relevant to the operations of the police department. The objection and failure to disclose is without merit.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                    *Page 8 of 10*
Motion to Compel Discovery

Request for Production No. 3. –Request for Production No. 3 (served in the second round of discovery) sought all payroll records for persons identified in respond to interrogatory No. 9. As noted above, the City responded to that Interrogatory by incorporating by reference twelve (12) persons employed by the Department (i.e. Officers: J.R. Wallace, Mike Hardy, Debra Hardy, Gerald Alexander, Phillip Solomon, and Eric Trembley; Halona Cadzow, Bobbie Gail James, Charlotte Fleener, Tara Fields, Audry Fields, Summer Alexander).   It is assumed that there were other persons employed by the Fort Yukon police department that were not named in response to the interrogatory.   In any case,  the claims in this case necessarily implicate questions about who was employed by the FY Police Department, what were there duties, and when were they employed.  The best evidence of such questions is the payroll records of the City.  At a minimum the City should provide the payroll records of the twelve identified persons and other persons omitted from their previous identifications.


        Dated this 27th   of March, 2006.

                                    s/ Michael J. Walleri
                                    Michael J. Walleri
                                    AK. Bar No. 7906060
                                    Attorney for Plaintiffs

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                    *Page 9 of 10*
Motion to Compel Discovery

Certificate of Service
I hereby certify that under penalty of perjury that a true and
 Correct copy of the foregoing was sent to the following counsel
of record on March 27, 2006 via ECF to:

Mr. Howard S. Trickey
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*
Motion to Compel Discovery