Howard S. Trickey
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA, | ) ) ) |
| Defendants. | ) ) |

Case No. F04-0034 CIV (RRB)

## DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST DISCOVERY REQUESTS

Defendant, City of Fort Yukon, by and through its attorneys, responds to Plaintiff's [sic] First Discovery Requests as follows:

### REQUESTS FOR ADMISSION

**Request For Admission No. 1.** Please admit that Plaintiff REGINALD FLEMING worked the hours on the dates indicated in Exhibit A in Plaintiff's Responses to Defendants' First Set of Discovery Requests.

**Response:** Denied.

EXHIBIT A
PAGE 1 OF 14

worked the hours on the dates indicated in attached Exhibit A in Plaintiff's Responses to Defendants' First Set of Discovery Requests.

**Response:** Denied.

**Request For Admission No. 3.** Please admit that Plaintiff TODD SCHLUMBOHM worked the hours on the dates indicated in attached Exhibit A in Plaintiff's Responses to Defendants' First Set of Discovery Requests.

**Response:** Denied.

**Request For Admission No. 4.** Please admit that Plaintiff WILLIAM D. MCKILLICAN worked the hours on the dates indicated in attached Exhibit A in Plaintiff's Responses to Defendants' First Set of Discovery Requests.

**Response:** Denied.

**Request for Admission No. 5.** Please admit that Plaintiff CHRIS HAMPTON worked the hours on the dates indicated in attached Exhibit A in Plaintiff's Responses to Defendants' First Set of Discovery Requests.

**Response:** Denied.

**Request for Admission No. 6.** Please admit that Plaintiff REGINALD FLEMING was paid the amounts indicated in attached Exhibit A in Plaintiff's Responses to Defendants' First Set of Discovery Requests.

**Response:** Denied.

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
FLEMING, ET AL. v. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)
PAGE 2
EXHIBIT A
PAGE 2 OF 14

**Request for Admission No. 7.** Please admit that Plaintiff CHRISTOPHER DELEON was paid the amounts indicated in attached Exhibit A in Plaintiff's Responses to Defendants' First Set of Discovery Requests.

**Response:** Denied.

**Request for Admission No. 8.** Please admit that Plaintiff TODD SCHLUMBOHM was paid the amounts indicated in attached Exhibit A in Plaintiff's Responses to Defendants' First Set of Discovery Requests.

**Response:** Denied.

**Request for Admission No. 9.** Please admit that Plaintiff WILLIAM D. MCKILLICAN was paid the amounts in attached Exhibit A in Plaintiff's Responses to Defendants' First Set of Discovery Requests.

**Response:** Denied.

**Request for Admission No. 10.** Please admit that Plaintiff CHRIS HAMPTON was paid the amounts indicated in Attached Exhibit A in Plaintiff's Responses to Defendants' First Set of Discovery Requests.

**Response:** Denied.

**Request for Admission No. 11.** Please admit that Plaintiff WILLIAM D. MCKILLICAN was hired by the City of Fort Yukon under an agreement to pay him on an hourly basis.

**Response:** Admit, but within a month of his hiring was changed to a salaried employee.

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)
PAGE 3

EXHIBIT A
PAGE 3 OF 14

**Request for Admission No. 12.** Please admit that Plaintiff WILLIAM D. MCKILLICAN was paid by the City of Fort Yukon for each hour worked in his first week of employment for the City of Fort Yukon.

**Response:** Admit.

**Request for Admission No. 13.** Please admit that the City of Fort Yukon changed the method of paying Plaintiff WILLIAM D. MCKILLICAN from an hourly basis to a salary basis after his first pay period with the City of Fort Yukon.

**Response:** Admit.

**Request for Admission No. 14.** Please admit that Plaintiff REGINALD FLEMING was not employed by the City of Fort Yukon in an executive, administrative, professional, or outside sales capacity within the meaning of Section 13(a)(1) of the Fair Labor Standards Act of 29 CFR 553.32(c).

**Response:** Denied.

**Request for Admission No. 15.** Please admit that Plaintiff CHRISTOPHER DELEON was not employed by the City of Fort Yukon in an executive, administrative, professional, or outside sales capacity within the meaning of Section 13(a)(1) of the Fair Labor Standards Act or 29 CFR 553.32(c).

