Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM

Plaintiffs,

vs.

FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA

Defendants.

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Case No. Fo4-0034 CIV (RRB)

Fleming et. al., seek an order to compel the City to compel discovery. In particular, Fleming is seeking responses to Request for Production No. 1 and 3, and Interrogatories Nos. 2, 3, 7-9. For the majority of the items requested, the City is now agreeing to supplement its discovery. Generally, all that remains is for the Court to set a deadline for such discovery supplementation. The Plaintiff's would request that the Court set a deadline of thirty (30) days.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Notwithstanding the City's new willingness to provide the requested discovery, the City argues that there was no discussion between counsel respecting the production of documents, and that it will voluntarily supplement its responses in some case. The City argues that it should be excused from previously failing to respond to discovery because Plaintiffs failed to explain the relevance of their discovery requests. Largely, these arguments are unnecessary and a waste of judicial resources. Plaintiff's simply want the discovery. As discussed below, such nit-picking is without merit.

**1)   Counsel Discussed These Issues.**

Opposing counsel is simply mistaken in claiming that counsel did not discuss problems with discovery. As the attached letter from Mr. Singer indicates, there was an ongoing discussion between counsel respecting production of documents. The City had claimed privilege with respect to some documents. As the letter acknowledges, there was an ongoing discussion between counsel respecting disclosure of documents related to both documents for which privilege was claimed and "non-privileged" documents. The undersigned counsel didn't attach a certificate to the motion because it did not seem to be a creditable issue. As noted in the letter, Mr. Singer indicated with respect to "non-privileged" documents, "no

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                                     *Page 2 of 8*
Reply: Motion to Compel Discovery

such documents exist." As the letter indicates, there is no merit to the assertion that Counsel failed to discuss the problem of non-disclosure prior to filing the motion to compel.

**2)    Plaintiff's Are Not Required To Explain The Relevance of Requests**

The City seeks to be excused from providing some responses because Plaintiff's failed to explain the relevance of requested information and documents. Oddly, however, the City does not argue that any of the requests are irrelevant. In that regard, the City seems now to admit that the discovery sought relevant information. Rather, it argues, without citation, that Plaintiffs were required to demonstrate to the City the relevance of the discovery. There is no requirement that a party explain relevance of requested information as a precondition of disclosure. Indeed, the party resisting discovery has the burden to show that the information sought is irrelevant. *Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470 (N.D. Texas, 2005)* Essentially, the City has it backwards. Fleming is not required to demonstrate the relevance; the City is required to demonstrate the irrelevance. Moreover, the City is not now challenging the relevance of any of the discovery requests. Simply put, the relevance issue is a red herring to mask a conscience disinclination to

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                 *Page 3 of 8*
Reply: Motion to Compel Discovery

cooperate with discovery, and seeks to impose upon Plaintiff baseless preconditions to discovery.

**3)     Specific Discovery Items.**

*a. Interrogatory 2.  Cost of Housing.*

The City agrees to supply utility costs information and documentation. There is no opposition to this request offered by the City.   The Court only needs to set a deadline for the production of this information.

*b. Interrogatory 3 VPSO's & VPO's.*

The City goes to great length to oppose response to the interrogatory, but fails to answer the fundamental question: i.e. does it know who the VPSO's in the community were during this time?  It goes on to suggest that the VPSO's could not be considered employees of the City, but this is entirely conclusionary.  It is impossible to understand the nature and relationship of the parties to any VPSO's in the community without looking at the funding agreements between the City, TCC and the State.  That can only be established by producing these documents, which is the subject of another discovery request.  Moreover, the VPSO would be a law enforcement officer in the village and those persons would be witnesses to the

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                          *Page 4 of 8*
Reply: Motion to Compel Discovery

employment of other law enforcement officers, such as the Plaintiffs, which could o obviously lead to the discovery of other admissible evidence. As such, it is clearly discoverable. FRCP 26(b)(1)   Therefore, the question is simple: if Carroll or the City know the identity of VPSO's in the community during the relevant time period, they should be ordered to disclose that information.  If not, they need to make a straightforward and unambiguous statement that they lack such information.

    c. *Interrogatory No. 7: Nights of Uninterrupted Sleep.*

Again the question is whether the City knows or not.  For the first time, in the City's response, the City argues that the information sought is not contained in police log notes.  However, there is no unambiguous statement that the City made an inquiry into this matter, and lacks any information. Rather, the City's presented the rather flip response that there was no way of knowing. That is an inadequate response, akin to "how should we know".  The question is whether opposing counsel made inquiry of the client; whether the client reviewed the records to determine if it had such information, and a response reflecting such inquiry.  The City's response is nothing more than a flip and unprofessional response. The Court should order the City to make inquiry of its records, and disclose whether it really has any information on this point.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

    *d. Interrogatory No. 8: Police Funding.*

The City agrees to supply this information. There is no opposition to this request offered by the City. The Court only needs to set a deadline for the production of this information

    *e. Interrogatory No. 9: Persons Employed in Law Enforcement.*

The City suggests that it not be required to answer the question under oath, but that the City be allowed to rest upon the affidavits submitted in support of Plaintiff's summary judgment. The argument is ridiculous. The City needs to either demonstrate that the information is irrelevant or privileged, or answer the question. It cannot cite to argument and evidence produced in support of the argument in an effort to avoid answering the question.

    *f. Requests for Production No. 1  Interagency Agreements*

The City agrees to supply this information about the COPS grant. There is no opposition to this request offered by the City. The Court only needs to set a deadline for the production of this information.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*  *Page 6 of 8*
Reply: Motion to Compel Discovery

As for the VPSO agreement, the City has indicated that it has searched its files and was unable to discover such records. While this seems doubtful, it is an adequate response. Of course, the Court cannot require a party to produce that which it does not have.[1]

    *g.  Requests for Production No. 3  Payroll Records.*

The City agrees to supply this information about the COPS grant. There is no opposition to this request offered by the City. The Court only needs to set a deadline for the production of this information.

**4.  The Court Should Deny Attorney Fee's Request.**

As noted by the City, a party resisting discovery may only seek attorney fees when the motion was not "substantially justified". The City is now agreeing to provide supplemental discovery because the City's earlier refusals were unjustified. There is no basis for an award of attorney fees.

---

[1] Of course, the absence of these documents may give rise to spoliation of evidence issues, which is not the subject of this motion.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Alternatively, the City seeks attorney fees because Fleming did consult with the City prior to filing the motion. As demonstrated in the attached exhibit, that claim is without merit.

Dated this 19th   of April, 2006.

                                         s/ Michael J. Walleri
                                         Michael J. Walleri
                                         AK. Bar No. 7906060
                                         Attorney for Plaintiffs

Certificate of Service
I hereby certify that under penalty of perjury that a true and
 Correct copy of the foregoing was sent to the following counsel
of record on April 19th , 2006 via ECF to:

Mr. Howard S. Trickey
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*　　　　　　　　　　　　　　　　　　　*Page 8 of 8*
Reply: Motion to Compel Discovery