IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>            Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL and the CITY OF FORT YUKON, ALASKA,<br><br>            Defendants. | Case No. 4:04-cv-0034-RRB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTS II - IV** |

I.    INTRODUCTION

Defendants Fannie Carroll and the City of Fort Yukon, Alaska, move for summary judgment on Counts II-IV, arguing that these claims were resolved in a partial settlement agreement.[1] Plaintiffs Reginald Fleming, Christopher DeLeon, Chris Hampton,

---

[1] Clerk's Docket No. 20.

William D. McKillican, and Todd Schlumbohm oppose and argue that the settlement agreement was never finalized.[2]

Because the Court concludes that there was not a complete settlement agreement, Defendants' Motion for Summary Judgment on Counts II-IV is **DENIED.**

## II.  FACTS

Five former members of the Fort Yukon Police Department filed a complaint alleging that they were either wrongfully terminated or constructively discharged.[3]

In a letter dated September 1, 2005, Plaintiffs' counsel sent a letter to Defendants.[4]  This letter stated:

> I have been authorized to offer to dismiss Count II, III, and IV in exchange for an agreement to change status of separation as to Mr. Fleming and Mr. DeLeon from terminated to resigned, and an agreement limiting reporting of employment to confirm dates of employment and termination through resignation.  Under this offer, both parties would assume their costs and fees.  Please advise as to your thoughts on this idea.[5]

Upon receipt of the letter, defense counsel, Matthew Singer ("Singer"), telephoned Plaintiffs' counsel, Michael Walleri

---

[2] Clerk's Docket No. 23.

[3] Clerk's Docket No. 1.

[4] Clerk's Docket No. 20 at Ex. A.

[5] Id.

("Walleri"), to discuss the offer.[6]  On September 6, Singer sent a letter to Walleri stating that Singer had forwarded the offer to the client.[7]  On October 13, Singer sent another letter to Walleri, stating that Singer had met with the City Council and that the City accepted Plaintiffs' offer.[8]  Singer concluded the letter by stating, "I will prepare the necessary papers to effectuate the settlement."[9]

On October 19, Singer sent a draft Settlement Agreement and Release to Walleri.[10]  Singer wrote, "If the Agreement meets with your approval, please have your clients sign the document."[11]  On October 26, Walleri emailed Singer that the draft Settlement Agreement looked fine, but that his clients "may have some fine points."[12]  On November 7, Walleri informed the defense counsel that, "My clients have informed me that they have reconsidered the

---

[6] Clerk's Docket No. 23 at Ex. 1 at ¶ 3.

[7] Clerk's Docket No. 20 at Ex. B.

[8] Id. at Ex. C.

[9] Id.

[10] Id. at Exs. D and E.

[11] Id. at Ex. D.

[12] Id. at Ex. G.

proposed partial settlement and are declining to proceed with the partial settlement."[13]

After discussion between counsel about whether Plaintiffs could rescind the settlement offer, Defendants brought this motion.

**III. STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to material fact.[14]  The moving party need not present evidence; it needs only point out the lack of any genuine dispute as to material fact.[15]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[16]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[17]  However, the

---

[13] Id. at Ex. H.

[14] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[15] Id. at 323-25.

[16] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

[17] Id. at 255.

nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[18]

**IV. DISCUSSION**

The Court has the power to enforce an agreement to settle a case pending before it, but only if the settlement agreement is complete.[19] To determine whether the settlement agreement is complete, the Court applies Alaska law.[20] In Alaska, "where parties are expected to draft and execute a formal agreement, their prior negotiations do not constitute a contract."[21]

Here, the Court cannot say, as a matter of law, that the letters between the attorneys rose to the level of a contract. First, the purported acceptance letter by defense counsel stated that counsel would "prepare the necessary papers to effectuate the settlement."[22] Second, defense counsel sent Plaintiffs' counsel a "draft Settlement Agreement and Release" and stated that the clients should sign the document only if it meets with the

---

[18] Id. at 248-49.

[19] Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987).

[20] Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989).

[21] Davis v. Dykman, 938 P.2d 1002, 1008 (Alaska 1997).

[22] Clerk's Docket No. 20 at Ex. C.

counsel's approval.[23]  Thus, before the settlement became final, both Plaintiffs and their counsel had to approve it and a Stipulation for Dismissal had to be filed with the Court.  There was no final Settlement Agreement, nor any stipulation filed with the Court.  Because a formal agreement, the Settlement Agreement and Stipulation for Dismissal, was contemplated by both parties, the negotiations to arrive at the formal agreement cannot constitute a contract.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment on Counts II - IV is **DENIED**.

ENTERED this 3rd day of May, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[23] Id. at Ex. D.