Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON,  CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and  TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY: FANNIE CARROLL DEPOSITION**<br><br><br>Case No. F04-0034 CIV (RRB) |

On May 26, 2006, the undersigned counsel conducted a deposition of Ms. Fannie Carroll in Anchorage, Alaska. Excerpts of that deposition are attached. In the deposition, the undersigned counsel sought to inquire respecting the stalking petition filed by Ms. Fannie Carroll against Dick Miller, who was a city council member at the time. Ms. Carroll refused to answer questions about the stalking

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                                         *Page 1 of 6*
Motion to Compel Discovery (F. Carroll Depo.)

petition, and underlying facts.[1] Mr. Trickey, Ms. Carroll's attorney, advised the undersigned that he was not going to allow inquiry into the court proceedings and underlying facts.[2]

Sgt. McKillican alleges that he was constructively terminated. Specifically, he alleges in his complaint as follows:

36. During July, 2003, Ms. Carrol advise Chief Flemming that she was thinking about filing a civil domestic violence complaint against Mr. Dick Miller, a member of the City Council.

37. In furtherance of that claim, Ms. Carroll improperly used the Department 911 equipment to tape record a conversation between herself and Mr. Miller.

38. On July 16, 2003 Ms. Carroll filed for and was awarded a twenty day ex parte protective civil domestic violence order against Mr. Miller.

39. In the course of that matter, the 911 recordings of the Fort Yukon Police Department were subpoenaed.

40. Officer McKillican was a witness to the existence of the recording and the subpoena.

---

[1] Attached Depo F. Carroll, pp 57-61
[2] Id., at 61-64

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

41. On information and belief, Fannie Carroll removed and or destroyed the tape recording from the Police Department preventing Officer McKillican from complying with the subpoena.

42. Officer McKillican refused Ms. Carroll's request to cover up the missing tape.

43. In addition, Fannie Carroll attempted to force Dick Miller to resign his position on the City Council, and sought the assistance of the Officer McKillican and other members of the Fort Yukon City Police Department in that effort.

44. Officer McKillican refused such assistance.

……

53. Officer McKillican assisted in the recovery of the body, returned to Fort Yukon and cleaned the corpse, without sleep.

54. Upon completion of this task, and after four nights without sleep, Fannie Carroll summoned Officer McKillican to her office, and verbally harangued Officer McKillican, and advised Officer McKillican that she would do a review of his employment evaluation.

55. Chief Flemming was out of town at that time, and Officer McKillican requested that Chief Flemming participate in that review upon his return to Fort Yukon.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*　　　　　　　　　　　　　　　　　　　　　　　　　*Page 3 of 6*
Motion to Compel Discovery (F. Carroll Depo.)

56. Fannie Carroll denied that request, advised Officer McKillican that as City Manager, she had the authority to review Officer McKillican's employment, and threatened Officer McKillican that her review would be adverse to him.

57. Ms. Carroll did not have the authority to conduct an evaluation of Officer McKillican.

58. In response to Fannie Carroll's threats, Officer McKillican resigned.

Essentially, Officer McKillican is alleging that Ms. Carroll misused the police department 911 taping system to tape Mr. Miller as part of her efforts to obtain a restraining order against Mr. Miller, and the destruction of evidence. As the deposition indicates, Ms. Carroll gave instructions that the police should not talk to Mr. Miller, and she believed that Officer McKillican did.[3] Officer McKillican is alleging that Fannie Carroll threatened to conduct an illegal evaluation of Officer McKillican in retaliation for his refusal to cooperate with her inappropriate actions, including those relating to the inappropriate use of 911 equipment and destruction of evidence.

---

[3] Id. at 71

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

The working conditions that the officers faced in Fort Yukon can only be described as bizarre.  The impacts of the Carroll-Miller stalking proceedings upon the Fort Yukon Police Department and the officers was irrational and absurd, and was an intergral part of the intolerable working conditions faced by the officers, and which ultimately lead to the constructive termination of Officer McKillican.  The Carroll-Miller stalking proceedings and the underlying facts surrounding are clearly bizarre, and are integral to the reason for Officer McKillican's constructive termination.  Clearly, the information relating to these incidents are relevant or may lead to relevant evidence.  It is clearly discoverable.

Obviously, these incidents are embarrassing to Ms. Carroll, however, most wrongful conduct is embarrassing to the person committing the wrongful act.  The evidence sought is relevant or may lead to relevant information, and the fact that Ms. Carroll's wrongful conduct is embarrassing is not a basis to preclude discovery into this area.  The Court should require Ms. Carrol to answer questions related to the Carroll-Miller stalking proceedings and the facts surrounding those proceedings.

Dated this 11th of July, 2006.

            s/ Michael J. Walleri
            Michael J. Walleri
            AK. Bar No. 7906060
            Attorney for Plaintiffs

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

<u>Certificate of Service</u>
I hereby certify that under penalty of perjury that a true and
 Correct copy of the foregoing was sent to the following counsel
of record on July 11, 2006 via ECF to:
Mr. Howard S. Trickey
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*               *Page 6 of 6*
Motion to Compel Discovery (F. Carroll Depo.)