Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF SECOND MOTION TO COMPEL DISCOVERY**<br><br>Case No. F04-0034 CIV (RRB) |

Plaintiffs (i.e. Fleming et. al., hereinafter referred to as "Policemen") seek an order to compel discovery against the Defendants (Carroll, et. al. hereinafter referred to as "City"). Specifically, the policemen are seeking the following information:

Payroll records and job descriptions for J.R. Wallace, Mike Hardy, Debra Hardy, Gerald Alexander, Phillip Solomon, Eric Trembley; Halona Cadzow, Bobbie Gail James, Charolette Fleener, Tara Fields, Audry Fields, Summer Alexander.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*          Page 1 of 7
Memo: Motion to Compel Discovery

Additionally, the Plaintiff's seek sanctions and attorney fees.

**BACKGROUND.**

On February 6, 2006 plaintiff served a set of discovery upon the Defendant City of Fort Yukon containing Interrogatory No. 9 and Request for Production 2 and 3. A late response was sent by the City on March 9, 2006.

Interrogatory No. 9 requested the identity of all persons employed by the City in "law enforcement activities" during plaintiffs' employment periods. Request for Production No. 2 sought all job descriptions for persons identified in response to Interrogatory No. 9. Request for Production No. 3 sought all payroll records for persons identified in respond to interrogatory No. 9.

A response was sent by the City on March 9, 2006. The City objected to Interrogatory No. 9, and Requests for Production 3, claiming that the interrogatory and request were vague ambiguous and overburdensome. Notwithstanding the objection to the interrogatory, the City went on to state that all such persons were previously identified in the City's motion for summary judgment. In that motion, the City identified twelve persons employed by the Department (i.e. Officers: J.R. Wallace, Mike Hardy, Debra Hardy, Gerald Alexander, Phillip Solomon, and Eric

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Trembley; Halona Cadzow, Bobbie Gail James, Charolette Fleener, Tara Fields, Audry Fields, Summer Alexander).  Since the City's answer to Interrogatory No. 9 incorporated by reference the above named twelve (12) persons, the Request for Production Nos. 2 and 3 sought the employment records for these same twelve persons.  In its answers, the City indicated that it would copy any documents responsive to Request No. 2 and make the documents available for inspection.  The City never did this.

On March 27, 2006, the undersigned moved to compel discovery of these personnel records, as well as other discovery items.   In response to that motion, the City complained that the undersigned had failed to meet and confer under the mandates of Civ. R. 37.  Alternatively, the City offered to provide the information requested, and complained that the there was no need for a motion to compel.  This Court denied the motion to compel.

After denial of the prior motion to compel, the City agreed to disclose records, however, the City refused to copy and sent the records claiming that the records were too voluminous; rather the City advised that the records must be viewed in their attorney's offices in Anchorage.  On May 25th, the undersigned

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*　　　　　　　　　　　　　　　　　　　　　　　　　*Page 3 of 7*
Memo: Motion to Compel Discovery

traveled to Anchorage to review the records. The disclosed records did not contain any personal records,[1] merely consisted a couple of small files which would have easily been copied. The demand to come to Anchorage was obviously mere harassment and made in bad faith.

On May 26 2006 the undersigned met in Anchorage with Mr. Howard Trickey, attorney of record for the City in these proceedings. Mr. Trickey indicated that the City was collecting the personnel records requested, counsel wanted to review the records, and would produce them shortly. No records were produced by the City.

On June 15 2006 the undersigned and Mr. Singer (Mr. Trickey's associate counsel) were in Fort Yukon, Alaska for depositions and met in person. Mr. Singer advised the undersigned that he was reviewing the employee personnel files that day, and would produce the material in the following week. No records were produced by the City.

---

[1] The records primarily related to funding of the police department and various grant agreements.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4 of 7
Memo: Motion to Compel Discovery

On June 28, 2006, the undersigned wrote the attached letter to Mr. Trickey asking to meet with Mr. Trickey to discuss these and other problems with discovery production. On July 5, 2006, Mr. Trickey sent the attached reply letter denying the request for meeting, and demanding that the undersigned have additional meetings with Mr. Singer, his associate counsel.

Five months ago, the plaintiffs made two legitimate requests for production: the City refused to respond to one; it promised to respond to the other, but never actually responded. Three months ago, the City told this Court that it would voluntarily produce the requested material, and that there was no need for motions to compel. The City disclosed some records, but did not disclose any personnel records. The undersigned has twice met in person with City lead and associate counsel to discuss this matter. The City continues to advise that it will eventually produce the records, but fails to follow through and actually produce the material. At this point, there can be no question that the City is willfully refusing to cooperate with discovery.

The City's delays have particular relevance to the pending motion practice. The City has filed a motion for summary judgment making various claims

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

respecting its employees, and in particular the twelve employees whose personnel records the Plaintiff have been requesting for five (5) months. A response is due on that motion on July 24, 2006. Originally, discovery in this case was to close on May 19, 2006. However, the delays caused by the Defendants has forced the parties to extend discovery until August 23, 2006. The Plaintiff's had to proceed with depositions of the General Manager and several employees without the employment records. The City's refusal to refuse or delay disclosure of employee personnel records is an obvious and calculated effort to frustrate Plaintiff's discovery by forcing depositions without proper preparation. At this point, even if the Court were to grant this motion or the City were to actually release the information, no further depositions could be taken unless the deadline for discovery were extended.

As previously noted, the wage and hour claims in this case necessarily implicate questions about who was employed by the FY Police Department, what were there duties, and when were they employed. The City is claiming an exemption based upon the number of employees actually engaged in law enforcement work. The best evidence as to such questions is the job descriptions and payroll records of the City. The City has moved for summary judgment on the

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                 *Page 6 of 7*
Memo: Motion to Compel Discovery

wage and hour questions, but is stonewalling on disclosure of records that might actually prove the matter one way or the other. The Court should order that

1) the City produce all employment records of the twelve named employees

2) the City pay for the copying of all all such records and produce the records in the condition that they were maintained by the City.

3) Award sanctions and attorney fees incurred in bringing this motion to the Plaintiffs.

Dated this 11th of July, 2006.

        s/ Michael J. Walleri
        Michael J. Walleri
        AK. Bar No. 7906060
        Attorney for Plaintiffs

**VERIFICATION**

I, Michael J. Walleri, under pain of perjury, hereby certify that the facts alleged in the above memorandum respecting interaction between Mr. Trickey, Mr. Singer, and myself are true and accurate.

Dated this 11th of July, 2006.

        s/ Michael J. Walleri

Certificate of Service
I hereby certify that under penalty of perjury that a true and
Correct copy of the foregoing was sent to the following counsel
of record on July 11, 2006 via ECF to:
Mr. Howard S. Trickey
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725