# MICHAEL J. WALLERI

*Attorney-at-Law*
*330 Wendell Street, Suite E*
*Fairbanks, AK 99701*
*(907) 452-4716*
*fax: (907) 452-4725*
*email: walleri@gci.net*

June 28, 2006

Mr. Howard Trickey
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503-4097

                                Re:     <u>Fleming v Carroll</u>
                                             Discovery

Dear Howard:

I am in receipt of Mr. Singer's letters of June 16, 2006 regarding alleged deficiencies in my client's responses to your first discovery requests, which were provided by this office over ten (10) months ago. I attempted to call you last week about this matter, but have not received a return call.

I will be glad to review your concerns and correct deficiencies if appropriate. However, I have two preliminary remarks. Several of the alleged deficiencies are inappropriate, and appear to be "make work" items for which some members of the insurance defense bar are often criticized. These types of complaints are mere harassment. This is particularly a concern in that we needed to arrange a document review in Anchorage because Mr. Singer advised me that the documents sought were too voluminous to disclose in a manner consistent with normal practice. That turned out to be a blatant misrepresentation, in that the documents produced at your offices were contained in a single narrow folder sleeve. It is obvious that Mr. Singer misrepresented the truth of the matter, and engaged in the deception for rather petty and vexatious motives to the effect of needlessly increasing litigation costs. This is particularly disturbing given Mr. Singer's rather rude remarks about the death of my brother, which was unprofessional and highly inappropriate. I would suggest that you review Mr. Singer's correspondence with an eye to whether your firm endorses this kind of activity.

I would also point your attention to past correspondence from this office raising concerns about discovery responses from your office, prepared by Mr. Singer. Your office has not responded to those prior concerns.

Finally, I am still waiting for copies of employment records for each person, other than my clients, employed for the time periods between December 1, 2001

through March 31, 2004. As you may remember, on May 26th, you advised me that you would provide those documents to me. Again, on June 15th, Mr. Singer advised me that he was reviewing those documents that day, in Fort Yukon, and preparing them for disclosure. Mr. Singer has not actually followed through with this matter. This is not a new request as your office has been asked to produce these records in Plaintiff's Second Discovery Requests on February 6, 2006. We filed a motion to compel, and your office opposed the motion arguing that we had not discussed the matter prior to filing the motion, which was factually incorrect. Nonetheless, on May 19th, the Court denied the motion to compel.

Mr. Singer's behavior in this case has been abominable, and totally unrepresentative of my past history with your firm, which, other than Mr. Singer, has always been cordial, courteous, and professional. I would point to your letter of May 22, 2006. While you deny any wrong doing by Mr. Singer, it is rather obvious that the accompanying supplemental disclosures of a seven month old document relating to coverage issues was not, in fact, provided as required under the civil rules. Your letter indicated that you were under the impression that the letter was previously provided. That is not correct, and I can only assume that Mr. Singer has made a misrepresentation to you to that effect. For the record, there was no "misstatement or miscommunications about coverage issues." Mr. Singer affirmatively misrepresented to me in an oral conversation that AML/JIA was extending coverage to all claims during our negotiations about the aborted settlement. That misrepresentation was a principal reason the proposed settlement fell apart.

It is obvious that we will require some motion practice on discovery given Ms. Carrol's refusal to answer any questions during her deposition relating to the underlying events surrounding Mr. McKillians termination. I think it would be advisable to have a discussion about discovery to eliminate as many discovery issues as possible prior to wasteful motion practice. However, as I have noted, I am hesitant to engage in oral communication with Mr. Singer given his past failures to follow through with commitments, misrepresentation of facts, and offensive remarks. Written communication has been inefficient, but is necessary if I must deal with Mr. Singer. If possible, I would like to schedule a time for you and I to talk and see if we can resolve some of these matters in a more appropriate and professional manner consistent with my interactions with your firm other than Mr. Singer. The alternative is to engage in inefficient written communication with Mr. Singer. Please advise as to your preference.

Sincerely

Michael J. Walleri