Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>                Plaintiffs,<br><br>    vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case 4:04-cv-00034-RRB |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
SECOND MOTION TO COMPEL DISCOVERY**

**I.      INTRODUCTION**

There is a clear pattern emerging in this case. Defendants moved for summary judgment on Count I (FLSA overtime claims) on January 3, 2006. Every time a deadline approaches for response to this motion, Plaintiffs file angry, accusatory motions in order to justify requests for ever more delay. It is thus no coincidence that Plaintiffs' second motion to compel is filed the same day as yet another request for additional time to

oppose Defendants' summary judgment motion on Count I. Plaintiffs have now had over 200 days to oppose this single issue motion, yet they keep coming up with ever more reasons for additional delay. More troubling is that Plaintiffs' continued refusal to meet and confer as required by the Civil Rules is wasting the time of the Court and the parties, requiring needless and frivolous motions practice.

Even after this Court has already denied one motion to compel for failure to meet and confer, Plaintiffs again fail to comply with the meet and confer requirement. For this reason alone, the Court should deny the motion.

Further, Plaintiffs now possess all of the payroll records, as well as job descriptions for each position in the police department, so there is nothing left to compel. Had Plaintiffs bothered to meet and confer as required by the rules, they would have learned that the documents were at Alaska Legal Copy being copied on the same date they filed their motion. Since the documents have now been produced, the motion is moot.

## II.   BACKGROUND

The underlying discovery request in dispute is Request for Production No. 2, which requested the City "produce all job descriptions for persons identified in response to Interrogatory No. 9" and also "all payroll records for persons identified in response to Interrogatory No. 9." Interrogatory No. 9 asked the City to "identify all persons employed in law enforcement activities by the City of Fort Yukon during plaintiffs' employment with the City of Fort Yukon." The interrogatory then went on to provide a

bizarre and confusing definition of persons employed within law enforcement, "including all jailers, dispatchers" and also incorporating 29 C.F.R. 553.221, a regulation which expressly states that dispatchers <u>are not persons employed in law enforcement.</u>

The central dispute in this case is whether the City is exempt from overtime requirements under the Fair Labor Standards Act ("FLSA") because it never employed more than four law enforcement officers. Plaintiffs seek to get around the FLSA exemption by including all dispatchers in their count of "law enforcement" employees. The City is not required to adopt or accept Plaintiffs' legally erroneous definition, and so it objected to this Interrogatory.

When Plaintiffs filed their first motion to compel, without first meeting or conferring to resolve the discovery dispute, the City offered as a compromise to produce all payroll records for all police department employees, including both officers and dispatchers. Admittedly, it took the City a long time to locate these documents and forward them to counsel in Anchorage. The delay was caused in part because the City employee most familiar with the payroll documents has been out of the office battling a serious illness. Had Plaintiffs met and conferred, the City would have explained the delay and offered to stipulate to any reasonable extension of time needed because of the City's delay.

In their motion, Plaintiffs make false accusations about Defendants' discovery conduct. For example, Plaintiffs assert that Defendants made a claim that these payroll documents were available in May but were too voluminous and had to be reviewed at

counsel's office in Anchorage. Mr. Walleri complains that he traveled to Anchorage to review the records, but that the payroll records were not there and instead "the records primarily related to the funding of the police department and various grant agreements." [Plaintiffs' Memorandum at 4 n.1]  Plaintiffs complain that the demand to come to Anchorage was "harassment and made in bad faith."

This is absolute fabrication and ignores the actual record. Plaintiffs previously requested information about a Cops Grant and police funding. Indeed, they even sought a Rule 56(f) extension to obtain what they then claimed was vital information. The City sent a discovery disclosure and subsequent letter stating that it had 583 pages of responsive Cops Grant documents, and that Plaintiffs could either review the documents in Anchorage or the City would send them to a copy service for copies to be made at Plaintiffs' expense. [Affidavit of Matthew Singer, Exs. C and E]  Contrary to Plaintiffs' angry accusations, the City told Mr. Walleri exactly how many pages were part of the disclosure (583 pages); exactly what the disclosure consisted of (Cops Grant documents); and the City offered a <u>choice</u> of reviewing in Anchorage or getting copies at Plaintiffs' expense. The City was most certainly not trying to harass Plaintiffs and the City did not misrepresent anything. Plaintiffs do not further their cause or credibility by making up false accusations of discovery misconduct.

