Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,  Plaintiffs,  vs.  FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case 4:04-cv-00034-RRB |

## AFFIDAVIT OF MATTHEW SINGER

1.      I am an attorney for Defendants in this matter. I state the following based on my personal knowledge of this matter.

2.      Plaintiffs' counsel did not meet and confer with this office prior to filing Plaintiffs' second motion to compel.

3.      Had Plaintiffs' counsel called me before he filed his motion on July 11, I would have told him that the requested payroll records had been recently received from the City of Fort Yukon, and that we were in the process of preparing the documents for

production. The documents were being copied at Alaska Legal Copy on July 11. We received the documents back from the copy service on the evening of July 12. Our staff then Bates stamped the documents and redacted the Social Security numbers of non-parties. We express mailed the documents, consisting of 1,399 pages, to Plaintiffs' counsel on July 14. [Ex. A, Third Supplement to Defendants' Rule 26(a) Initial Disclosures]

4. The City acknowledges that it took a long time to locate the payroll records for the police department. The delay was caused in part because the employee most familiar with these records has had extended absences due to a serious illness. We were e-mailing requests directly to this employee, but she was out of the office due to her illness. In addition, some of the documents were archived in a storage closet and could not be immediately located.

5. In light of the City's delay, I offered Plaintiffs' counsel in a letter on July 13 that the City would stipulate to an additional reasonable extension of time for Plaintiffs' to oppose the City's long-pending summary judgment motion. That letter is attached as Exhibit B to this Affidavit. As of today, Mr. Walleri has not responded to this offer.

6. Plaintiffs' second motion to compel contains misstatements about defense counsel's discovery conduct.

7. Plaintiffs assert that this firm in May of this year represented that the payroll records were available for inspection in Anchorage but were too voluminous for

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

AFFIDAVIT OF MATTHEW SINGER
FLEMING, ET AL. V. CARROLL, ET AL.
CASE 4:04-cv-00034-RRB
PAGE 2

production. This is not true. On April 19, this firm issued a supplemental discovery response indicating: "Approximately 575 pages of documents relating to the federal COPS grant are available for inspection and review at the law offices of Jermain Dunnagan & Owens, P.C. during normal working hours and upon reasonable notice." [Exhibit C]

8. Plaintiffs' counsel sent a letter on April 21, 2006 complaining about having to review these documents in Anchorage. [Exhibit D] In response, I offered as an alternative to send the documents to a copy service at plaintiffs' expense. [Exhibit E] My letter expressly states that there were 583 pages of COPS grant documents. [*See id.*]

9. Mr. Walleri elected to view the documents in Anchorage because he was going to be in Anchorage on other business. This firm produced for his review the entire COPS grant file of 583 pages, just as previously represented. At no time did this firm misrepresent the content or volume of these documents or represent that any other documents were available for review.

10. Plaintiffs also state that I represented on June 15, 2006, that the City would produce its payroll records within one week. This is not true.

11. While I was in Fort Yukon on June 15 defending depositions in this matter, Mr. Walleri asked me about production of payroll records. I told Mr. Walleri that I was going to the City office after the depositions to work with the City on locating payroll records for the police department. I apologized to Mr. Walleri for the delay and said that we were working on locating the documents with the client. Mr. Walleri did not ask

AFFIDAVIT OF MATTHEW SINGER
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE 4:04-cv-00034-RRB

PAGE 3

about any timeframe and I did not offer one. Had he asked, I would have told him that it would take some time to locate the documents, mail them to my office in Anchorage, obtain copies, redact Social Security numbers, put on the Bates stamp, and produce to Plaintiffs.

12. The City has tried in good faith to respond to discovery and to date has produced approximately 3,508 pages of documents.

13. As an attachment to their second motion to compel, Plaintiffs included a letter from Mr. Walleri to my colleague, Howard Trickey. That letter makes a number of false statements about me. First, Mr. Walleri accuses me of making "rude remarks" about his brother's death. Not knowing that his brother had recently died, I sent Mr. Walleri a letter on August 3, 2005 agreeing to another extension for pending discovery requests but indicating that we would not agree to further delay. [Exhibit F] Mr. Walleri responded with a letter informing of his brother's death. [Exhibit G] I then sent a note apologizing and offering additional time. [Exhibit H] I also called Mr. Walleri to offer my personal condolences, to offer more time, and to tell him that his family came before this or any legal dispute.

14. Mr. Walleri's June 28th letter also complains about the document review in Anchorage. My communications with Mr. Walleri about those documents were exclusively done in writing. As explained above, I told Mr. Walleri in a letter exactly what documents were available, and how many documents were available. I made no representations that the documents were too voluminous – rather, I told him there were

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

583 pages of Cops grant documents that he could either review or pay to have copied. [Exhibit E] Finally, Mr. Walleri accuses me of misrepresenting an insurance coverage issue. This is false. The City disclosed its insurance agreement to Plaintiffs as part of its initial disclosures in April 2005 and my representations to Mr. Walleri have been consistent with that document.

15. Plaintiffs' counsel's *ad hominem* attacks are an unfortunate distraction and do not assist the Court in resolving the parties' dispute. We will continue to abide by the civil rules and to extend professional courtesy to Plaintiffs' counsel, and we request that the Court direct Plaintiffs to do the same.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Matthew Singer

SUBSCRIBED AND SWORN TO before me this 18th day of July, 2006.



_____
Notary Public in and for Alaska
My commission expires: 1-31-2008

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322