# Jermain Dunnagan & Owens, P.C.
LAW OFFICES

WILLIAM K. JERMAIN
CHARLES A. DUNNAGAN
BRADLEY D. OWENS
RANDALL G. SIMPSON
HOWARD S. TRICKEY
GARY C. SLEEPER
SAUL R. FRIEDMAN

DIANE F. VALLENTINE
W. MICHAEL STEPHENSON
ANDRENA L. STONE
EUGENIA G. SLEEPER
MARK P. MELCHERT
SARAH J. JOSEPHSON

ERIC J. BROWN
MATTHEW SINGER
RAYMOND E. GOAD, JR.
MICHELLE L. BOUTIN
CHERYL MANDALA
CAROLINE P. WANAMAKER
THOMAS A. BALLANTINE

3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503-4097

SERVING ALASKANS SINCE 1976



TELEPHONE (907) 563-8844
FAX (907) 563-7322
E-MAIL info@jdolaw.com

July 13, 2006

<u>VIA FAX AND U.S. MAIL</u>
Fax No.: (907) 452-4725

Michael J. Walleri, Esq.
330 Wendell Street, Suite E
Fairbanks, AK 99709

    Re:    *Fleming, et al. v. City of Fort Yukon*

Dear Mr. Walleri:

    I left you telephone messages on July 11 and July 12, but you have not returned my calls. I am writing regarding the motions you filed on July 11 with the court.

    If you had taken the opportunity to meet and confer, as is expressly required by the civil rules, I believe we could have avoided your second motion to compel and your motion for extension of time.

    Locating all of the payroll records for the police department has proven to be a time-consuming task. The City recently produced to us what it believes to be all available payroll records for the relevant dates. There are approximately 1,500 pages of documents, almost all of which are odd-sized pay stubs that cannot be fed through a document-feeding copy machine. On the same day you filed your motions, the documents were at a copy service, Alaska Legal. We received the documents back from the copy service last night. Today our staff will begin the laborious task of redacting the private social security numbers of non-parties. As soon as that task is finished, and the documents are Bates stamped, we will express mail the documents to you. We will make every effort to get the documents to you by the end of this week.

    As for the job descriptions for the police department, these were disclosed on April 29, 2005, as part of defendants' initial disclosures. [*See* Bates No. FY 29-30; Bates No. FY 43]

    In light of the City's delay in locating the payroll records, and the subsequent time necessary to copy and redact the documents, we will stipulate to a reasonable extension

Exhibit B
pg. 1 of 2

Michael J. Walleri, Esq.
July 13, 2006
Page 2

of time on the pending summary judgment motion. The rules allow 15 days for opposition to a motion. If you withdraw your second motion to compel and your motion for extension of time, we will stipulate to an additional 15-day extension, running from the date you receive the payroll records. Please note that we filed that motion on January 3, 2006, so you have already had 192 days to prepare an opposition to the single-issue motion.

If you do not withdraw these motions, we will seek appropriate sanctions for plaintiffs' failure to meet and confer as required by the rules. Your refusal to extend even the most basic professional courtesy of a phone call is contrary to the rules. You cannot excuse yourself from these rules by making up more false accusations about defense counsel, or by launching another *ad hominem* attack.

                        Very truly yours,

                        JERMAIN DUNNAGAN & OWENS, P.C.

                        Matthew Singer

MS/jmh

Exhibit B
pg. 2 of 2