Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM, <br><br> Plaintiffs, <br><br> vs. <br><br> FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case 4:04-cv-00034-RRB |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL: FANNIE CARROLL DEPOSITION**

**I.     INTRODUCTION**

Plaintiffs seek to embarrass, humiliate, and harass Fannie Carroll by delving into questions about a former romantic relationship which resulted in her filing a stalking complaint. These questions have no possible bearing on the outcome of this case or any issue pleaded in the complaint. Plaintiffs neglect to cite a single authority in their motion, and there is no authority under which Plaintiffs may embarrass Ms. Carroll in

this manner. Defendants respectfully request that the Court deny Plaintiffs' motion and enter a protective order preventing Plaintiffs from inquiring into the reasons why Ms. Carroll sought a domestic violence restraining order against an ex-boyfriend.

## II. DISCUSSION

It is hardly surprising that Plaintiffs cite no authority whatsoever in support of their motion, as there is no authority by which Plaintiffs are permitted to embarrass or humiliate Ms. Carroll by asking her questions unrelated to this case. For several reasons, the Court should reject this motion to compel.

First, Plaintiffs fundamentally mischaracterize Ms. Carroll's objection at deposition and the issue now before the Court. Plaintiffs' apparent theory is that City Manager Fannie Carroll was angry about a rumor circulating in the community about her former relationship, that she blamed police officer David McKillican for this rumor, that Ms. Carroll threatened David McKillican that she was going to evaluate his employment right then and there, and that McKillican quit rather than be evaluated by the City Manager. As is plainly established by the deposition transcript, Plaintiffs' counsel was permitted to ask Ms. Carroll numerous questions to explore and test this theory of the case. [*See* Fannie Carroll dep., pp. 57-78]

The question which prompted the objection is of a different nature. Specifically, the question posed by Mr. Walleri was:

> Q.    Well, let's get back to the Mr. Miller thing. What – how was it that you came to file a petition against Mr. Miller? [Carroll dep., p. 61]

This question has no relevance to the case at hand. Mr. Walleri's question was embarrassing and upsetting to Ms. Carroll because it involved a prior romantic relationship, not at issue in this case, that had gone so far bad that Ms. Carroll had filed a stalking complaint.

Plaintiffs' motion is particularly disingenuous because Plaintiffs' counsel, Mike Walleri, represented Mr. Miller in the domestic violence restraining order proceeding. Mr. Walleri knows the facts about Ms. Carroll's stalking complaint against Mr. Miller. He could have simply asked Ms. Carroll to confirm what he already knew. Instead, he asked her an open ended question to which he already knew the answer, thereby obviating any argument that the question was calculated to "lead to relevant information." Rather, the point was to drag Ms. Carroll through the mud, and to make her relive and recall an upsetting and embarrassing episode in her life that does not relate to any issue in dispute in this case.

Plaintiffs' questions about Ms. Carroll's former romantic relationship were an abuse of the deposition process and not permitted under the Civil Rules. This Court has broad discretion under Federal Civil Rule 26(c) and Rule 30(d) to make any orders necessary to prevent this sort of abuse. A protective order is appropriate if questions are posed "in such a manner as unreasonably to annoy, embarrass or oppress the witness or party."[1] "[D]iscovery has its limits, and … these limits grow more formidable as the

---

[1]   Wright, Miller & Marcus, *Federal Practice and Procedure*, Civil 2d § 2116.

showing of need decreases."[2] Professors Wright and Miller observe that while it may be preferable for a party like Ms. Carroll to first seek a protective order rather than refusing to answer questions, the courts must take a realistic view of the conduct of depositions rather than foreclose deponent's objections in response to motions to compel answers.[3]

Here, Mr. Walleri's questions were not reasonably tailored to lead to the discovery of admissible evidence. As the deposition transcript plainly shows, Plaintiffs' counsel was permitted to ask numerous questions about the alleged rumor in the community and Ms. Carroll's conduct towards David McKillican. But counsel's questions about the former relationship simply went too far, and were intended not to discover relevant evidence but to embarrass and harass the defendant.

In their motion to compel, Plaintiffs utterly fail to connect this line of questioning to any claim in their complaint or any element of a cause of action. Instead, they assert that their working conditions were "bizarre" as a result of the "impact of the Carroll-Miller stalking proceedings." But again, this is not the disputed line of questions. Plaintiffs' counsel was free to ask about the impact of the stalking proceedings on Ms. Carroll and her management or interactions with the police department. Plaintiffs' counsel was free to ask about "bizarre" working conditions. The objectionable question was not on this subject, but rather about the underlying relationship with Mr. Miller and

---

[2] *Id.* at § 2036 (*quoting United Air Lines, Inc. v. U.S.*, 26 F.R.D. 213, 219 n.6 (D. Del. 1960)).

[3] *See id.* at § 2116.

Ms. Carroll's reason for seeking the protection of the court in a domestic violence restraining order.

Finally, Plaintiffs overreach with their requested relief. They demand that defendants pay all cost for Ms. Carroll to be deposed again, at any time and place selected by Plaintiffs. Ms. Carroll resides in Panama City, Florida. As a courtesy, Ms. Carroll appeared at her deposition in Anchorage at defendants' sole expense. Defendants have thus already paid for one deposition, and it would be manifestly unjust to require that they pay for another. Further, Federal Civil Rule 45(b) does not permit Plaintiffs or this Court to compel Ms. Carroll to travel across the continent a second time. If the Court allows any further inquiry into Ms. Carroll's private life, it should be done telephonically or with each party bearing their own costs to travel to Ms. Carroll in Florida.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the motion to compel Ms. Carroll to answer this invasive question about her former relationship.

DATED at Anchorage, Alaska this 20th day of July, 2006.

                        JERMAIN, DUNNAGAN & OWENS, P.C.

                        By: s/ Matthew Singer
                              Matthew Singer
                              3000 A Street, Suite 300
                              Anchorage, AK  99503
                              Phone: (907) 563-8844
                              Fax: (907) 563-7322
                              Alaska Bar No. 7610138

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2006,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

s/ Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

s/ Matthew Singer