Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case 4:04-cv-00034-RRB |

**PARTIAL NON-OPPOSITION TO PLAINTIFFS' SECOND MOTION
FOR EXTENSION OF DEADLINE TO RESPOND TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT I**

**I.   INTRODUCTION**

The Civil Rules ordinarily allow a party 15 days to oppose a summary judgment order. Plaintiffs have already had almost 200 days to oppose the single-issue summary judgment motion filed by the City on January 3, 2006. The City has now produced all the documents which Plaintiffs contend they need before they can oppose the summary judgment motion. While a short additional extension is warranted due to the City's delay

in getting the payroll records out, anything more would be unnecessary and further prevent efficient resolution of this dispute.

Unfortunately, Plaintiffs do not seek a reasonable extension of time. Instead, they seek another lengthy and unspecified delay. They want a 60-day extension (four times the amount of time ordinarily allowed to oppose a motion), followed by a status conference where the Court will then set the actual deadline. While the City agrees that its delay in producing documents warrants a short extension, the City is entitled to resolution of its summary judgment motion before the End of Time.

## II.  PLAINTIFFS ARE ENTITLED TO A SHORT, REASONABLE EXTENSION

The City promised to produce payroll records for its police department. It took a long time to get those documents, in part due to an illness of a key City employee. [*See* Affidavit of Matthew Singer, filed with Opposition to Second Motion to Compel] While the City fails to see how these documents will assist Plaintiffs' cause on summary judgment, it agrees that Plaintiffs should be permitted some additional time to review the documents before opposing summary judgment. The rules generally permit 15 days to oppose a summary judgment motion.[1]

The City express mailed the documents to Plaintiffs on July 14, 2006. [Affidavit of Matthew Singer, filed with Opposition to Second Motion to Compel] A reasonable extension would be until August 1, 2006 (15 days from the date Plaintiffs received these

---

[1]    *See* Alaska District Court Local Rule 7.1(e).

documents on July 17). Or, in the alternative, the Court could allow 15 days from the date of the Court's order on this motion. Any more delay is unwarranted.

### III. PLAINTIFFS DO NOT NEED ANY LENGTHY EXTENSION AND MUST NOW TIMELY OPPOSE THE PENDING SUMMARY JUDGMENT MOTION

The summary judgment motion raises a single, narrow issue. A small town police department is exempt from the Fair Labor Standards Act if it employs fewer than five persons in law enforcement.[2] In their complaint, Plaintiffs identified 12 individuals who they assert should be included as law enforcement officers for purposes of defeating the City's exemption. The City moved for summary judgment, showing that these 12 individuals were either not employed at relevant times or were dispatchers who are by law not included in the count of officers.[3]

In their first Rule 56(f) motion, Plaintiffs claimed they needed more information about police department funding and a COPS grant. [Docket 25, page 3] Now, in papers they filed with the Court at the same time as the instant motion, they accuse the City of "harassment" and "bad faith" for making these funding documents available for inspection and review. [Plaintiffs' Second Mtn. to Compel]

Having dropped their theory about some complex funding scheme that somehow allows them to include non-employees within the count of law enforcement officers, Plaintiffs now ask for more time to look at payroll records and job descriptions. The job

---

[2]   *See* 29 U.S.C. § 213(b)(20).

[3]   *See* 29 C.F.R. 553.211(g) (dispatchers are not law enforcement officers).

descriptions for each position in the police department were timely disclosed with the City's initial disclosures in April 2005. [*See* Ex. A; Bates No. FY 29-30 & 43] The payroll records were disclosed on July 14, 2006. Plaintiffs now have everything they requested.

It is also disingenuous for Plaintiffs to assert that they have been unable to test the veracity of the affidavits attached to the summary judgment motion. Plaintiffs have taken several depositions, including a day of depositions of witnesses in Fort Yukon. Plaintiffs have had 200 days to prepare any legitimate opposition to summary judgment. The City has produced 3,508 pages of documents. Plaintiffs' real problem is that no matter how much delay they obtain from the Court, they cannot concoct more police officers than the City actually employed.

The Court can be sure that no matter how much additional time it allows, Plaintiffs will come back asking for more time, and again accuse the City of withholding some new set of documents. At some point, the City is entitled to have its summary judgment motion resolved. The City agrees that it contributed to this delay by not getting the payroll documents earlier, but that problem has now been remedied. Plaintiffs should be permitted no more than a short, reasonable extension to file their opposition to summary judgment.

IV.   **CONCLUSON**

For the foregoing reasons, the Court should deny Plaintiffs' request for a lengthy, unspecified Rule 56(f) extension. Instead, the Court should grant a short, reasonable

extension, such as 15 days from the date Plaintiffs received the payroll records, making the opposition due on August 1, 2006.

DATED at Anchorage, Alaska this 20th day of July, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By: s/ Matthew Singer
Matthew Singer
3000 A Street, Suite 300
Anchorage, AK  99503
Phone:  (907) 563-8844
Fax:  (907) 563-7322
Alaska Bar No. 7610138

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2006,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

s/ Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

s/ Matthew Singer