Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON,  CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and  TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR TO COMPEL: FANNIE CARROLL**<br><br>Case No. F04-0034 CIV (RRB) |

The mere fact that Ms. Fannie Carroll is embarrassed by the events surrounding her relationship with Mr. Dick Miller is not the test as to whether discovery should be allowed.  Indeed, all wrongful conduct is embarassing to the wrongdoer.  The question is whether the matter's to be inquired of are relevant or will lead to relevant evidence. FRCP 26.  Clearly, the facts surrounding Carroll/Miller are particularly relevant to the firing of Officer McKillican.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

There is much more to the story than merely an interesting story of casual interest. Rather, the events surrounding the Carroll/Miller stalking petition demonstrate the pattern of abuse of office, illegal conduct and harassment initiated by Ms. Carroll when she was City Manager at Fort Yukon. Ms. Carroll sought to reprimand Officer McKillican because he was "talking" to Mr. Miller, who was a city council member.  Clearly, the fact that Ms. Carroll was angry at Officer McKillican because he was "talking" to Councilman Dick Miller it is highly relevant to the officer's wrongful and constructive termination claims.  The officers are clearly entitled to inquire into Ms. Carroll's motivations, fears, and concerns, as well as the background of Ms. Carroll's conflict with Mr. Miller.   These are clearly relevant as to whether the officer's were experiencing a form of unwarranted harassment that would lead a reasonable person to believe that they had to terminate employment. Moreover, it also goes to the motivation of Ms. Carroll in terminating the officers that were terminated.  That alone should allow the officers to inquire into this area. However, it is also clear that the officers are alleging in their complaint, actions of a potentially criminal nature.   Ms. Carroll efforts to harass Officer McKillican and the other officers over Mr. Miller was also trying to cover up a crime committed by here:

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

i.e. destruction of evidence.[1]  Clearly, the officers have a right to inquire into this area of relevant evidence.

The undersigned was the attorney for Mr. Miller.  In that capacity, the undersigned issued a subpoena seeking a 911 system tape created by Ms. Carroll using the City of Fort Yukon 911 system of a conversation between Ms. Carroll and Mr. Miller.  The tape disappeared, and the City was unable to properly respond to the subpoena.  That fact, and Ms. Carroll's access and use of the City's 911 taping system, and the evidence created by it, became a major issue in the City respecting the integrity of the City's evidence control system.  On information and believe, Ms. Carroll illegally obtained and destroyed the evidence in question in order to prevent the tape from being produced as evidence in the Carroll/Miller stalking proceedings.  The "talking" that Ms. Carroll is referring to was not casual gossip between a police officer and a party to a stalking proceedings.  Rather, the "talking" that Ms. Carroll was most concerned about involved the destruction of evidence under subpoena, and the cover up of the crime by the City manager.  The "talking" was with a City Council member, who had a particular interest in the destruction of

---

[1] It is possible that Ms. Carroll may have a privilege against self-incrimination as to some questions that may be asked.  Of course, such a privilege, if claimed, would have to be respected.  However, Ms. Carrol has not asserted such a privilege todate.  Moreover, there are a number of questions relating to Officer McKillican's wrongful termination that do not touch upon

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

that evidence.  It is believed that the  City and Ms. Carroll are less concerned about the discovery of prurient gossip; the City and Ms. Carroll are more concerned that discovery into the matter will pierce the veil of secrecy respecting the cover up of criminal activity of Ms. Carroll.   Of direct relevance to this case, the City and Ms. Carroll are concerned that the attempt to cover up this, and other crimes, was an illicit motive behind the harassment and termination of the officers.

Filed with this reply is a tape of the incident between Ms. Carroll and Officer McKillican.[2]  The tape clearly demonstrates that Ms. Carroll is harassing Officer McKillican because of his contact with Mr. Miller in relation to the Carroll/Miller stalking proceedings.  Clearly the subject matter of Ms. Carroll's stalking petition is the reason for Ms. Carroll's harassment of Officer McKillican.  The subject matter of the inquiry is clearly discoverable.

It should be noted that stalking proceedings at issue are not "confidential" proceedings.  Ms. Carroll filed the stalking petition.  Ms. Carroll has no expectation of privacy.  Her refusal is without legal basis.

---

[2] Exhibit 1

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                        *Page 4 of 6*
Op: Def. Mot. S. J. (Counts II-IV)

Finally, if Ms. Carroll were truly concerned about mere embarrassment, there are mechanisms available to protect Ms. Carroll's from unwarranted public ridicule. Indeed, in two depositions in this case, the City's counsel made inquiry into objectionable areas: i.e. involving 1) criminal investigations that may involve future prosecutions, and 2) irrelevant prior employment issues.[3]   In both cases, the Plaintiff police officers agreed to the inquiry under an agreement to seal the depositions for pre-trial use, and reserving the rights of parties (and non-parties) to seek protective orders. As Ms. Carrolls attorney notes in his opposition, the normal practice is to seal the record and seek a protective order. Ms. Carroll flatly refused to answer questions relating to the stalking proceedings, which were a matter of public record. Opposing counsel was clearly aware of this option, but chose to force this motion to compel and put the plaintiffs at additional expense and trouble.  The City should not be allowed to engage in such flagrant and knowing violations of the rules. Nonetheless, if the deposition produces no relevant evidence and would serve merely to embarrass Ms. Carroll, the City and Ms. Carroll could move for a protective order.

---

[3] Interestingly, in the latter case, opposing counsel went off record to indicate that the inquiry had little relevance but that the Plaintiff could avoid the embarrassment of inquiry if he would drop his claim. This was a clear violation of FRCP which prohibit litigation tactics intended merely for embarrassment of a party.  When the deposition in question is printed, Plaintiff's intend to move for a protective order, which is what the City and Ms. Carroll should have done.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

In summary, the court should order Ms. Carroll to return to the deposition and answer the questions relating to the Carroll/Miller stalking proceedings, and actions involving the police department that flow from those matters. The Court should further provide that the City should pay the costs of such deposition, including travel of Ms. Carroll from Florida, and travel of Plaintiff's counsel to attend if the deposition is not continued to Fairbanks.

DATED: July 25, 2006                    s/ Michael J. Walleri
                                        Michael J. Walleri
                                        AK. Bar No. 7906060
                                        Attorney for Plaintiffs

                    Verification
        Under pain of perjury, the undersigned hereby verifies that the facts asserted above are true and correct.

Dated July 25, 2006                     s/ Michael J. Walleri

Certificate of Service
I hereby certify that under penalty of perjury that a true and
Correct copy of the foregoing was sent to the following counsel
of record on July 25, 2006 via ECFl to:
Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

_____

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                    *Page 6 of 6*
Op: Def. Mot. S. J. (Counts II-IV)