Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>          Plaintiffs,<br><br>  vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case 4:04-cv-00034-RRB |

### DEFENDANTS' OPPOSITION TO MOTION TO STAY PROCEEDINGS REGARDING MOTION TO COMPEL AT DOCKET 51

Plaintiffs filed an improper motion to compel without first conferring with opposing counsel as required by the civil rules.[1] Had plaintiffs conferred as required, they would have learned that the requested payroll documents were being copied and would be produced the same week. The City included the other requested documents, job descriptions, in its April 2005 initial disclosures. Accordingly, the motion to compel is

---

[1] *See* FRCP 37 and Local Rule 37.1.

now moot. Rather than withdrawing the moot motion, plaintiffs now want a lengthy "stay" before filing their Reply brief, purportedly to review the 1,399 pages of payroll documents for "completeness."

The clear implication of plaintiffs' requested stay is that they want to preserve the option to pursue some amended version of their motion to compel if they are not satisfied with defendants' discovery production. This is not how discovery or motions practice is supposed to work. Plaintiffs filed an improper motion to compel asserting non-disclosure of documents. In fact, some of the documents had been disclosed a year prior and the payroll documents were being disclosed simultaneously. Now plaintiffs want the option to raise a separate issue, "completeness" of the disclosures, in a Reply brief. Given the contentious nature of this case, and plaintiffs' penchant for angry name-calling, defendants can reasonably assume that the eventual Reply brief will again accuse them of some horrible conduct. But defendants do not have the right under the rules to respond to a Reply. Accordingly, if plaintiffs want to raise some new issue about "completeness," they must do so in a new motion, and only after complying first with the meet and confer requirements.

Since the motion to compel is now moot, it should be denied. Plaintiffs should not be permitted to stay a now-moot motion so that they can use a Reply brief to once again circumvent the basic process set forth in the civil rules. If plaintiffs have some concern with the City's disclosure of payroll records, they should meet and confer with counsel as required by the rules, allow the City to address any legitimate concerns, and only then file

a motion if the City is unable to satisfy concerns.  Plaintiffs' continued refusal to abide by the meet and confer requirements, or to even engage in rational, civil discourse with opposing counsel, is wasting the Court's and the parties' resources with all this needless motions practice.  Consequently, defendants respectfully request that the Court deny the motion for stay and deny the motion to compel at Docket 51.

DATED at Anchorage, Alaska this 26th day of July, 2006.

>JERMAIN, DUNNAGAN & OWENS, P.C.
>
>By: s/ Matthew Singer
>Matthew Singer
>3000 A Street, Suite 300
>Anchorage, AK  99503
>Phone:  (907) 563-8844
>Fax:  (907) 563-7322
>Alaska Bar No. 9911072

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2006,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

s/ Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

s/ Matthew Singer