Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>     Plaintiffs,<br><br> vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case 4:04-cv-00034-RRB |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO RESPOND TO DEFENDANTS' FIRST DISCOVERY REQUESTS**

**I. INTRODUCTION**

Defendants respectfully request that the Court compel plaintiffs to answer discovery requests regarding their claims. This is an employment dispute, and plaintiffs refuse to produce anything but bare bones and incomplete information about their subsequent employment. Their counsel stated in a letter that each plaintiff had mitigated his damages and was not harmed by their termination or resignation from the City of Fort

Yukon. Defendants are entitled to sufficient discovery to determine if plaintiffs do have any damages, as the lack of any damages would likely entitle defendants to summary judgment. Despite the repeated efforts of defense counsel to meet and confer, plaintiffs refuse to respond to even the most basic of discovery requests, and now refuse to even discuss the matter with defendants' counsel. Consequently, the Court's assistance is necessary to resolve this discovery dispute.

## II.    FACTUAL BACKGROUND

This case is five lawsuits in one. Five former police officers from the City of Fort Yukon are suing the City and its former City Manager, Fannie Carroll, asserting claims for overtime pay under the Fair Labor Standards Act and wrongful discharge or constructive discharge. The officers' claims span a period of almost three years. Hampton, McKillican, and Schlumbohm all resigned on different dates, while Fleming and DeLeon were terminated.

Defendants served their First Discovery Requests on June 21, 2005. These discovery requests focus mostly on plaintiffs' claims for wrongful discharge/constructive discharge and damages.

Plaintiffs served their responses on September 1, 2005. Soon thereafter, the parties reached what defendants believed to be a settlement agreement on all but the overtime claims. Plaintiffs' counsel sent a letter explaining that his clients had not been damaged by the alleged wrongful terminations/constructive discharges. [Ex. F]

Plaintiffs later withdrew their settlement proposal. Defendants moved for summary judgment to enforce what it believed to be a contractual agreement resolving Counts II-IV. This Court disagreed with the City and denied the summary judgment motion on May 3, 2006. [Docket 45] At that point, it was apparent that the parties needed to complete discovery and fully litigate each of the claims asserted by plaintiffs. Even though their counsel represented that they have no damages flowing from their wrongful terminations, plaintiffs insist on prosecuting these claims. But they steadfastly refuse to respond to discovery.

As detailed in the attached Declaration of Matthew Singer and Certificate of Attempt to Confer, defense counsel has tried for the past two months to convince plaintiffs to supplement their discovery responses with adequate answers. It is now clear that plaintiffs will not cooperate unless so ordered by the Court. When asked to supplement his clients' discovery responses and to meet and confer about discovery issues, plaintiffs' counsel has responded with a series of false and increasingly bizarre *ad hominen* attacks on defense counsel. Consequently, the Court must intervene to allow defendants the discovery to which they are entitled.

### III. DISCUSSION

Defendants served the same discovery requests on each of the five plaintiffs. With rare exceptions, each responded with the same objections and refusals to answer. Accordingly, each plaintiff should now be compelled to answer the following key discovery questions:

### INTERROGATORY NO. 10

This interrogatory asked plaintiffs to "describe in full detail the total dollar amount of damages, interest, costs, penalties and attorney fees being sought by plaintiff from defendant in this case and state how you arrived at this calculation." The same information is supposed to be voluntarily disclosed at the outset of the case pursuant to Civil Rule 26(a)(1)(C).

In response, each plaintiff offered the same response, including an objection on the basis of "attorney work product." Plaintiffs did provide some information and exhibits related to their FLSA claim (Count I), but as for their other claims, they asserted merely that they claim "the total amount of wages lost due to the terminations less mitigation of wages earned by the Defendants [sic] at the time of trial. These calculations are not currently available."

