Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM, <br><br> Plaintiffs, <br><br> vs. <br><br> FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

) Case 4:04-cv-00034-RRB

## DECLARATION OF MATTHEW SINGER
## AND CERTIFICATE OF ATTEMPT TO CONFER

1.      I am an attorney for defendants in this matter.

2.      Defendants served their first discovery requests on plaintiffs on June 21, 2005.

3.      Plaintiffs responded on September 1, 2005.  Attached as Exhibits A, B, C, D, and E are plaintiffs' responses.

4.     After receipt of these discovery responses, the parties reached a tentative settlement agreement, as proposed in a letter from plaintiffs' counsel on September 1, 2005, attached as Exhibit F.  That settlement agreement was the subject of Defendants' Motion for Summary Judgment on Counts II-IV.  [Docket 20]  In an effort to conserve party resources, defendants did not actively pursue outstanding discovery issues while that motion to enforce the parties' agreement was pending.  This Court ultimately disagreed with defendants and concluded that the parties had not reached a final settlement on these claims.  [Docket 45]  At that point, defendants resumed active discovery.

5.     On June 16, 2006, my co-counsel, Howard Trickey, sent letters to plaintiffs' counsel detailing defendants' concerns with plaintiffs' interrogatory responses. Those letters are attached as Exhibits G, H, I, J, and K.

6.     On June 28, 2006, plaintiffs' counsel sent a letter in response.  That letter is marked as Exhibit L.  Plaintiffs' counsel did not address the substantive discovery issues, but instead made a number of untrue accusations about defense counsel, and accused defendants of trying to "make work."  Mr. Trickey then sent a letter on July 5, 2006, asking Mr. Walleri to stop complaining about counsel and to instead meet and confer as required by the rules.  *See* Exhibit M.

7.     On July 19, 2006, I took depositions in this matter.  Before depositions began, I asked plaintiffs' counsel if he was willing to discuss defendants' concerns about plaintiffs' responses to interrogatories and requests for production.  Mr. Walleri said that he would discuss the matter with Mr. Trickey, but not with me.  I explained that I was

handling discovery for defendants.  I documented that conversation with a letter, attached as Exhibit N.

8.      The following day, I again asked plaintiffs' counsel if he was willing to discuss the outstanding discovery issues.  I expressly said "I am here to meet and confer in good faith."  Mr. Walleri refused to discuss the matter and referenced a letter he had sent to Mr. Trickey that same day.  That letter is Exhibit O.  Yet again, instead of engaging in rational discourse, plaintiffs' counsel made up bizarre allegations about opposing counsel.  Plaintiffs' counsel now refuses to discuss discovery with me. Defense counsel responded to Mr. Walleri's July 20, 2006 letter with the letter attached as Exhibit P.  Once again, defense counsel requested that plaintiffs' counsel engage in civil discourse about discovery.

9.      As described above and documented in the attached exhibits, I have tried repeatedly to meet and confer in good faith with plaintiffs' counsel.  In response, plaintiffs' counsel has responded with baseless and increasingly bizarre allegations about the conduct of the undersigned.  These tactics are not productive and so defendants must now seek the intervention and assistance of the Court.

DATED this 3rd day of August, 2006.

s/ Matthew Singer
Matthew Singer
3000 A Street, Suite 300
Anchorage, AK  99503
Phone:  (907) 563-8844
Fax:  (907) 563-7322
Alaska Bar No. 9911072