Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs



SEP 0 6 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

REGINALD FLEMING, CHRISTOPHER
DELEON,  CHRIS HAMPTON, WILLIAM
D. MCKILLICAN, and  TODD
SCHLUMBOHM

                Plaintiffs,

   vs.

FANNIE CARROLL, and the CITY OF
FORT YUKON, ALASKA

              Defendants.

**RESPONSES TO DEFENDANTS'**

**FIRST SET OF DISCOVERY**

**REQUESTS TO PLAINTIFF CHRIS**

**HAMPTON**

Case No. Fo4-0034 CIV (RRB)

COME NOW defendants, Chris Hampton respond under oath to the following

interrogatories and requests for production as follows:

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 1 OF 21

**Exhibit C**
**pg. 1 of 21**

## INTERROGATORIES

Interrogatory No. 1:  Please state the total number of overtime hours plaintiff worked without overtime compensation from defendant for the period of his employment.

Answer:  The total hours worked (using 24 hour on-call) would be 352 hours.  The total overtime hours worked as active duty and reported by the time sheets were 80 hours.

Interrogatory No. 2:  For the time period of plaintiff's employment, please identify the specific days he worked in excess of eight hours a day without receipt of overtime and identify the total number of hours he worked overtime on each such day.

Answer: Mr. Hampton was on-call 24 hours a day for each day he reported for duty, which are set out in Exhibit A. Mr. Hampton worked active duty the hours indicated in the attached Exhibit B.

Interrogatory No. 3:  For each week during the period of plaintiff's employment, please state the total number of overtime hours he claims he worked for defendant for which he was not paid overtime.

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 2 OF 21

Exhibit C
pg. 2 of 21

Answer:  Please see attached Exhibit A with respect to on-call basis.

Please see attached Exhibit B with respect to active duty basis.

Interrogatory No. 4:  For the period of plaintiff's employment, identify the person or persons who directed plaintiff to work such overtime and how defendant either knew or should have known that plaintiff worked such overtime.

Answer:

Mr. Hampton was on call twenty four (24) hours per day. Therefore, even if he was no longer at work, if a community member called him for assistance, he was expected to and did respond. Ms. Fannie Carroll and all Plaintiffs in the action, knew that Mr. Hampton was working overtime because Mr. Hampton documented each hour that he worked on his timesheet, which he submitted to Ms. Fannie Carroll for compensation. Further, Mr. Hampton was informed on several occasions, by Ms. Fannie Carroll, to respond promptly to emergency calls that he received during the night.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 3 OF 21

Exhibit C
pg. 3 of 21

Interrogatory No. 5:  Please describe the regular scheduled hours of work for plaintiff's employment by defendant during his employment, including days of the week he was scheduled to work, his starting time, time he was to start and end his lunch break, and his normal quitting time each day.

Answer:

Mr. Hampton had a flexible schedule. On a normal day, Mr. Hampton would arrive to work between 8:00 a.m. and 8:30 a.m. and leave between 5:00 p.m. and 6:00 p.m. However, if there was a disturbance during the day, Mr. Hampton would stay late in order to complete the necessary paperwork. Further, Mr. Hampton was often called out to assist with a disturbance during the evening and/or night.  As a general matter, Mr. Hampton was called out so often so often that it was more likely than not able to anticipate receiving 8 hours of sleep in any given night.

Interrogatory No. 6:  Describe each and every action plaintiff took to have defendant compensate him for the overtime he claims he worked but was not paid, identifying the manner and location of the demand for payment.

Answer:  Mr. Hampton filed a wage and hour claim with the State of Alaska.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 4 OF 21

**Exhibit C
pg. 4 of 21**

Interrogatory No. 7:  Please describe in full detail the method or procedure plaintiff used to record work hours, including overtime, during the time period of his employment by defendant.

Answer: Mr. Hampton recorded all hours worked on a timesheet, provided by Defendant, and submitted that timesheet to Defendant, bi-monthly, for compensation. Additionally, the City of Fort Yukon had a computerized dispatch system which logged call outs.

Interrogatory No. 8:  Please identify and describe in detail the job duties, functions, and responsibilities plaintiff regularly performed for defendant during his period of employment by defendant and any changes in those duties, functions and responsibilities over that period of employment.

Answer: Objection: Request is excessive and burdensome in that it requests information known and retained by Defendant.  Reserving such objections, Mr. Hampton's job duties, functions, and responsibilities are sent out in Mr. Hampton's job descriptions and contracts, which were provided in discovery by Defendant. Those job descriptions are incorporated by reference.  In addition thereto in his usual course of employment for Defendant, Mr. Hampton performed the

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

following duties: general police office duties and administrative duties for the police department.

