Michael J.Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs



SEP 0 6 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

REGINALD FLEMING, CHRISTOPHER
DELEON, CHRIS HAMPTON, WILLIAM
D. MCKILLICAN, and TODD
SCHLUMBOHM

              Plaintiffs,

  vs.

FANNIE CARROLL, and the CITY OF
FORT YUKON, ALASKA

              Defendants.

**RESPONSES TO DEFENDANTS'**

**FIRST SET OF DISCOVERY**

**REQUESTS TO PLAINTIFF**

**WILLIAM D. MCKILLICAN**

Case No. Fo4-0034 CIV (RRB)

COME NOW defendants, William D. McKillican respond under oath to the following

interrogatories and requests for production as follows:

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 1 OF 23

**Exhibit D**
pg. 1 of 23

## **INTERROGATORIES**

Interrogatory No. 1:  Please state the total number of overtime hours plaintiff worked without overtime compensation from defendant for the period of his employment.

Answer: The total hours worked (using 24 hour on-call method) would be 4,156 hours. The total overtime hours worked as active duty and reported by the time sheets were 1,0078.5 hours.

Interrogatory No. 2:  For the time period of plaintiff's employment, please identify the specific days he worked in excess of eight hours a day without receipt of overtime and identify the total number of hours he worked overtime on each such day.

Answer: Mr. McKillican was on-call 24 hours a day for each day he reported for duty, which are set out in Exhibit A. Mr. McKillican worked active duty the hours indicated in the attached Exhibit B.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

Interrogatory No. 3: For each week during the period of plaintiff's employment, please state the total number of overtime hours he claims he worked for defendant for which he was not paid overtime.

Answer: Please see attached Exhibit A with respect to on-call basis. Please see attached Exhibit B with respect to active duty basis.

Interrogatory No. 4: For the period of plaintiff's employment, identify the person or persons who directed plaintiff to work such overtime and how defendant either knew or should have known that plaintiff worked such overtime.

Answer: Chief Flemming; Ms. Fannie Carroll during her tenure as City Manager; The City Mayor and all City Council members. McKillican was orally advised of his duties, including overtime requirements. Ms. Carroll signed Mr. McKillican's time sheets. On various occasions Ms. Carroll advised Mr. McKillican and other police officers that they should respond promptly to emergency calls that he received during the night.

Interrogatory No. 5: Please describe the regular scheduled hours of work for plaintiff's employment by defendant during his employment, including

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 3 OF 23

Exhibit D
pg. 3 of 23

days of the week he was scheduled to work, his starting time, time he was to start and end his lunch break, and his normal quitting time each day.

Answer: Mr. McKillican had a flexible schedule. On a normal day, Mr. McKillican would arrive to work between 8:00 a.m. and 8:30 a.m. and leave between 5:00 p.m. and 6:00 p.m. However, if there was a disturbance during the day, Mr. McKillican would stay late in order to complete the necessary paperwork. Further, Mr. McKillican was often called out to assist with a disturbance during the evening and/or night. As a general matter, Mr. McKillican was called out so often so often that it was more likely than not able to anticipate receiving 8 hours of sleep in any given night.

Interrogatory No. 6: Describe each and every action plaintiff took to have defendant compensate him for the overtime he claims he worked but was not paid, identifying the manner and location of the demand for payment.

Answer: Mr. McKillican was originally paid an hourly wage; however, after receiving his first paycheck, Defendant, without the consent of Mr. McKillican, changed his pay status to salary. Mr. McKillican objected to this change to his supervisor, Reginald Fleming; however, Mr. Fleming informed him that Defendant

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. McKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

had the legal right to change his pay status. On information and belief, Mr. Fleming advised Fannie Carroll of Mr. McKillican's objection.

Interrogatory No. 7: Please describe in full detail the method or procedure plaintiff used to record work hours, including overtime, during the time period of his employment by defendant.

