**JDO**

## Jermain Dunnagan & Owens, P.C.

LAW OFFICES

WILLIAM K. JERMAIN
CHARLES A. DUNNAGAN
BRADLEY D. OWENS
RANDALL G. SIMPSON
HOWARD S. TRICKEY
GARY C. SLEEPER
SAUL R. FRIEDMAN

DIANE F. VALLENTINE
W. MICHAEL STEPHENSON
ANDRENA L. STONE
EUGENIA G. SLEEPER
MARK P. MELCHERT
SARAH J. JOSEPHSON

ERIC J. BROWN
MATTHEW SINGER
RAYMOND E. GOAD, JR.
MICHELLE L. BOUTIN
CHERYL MANDALA
CAROLINE P. WANAMAKER
THOMAS A. BALLANTINE

3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503-4097

SERVING ALASKANS SINCE 1976     

TELEPHONE (907) 563-8844
FAX (907) 563-7322
E-MAIL info@jdolaw.com

June 16, 2006

<u>VIA FAX AND U.S. MAIL</u>
Fax No.: (907) 452-4725

Michael J. Walleri, Esq.
330 Wendell Street, Suite E
Fairbanks, AK 99709

     Re:   *Fleming, et al. v. City of Fort Yukon*

Dear Mr. Walleri:

     I am writing to identify deficiencies in Mr. McKillican's responses to defendants' first discovery requests. I apologize for our delay in addressing these issues, but in the interest of conserving party resources, we were waiting to see if the parties could revive their partial settlement agreement and/or be ordered to do so by the court. Now that the court has ruled that there was no settlement, defendants are entitled to proper responses to their discovery requests.

     There are several overall problems with Mr. McKillican's answers to defendants' first discovery requests. First, every single one of Mr. McKillican's objections are far too general. The worst among these are Mr. McKillican's assertions of work product privilege. He has not described the nature of the documents, communications, or things not produced, as he is required to under Federal Rule 26.

     Finally, after objecting, Mr. McKillican often simply moves on and provides a poor answer instead of a reasonably complete one. These specific answers will be dealt with as this letter goes through each individual interrogatory and the problems with Mr. McKillican's responses. However, for now it is sufficient to note that "[a]nswers must be responsive, full, complete and unevasive. Insofar as is practical they should be complete within themselves."[1] It should also be noted that an incomplete response is "treated as a failure to ... respond."[2]

---

[1]   *Pilling v. General Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968).

[2]   Fed.R.Civ.P. 37(a)(3).

Michael J.  Walleri, Esq.
June 16, 2006
Page 2


These points apply to many, if not most, of Mr. McKillican's answers.  With them in mind mind, I will identify each interrogatory for which Mr. McKillican has either made an improper objection or otherwise failed to comply with his discovery obligations. We are providing this detailed letter in hopes that Mr. McKillican will supplement his responses without our having to seek the assistance of the court in a motion to compel.

**Interrogatory No. 8:**

Defendants asked Mr. McKillican to "identify and describe in detail the job duties, functions and responsibilities plaintiff regularly performed for defendant during his period of employment ... and any changes in those duties, functions and responsibilities over that period of employment."  In response, Mr. McKillican objected on the grounds that the request was excessive and burdensome because Defendants are already privy to the information.   This objection is improper because a party "may not object to interrogatories that seek to elicit answers as to facts that are also within the knowledge of the interrogating party[.]"[3] This objection is "untenable because the interrogating party is directing at interrogatory to the adverse party, not in order to learn the identity of the facts, but rather to learn what the adverse party contends the facts to be."[4]

**Interrogatory No. 9:**

Defendants asked Mr. McKillican to "state the names and job titles of each person plaintiff reported to or who supervised plaintiff at any time during the time period of his employment by defendant, and to identify the dates he reported to or was supervised by such individuals."  In response, Mr. McKillican stated the names and job titles of two of his supervisors.   This response is deficient because it fails to completely answer the question.  Mr. McKillican did not "identify the dates he reported to or was supervised by such individuals."

**Interrogatory No. 10:**

Defendants asked Mr. McKillican to "describe in full detail the total dollar amount of damages, interest, costs, penalties and attorney fees being sought by plaintiff from defendant in this case and state how you arrived at that conclusion."  Mr. McKillican objected on the grounds of attorney work product.  This objection is improper because not only is this information not attorney work product, but Mr. McKillican was required

---

[3]     4 Am Jur Trials 1 § 41.

