# MICHAEL J. WALLERI

Attorney-at-Law
330 Wendell Street, Suite E
Fairbanks, AK 99701
(907) 452-4716
fax: (907) 452-4725
email: walleri@gci.net

June 28, 2006

Mr. Howard Trickey
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503-4097

Re: Fleming v Carroll
Discovery

Dear Howard

I am in receipt of a letter yesterday from your associate counsel, Mr. Singer. As usual, the letter does not accurately relate the substance of our conversation of yesterday.

In our conversation, I reiterated my request to meet with you to discuss discovery issues. Mr. Singer abruptly told me that I was stuck with him, and confirmed your refusal to meet and discuss discovery issues in this matter. As I understand the situation, you are the attorney of record in the case. Mr. Singer has not entered an appearance in this case on behalf of the Defendants. I believe that as the attorney of record in this case, you have the obligations as Defendants' attorney of record. I would renew my request to talk to you about discovery issues. I will be out of town until July 31st, and that you are in trial. I would hope that we can schedule a meeting to discuss discovery issues. I did tell him that I would meet with him about some issues, however, he said he wanted to have this discussion today. The depositions of today are going very long, and it is unlikely that there will be no time to discuss discovery. Moreover, Mr. Singer finally produced some material (1400 pages) received by this office on the 14th, and is demanding that I confirm whether this satisfied our discovery demands. Obviously, with depositions ongoing, his timing is obviously unreasonable. Additionally, Mr. Singer is refusing to discuss other discovery concerns that we have.

I understand that you would prefer that I discuss discovery issues with Mr. Singer, however, Mr. Singer has made this very difficult. As I indicated before, his positions often differ from your positions in this litigation, and it is very confusing determining who is actually in control of this case from your office. Multiple defendant's counsel need to be on the same sheet of music if this is all going to work. Additionally, Mr. Singer has often mischaracterized our

Exhibit O
pg. 1 of 3

1

conversations, as he did yesterday. Additionally, Mr. Singer continues to be particularly rude, including throwing documents at me during depositions yesterday and today. I finally had to ask him not to throw documents at me during the depositions. He also interrupted me during an objection and was yelling at me, and I had to ask him to be more polite. Finally, I am concerned about his possible violation of civil rules. During Mr. DeLeon's deposition, Mr. Singer began inquiry into an irrelevant and embarrassing matter during prior employment. We agreed to sealing terms and proceeded with the inquiry. During the inquiry, we broke and Mr.

While normally, I would have no problem working though associate counsel in your firm, I have found working with Mr. Singer very difficult due to his rudeness, and questionable behavior in this case. As I have repeatedly told you, this is very uncharacteristic of your firm, which has always been very professional in our dealings, and I sincerely regret these problems. Mr. Singer indicated during an off-the- record during Mr. DeLeon's deposition, that he would refrain from inquiring into embarrassing and irrelevant items of Mr. DeLeon's prior employment if DeLeon would drop his claim against the City. Please review the Civil Rules with Mr. Singer and point out to him that discovery made merely for the purpose of subjecting a party to harassment and embarrassment violates the Civil Rules. Mr. Singer has, once again, proven to be less than appropriate, which makes dealing with him very difficult. I would remind you that you are the attorney of record, and that I would prefer to discuss discovery matters with you. We have known each other for several years, and I believe that you and the rest of your firm are normally very professional. The behaviour of Mr. Singer is very aberrant from my experience with your firm, and believe that it would be more productive if you and I discussed these matters.

If this is not possible, I am afraid I will require certain procedures to contol Mr. Singer's inappropriate behaviours, including,
1) recording of the conversations to avoid his misrepresentations of the content of the discussions, and
2) written memorialization of discovery agreements in stipulations, including issues discussed but not resolved
3) discussion of issues raised by this office.

Please advise respecting your thoughts, and contact my office to set up these discussions.

As for us, we have some additional concerns, including
1) setting on a deposition of Mr. Greg Russell (we can schedule it to coordinate with Mr. McKillican's rescheduled deposition)

Exhibit O
pg. 2 of 3

2

2) Employment records of Mr. Garry Webber, who was employed by the City as a dispatcher/jailer
3) Crimestar data (this will require another a discovery request, but I am not sure how we will accomplish this given the electronic nature of the data. Your thoughts and preferences would be appreciated).

I understand that you would like supplementation on income, wage and payroll data from my clients since their employment. This is appropriate, and I have instructed my paralegal to obtain this data from my clients during my absence, and we will attempt to provide as soon as we collect an obtain the information.

I sincerely regret the deterioration of relations between our offices, and would like to return to our more normal working relationship, which we have experienced in our other professional contacts. Your assistance in this regard is greatly appreciated.

Sincerely,

Michael J. Walleri