Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS REGARDING MOTION TO COMPEL AT DOCKET 51**<br><br><br><br>Case No. F04-0034 CIV (RRB) |

Plaintiffs (i.e. Fleming et. al., hereinafter referred to as "Policemen") sought an extension until August 14, 2006 to reply to Defendant's (City and Carroll) opposition to Plaintiff's Motion to Compel at docket number 51. Defendant's oppose the motion on two grounds: 1) that the underlying motion was improper because of an alleged failure to confer prior to filing the motion, and 2) the underlying motion is moot.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                      *Page 1 of 6*
Reply: Motion to Extend Reply on Motion to Compel.

As to the first point, opposing counsel misstates the facts relating to a refusal to confer prior to filing a motion. As indicated in the underlying motion and exhibits, Plaintiff's Counsel personally met with Defendant's lead counsel (Mr. Trickey) on May 26th and discussed the problem, and met with Mr. Singer[1] on June 15, 2006. Mr. Singer acknowledges meeting with the undersigned on June 15, 2006 in Defendant's opposition to the primary motion. Unfortunately, the Plaintiff's counsel has learned the prudence of documenting communication with Mr. Singer during the course of this case. On June 28th, Plaintiff's followed up with correspondence to Mr. Trickey, the City's counsel of record in this matter requesting a meeting between the two attorney's of record in this matter. Mr. Trickey refused any further meeting on the matter. The letter exchange was submitted to the Court.[2] Mr. Trickey has not submitted an affidavit denying the meeting as reported by Plaintiff's counsel. Plaintiff's counsel has verified that these meetings and correspondence with Mr. Trickey took place, as well as providing the Court with copies of the correspondence. Simply stated, the City's representations to this court that the undersigned failed to confer as required by the rules is a blatant and easily demonstrated falsehood.

---

[1] Mr. Singer is an associate within Mr. Trickey's office, but was not counsel of record during this time. This issue will be discussed in subsequent motion practice that has been initiated by the City.
[2] See attachements to underlying motion.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Second, it is uncertain whether the motion is moot until Plaintiff's have had time to review the documents provided by Defendants after the motion to compel was filed.  All that Defendants seek is time to review the documents provided before replying or withdrawing the motion to compel.  It is clear that Defendants are withholding evidence and releasing discovery only after the undersigned files motions to compel, and thereafter coming into court claiming that they are cooperating with discovery.  As the Court may remember, on the prior motion to compel discovery, the City waited until the plaintiff's filed a motion to compel, and than produced substantial discovery before an opposition was due, and argued in the opposition that discovery had been made.  In the present instance, Mr. Singer indicated that he had possession of the sought after discovery on June 15th, when he was in Fort Yukon.[3]  A month later, on July 11th, after counsel's letter exchange, the Plaintiff's filed a motion to compel.  Four days later (on July 14th) the City produced 1400 pages of payroll records.  Initial review of the records, however, indicated that Mr. Gary Webber's records were not included.  Prior discovery indicated that Mr. Webber was an employee of the City police department, and that his records should have been included. On July 31st, Plaintiff's noted the failure to produce Mr.

---

[3] See verified memo on underlying motion

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Webber's records.[4]  The next day, the City was able to produce Mr. Webber's personnel records.[5]  It is obvious that the City's counsel was in possession of Mr. Webber's records at all times, and was simply withholding them.  More interestingly, Mr. Webber's job description, which was included within the request, was not produced.   At this point, it is unclear as to what else the City is withholding from discovery.

Clearly, the City is playing games. Mr. Trickey, the City's attorney of record is refusing to meet with the undersigned to discuss discovery issues, and waiting until a motion to compel is filed. At this point, the City produces the records before an opposition is due, and than files an opposition claiming that discovery has been made.  And, the City claims that the motion to compel was made in bad faith because there was no conferring between counsel, despite the fact that the City's attorney of record, Mr. Trickey refused to meet with Plaintiff's counsel.  Clearly, these tactics are taken in bad faith and intended to frustrate discovery.  Moreover, the City is seeking to use two attorney --- Mr. Trickey and Mr. Singer --- who say different things, which is clearly intended to inject more confusion into the situation.

---

[4] See Plt. Ex. A-1 (Attached)
[5] See Plt. Ex. A-2 (Attached)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                 *Page 4 of 6*
Reply: Motion to Extend Reply on Motion to Compel.

Plaintiff's have requested time to review the voluminous discovery dumped at the last minute upon the undersigned by Defense counsel after the motion to comepel was filed.   It is clear that Defense counsel is withholding documents, as illustrated by the Gary Webber documents.   Defense counsel strategy is intent upon preventing Plaintiff's counsel adequate time for review of the material.  The Court should allow Plaintiff's counsel adequate time to review the material provided to date, note deficiencies if they exist, and seek to resolve without resort to the court if at all possible.  The Court should allow plaintiffs until August 14th to review the material dumped by Defense counsel for completeness.

Dated this 3rd of August, 2006.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J Walleri
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725
walleri@gci.net
AK Bar No. 7906060

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                                            *Page 5 of 6*
Reply: Motion to Extend Reply on Motion to Compel.

<u>Certificate of Service</u>
I hereby certify that under penalty of perjury that a true and
Correct copy of the foregoing was sent to the following counsel
of record on August 3, 2006 via ECF to:

Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

<u>s/ Michael J. Walleri</u>

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725