Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM, <br><br>            Plaintiffs,<br><br>  vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case 4:04-cv-00034-RRB |

**SUPPLEMENTAL FACTS IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON COUNT I**

**I.    INTRODUCTION**

Defendants moved for summary judgment on Count I (FLSA overtime claims) because the City of Fort Yukon is exempt from the overtime requirements of the FLSA. Pursuant to 29 U.S.C. § 213(b)(20), police departments with fewer than five persons employed in law enforcement are not required to pay overtime.

It has been seven months since Defendants filed their motion. [*See* Docket 22] Defendants recently took the depositions of Plaintiffs Fleming, Hampton, and DeLeon. Plaintiffs recently took the depositions of Charlotte Fleener and Eric Tremblay. The last of these deposition transcripts, Fleming's, was completed this week. The deposition testimony supports Defendants' motion for summary judgment on Count I, and so the relevant portions of the depositions are submitted with this supplemental filing.

## II.   FLEMING CONFIRMS THAT THE DISPATCHERS AND THE MAINTENANCE DIRECTOR ARE NOT LAW ENFORCEMENT OFFICERS

Police departments with fewer than five persons employed in law enforcement are exempt from the overtime requirements of the FLSA.[1] In hopes of avoiding this exemption, Plaintiffs in their complaint seek to inflate the number of law enforcement officers by counting dispatchers and "temporary" officers in the mix. Former Chief Reginald Fleming's deposition testimony, however, destroys Plaintiffs' theory that these other employees should count as law enforcement employees.

Under the Department of Labor Regulations, "Not included in the term 'employee in law enforcement activities' are the so-called 'civilian' employees of law enforcement agencies or correctional institutions who engage in such support activities as those performed by [a] dispatcher[.]"[2]

---

[1] *See* 29 U.S.C. § 213(b)(20).

[2] *Id.*

Further, the Department of Labor has developed a three-part test to define which employees are employed in law enforcement activities.[3]  First, the employee must be a member "of a body of officers and subordinates who are empowered by State or local ordinance to enforce laws designed to maintain public peace and order and to protect both life and property from accidental or willful injury, and to prevent and detect crimes[.]"[4]  Second, the employee must have the power to arrest.[5]  Third, the employee must have either received or currently be receiving training in various law enforcement activities, which usually includes training in shooting, self-defense, and law enforcement techniques.[6]  "Employees who do not meet <u>each of the three tests described above</u> are not engaged in 'law enforcement activities' as the term is used in sections 7(k) and 13(b)(20)."[7]

Plaintiffs assert that dispatchers Charlotte Fleener and Audrey Fields, and maintenance director Eric Tremblay, should all be treated as "law enforcement officers" for purposes of the FLSA.  It is uncontested that Fleener, Fields, and Tremblay each served, on a few isolated occasions, as fill-ins and tried to cover the police department because no regular duty officers were in town.  The City maintains, however, that a dispatcher or maintenance director who serves in a temporary "fill-in" capacity is not a law enforcement officer under the FLSA.  Fleming validated the City's legal position

---

[3]    29 C.F.R. 553.211(a).

[4]    29 C.F.R. 553.211(a)(1).

[5]    29 C.F.R. 553.211(a)(2).

[6]    29 C.F.R. 553.211(a)(3).

[7]    29 C.F.R. 553.211(e) (emphasis added).

when he testified that none of these individuals had any law enforcement training. [Fleming dep., pp. 83-84] Fleming acknowledged that Tremblay was the full time Director of Maintenance for Fort Yukon and that Tremblay had no training in law enforcement, self-defense or firearms. [Fleming dep., p. 189] Fleming also stated that he did not know of Tremblay ever making an arrest and that he instructed Tremblay to call the troopers if anything happened. [Fleming dep., p. 190] This is totally inconsistent with any assertion that Tremblay had the power to arrest anyone.

