Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S TO RESPOND TO DEFENDANTS' FIRST DISCOVERY REQUESTS.**<br><br>Case No. F04-0034 CIV (RRB) |

The Fleming, et. al. oppose the City of Fort Yukon's motion to compel Fleming et. al. to respond to the City's first discovery requests. The motion is ridiculous, frivolous and exhibits the continuing bad faith of opposing counsel.

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                    *Page 1 of 12*
Op.: Def. Motion to Compel

On June 21, 2005, Defendants' served their first discovery requests upon plaintiffs comprised of 250 Interrogatories,[1] with fifty (50) such interrogatories addressed to each Plaintiff, and seventy-five (75) Requests for production.[2]  On August 31, 2005, Fleming et. al. answered objecting to numerous interrogatories. Now, more than a year later, the City seeks to compel discovery claiming that the answers given a year ago are inadequate.  More importantly, the City's lead counsel refuses to confer about discovery after the undersigned has made a written request to do so.

On July 21, 2006, the City issued another Discovery Request for Production, including 30 additional requests for production.[3] These last discovery requests seek tax returns and W-2 forms for each plaintiff for years 2001 to 2005, two most recent pay stubs, all documents related to benefits of current employment, applications for employment after leaving Fort Yukon, and tape recordings made by plaintiffs. Responses for these RFP are not due until August 23, 2006.  Fleming et. al. are

---

[1] Defendants interrogatories denominated 25 separate interrogatories to each plaintiff, however, Interrogatory 14 contained 14 sub-parts, Interrogatory 16 contained 10 subparts, Interrogatory 18 contained 2 subparts, and Interrogatory 20 contained 3 subparts.  In determined the number of interrogatories, "all discrete subparts" count as a separate interrogatory.  FRCP 33(a)
[2] Comprised of 15 requests per plaintiff.
[3] Comprised of seven requests per plaintiff.

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

working to comply with that discovery request which will provide the bulk of the information that the City is seeking.

Finally, it should be noted that the City is now undertaking depositions of Fleming et. al. The officers are cooperating with discovery, and have extended discovery deadlines to allow these depositions. In these depositions, the City is free to ask questions for which they require clarification. Unlike Ms. Carroll, none of the officers have refused to answer questions during the depositions so as to require motion practice before this Court. As the Court is aware, Ms. Carrol has refused to answer any questions related to the reason for firing Officer McKillican – i.e. the events surrounding Ms. Carrolls Stalking petition against Mr. Miller. It is rather obvious, given the fact that Fleming et. al have been required to seek motions to compel in the past, the present motion is primarily intended to harass the police officers.

1) **The City's Counsel of Record Refused To Confer Prior To Filing The Motion**. As previously noted, FRCP 37 and Local R. 37.1 require counsel to confer about discovery prior to filing a motion to compel. The only attorney to enter an

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

appearance in this matter on behalf of the City is Mr. Howard Trickey.[4]  As the correspondence submitted by the City illustrates, the undersigned asked to meet and confer with Mr. Trickey about discovery, because of problems encountered with communications with Mr. Trickey's associate, Mr. Singer.[5]  As the Court may remember, Mr. Singer is the attorney that represented to the court that a settlement had been agreed to between Counsels, a factual representation that the Court noted was incorrect.  Without going into specifics, which are detailed n the correspondence, communication between Mr. Trickey's associate counsel has not been good.  Mr. Trickey responded with a flat refusal to confer.[6]

More importantly, there is no certification from Mr. Trickey, the Defendant's attorney of record, that he made any effort to confer with the undersigned regarding discovery.  The City has failed to comply with FRCP 37 and Local R. 37.1

The City does submit a certification from Mr. Singer.  However, prior to the present motion, Mr. Singer has never appeared in these proceedings.  No entry of appearance has been made by Mr. Singer.  Prior to this motion, Mr. Singer did sign

---

[4] See Entry of Appearance filed Jan. 21, 2005.
[5] Def.. Ex. L
[6] Def.. Ex. M

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

pleadings, but not in his own name.[7] Rather, he signed them on behalf of Mr. Trickey. Mr. Trickey is the only attorney to file an entry of appearance on behalf of the City. Clearly, the rule applies to Mr. Trickey, and Mr. Trickey has the responsibility to confer prior to motions to compel under FRCP 37. The undersigned was completely within his rights to refuse to confer with Mr. Singer, who had not entered an appearance in the case.