**Response:** Admit.

**Request for Admission No. 16.** Please admit that Plaintiff TODD SCHLUMBOHM was not employed by the City of Fort Yukon in an executive, administrative,

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)
PAGE 4
EXHIBIT A
PAGE 4 OF 14

professional, or outside sales capacity within the meaning of Section 13(a)(1) of the Fair Labor Standards Act or 29 CFR 553.32(c).

**Response:** Admit.

**Request for Admission No. 17.** Please admit that Plaintiff WILLIAM D. MCKILLICAN was not employed by the City of Fort Yukon in an executive, administrative, professional, or outside sales capacity within the meaning of Section 13(a)(1) of the Fair Labor Standards Act or 29 CFR 553.32(c).

**Response:** Admit.

**Request for Admission No. 18.** Please admit that Plaintiff CHRIS HAMPTON was not employed by the City of Fort Yukon in an executive, administrative, professional, or outside sales capacity within the meaning of Section 13(a)(1) of the Fair Labor Standards Act or 29 CFR 553.32(c).

**Response:** Admit.

**Request for Admission No. 18.** (sic) Please admit that Plaintiffs were not exempt from overtime compensation CHRIS HAMPTON was not employed by the City of Fort Yukon in an executive, administrative, professional, or outside sales capacity within the meaning of Section 13(a)(1) of the Fair Labor Standards Act or 29 CFR 553.32(c).

**Response:** Objection. The request for admission is unintelligible and therefore incapable of being admitted or denied. To the extent a response is required, the request for admission is denied.

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS  PAGE 5
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)

EXHIBIT A
PAGE 5 OF 14

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

**Request for Admission No. 19.** Please admit that Plaintiff REGINALD FLEMING, while employed by the City of Fort Yukon, was not paid for hours not worked in weeks in which the total aggregate hours work did not equal at least 40 hours.

**Response:** Denied.

**Request for Admission No. 20.** Please admit that Plaintiff CHRISTOPHER DELEON, while employed by the City of Fort Yukon, was not paid for hours not worked in weeks in which the total aggregate hours work did not equal at least 40 hours.

**Response:** Denied.

**Request for Admission No. 21.** Please admit that Plaintiff TODD SCHLUMBOHM, while employed by the City of Fort Yukon, was not paid for hours not worked in weeks in which the total aggregate hours work did not equal at least 40 hours.

**Response:** Denied.

**Request for Admission No. 22.** Please admit that Plaintiff WILLIAM D. MCKILLICAN, while employed by the City of Fort Yukon, was not paid for hours not worked in weeks in which the total aggregate hours work did not equal at least 40 hours.

**Response:** Denied.

**Request for Admission No. 23.** Please admit that Plaintiff CHRIS HAMPTON, while employed by the City of Fort Yukon, was not paid for hours not worked in weeks in which the total aggregate hours work did not equal at least 40 hours.

**Response:** Denied.

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
FLEMING, ET AL. v. CARROLL, ET AL.
CASE NO. F-04-0034 CIV (RRB)
PAGE 6
EXHIBIT A
PAGE 6 OF 14

**Request for Admission No. 24.** Please admit that City of Fort Yukon, during the periods of employment of the Plaintiff, never adopted work rules governing employees engaged in law enforcement activities consistent with §7(k)(1) & (2) of the FLSA.

**Response:** Objection. During the periods of Plaintiffs' employment, the City was exempt from section 7(k) and was instead covered by section 13(b)(20). Because, the Request for Admission is therefore irrelevant, it is unlikely to lead to the discovery of admissible evidence. Further, the Request for Admission is vague, ambiguous and unintelligible as to the phrase "work rules." Notwithstanding these objections, to the extent a response is required, the Request for Admission is denied.

**Request for Admission No. 25.** Please admit that the City of Fort Yukon provided housing for the Plaintiffs while they were present in the City of Fort Yukon.

**Response:** Admit that the City provided housing to Plaintiff Reginald Fleming while he was present in the City of Fort Yukon. Otherwise, denied.

**Request for Admission No. 26.** Please admit that housing provided to the Plaintiffs during their tours of duty in City of Fort Yukon was provided for the convenience of the Employer.

**Response:** Denied.

**Request for Admission No. 27.** Please admit that there was no agreement between any Plaintiff and the City of Fort Yukon to make sleep time non-compensable.