Plaintiffs also misrepresent communications between counsel for the parties. On June 15, the parties attended depositions in Fort Yukon. At the end of the deposition day, Mr. Walleri asked Mr. Singer about the production of the payroll records. Mr. Singer

told Mr. Walleri that he was going to the City office right then to work with the City to locate the payroll records. Mr. Singer made no representations about when the documents would be produced and did not promise that the documents would be produced in one week. [Affidavit of Matthew Singer] Mr. Singer understood that a key City employee had been on leave battling a serious illness, and that it would take time to locate the documents, get them to Anchorage for review by counsel, copying, Bates numbering, redacting of private Social Security numbers of non-parties, and production to opposing counsel. [*See id.*]

On June 16, Defendants sent Mr. Walleri letters identifying deficiencies in Plaintiffs' discovery responses. Mr. Walleri responded with a letter on June 28, consisting mostly of an *ad hominem* attack on Mr. Singer. The City's counsel responded with a letter requesting Mr. Walleri to stop making false accusations about counsel and asking him instead to comply with the meet and confer requirements of the Civil Rules. Instead of calling or meeting with counsel, as contemplated by Rule 37 and required by Local Rule 37.1, Plaintiffs then filed their second motion to compel.

On the same date that Plaintiffs filed their second motion to compel, the payroll records were at Alaska Legal being copied. [Affidavit of Matthew Singer] The documents were copied the following date, and defense counsel's staff then Bates numbered the documents, redacted private Social Security numbers, and express mailed the documents on July 14, 2006. [Affidavit of Matthew Singer; Ex. A]

Defense counsel asked in a letter on July 13 if Plaintiffs would withdraw their motion, and Defendants expressly offered to stipulate to a reasonable extension of time due to the delay caused by the City's timing in producing the payroll records. Plaintiffs have refused to withdraw their improper and now moot motion to compel.

## III.  PLAINTIFFS AGAIN FAIL TO MEET AND CONFER

This Court has already once denied Plaintiffs' motion to compel for failure to meet and confer as required by the rules. Once again Plaintiffs filed their second motion to compel without first making a phone call or holding a meeting to discuss the matter.[1]

The "meet-and-confer" requirement mandates that the parties:

> meet, in person or by telephone, to resolve the dispute by determining … what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention.[2]

In *In Sook Yoon v. Celebrity Cruises, Inc.*, the trial court denied a motion to compel "in all respects" when the plaintiff failed to provided a certification with the motion that they had met and conferred in good faith and had not satisfied the meet-and-confer requirement.[3] In *Larkin v. United States Department of Navy*, the court denied a motion to compel because while the government had provided the required certificate, the

---

[1]   *See* FRCP 37(a)(2)(B); Local Rule 37.1(a).

[2]   *In Sook Yoon v. Celebrity Cruises, Inc.*, 1999 WL 135222 at *6 (S.D. N.Y. March 12, 1999) (*quoting Prescient Partners LP v. Fieldcrest Cannon, Inc.*, 1998 WL 67672 at *2-3 (S.D. N.Y. Feb. 18, 1999)).

[3]   *See id.*

court found that the government's efforts to meet and confer were "woefully inadequate and [violate] the spirit and purpose of the rule."[4]

Plaintiffs have not met and conferred in good faith. Plaintiffs' angry letter of June 28 is simply not a constructive effort to meet and confer in good faith.[5] Defendants responded by expressly asking Mr. Walleri to meet and confer as required by the civil rules. Instead, Plaintiffs filed their second motion to compel.

Plaintiffs could have saved significant time and avoided this dispute by simply conferring with opposing counsel. The documents were being prepared for production on the same date that Plaintiffs filed their motion. Because Plaintiffs have disregarded the meet-and-confer requirement, their motion to compel is improper and must be denied. And because this is the second time that Plaintiffs have filed a motion without first complying with the meet and confer requirement, the Court should sanction Plaintiffs by requiring them to pay fees associated with defending this improper motion.

## IV.   THE MOTION IS NOW MOOT

On July 14, 2006, the City express mailed 1,399 pages of payroll records to Plaintiffs' counsel. The City also explained to Plaintiffs in a letter on July 13, 2006, that the requested job descriptions had been produced over a year earlier, on April 29, 2005,

---

[4]   *Larkin v. United States Department of Navy*, 2002 WL 31427319 *2 (E.D. La, Oct. 25, 2002).

[5]   Plaintiffs' a*d hominem* attacks do nothing to assist the Court or move this case towards resolution. The undersigned categorically denies the validity of any of the angry accusations in Mr. Walleri's June 28 letter.

as part of the City's initial disclosures.  The City has complied with its discovery obligations.  There is nothing more to compel and so Plaintiffs' motion is moot.

## V.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' second motion to compel.

DATED at Anchorage, Alaska this 20th day of July, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By:   s/ Matthew Singer
Matthew Singer
3000 A Street, Suite 300
Anchorage, AK  99503
Phone:  (907) 563-8844
Fax:  (907) 563-7322
Alaska Bar No. 7610138

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2006,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

s/ Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

s/ Matthew Singer