For a number of reasons, plaintiffs' refusal to respond to this interrogatory is improper. First, damages are not work product. Rather, plaintiffs are required to supply their damages calculations during initial disclosures, instead of listing the possible types or category of damages.[1]

There are cases holding that a proper remedy when a party refuses to respond to damages interrogatories is to ban the entire damages claim from trial. For example, in *Zenith Electronics Corp. v. WH-TV Broadcasting*, WH-TV failed to respond to Zenith's "contentions interrogatory with a description of damages theory and the proof to be

---

[1]    Fed.R.Civ.P. 26(a)(1)(C).

employed."[2] The trial court excluded all evidence of the damages claim, and the appellate court found that to be an appropriate remedy for WH-TV's discovery failure.

Further, it is not credible for plaintiffs to claim that they cannot calculate their damages until the close of trial. Plaintiffs have each apparently found new employment. While they admittedly may not know attorney's fees and interest until after trial, there is no reason that plaintiffs cannot provide their basic damages claim now.

## *INTERROGATORY NO. 13*

This interrogatory asked: "Please state the name, address, telephone number and place of employment of any doctors, osteopaths, chiropractors, psychiatrists, psychologists, hospitals, medical clinics, or health care providers that you have seen, been examined by, or who have treated you since 1995." This is a standard interrogatory in a case where plaintiff may be seeking emotional distress damages.

None of the plaintiffs provide an adequate answer. Fleming attached "Exhibit C" where he indicated he went to the Fort Yukon Clinic but provided no other information about health care providers. Schlumbohm indicated he had not seen a doctor, but did not answer the question as to the other types of medical providers. The other three each indicated "Objection, relevance and outside the scope of discovery."

Each of the plaintiffs should be compelled to answer this question. Plaintiffs allege that they worked 24 hours a day, to the point of exhaustion. This assertion makes their medical history relevant, as would any request for emotional distress damages. It is

---

[2] 395 F.3d 416, 420 (7th Cir. 2005).

impossible to determine if plaintiffs make such a request, because, as explained above, they refuse to calculate their damages.

### INTERROGATORY NO. 14

This interrogatory requested plaintiffs to describe each employment experience after leaving the City of Fort Yukon. This topic is central to damages and mitigation of damages.

None of the plaintiffs provided a complete answer to this interrogatory. Instead, they each made the same objection: "Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules; request is excessive and burdensome." Plaintiffs are apparently treating each subpart to an interrogatory as a separate question. After making this objection, each plaintiff offered a partial, bare bones response.

For example, Fleming stated his subsequent job titles, dates of employment, and supervisor, but provided no information on his wages, benefits, work duties, trainings, and reasons for leaving. [Ex. A at 10] DeLeon offered dates of subsequent employment and his hourly rate, but no information about benefits, evaluations, work duties, trainings, etc. [Ex. B at 10] Hampton identified the name but not address of his subsequent employers, and provided no information about fringe benefits. [Ex. C at 10] McKillican provided the names but not address of subsequent employers, did not explain why he left employment, and offered only his hourly wage and no information about fringe benefits. [Ex. D. at 10-11] Schlumbohm listed several subsequent jobs, but provided no

explanation of why he left employment, and provided no information whatsoever about his income. [Ex. E at 10-12]

Professors Wright and Miller explain that "an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question."[3]  Every single subpart of Interrogatory No. 14 deals exclusively with plaintiffs' subsequent employment, and so is treated as one question under the Civil Rules.[4]

As for the burdensome objection, the party making this objection must make an express showing of how the request is too difficult to answer.[5] Defendants are asking for basic employment information, all of which has occurred within the last three years. There is no undue labor or expense. The request is not excessive and plaintiffs should be compelled to answer it with full, complete responses. Each plaintiff chose to answer part of the question, but none provided a complete answer, and none made any attempt to describe their fringe benefits.

## *REQUESTS FOR PRODUCTION*

With few exceptions, as to each Request for Production ("RFP"), plaintiffs either claimed to have already produced the document, claimed they lacked possession of the documents at the time, or objected. These responses are inadequate and do not reflect a

---

[3]   Wright & Miller, *Federal Practice and Procedure*, Civil § 2168.1.

[4]   *See* Fed.R.Civ.P. 33(a) cmt. 1993.