Interrogatory No. 9:  Please state the names and job titles of each person plaintiff reported to or who supervised plaintiff at any time during the time period of his employment by defendant, and identify the dates he reported to or was supervised by such individuals.

Answer: Mr. Hampton reported to Mr. Reginald Fleming; however, at times when Mr. Fleming was absent from Fort Yukon, Mr. Hampton reported to the City Manager, Fannie Carroll and/or William McKillican.

Interrogatory No. 10:  Please describe in full detail the total dollar amount of damages, interest, costs, penalties and attorney fees being sought by plaintiff from defendant in this case and state how you arrived at this calculation.

Answer: Objection: the interrogatory or portions thereof, request information privileged as attorney work product.   The total amount of damages, interest, costs, penalties and attorney fees is not available at the current time, and will not be available until the conclusion of trial.   Additionally, the undersigned does not have sufficient information to base his answer and will require discovery

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 6 OF 21

Exhibit C
pg. 6 of 21

from Defendant to complete.  Preserving such reservations, and objections please see Exhibits A and B with regard to FSLA claims for compensatory damages.  Such calculations will require adjustment based upon adjustments to the wage rate based upon Defendant's answers to discovery.  Liquidated damages would be equal to compensatory damages.  As for damages for non-wage and hour claims, Defendants claim the total amount of wages lost due to the terminations less mitigation of wages earned by the Defendants at the time of trial.  These calculations are not currently available.  Attorney fees and pre-judgment interest are not capable of calculation prior to trial.

Interrogatory No. 11:  Please identify the name, last known address and last known phone number of all individuals who have knowledge or information related to plaintiff's claim that he worked excess hours of more than eight hours a day for the period of his employment by defendant.

Answer:  Objection.  The identity of various people with whom Mr. Hampton came in contact during overtime hours is recorded in the records of the City of Fort Yukon and not available at this time to respondent.  Reserving such objection, this information known to respondent has previously disclosed (see initial disclosures).

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

Interrogatory No. 12:  Please identify the name and job title of every person whom you believe was employed by the police department during the time you worked for the department.  If the person was not employed for the entire period of your employment, list the dates on which you think the person was so employed.

Answer:  Objection. The identity of various people with whom Mr. Hampton worked at the Fort Yukon police department during the period of his employment are recorded in the records of  the City of Fort Yukon and not available at this time to respondent.  Reserving such objection, this information known to respondent has previously disclosed in the complaint, the substance of such is incorporated by reference.

Interrogatory No. 13:  Please state the name, address, telephone number and place of employment of any doctors, osteopaths, chiropractors, psychiatrists, psychologists, hospitals, medical clinics, or health care providers that you have seen, been examined by, or who have treated you since 1995.  Please list these health care providers in the order in which they were seen.

Answer: Objection, relevance and outside the scope of discovery.

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Interrogatory No. 14:  Please describe each of your employment experiences subsequent to employment with the City of Fort Yukon, including current employment, and specify:

a.    The name and address of each employer;

b.    The inclusive dates of employment;

c.    The principal business of your employer;

d.    Your initial job duties and responsibilities;

e.    Your initial salary;

f.    Each change in your salary, including the date, amount and reason for such change;

g.    Each change in your job title or responsibilities, including the date and a description of the change;

h.    The nature of any fringe benefits received initially;

i.    Any change in fringe benefits, including the date of such change and the reason for such change;

j.    The name and address of each of your supervisors;

k.    A description of any training or education you received;

l.    The number of employees (if any) that you supervised;

m.    The contents of any evaluations received;

n.    Reason for leaving.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

Answer:  Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such objection, beginning in April 2003 through approximately February 2004, Mr. Hampton was employed at Home Depot, Fairbanks as a Loss Prevention Investigator. Mr. Hampton earned $10.00 per hour; however, he left this job when he started his present job at Fort Knox. Approximately, February 2004 through the present, Mr. Hampton is employed by Fort Knox Goldmine as a security officer where he earns $17.00 per hour.  Mr. Hampton has completed his certification for Emergency Trauma Technician  while employed at his present job.

See also attached Exhibit C.

Interrogatory No. 15:  Please state whether at any time since your employment with the City of Fort Yukon you have been self-employed.

Answer:  Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such objection, the respondent has not been self-employed during such periods.