Answer: Mr. McKillican recorded all hours worked on a timesheet, provided by Defendant, and submitted that timesheet to Defendant, bi-monthly, for compensation. Additionally, the City of Fort Yukon had a computerized dispatch system which logged call outs.

Interrogatory No. 8: Please identify and describe in detail the job duties, functions, and responsibilities plaintiff regularly performed for defendant during his period of employment by defendant and any changes in those duties, functions and responsibilities over that period of employment.

Answer: Objection: Request is excessive and burdensome in that it requests information known and retained by Defendant. Reserving such objections, Mr. McKillican's job duties, functions, and responsibilities are sent out in Mr. McKillican's job descriptions and contracts, which were provided in discovery by

Michael J. Walleri
Attorney at Law

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)

-PAGE 5 OF 23

Exhibit D
pg. 5 of 23

Defendant. Those job descriptions are incorporated by reference.  In addition thereto in his usual course of employment for Defendant, Mr. McKillican performed the following duties: general police office duties, administrative duties for the police department, fire response, search and rescue, correctional officer duties, bailiff duties, and dispatcher duties (for a limited time).

Interrogatory No. 9:  Please state the names and job titles of each person plaintiff reported to or who supervised plaintiff at any time during the time period of his employment by defendant, and identify the dates he reported to or was supervised by such individuals.

Answer: Mr. McKillican reported to Mr. Reginald Fleming; however, at times when Mr. Fleming was absent from Fort Yukon, Mr. McKillican reported to the City Manager, Fannie Carroll.

Interrogatory No. 10:  Please describe in full detail the total dollar amount of damages, interest, costs, penalties and attorney fees being sought by plaintiff from defendant in this case and state how you arrived at this calculation.

Answer: Objection: the interrogatory or portions thereof, request information privileged as attorney work product.   The total amount of damages,

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 6 OF 23

**Exhibit D**
**pg. 6 of 23**

interest, costs, penalties and attorney fees is not available at the current time, and will not be available until the conclusion of trial. Additionally, the undersigned does not have sufficient information to base his answer and will require discovery from Defendant to complete. Preserving such reservations, and objections please see Exhibits A and B with regard to FSLA claims for compensatory damages. Such calculations will require adjustment based upon adjustments to the wage rate based upon Defendant's answers to discovery. Liquidated damages would be equal to compensatory damages. As for damages for non-wage and hour claims, Defendants claim the total amount of wages lost due to the terminations less mitigation of wages earned by the Defendants at the time of trial. These calculations are not currently available. Attorney fees and pre-judgment interest are not capable of calculation prior to trial.

Interrogatory No. 11: Please identify the name, last known address and last known phone number of all individuals who have knowledge or information related to plaintiff's claim that he worked excess hours of more than eight hours a day for the period of his employment by defendant.

Answer: Objection. The identity of various people with whom Mr. McKillian came in contact during overtime hours is recorded in the records of the

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

City of Fort Yukon and not available at this time to respondent.  Reserving such objection, this information known to respondent has previously disclosed (see initial disclosures).

Interrogatory No. 12:  Please identify the name and job title of every person whom you believe was employed by the police department during the time you worked for the department.  If the person was not employed for the entire period of your employment, list the dates on which you think the person was so employed.

Answer: Objection. The identity of various people with whom Mr. McKillian worked at the Fort Yukon police department during the period of his employment are recorded in the records of the City of Fort Yukon and not available at this time to respondent.  Reserving such objection, this information known to respondent has previously disclosed in the complaint, the substance of such is incorporated by reference.

Interrogatory No. 13:  Please state the name, address, telephone number and place of employment of any doctors, osteopaths, chiropractors, psychiatrists, psychologists, hospitals, medical clinics, or health care providers that

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 8 OF 23

**Exhibit D**
**pg. 8 of 23**

you have seen, been examined by, or who have treated you since 1995.  Please list these health care providers in the order in which they were seen.