[4]     *Id.*

Michael J. Walleri, Esq.
June 16, 2006
Page 3

to provide most of it to Defendants in initial disclosures.[5] Instead, Defendants received a list of the types of damages that are recoverable in this action. [Plaintiff's Initial Disclosures, pp. 19-20] After defendants followed up with an interrogatory on the subject, Mr. McKillican now presents a claim of work product privilege.

Damages calculations are not work product. Rather, plaintiffs are required to supply defendants with their damages *calculations* during initial disclosures,[6] instead of simply listing the possible types of damages.

Not only does the work product privilege not cover this area of interrogatories, but the judges have banned entire categories of damages evidence from trial when the plaintiff refuses to respond to the interrogatory.[7] In *Zenith Electronics Corp. v. WH-TV Broadcasting*, the plaintiff failed to respond to the defendant's "contentions interrogatory with a description of its damages theory and the proof to be employed."[8] The remedy was found to be appropriate under the Rules of Civil Procedure and was not an abuse of discretion.[9]

Mr. McKillican's response is evasive and incomplete, and should be treated as a refusal to answer.[10] He essentially says that the answer is privileged, until the end of trial. Then he gets to ambush the defendants with it. This is unacceptable. His apparent answer that he will not know the damages until an expert calculates the damages might be an acceptable answer, but in Interrogatories No. 23, 24 and 25 he claims that the information his experts will be using, who his experts are, and those experts' qualifications are also privileged. So, we are back to the ambush theory of damages. That is not how the discovery process is supposed to work.[11] Defendants will ask the Court to take appropriate action if McKillican refuses to supplement his response.

---

[5]      *See* Fed.R.Civ.P. 26(a)(1)(C).

[6]      Fed.R.Civ.P. 26 (a)(1)(C).

[7]      *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.*, 395 F.3d 416, 420 (7th Cir. 2005).

[8]      *Id.*

[9]      *Id.*

[10]      *Pilling*, 45 F.R.D. at 369; Fed.R.Civ.P. 37(a)(3).

[11]      *See* Fed.R.Civ.P 26(a)(1)(A)-(C); Fed.R.Civ.P. 26(a)(2)(A)-(B); Fed.R.Civ.P. 26(b)(4)(B).

Michael J.  Walleri, Esq.
June 16, 2006
Page 4

**Interrogatory No. 11**:

Defendants asked Mr. McKillican to "identify the name, last known address and last known phone number of all individuals who have knowledge or information related to plaintiff's claim that he worked excess hours of more than eight hours a day for the period of his employment by defendant." In response, Mr. McKillican objected in such a way that makes it unclear what the basis for his objection is.  There are two possibilities, neither of which is valid.

First, Mr. McKillican appears to object that the question is asking for information that defendants already possess.  It is not a valid objection that an interrogating party is already in possession of the information.[12]  Also, "it is not usually ground for objection that the information is equally available to the interrogator or is a matter of public record."[13]  "Thus, in the great majority of cases a party has been allowed to inquire about facts already known to him or her."[14]

Second, Mr. McKillican was required to answer the question to the best of his knowledge.[15]  It is inconceivable that Mr. McKillican does not remember anyone who saw him during his overtime or who knows about the hours he worked.  Answers that "refer only to the unavailability of information because certain documents were not available, but make no mention of defendant's personal knowledge of the information sought" have been construed as incomplete and evasive.[16]  An incomplete response is "treated as a failure to ... respond."[17]

Finally, Mr. McKillican appears to be stating as an answer that the information is already known to defendants and has been previously disclosed.  As noted two paragraphs above, this is not a valid objection.  Neither is it a valid answer to a question.

---

[12]     *See* Wright and Miller, *Federal Practice and Procedure*, Civil § 2014; *see also U.S. v. 58.16 Acres of Land, more or less in Clinton County, State of Ill.*, 66 F.R.D. 570, 573 (E.D.Ill. 1975).

[13]     Wright and Miller, *Federal Practice and Procedure*, Civil § 2014.

[14]     *Id.*

[15]     *See Alliance to End Repression v. Rockford*, 75 F.R.D. 438, 440 (N.D.Ill. 1976).