Fleming also admitted that the department did not require that the dispatchers have any training in self-defense and did not offer them training in firearms use. [Fleming dep., pp. 62-63] Fleming also acknowledged that state standards for police officers did not apply to the dispatchers. [Fleming dep., p. 62] Consequently, none of these fill-in employees satisfy the criteria of 29 C.F.R. 553.211(a)(3), and so may not be counted as persons employed in law enforcement.

Plaintiffs also assert that the City hired Philip Solomon to work as a temporary officer. Yet Fleming admitted he has no personal knowledge to confirm this belief, and that he believes Solomon did a police patrol because Charlotte Fleener called him once and said that Solomon was doing a patrol. [Fleming dep., pp. 88; 96-97] Fleming confirmed he had no personal knowledge about whether Solomon actually worked as an officer, and agreed that "we'd have to ask Charlotte Fleener." [Fleming dep., pp. 96-97] Fleener, in turn, testified that Solomon was "a consideration, I think, to help out and I told her [the city manager] I didn't want him in that office" … "and she said, okay, we

won't do that then." [Fleener dep., p. 53]  So, as Vera James stated in her prior affidavit, Philip Solomon was never hired by the City as a patrol officer or in any other capacity.

### III. FLEENER AND TREMBLAY CONFIRM THAT THEY DID NOT SERVE AS LAW ENFORCEMENT OFFICERS

Eric Tremblay was the City's full-time maintenance director.  [Tremblay dep., p. 6]  On three occasions when the village was left without any police officer on duty, he served in a fill-in role.  [Tremblay dep., pp. 6-7; 27]  He also testified that he did not conduct an arrest and did not even think that he could arrest someone.  [Tremblay dep., p. 9]  Tremblay's testimony on these points indicates that he did not meet the test under 29 C.F.R. 553.211.  When Tremblay's testimony is combined with Fleming's testimony, it is clear that Tremblay cannot be counted as a person employed in law enforcement. Further, if an employee spends greater than 20% of his time doing non-law enforcement work, he is not counted as a law enforcement officer.[8]  Tremblay's testimony establishes that except for these three occasions, he worked as the maintenance director.  [Tremblay dep., pp. 6-8]

Charlotte Fleener testified that she worked as a dispatcher.  [Fleener dep., pp. 7-8] She described her function as taking calls and monitoring the police radio.  [Fleener dep., p. 8]  She recalled serving a similar fill-in role on two occasions, once "in the summer" of 2003 and once "in the winter" of that year, near Christmas.  [Fleener dep., p. 12]  She did say that she and others were "deputized," [Fleener dep., p. 9] but it is clear from her later testimony that she did not mean this in any sense that would have legal significance.  She

---

[8]   29 C.F.R. 553.212.

testified that she never carried a firearm, did not make an arrest, and did not have any law enforcement training during the relevant time. [Fleener dep., pp. 13, 53-56] Because of this, she too fails as a matter of law to meet the test to be counted as a person employed in law enforcement. And, since she only served as a fill-in twice, [Fleener dep., pp. 12] there has been no showing that in any workweek she spent less than 20% of her time as a civilian dispatcher. This also prevents her from qualifying as a law enforcement officer.[9]

## IV.    CONCLUSION

As explained in its original motion, the City is entitled to summary judgment on the overtime claims because it is exempt from the FLSA as it employed fewer than five persons in law enforcement. The exemption applies on a workweek by workweek basis. To defeat summary judgment, Plaintiffs must prove for each workweek that they seek overtime that the City in that week employed more than five persons in law enforcement. The deposition testimony of Fleming, Fleener, and Tremblay contradicts Plaintiffs' theory that these dispatchers or others may be counted as law enforcement officers for any workweek

DATED at Anchorage, Alaska this 11th day of August, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By:   s/ Matthew Singer
      Matthew Singer
      3000 A Street, Suite 300
      Anchorage, AK  99503
      Phone: (907) 563-8844
      Fax: (907) 563-7322
      Alaska Bar No. 9911072

---

[9]    29 C.F.R. 553.212.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2006,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

s/ Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

s/ Matthew Singer
128675