    **2)**     **Mr. Singer Affirmatively Misrepresents Discovery Provided.** The City complains that Fleming et. al. did not provide calculations of monetary damages to the City. This is a blatant misrepresentation. Mr. Singer has provided the Court with a "Declaration of Matthew Singer and Certificate of Attempt to Confer" indicating that he appended all discovery responses. The responses however, specifically reference Exhibits A and B, which Mr. Singer failed to file with the Court. Attached is a true and correct copy of these exhibits,[8] which are an exhaustive detailed calculations of damage claims. The documents clearly

---

[7] Local Rule 11.1 provides that "Unless the context clearly states otherwise" the signing of pleadings by an attorney on behalf of a party constitutes an entry of appearance. While Mr. Singer clearly signed pleadings, the "context clearly provided otherwise" for two reasons. First, Mr. Trickey had filed an entry of appearance, which does not name Mr. Singer. Mr. Singer never filed a clarification that he was co-counsel. More importantly, prior to the present motion, Mr. Singer signed all documents "on behalf" of Mr. Trickey. The course and practice of the City was clearly to indicate that Mr. Tricky was the only attorney of record for the Defendants.
[8] Plt. Ex. 1 and 2 (attached)

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

demonstrate the methodology for calculating damages.  The assertions by Mr. Singer to the contrary are simply misrepresentations to the Court.

    3)    **Post-Severance Pay Discovery (Mitigation Data) Is Not Yet Due.**  As noted above, the post-severance pay discovery is not due.  On June 28, 2006 the undersigned wrote Mr. Trickey and advised that the officers understood that he would like supplementation on income, wage and payroll data from the Plaintiffs.[9]  The City's interest was communicated orally. In the letter, the undersigned indicated that the information would be forwarded to Mr. Trickey.  <u>This was before any formal request was made by the City.</u>  **After** this letter, on July 21, 2006, the City served a discovery request for this information.[10]  A response is not due until August 23, 2006.  The City has filed a motion to compel this information before the due date on the discovery.  The motion to compel this information is clearly pre-mature.

    4)    **Defendant's Interrogatories Exceed The Allowable Limit**  As readily apparent, the City's interrogatories denominated 25 separate interrogatories to each plaintiff, however, Interrogatory 14 contained 14 sub-parts, Interrogatory 16 contained 10 subparts, Interrogatory 18 contained 2 subparts, and Interrogatory 20

---

[9] Def. Ex. O, p. 3
[10] Plt. Ex. 3 (attached)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

contained 3 subparts.  In determining the number of interrogatories, "all discrete subparts" count as a separate interrogatory.  FRCP 33(a)  As a result, the City served 250 Interrogatories upon Fleming et. al.   FRCP 33(a) allow only 25 interrogatories to be served on any party.  The City served fifty (50) interrogatories upon each Plaintiff.  Clearly, the City's discovery request exceeds this number.  Fleming et. al. gave notice of objection, but endeavored to answer the requests nonetheless.  Clearly, Flemming responded to 25 interrogatories.  The City does not assert otherwise, nor does the City claim that that Flemming answered less than 25 interrogatories.  Indeed, the City seeks to compel discovery with regard to sixteen (16) interrogatories to each plaintiff, which clearly admits that Fleming et. al answered 34 interrogatories per party, which exceeded the allowable number of interrogatories.   The Plaintiffs need not respond to any more than 25 interrogatories per party.  The motion is clearly not appropriate with regard to the excessive interrogatories.

  **5)**   <u>**Interrogatory 10.**</u>   Interrogatory No. 10 asked for damage calculations. This is addressed above.  The City has made a false misrepresentation to the Court with respect to the answer to this interrogatory by claiming that no

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

damage calculations were provided. Fleming et. al. clearly provided all data with respect to such calculations. The motion is in bad faith.

      **6)**    <u>**Interrogatory No 13.**</u>  The interrogatory asked to identify medical providers. The request was inappropriate. In the initial disclosures, Fleming et. al. indicate that they were seeking recovery of in the following categories of damages:

>   (G) Categories Of Damages.
>
>   1) lost wages (front and back pay)
>   2) lost retirement and health insurance benefits
>   3) unpaid compensatory overtime wages
>   4) unpaid liquidated statutory damages for unpaid overtime
>   5) pre-judgment interest
>   6) attorney fees.[11]

There is no claim for medical damages. The interrogatory was irrelevant. Nonetheless, Mrrs. Fleming and Mr. Schlumbohm answered the questions. Mr. Fleming went to the Fort Yukon Health Clinic. On September 15, 2005 Mr. Fleming also provided medical records.[12]  The City claims in its motion that Mr. Fleming failed to provide other information.[13]  This is a blatant affirmative misrepresentation of fact, the likes of which make it difficult to discuss matters with Mr. Singer.