**Response:** Denied.

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)
PAGE 7
EXHIBIT A
PAGE 7 OF 14

**Request for Admission No. 28.** Please admit that Plaintiffs, while employed by the City of Fort Yukon, were on call 24 hours a day during while present and working in Fort Yukon.

**Response:** Denied.

**Request for Admission No. 29.** Please admit that Plaintiff REGINALD FLEMING'S sleep periods, while on duty, was regularly interrupted to the extent that he could not reasonable anticipate at least five (5) consecutive hours of sleep.

**Response:** Denied.

**Request for Admission No. 30.** Please admit that Plaintiff CHRISTOPHER DELEON'S sleep periods, while on duty, was regularly interrupted to the extent that he could not reasonable anticipate at least five (5) consecutive hours of sleep.

**Response:** Denied.

**Request for Admission No. 31.** Please admit that Plaintiff TODD SCHLUMBOHM'S sleep periods, while on duty, was regularly interrupted to the extent that he could not reasonable anticipate at least five (5) consecutive hours of sleep.

**Response:** Denied.

**Request for Admission No. 32.** Please admit that Plaintiff WILLIAM D. MCKILLICAN'S sleep periods, while on duty, was regularly interrupted to the extent that he could not reasonable anticipate at least five (5) consecutive hours of sleep.

**Response:** Denied.

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS     PAGE 8
FLEMING, ET AL. v. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)

EX A
PAGE 8 OF 14

**Request for Admission No. 33.** Please admit that Plaintiff CHRIS HAMPTON'S sleep periods, while on duty, was regularly interrupted to the extent that he could not reasonable anticipate at least five (5) consecutive hours of sleep.

**Response:** Denied.

## INTERROGATORIES

**Interrogatory Number 1:** For each Plaintiff, please state the regular rate of pay and the applicable time periods for such pay during the plaintiffs' employment for the City of Fort Yukon.

**Answer:**

| | |
|---|---|
| Reginald Fleming | $1,923.08 bi-weekly |
| Christopher DeLeon | $1,538.46 bi-weekly (10/03-2/04) |
| | $1,442.31 bi-weekly (6/03-10/03) |
| Chris Hampton | $1,442.31 bi-weekly |
| William McKillican | $1,538.46 bi-weekly |
| Todd Schlumbohm | $1,538.46 bi-weekly (7/03-2/04) |
| | $1,442.31 bi-weekly (3/03-7/03) |

**Interrogatory Number 2:** Please state the costs of providing housing for each Plaintiff during this employment for the City of Fort Yukon.

**Answer:** Object, overbroad, burdensome, irrelevant. Housing was only provided for Plaintiff Fleming. The cost of providing housing to Fleming during the course of his employment was approximately $700 per month, plus utilities.

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)
PAGE 9

Exhibit A
Page 9 of 14

**Interrogatory Number 3:** Please identify all persons serving as a Village Public Safety Officer, or Public Safety Officer, for the community of Fort Yukon during Plaintiff's periods of employment with the City of Fort Yukon.

**Answer:** Objection; vague, ambiguous, unintelligible and burdensome. The City of Fort Yukon does not employ VPSOs. The City employed the following Public Safety Officers during the relevant period:

| | |
|---|---|
| J.R. Wallace | Employed November 2003-September 2004 |
| Debra Hardy | Employed through December 4, 2001 |
| Gerald Alexander | Employed January 2001 - May 20, 2002 |

In addition, the City employed Mike Hardy as a temporary public safety officer from February 2002 - June 28, 2002.

**Interrogatory Number 4:** Please identify all persons employed in law enforcement activities by the City of Fort Yukon during January 2000 through August 2000. As used in this interrogatory, the term "persons employed" shall mean each and every person paid compensation as a full-time, part-time casual labor, or contract employee, engaged in law enforcement activities, including all jailers, dispatchers. For the purposes of this interrogatory, the term law enforcement activities is defined as the term is defined in 29 CFR 553.221.

**Answer:** Objection. The time period specified is well before any Plaintiff began his employment with the City. As such, the request is not reasonably calculated to lead to the discovery of admissible evidence. Rather, it is irrelevant to Plaintiffs' claims, which

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS    PAGE 10
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)

A
10 of 14

concern only the City's wage-hour practices during the Plaintiffs' period of employment. Defendant further objects that the Interrogatory is unintelligible, in that it purports to apply a definition of law enforcement activities "as defined in 29 CFR 553.221," while simultaneously adopting a definition entirely incompatible with that statute.