[5]   *See Roseberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Penn. 1980); *Leumi Financial Corp. v. Hartford Acc. & Indem. Co.*, 295 F.Supp. 539, 544 (S.D. N.Y. 1969).

good faith effort to comply with discovery. The Court should compel responses to the Requests for Production.

Of particular significance are the following requests:

*RFP NO. 2*

This RFP sought records for each of the plaintiffs' employment "<u>subsequent to employment with defendant</u>." Defendants expressly requested subsequent employment records indicating dates of employment, rates of pay and total compensation. Defendants also sought records related to any period of unemployment, records related to any work evaluations or job performance issues in the subsequent jobs, and records related to any grievance issues.

These documents are obviously relevant. Plaintiffs in an employment case have a duty to mitigate. Among other things, the records requested in RFP No. 2 will allow defendants to confirm what plaintiffs' counsel represented in last year's settlement offer: that plaintiffs have no damages because they effectively mitigated. These documents are particularly important in light of plaintiffs' vague and incomplete interrogatory response to Interrogatory No. 14 (above).

To date, none of the plaintiffs have provided a single document related to their employment subsequent to leaving the City of Fort Yukon. Their response to RFP No. 2 is simply inaccurate and suggests they perhaps did not read the request correctly. Plaintiffs object that "Defendant is in possession of City Employment records. Additionally, the request is redundant, and excessively burdensome in that Defendant has

DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO RESPOND TO DEFENDANTS' FIRST DISCOVERY REQUESTS
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE 4:04-cv-00034-RRB

PAGE 8

provided such records." Plaintiffs appear to misapprehend the question as somehow requesting records from plaintiffs' employment with the City of Fort Yukon. Plaintiffs overlook the words "subsequent to employment with defendant" and "after employment with the City of Fort Yukon." Plaintiffs should be compelled to provide their full employment records for jobs performed after leaving the City.

### RFP NO. 3

This request sought income records from each plaintiff, including tax returns. Plaintiffs objected that the request was "beyond the scope of discovery, excessively burdensome and relevance."

Plaintiffs' objection is without merit. Tax returns and income records are the easiest, most direct way to determine how, if at all, plaintiffs were affected by leaving employment with the City of Fort Yukon. The City believes it did nothing wrong with regard to any of the plaintiffs' employment, but even if it did, it is of no matter if plaintiffs were not damaged. The City is entitled to review income records to assess damages and mitigation issues. It is reasonable to request income records from years prior to employment with the City of Fort Yukon so as to establish the plaintiffs' pattern with regard to productivity and work.

### RFP NOs. 10 & 11

These RFPs sought all certificates, licenses and credentials held by plaintiffs, as well as any applications for those things. Plaintiffs claimed in response that all known documents in possession of Plaintiff were previously disclosed. This is not true.

DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO RESPOND TO DEFENDANTS'  
FIRST DISCOVERY REQUESTS  
*FLEMING, ET AL. V. CARROLL, ET AL.*  
CASE 4:04-cv-00034-RRB

PAGE 9

An issue in this case is whether plaintiffs were properly certificated to be police officers.  One of the reasons why the City terminated the employment of Reginald Fleming is that as the Chief of Police he was hiring and retaining officers who did not meet the standards to serve as law enforcement officers in Alaska.  The City also had a concern that Chief Fleming failed to keep adequate records of his officers.  Defendants are entitled to receive from each plaintiff copies of any police certifications, or other credentials, as well as applications for the same.  Plaintiffs have not produced these documents, and their certificates were not contained in their personnel files.

## IV.   CONCLUSION

Defendants respectfully request that this Court, pursuant to Federal Civil Rule 37, compel plaintiffs to respond fully to defendants' first discovery requests, and to promptly provide answers to Interrogatories Nos. 10, 13, and 14, and Requests for Production 2, 3, 10, and 11.

DATED at Anchorage, Alaska this 3rd day of August , 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By:   s/ Matthew Singer
       Matthew Singer
       3000 A Street, Suite 300
       Anchorage, AK  99503
       Phone:  (907) 563-8844
       Fax:  (907) 563-7322
       Alaska Bar No. 9911072

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2006,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

s/ Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

s/ Matthew Singer