Interrogatory No. 16:  If your answer to the preceding interrogatory is in the affirmative, please state with reference to each period during which you were self-employed:

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 10 OF 21

Exhibit C
pg. 10 of 21

a.    The name and address of your business;

b.    The nature of your business;

c.    The names and addresses of any partners;

d.    The inclusive dates of each period of self-employment;

e.    Whether any business was incorporated and, if so, the date of incorporation and the state in which it was incorporated;

f.    Your annual earnings during each year of self-employment

g.    The nature of all benefits received during each year of self-employment;

h.    The number of persons you employed in each business;

i.    The number of persons you supervised directly;

j.    The reason for the termination of any such business.

Answer: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such objection, no answer is required based upon the prior answer.


Interrogatory No. 17:  Have you been unemployed during any time since your employment with the City of Fort Yukon?

Answer: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

**Exhibit C**
**pg. 11 of 21**

objection, the respondent has been unemployed since the termination of his employment with Fort Yukon.

Interrogatory No. 18: If your answer to the preceding interrogatory is in the affirmative, please state with reference to each period of unemployment, including current unemployment:

  a. The inclusive dates of each period of unemployment;

  b. The reason for each period of unemployment.

Answer: Mr. Hampton was unemployed from his date of termination to April, 2003.

Interrogatory No. 19: Please identify each and every job or employment opportunity you have applied for since your employment with the City of Fort Yukon.

Answer: Applied for and received employment identified above.

Interrogatory No. 20: As to each job or employment opportunity you have pursued as identified in response to the preceding interrogatory, please provide the following:

  a. The name and address of the business.

  b. The nature of the duties and responsibilities for the position.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

   c.  The compensation and benefits paid by the prospective

employer.

   Answer: Objection, Defendant has requested response to a number of

interrogatories in excess of the number permitted by Civil Rules. See above (answer

to Interrogatory No. 14)


   Interrogatory No. 21: Identify each person you believe has knowledge

of any fact that supports any claim or cause of action that you are making in this

lawsuit.

   Answer: Objection, Defendant has requested response to a number of

interrogatories in excess of the number permitted by Civil Rules. Reserving such

objection, information has been previously disclosed (see initial disclosures).


   Interrogatory No. 22: Set forth in detail each and every fact which you

contend, or believe, each person identified in response to Interrogatory No. 21,

above, knows or might know, which in any way supports any claim or cause of

action that you are making in this lawsuit.

   Answer: Objection, Defendant has requested response to a number of

interrogatories in excess of the number permitted by Civil Rules. Additionally, the

request seeks attorney work product. Reserving such objections, the information

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 13 OF 21

**Exhibit C**
pg. 13 of 21

sought has been previously disclosed (see complaint, the substance of which is incorporated by reference, and initial disclosures).

Interrogatory No. 23:  Identify each and every document which you believe supports any claim or cause of action that you are making in this lawsuit.

Answer:  Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Additionally, the request seeks attorney work product and is excessively burdensome.  Reserving such objection, Plaintiff identifies each and every document provided in discovery by either side and identified in the document control system created for the litigation.

Interrogatory No. 24:  Identify each person, if any, you intend to call as an expert witness at trial.

Answer: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules.  Additionally, the request seeks attorney work product.  Reserving such objection, the identity of such experts is not yet known.

Michael J. Walleri
Attorney at Law

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)

-PAGE 14 OF 21

Exhibit C
pg. 14 of 21

Interrogatory No. 25: For each person identified in response to the preceding interrogatory, provide a summary of such person's qualifications as an expert.

Answer: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Additionally, the request seeks attorney work product. Reserving such objection, the identity of such experts is not yet known.

## REQUEST FOR PRODUCTION

Request for Production No. 1: Please produce any and all documents relevant to the answers to Interrogatories 1 – 25.

Response: Objection: request lacks sufficient specificity to allow answer. In addition, the request seeks the discovery or requires the disclosure of attorney work product. Reserving such objections, see attached

Request for Production No. 2: All employment records relating in any way to plaintiff subsequent to employment with defendant, including:

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON                    -PAGE 15 OF 21
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)                                **Exhibit C**
                                                          **pg. 15 of 21**

a.  All records and documents related to plaintiff's employment and compensation after employment with the City of Fort Yukon, including dates, job classification, rates of pay and total compensation for each year.

b.  Records relating to the fact and duration of unemployment, records of workmen's compensation, unemployment compensation, welfare, and applications for assistance from any governmental agency because of unemployment, disability, or ill health and records of any benefits received therefrom;

c.  Records relating to evaluation of work performance, disciplinary action, or discharge;

d.  Records relating to grievances or employment related complaints.