Answer: Objection, relevance and outside the scope of discovery.

Interrogatory No. 14:  Please describe each of your employment experiences subsequent to employment with the City of Fort Yukon, including current employment, and specify:

a.    The name and address of each employer;

b.    The inclusive dates of employment;

c.    The principal business of your employer;

d.    Your initial job duties and responsibilities;

e.    Your initial salary;

f.    Each change in your salary, including the date, amount and reason for such change;

g.    Each change in your job title or responsibilities, including the date and a description of the change;

h.    The nature of any fringe benefits received initially;

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 9 OF 23

**Exhibit D**
pg. 9 of 23

    i.       Any change in fringe benefits, including the date of such change and the reason for such change;

    j.       The name and address of each of your supervisors;

    k.       A description of any training or education you received;

    l.       The number of employees (if any) that you supervised;

    m.       The contents of any evaluations received;

    n.       Reason for leaving.

<u>Answer</u>: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such objection, Mr. McKillican has been employed at the following places:

    1.       August 16, 2003, through February 28, 2005, Mr. McKillican was employed by the Fairbanks Police Department as a police officer. Mr. McKillican's beginning pay rate was $19.98 per hour; however, after he completed his field training program he began earning $23.10 per hour.

    2.       April 18, 2005, through May 2005, Mr. McKillican worked for the North Slope Borough Police Department as a police officer. During his employment, Mr. McKillican earned $30.62 per hour.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 10 OF 23

**Exhibit D**
**pg. 10 of 23**

3.      June 20, 2005, through the present Mr. McKillican worked at

Doyon Universal as a security officer. During his employment, Mr. McKillican earns

$15.40 per hour.

Interrogatory No. 15:  Please state whether at any time since your

employment with the City of Fort Yukon you have been self-employed.

Answer: Objection, Defendant has requested response to a number of

interrogatories in excess of the number permitted by Civil Rules. Reserving such

objection, the respondent has not been self-employed during such periods.

Interrogatory No. 16:  If your answer to the preceding interrogatory is

in the affirmative, please state with reference to each period during which you were

self-employed:

      a.      The name and address of your business;

      b.      The nature of your business;

      c.      The names and addresses of any partners;

      d.      The inclusive dates of each period of self-employment;

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN                    -PAGE 11 OF 23
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)                              **Exhibit D**
                                                         **pg. 11 of 23**

e.    Whether any business was incorporated and, if so, the date of incorporation and the state in which it was incorporated;

f.    Your annual earnings during each year of self-employment

g.    The nature of all benefits received during each year of self-employment;

h.    The number of persons you employed in each business;

i.    The number of persons you supervised directly;

j.    The reason for the termination of any such business.

<u>Answer</u>: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such objection, no answer is required based upon the prior answer.

<u>Interrogatory No. 17</u>: Have you been unemployed during any time since your employment with the City of Fort Yukon?

<u>Answer</u>: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such objection, the respondent has been unemployed since the termination of his employment with Fort Yukon.

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Interrogatory No. 18: If your answer to the preceding interrogatory is in the affirmative, please state with reference to each period of unemployment, including current unemployment:

    a.    The inclusive dates of each period of unemployment;

    b.    The reason for each period of unemployment.

Answer: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such objection, Mr. McKillican was unemployed from the date his employment ceased with the City of Fort Yukon until August 23, 2003; February 28, 2005 through April 18, 2005; and the end of May 2005 through June 20, 2005.

Interrogatory No. 19: Please identify each and every job or employment opportunity you have applied for since your employment with the City of Fort Yukon.

Answer: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such objections, Mr. McKillian applied for and received employment at Fairbanks Police

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 13 OF 23

**Exhibit D**
pg. 13 of 23

Department, North Slope Borough Police Department  and Doyon Universal. (see above)

Interrogatory No. 20:  As to each job or employment opportunity you have pursued as identified in response to the preceding interrogatory, please provide the following:

a.    The name and address of the business.

b.    The nature of the duties and responsibilities for the position.

c.    The compensation and benefits paid by the prospective employer.