[16]     *Id.*

[17]     Fed.R.Civ.P. 37(a)(3).

Michael J. Walleri, Esq.
June 16, 2006
Page 5

**Interrogatory No. 12:**

Defendants asked Mr. McKillican to "identify the name and job title of every person whom you believe was employed by the police department during the time you worked for the department. If the person was not employed for the entire period of your employment, list the dates on which you think the person was also employed." In response, Mr. McKillican objected on the grounds that the information was "recorded in the records of the City of Fort Yukon and not available at this time to respondent." Please see the second and third paragraph of the section of this letter titled "Interrogatory No. 11" for the legal reasons why this objection is invalid. Mr. McKillican then goes on to respond that the information is known to respondent and has been previously disclosed somewhere in the complaint. This response is deficient. "[I]ncorporation by reference of the allegations in a pleading is not a responsive and sufficient answer to an interrogatory."[18]

**Interrogatory No. 13:**

Defendants asked Mr. McKillican to "state the name, address, telephone number and place of employment of any doctors, osteopaths, chiropractors, psychiatrists, psychologists, hospitals, medical clinics, or healthcare providers that you have seen, been examined by, or who have treated you since 1995." Mr. McKillican objected on two grounds. Both are invalid.

First, Mr. McKillican objected on the grounds that the question was irrelevant. This is incorrect. Although we do not know much about Mr. McKillican's damages claims, we do know that he wants damages for lost health insurance. [Plaintiffs' Initial Disclosures, p. 19 of 20] This category of damages involves his medical history. In order understand his claim in this area, defendants will need to know what his medical needs are and what they have been. In interrogatories, the "information sought must be relevant to the subject matter of the litigation but this is viewed very liberally and admissibility into evidence is not required."[19] "[I]t is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action."[20] If Mr. McKillican has

---

[18]    *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 120 (N.D.Ga. 1972); *see also J.J. Delaney Carpet Co. v. Forrest Mills, Inc.*, 34 F.R.D. 152, 153 (S.D.N.Y. 1963).

[19]    Wright and Miller, *Federal Practice and Procedure*, Civil § 2165.

[20]    Wright and Miller, *Federal Practice and Procedure*, Civil § 2008.

Michael J. Walleri, Esq.
June 16, 2006
Page 6

chosen to seek damages for lost health insurance benefits, then his medical history is relevant.

Second, Mr. McKillican objected on the grounds that the question was outside the scope of discovery. This is also necessarily incorrect. The scope of interrogatories is as wide as the scope of Federal Rule 26(b).[21] The scope of Federal Rule 26(b) includes all relevant information that is not privileged.[22] This material was relevant, as was explained above.

Mr. McKillican provided no answer to the interrogatory. This is a refusal to answer.

**Interrogatory No. 14:**

Defendants asked Mr. McKillican to describe each of his employment experiences after leaving employment with the City of Fort Yukon. There were several subparts to the question, all of which asked very simple details. In response, Mr. McKillican objected that "Defendant has requested response to a number of interrogatories in excess of the number permitted by the civil rules." This objection is invalid

"[A]n interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question[.]"[23] Every single subpart of Interrogatory No. 14 deals exclusively with Mr. McKillican's subsequent employment. It is therefore treated as one question under the Federal Civil Rules.[24]

Mr. McKillican's response after his objections is deficient because he failed to answer most of the parts of the question.

**Interrogatory Nos. 15-17:**

Mr.McKillican objected on the same grounds to each and every one of these interrogatories. Mr. McKillican's ground was that defendants had already "requested response to a number of interrogatories in excess of the number permitted by the civil rules." Presumably all of these objections relate to the objection from Interrogatory No.

---

[21]    Wright and Miller, *Federal Practice and Procedure*, Civil § 2165.

[22]    *See* Fed.R.Civ.P. 26(b)(1).

[23]    Wright and Miller, *Federal Practice and Procedure*, Civil § 2168.1.

[24]    *See* Fed.R.Civ.P. 33(a) cmt. 1993.

Michael J. Walleri, Esq.
June 16, 2006
Page 7

14. Since that objection to the number of subparts was invalid, these objections, which are based on that objection, are also invalid.