---

[11] Plt. Ex. 4 (attached)
[12] Plt. Ex. 5 (attached)
[13] Def. Memo, at 5

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Mr. Schlumbohm affirmatively indicated that he did not see a doctor. If a party never saw a doctor, the City cannot compel a party to disclose information about the doctor that he didn't see.

Mr. DeLeon, Hampton and McKillican respectfully declined to answer the question because it is irrelevant to their claims. They are not seeking damages based upon medical claims.[14]

7) **Interrogatory No. 14**. This interrogatory seeks information about post-severance employment. This interrogatory had fourteen (14) discrete sub—parts, and, from a sequential perspective, was the interrogatory that pushed the city's requests over the permissible number. Nonetheless, the plaintiffs all answered the questions in substance. The major complaint was that the plaintiff's didn't answer the various sub-parts that were in excess of the allowable discovery requests. In substance, however, the plaintiff's answered the questions.

---

[14] Mr. DeLeon was attacked and injured twice on the job. The City did not file a Workman's Comp claim for Mr. DeLeon as required by law. Nonetheless, Mr. DeLeon is not seeking medical damages or claims for violation of workman's comp statutes.

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*   Page 9 of 12
Op.: Def. Motion to Compel

More to the point, in the letter of on June 28, 2006, the undersigned indicated that he would be providing that information. On July 21, 2006, the City provided a discovery request seeking this information, which is due August 23, 2006. The interrogatories were excessive of the number, and Fleming et. al. will be providing the requested information in a timely manner.

Finally, it is likely that the issues surrounding Interrogatory 14 are moot. The city just conducted depositions of Fleming, DeLeon and Hampton in which the city made inquiry into these facts. Depositions for McKillican and Schlumbohm are scheduled this week. As noted above, and as briefed in these proceedings as to the pending motion to compel depositions answers from Defendants Carroll, none of Fleming et. al. have refused to answer questions in depositions. Rather, where sensitive issues arise, the parties agree to seal the record and bring the matter to the Court's attention if there is a dispute. Ms. Carrol clearly refused to answer relevant questions. Given the combination of the depositions. The marked contrasted willingness of Fleming et. al. to answer all questions put to them at depositions, and planned responses to requests for production, the issues surrounding Interrogatory 14 are moot.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

8)   **RFP No. 2.**  This request for production is ridiculous.  It seeks employment records for the officers times they were employed by the City.  They have responded they don't have the records; that the City of Fort Yukon has the employment records. This was nothing but pure mindless harassment.

9)   **RFP No. 3**  This was clearly excessive. The city requested ten years of tax records; i.e. since 1995.  This is clearly excessive and harassment. Ten year old tax records have no relevance to the case. The City has payroll records for all the officers from the time they were employed by the City.  The City offers no relevance to pre-employment tax returns.  More over, post employement tax returns were offered and are the subject of the second discovery request,  the answer for which is not due yet.

10)   **RFP No. 10 & 11.** This request seeks certificates and license of the officers.  The City offers suggest that the officers were not certificated.  However, the principle argument presented in the City's Motion for Summary Judgement as to Count I, the city argues that the officers are not entitled to overtime pay because they are properly certificated police officers.  As the City argues, in its motion to summary judgment that the officers are properly certificated, and offers evidence to that effect.  The suggestion that the City needs to prove otherwise is entirely

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                   *Page 11 of 12*
Op. : Def. Motion to Compel

contrary to the theory of the City's defense that the officers are not entitled to overtime. The motion to compel is taken in obvious bad faith.

## CONCLUSION

For the reasons stated above, the Court should deny the motion. Indeed, the motion is obviously made in bad faith, with affirmative misrepresentations of fact, which violate FRCP 11. The Court should issue sanctions against the City for bringing the motion.

Date: August 15, 2006

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J Walleri
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725
walleri@gci.net
AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and
 Correct copy of the foregoing was sent to the following counsel
of record on August 15, 2006 via ECF to:

Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725