**Interrogatory Number 5:** For each person identified in response to Interrogatory No. 4 and for each work week employed, please describe in detail the work or services performed and the time periods of such employment.

**Answer:** See Defendant's response to Interrogatory No. 4.

**Interrogatory Number 6:** Please describe the tour of duty for each Plaintiff for each work period. For the purposes of this Interrogatory, the term "tour of duty" shall have the meanings defined in 29 CFR 553.220.

**Answer:** Objection, burdensome and irrelevant. The term "tour of duty" is defined in a regulation interpreting a statutory provision from which the City is exempt. The regulation specifically states that "the term 'tour of duty' is a unique concept applicable only to employees for whom the section 7(k) exemption is claimed." The Plaintiffs in this case were not covered by the section 7(k) exemption but rather by the section 13(b)(20) exemption. Accordingly, the term "tour of duty" does not apply to the Plaintiffs in this case.

**Interrogatory Number 7:** For each Plaintiff, please identify every night during Plaintiff's on call status, that plaintiff received five (5) hours of uninterrupted sleep.

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS    PAGE 11
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)



**Answer:** Objection. The interrogatory seeks information within the exclusive control of the Plaintiffs. Defendant has no way of knowing how much sleep any Plaintiff received either while on call or off.

**Interrogatory Number 8:** Please identify the funding sources used by the City of Fort Yukon to fund the Police Department for each City Fiscal Year beginning December 1, 2001 through February 28, 2004.

**Answer:** Objection, burdensome and irrelevant. Notwithstanding the objections, funding sources included general funds, City Safety Prevention account, and Federal Cops grant.

## REQUESTS FOR PRODUCTION

1) Please produce all agreements relating to the provision of law enforcement or public safety services between the City of Fort Yukon with any state agencies, federal agencies, and Tanana Chiefs Conference during the period of plaintiff's employment by the City of Fort Yukon.

Response: Objection. Overbroad, burdensome and irrelevant. Without waiving these objections, Defendant will produce any responsive documents.

2) Please produce all job descriptions for persons identified in response to Interrogatory No. 4.

Response: See response to Interrogatory No 4. As such, no documents are produced.

3) Please produce all payroll records for persons identified in response to Interrogatory No. 4.

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS   PAGE 12
FLEMING, ET AL. v. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)

A
12 of 14

Response: See response to Interrogatory No. 4. As such, no documents are produced.

4) Please produce any documents announcing a work policy for City of Fort Yukon Law Enforcement employees that complies with Sec. 7(k) of the FLSA.

Response: Objection. During the periods of Plaintiffs' employment, the City was exempt from section 7(k) and was instead covered by section 13(b)(20). As such, the Request for Production is irrelevant.

5) Please produce any documents memorializing any agreement between a Plaintiff and the City of Fort Yukon that sleep time would be non-compensable.

Response: No such documents exist. The parties had an implied agreement that Plaintiffs would not be paid for "sleep time."

DATED at Anchorage, Alaska this ___ day of November, 2005.

JERMAIN, DUNNAGAN & OWENS, P.C.

By: _____
Howard S. Trickey
Alaska Bar No. 7610138

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS   PAGE 13
FLEMING, ET AL. v. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)

Exhibit A
P. 13 of 14

STATE OF ALASKA      )
                     ) ss.
FOURTH JUDICIAL DISTRICT )

I, _Lora James_, being first duly sworn this 22 day of November, 2005, upon oath, deposes and states:

I am the duly authorized representative of the Defendant, City of Fort Yukon, Alaska, Defendant in the above-entitled action, I have read the answers to the interrogatories, and know the contents thereof. The answers contained herein are true and correct to the best of my knowledge, except such answers as are stated to be upon information and belief, and as to those answers, I believe them to be true.

_[signature]_

SUBSCRIBED AND SWORN TO before me this 22 day of November, 2005.

_[signature]_
Notary Public in and for Alaska
My Commission Expires: 11/10/2008

**CERTIFICATE OF SERVICE**

This is to certify that on this 22 day of November, 2005, a true and correct copy of the foregoing was mailed, postage prepaid, to:

Michael J. Walleri, Esq.
330 Wendell St., Suite E
Fairbanks, AK 99709

_[signature]_
Jeanine M. Huston

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)

PAGE 14