Response: Objection, Defendant is in possession of City Employment records.  Additionally, the request is redundant, and excessively burdensome in that Defendant has provided such records. Reserving such objections, respondent has provided all such records known in his possession at the present time, and incorporates by reference, Defendant's prior discovery.

Request for Production No. 3: All income records since 1995 up to and including the present date, whether employed or self-employed, including copies of all

Michael J. Walleri
Attorney at Law

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)

-PAGE 16 OF 21

Exhibit C
pg. 16 of 21

federal and state income tax returns and attached schedules relating in any way to

income and expense.

Response: Objection: beyond the scope of discovery, excessively

burdensome and relevance.

Request for Production No. 4: All correspondence and other documents

referring or relating to any problems, acts, or omissions on the part of defendant, its

employees, or agents, that allegedly resulted in the things alleged in this case.

Response: All known documents in possession of Plaintiff previously

disclosed.

Request for Production No. 5: All correspondence and other documents

referring or relating to any communication that plaintiff had with defendant, its

employees or agents, regarding the things alleged in this case.

Response: All known documents in possession of Plaintiff previously

disclosed.

Request for Production No. 6: All files, personal notes, diaries or

chronicles of plaintiff's alleged medical, physical, or emotional conditions, including

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 17 OF 21

Exhibit C
pg. 17 of 21

any descriptions, records, or verifications of the effects or limitations on plaintiff's activities since March 2003.

Response: All known documents in possession of Plaintiff previously disclosed.

Request for Production No. 7: All documents reflecting all drugs and medicines, whether prescribed or over-the-counter, taken by plaintiff since March 2003.

Response: These documents are not currently in the possession of Mr. Hampton.

Request for Production No. 8: With regard to any records or documents of plaintiff referred to in the paragraphs above which are in existence but are not physically in the possession or custody of plaintiff, defendant requests that plaintiff execute the attached authorizations and releases to allow defendant to obtain and examine copies of said records.

Response: Objection as to relevancy.

Request for Production No. 9: All documents that demonstrate plaintiff's communication with defendant regarding the things alleged in this case.

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

Response: All known documents in possession of Plaintiff previously disclosed.

Request for Production No. 10:   All certificates, licenses or special credentials held by plaintiff, including the date of receipt and the name and address of the organization which awarded or conveyed each.

Response: All known documents in possession of Plaintiff previously disclosed.

Request for Production No. 11:   All documents or records relating to application for any such certificate, license, or special credential, regardless of whether granted to plaintiff.

Response:   All known documents in possession of Plaintiff previously disclosed.

Request for Production No. 12:   All records or documents of "on-the-job training" that plaintiff has received, including the date of each such training experience and the name and address of each employer involved regardless of whether plaintiff successfully completed the program.

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 19 OF 21

Exhibit C
pg. 19 of 21

<u>Response</u>: Objection, request lacks specificity necessary to provide a response; this documentation is in the possession of the Defendant and provided in discovery by Defendant. Defendant's prior disclosures incorporated by reference.

<u>Request for Production No. 13</u>: All documents reflecting payment to plaintiff from unemployment compensation, disability compensation, or workman's compensation identifying the amounts and sources of such compensation.

<u>Response</u>: None.

<u>Request for Production No. 14</u>: Plaintiff's unemployment compensation booklet and all records and documents, including correspondence and resumes, relating to plaintiff's efforts to secure employment after employment with defendant.

<u>Response</u>: Objection, relevance. Reserving such objection, requested records are not currently in the possession of respondent.

<u>Request for Production No. 15</u>: All diaries, calendars, desk pads or appointment books reflecting plaintiff's efforts to secure or obtain employment after employment with defendant.

<u>Response</u>: All known documents in possession of Plaintiff previously disclosed.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 20 OF 21

Exhibit C
pg. 20 of 21

## VERIFICATION

STATE OF ALASKA       )
                              ) ss

FAIRBANKS             )

That on the 1st day of September, 2005, the undersigned appeared before me, and having first been duly sworn upon oath, deposes and states that he has read the foregoing responses to Defendants' First Set of Discovery Requests to Plaintiff Chris Hampton, knows and understands the contents thereof and believes all statements made herein to be true. The undersigned has executed this verification freely and voluntarily.

_____
Chris Hampton

SUBSCRIBED AND SWORN TO before me this 1st day of September, 2005, in Fairbanks, Alaska.



_____
Notary Public in and for Alaska

My Commission Expires: 03/24/09

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): C. HAMPTON
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)