Answer: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules.  Reserving such objections, see above (answer to Interrogatory No. 14)

Interrogatory No. 21:  Identify each person you believe has knowledge of any fact that supports any claim or cause of action that you are making in this lawsuit.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 14 OF 23

**Exhibit D**
**pg. 14 of 23**

Answer:  Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such objection, information has been previously disclosed (see initial disclosures).

Interrogatory No. 22:  Set forth in detail each and every fact which you contend, or believe, each person identified in response to Interrogatory No. 21, above, knows or might know, which in any way supports any claim or cause of action that you are making in this lawsuit.

Answer: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules.  Additionally, the request seeks attorney work product.  Reserving such objections, the information sought has been previously disclosed (see complaint, the substance of which is incorporated by reference, and initial disclosures).

Interrogatory No. 23:  Identify each and every document which you believe supports any claim or cause of action that you are making in this lawsuit.

Answer:  Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Additionally, the

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

request seeks attorney work product and is excessively burdensome.  Reserving

such objection, Plaintiff identifies each and every document provided in discovery

by either side and identified in the document control system created for the

litigation.


Interrogatory No. 24: Identify each person, if any, you intend to call as

an expert witness at trial.

Answer: Objection, Defendant has requested response to a number of

interrogatories in excess of the number permitted by Civil Rules.  Additionally, the

request seeks attorney work product.  Reserving such objection, the identity of such

experts is not yet known.


Interrogatory No. 25: For each person identified in response to the

preceding interrogatory, provide a summary of such person's qualifications as an

expert.

Answer: Objection, Defendant has requested response to a number of

interrogatories in excess of the number permitted by Civil Rules.  Additionally, the

Michael J. Walleri
Attorney at Law

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)

Exhibit D
pg. 16 of 23

request seeks attorney work product.  Reserving such objection, the identity of such experts is not yet known.

## **REQUEST FOR PRODUCTION**

Request for Production No. 1:  Please produce any and all documents relevant to the answers to Interrogatories 1 – 25.

Response:  Objection: request lacks sufficient specificity to allow answer.  In addition, the request seeks the discovery or requires the disclosure of attorney work product. Reserving such objections, see attached.

Request for Production No. 2:  All employment records relating in any way to plaintiff subsequent to employment with defendant, including:

a.      All records and documents related to plaintiff's employment and compensation after employment with the City of Fort Yukon, including dates, job classification, rates of pay and total compensation for each year.

b.      Records relating to the fact and duration of unemployment, records of workmen's compensation, unemployment compensation, welfare, and applications for assistance from any governmental agency because of unemployment, disability, or ill health and records of any benefits received therefrom;

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

c.    Records relating to evaluation of work performance, disciplinary action, or discharge;

d.    Records relating to grievances or employment related complaints.

Response: Objection, Defendant is in possession of City Employment records. Additionally, the request is redundant, and excessively burdensome in that Defendant has provided such records. Reserving such objections, respondent has provided all such records known in his possession at the present time, and incorporates by reference, Defendant's prior discovery.

Request for Production No. 3: All income records since 1995 up to and including the present date, whether employed or self-employed, including copies of all federal and state income tax returns and attached schedules relating in any way to income and expense.

Response: Objection: beyond the scope of discovery, excessively burdensome and relevance.

Request for Production No. 4: All correspondence and other documents referring or relating to any problems, acts, or omissions on the part of defendant, its employees, or agents, that allegedly resulted in the things alleged in this case.

Michael J. Walleri
Attorney at Law

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN                    -PAGE 18 OF 23
FLEMING, ET AL. V. CARROLL, ET AL.
CASE NO. F04-0034 CIV (RRB)

Exhibit D
pg. 18 of 23

Response:  All known documents in possession of Plaintiff previously disclosed.