**Interrogatory No. 18:**

Defendants asked Mr. McKillican a question relating to both the dates when he was unemployed and the reasons he was unemployed. Mr. McKillican objected that defendants had already "requested response to a number of interrogatories in excess of the number permitted by the civil rules." Presumably all of these objections relate to the objection from Interrogatory No. 14. Since that objection to the number of subparts was invalid, these objections, which are based on that objection, are also invalid.

Mr. McKillican did not answer the second part of the question as to the reason for each period of unemployment. "[A]nswers must be responsive, full, complete and unevasive. Insofar as is practical they should be complete within themselves."[25] This answer is deficient because it is not complete.

**Interrogatory No. 19:**

Defendants asked Mr. McKillican to "identify each and every job or employment opportunity you have applied for since your employment with the City of Fort Yukon." Mr. McKillican objected that defendants had already "requested response to a number of interrogatories in excess of the number permitted by the civil rules." Presumably all of these objections relate to the objection from Interrogatory No. 14. Since that objection to the number of subparts was invalid, these objections, which are based on that objection, are also invalid.

**Interrogatory No. 20:**

Defendants asked Mr. McKillican a question with three related subparts regarding the jobs he has applied for since leaving Fort Yukon. Mr. McKillican objected based on defendants requesting too many interrogatories. This objection is invalid.

"[A]n interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question[.]"[26] Every single subpart of Interrogatory No. 20 deals exclusively with details regarding Mr. McKillican's subsequent applications for employment. It is therefore treated as one question under the

---

[25]    *Pilling*, 45 F.R.D. at 369.

[26]    Wright and Miller, *Federal Practice and Procedure*, Civil § 2168.1.

Michael J. Walleri, Esq.
June 16, 2006
Page 8

Federal Civil Rules.[27]  If Mr. McKillican's objection related to Interrogatory 14, then this objection is still invalid.  Since that objection to the number of subparts was invalid, these objections based on that objection are also invalid.

Mr. McKillican responded by referring defendants to the answer to Interrogatory No. 14.  This response is deficient because it did not answer the question.  Interrogatory No. 14 dealt with the jobs Mr. McKillican has *held* since leaving employment with Fort Yukon.  Interrogatory No. 20 dealt with the jobs Mr. McKillican has *pursued* since leaving employment with Fort Yukon.  Mr. McKillican's response gives no information as to the latter question.  Basically, he did not answer the question.

**Interrogatory No. 21**:

Defendants asked Mr. McKillican to "[i]dentify each person you believe has knowledge of any fact that supports any claim or cause of action that you are making in this lawsuit."  Mr. McKillican objected on the ground that defendants had already "requested response to a number of interrogatories in excess of the number permitted by the civil rules."  This objection is invalid for the reasons outlined above.

Mr. McKillican's answer is also deficient because he did not answer the question to the best of his personal knowledge.  Instead, he simply directed defendants to look at the disclosures.  This is not a response.

**Interrogatory No. 22**:

Defendants asked Mr. McKillican to "[s]et forth in detail each and every fact which you contend, or believe, each person identified in response to Interrogatory No. 21, above, knows or might know, which in any way supports any claim or cause of action that you are making in this lawsuit."  In response, Mr. McKillican objected on two grounds, both of them invalid.  The first objection was that there had been too many interrogatories.  This objection is invalid for the reason outlined above.

The second objection regarded attorney work product.  This objection is invalid because in order for this information to be protected as work product under Federal Rule 26(b)(3) the work product must have been in a tangible form.[28]  The recollections of an

---

[27]    *See* Fed.R.Civ.P. 33(a) cmt. 1993.

[28]    *See Compagnie Francaise D'Assurance Pour le Commerce Exterieur v. Philips Petroleum Co.*, 105 F.R.D. 16, 40-41 (S.D.N.Y. 1984).

Michael J.  Walleri, Esq.
June 16, 2006
Page 9

attorney are also protected under the case law.[29]    However, a party in a case is not
allowed to hide the *facts* that he or she knows behind the guise of work product.[30]   All
defendants have asked for here are any *facts* that Mr. McKillican has personal knowledge
of and that support his claim.