Request for Production No. 5:  All correspondence and other documents referring or relating to any communication that plaintiff had with defendant, its employees or agents, regarding the things alleged in this case.

Response: All known documents in possession of Plaintiff previously disclosed.

Request for Production No. 6:   All files, personal notes, diaries or chronicles of plaintiff's alleged medical, physical, or emotional conditions, including any descriptions, records, or verifications of the effects or limitations on plaintiff's activities since August 2003.

Response: All known documents in possession of Plaintiff previously disclosed.

Request for Production No. 7:  All documents reflecting all drugs and medicines, whether prescribed or over-the-counter, taken by plaintiff since August 2003.

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 19 OF 23

Exhibit D
pg. 19 of 23

<u>Response</u>: These documents are not currently in the possession of Mr. McKillican.

<u>Request for Production No. 8</u>:  With regard to any records or documents of plaintiff referred to in the paragraphs above which are in existence but are not physically in the possession or custody of plaintiff, defendant requests that plaintiff execute the attached authorizations and releases to allow defendant to obtain and examine copies of said records.

<u>Response</u>: Objection as to relevancy.

<u>Request for Production No. 9</u>:   All documents that demonstrate plaintiff's communication with defendant regarding the things alleged in this case.

<u>Response</u>: All known documents in possession of Plaintiff previously disclosed.

<u>Request for Production No. 10</u>:   All certificates, licenses or special credentials held by plaintiff, including the date of receipt and the name and address of the organization which awarded or conveyed each.

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 20 OF 23

**Exhibit D**
**pg. 20 of 23**

Response: All known documents in possession of Plaintiff previously disclosed.

Request for Production No. 11:  All documents or records relating to application for any such certificate, license, or special credential, regardless of whether granted to plaintiff.

Response: All known documents in possession of Plaintiff previously disclosed.

Request for Production No. 12:  All records or documents of "on-the-job training" that plaintiff has received, including the date of each such training experience and the name and address of each employer involved regardless of whether plaintiff successfully completed the program.

Response: Objection, request lacks specificity necessary to provide a response; this documentation is in the possession of the Defendant and provided in discovery by Defendant.  Defendant's prior disclosures incorporated by reference.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. McKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

-PAGE 21 OF 23

**Exhibit D**
**pg. 21 of 23**

Request for Production No. 13:  All documents reflecting payment to plaintiff from unemployment compensation, disability compensation, or workman's compensation identifying the amounts and sources of such compensation.

Response: : These documents are not currently in the possession of Mr. McKillican.

Request for Production No. 14:  Plaintiff's unemployment compensation booklet and all records and documents, including correspondence and resumes, relating to plaintiff's efforts to secure employment after employment with defendant.

Response: Objection, relevance.  Reserving such objection, requested records are not currently in the possession of respondent.

Request for Production No. 15:  All diaries, calendars, desk pads or appointment books reflecting plaintiff's efforts to secure or obtain employment after employment with defendant.

Response:  All known documents in possession of Plaintiff previously disclosed.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)

# VERIFICATION

STATE OF ALASKA　　　)
　　　　　　　　　　　 ) ss
FAIRBANKS　　　　　　 )

That on the 31ˢᵗ day of _AUGUST_____, 2005, the undersigned appeared before me, and having first been duly sworn upon oath, deposes and states that he has read the foregoing responses to Defendants' First Set of Discovery Requests to Plaintiff William D. McKillican, knows and understands the contents thereof and believes all statements made herein to be true. The undersigned has executed this verification freely and voluntarily.

_____
William D. McKillican

SUBSCRIBED AND SWORN TO before me this 31ˢᵗ day of _August____, 2005, in _Fairbanks____, Alaska.

_Amanda R. Wubbold_____



Notary Public in and for Alaska

My Commission Expires: _03/24/09____

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DISCOVERY RESPONSES (FIRST): W. MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. F04-0034 CIV (RRB)