Mr. McKillican's response is deficient.  He simply directs defendants towards the
complaint and initial disclosures.   Referencing a complaint is not a valid answer.
"[I]ncorporation by reference of the allegations in a pleading is not a responsive and
sufficient answer to an interrogatory."[31]  Mr. McKillican's answer is also deficient
because he simply directed defendants to look at the disclosures.  This is not a response.
Ordinarily, material outside the answers and their addendum should not be incorporated
by reference.[32]   The fact that Mr. McKillican has chosen not to direct defendants at all
towards the information he is referring to only makes the problem worse.

**Interrogatory No. 23**:

Defendants asked Mr. McKillican to "[i]dentify each and every document which
you believe supports any claim or cause of action that you are making in this lawsuit."
Mr. McKillican objected on three grounds, all of them invalid.  The first, that too many
interrogatories had been requested, is invalid for the reasons outlined in the section of this
letter labeled Interrogatory Nos. 15-19 and the second paragraph in the section of this
letter labeled Interrogatory No. 14.

The second objection, attorney work product, is invalid because the people who
have the documents that Mr. McKillican believes support his claim is not work product.
In order for this information to be protected as work product under Federal Rule 26(b)(3),
the work product must have been in a tangible form.[33]  The recollections of an attorney
are also protected under the case law.[34]  However, a party in a case is not allowed to hide
the *facts* that he or she knows behind the guise of work product.[35]  All defendants have

---

[29]     Wright and Miller, *Federal Practice and Procedure*, Civil § 2024.

[30]     *See* Wright and Miller, *Federal Practice and Procedure*, Civil § 2023.

[31]     *Atlanta Coca-Cola Bottling Co.*, 61 F.R.D. at 120; *see also J.J. Delaney Carpet Co.*, 34
F.R.D. at 153.

[32]     *Pilling*, 45 F.R.D. at 369.

[33]     *See Compagnie Francaise*, 105 F.R.D. at 40-41.

[34]     Wright and Miller, *Federal Practice and Procedure*, Civil § 2024.

[35]     *See* Wright and Miller, *Federal Practice and Procedure*, Civil § 2023.

Michael J. Walleri, Esq.
June 16, 2006
Page 10

asked for here are any *facts* that Mr. McKillican has personal knowledge to that support his claim. Not only is this information not work product, but defendants should not even have had to ask for most of the information.[36]

The third objection, excessive and burdensome, is invalid. The party claiming that a request is excessive and burdensome generally has the burden of proof to show that the question is excessive. That party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory ... is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."[37] "The objection of burdensomeness will therefore not be considered without some indication of why the interrogatory is difficult to answer.[38] Mr. McKillican gave absolutely no indication as to why this interrogatory was difficult to answer. And, even if he had, this request was not excessive and burdensome. "As a general rule a party in answering interrogatories must furnish information that is available to it and that can be given without undue labor and expense."[39] It seems unbelievable that a list of the documents that Mr. McKillican believes supports his claim would entail a lot of work or expense. And plaintiffs were supposed to give defendants that list in the initial disclosures.

In response, Mr. McKillican said that he identified "each and every document provided by either side and identified in the document control system created for the litigation." This answer is deficient because Mr. McKillican simply directed defendants to look at "each and every document" in the case. This is not a response. As a general rule, material outside the answers and their addendum should not be incorporated by reference.[40] This answer instead attempts to incorporate every document in the case. The fact that Mr. McKillican has chosen not to direct defendants at all towards the information he is referring to only makes the problem worse.

---

[36]    Fed.R.Civ.P. 26(a)(1)(B).

[37]    *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D.Penn. 1980) (citations omitted).

[38]    *Leumi Financial Corp. v. Hartford Acc. & Indem. Co.* , 295 F.Supp. 539, 544 (S.D.N.Y. 1969).

[39]    Wright and Miller, *Federal Practice and Procedure*, Civil § 2174.

[40]    *Pilling*, 45 F.R.D. at 369.

Michael J.  Walleri, Esq.
June 16, 2006
Page 11

**Conclusion**

      Please let me know no later than Friday, June 23 if Mr. McKillican is willing to supplement his discovery responses to address the deficiencies identified above.  If not, we will seek the court's assistance to compel adequate responses.

                Sincerely,

                JERMAIN DUNNAGAN & OWENS, P.C.

                Howard S. Trickey (JMb

                Howard S. Trickey

HST/pas
125570