Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM, <br><br> Plaintiffs, <br><br> vs. <br><br> FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA, <br><br> Defendants. | Case 4:04-cv-00034-RRB |

**REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION TO COMPEL PLAINTIFFS
TO RESPOND TO DEFENDANTS' FIRST DISCOVERY REQUESTS**

**I.     INTRODUCTION**

Plaintiffs' Opposition to the Motion to Compel fails to provide a single valid reason for the Court not to grant the motion. It has unfortunately become typical in this case for Plaintiffs to respond to reasonable requests with blustery language and allegations of malfeasance. All of these claims have been without merit, and this time is no different.

Plaintiffs fail to show that any of the blanket claims of privilege asserted in their responses to the interrogatories were valid. Plaintiffs' opposition does not explain why attorney work product covered their objections. They cite no case law whatsoever and offer no legal reasons why the cases cited in Defendants' motion to compel are incorrect or inapplicable.

## II.     ARGUMENT

### A.     Plaintiffs Do Not Get to Choose Who Will Defend Their Lawsuit

Plaintiffs make the argument that Howard Trickey is the only lawyer from his law firm who can confer about discovery. As is typical of this reply, Plaintiffs cite no authority for this proposition. They are wrong. Plaintiffs do not get to decide who will be handling Defendants' case. Mr. Singer is in charge of handling discovery. Mr. Trickey's response to Plaintiffs was not a flat refusal to confer. It was a directive to talk to the lawyer within his firm who is handling discovery, Mr. Singer. [Deft. Ex. M] In fact, Mr. Trickey told Plaintiffs' counsel to call Mr. Singer and tell him how he would like the discovery requests narrowed. [Deft. Ex. M]

Plaintiffs' counsel made no attempt to request that the discovery requests be narrowed, but Mr. Singer did try to confer with Plaintiffs' counsel. [Deft. Ex. N] Plaintiffs' counsel decided to "refuse to confer" regarding discovery. [Plf. Opp., pp. 4-5] As Plaintiffs noted, Local Rule 11.1 states that ""[u]nless the circumstances clearly indicate otherwise, the filing of a pleading paper, or document on behalf of a party constitutes an entry of appearance[.]" Nothing else is needed. Certainly the

circumstances here clearly indicate that Mr. Singer was working on the case. He has taken and defended depositions, signed pleadings and spoken to Plaintiffs' counsel about the case on numerous occasions. Plaintiffs' counsel was actually aware that Mr. Singer was co-counsel with Mr. Trickey. [Deft. Ex. O] Plaintiffs' counsel does not get to choose his opposing counsel. Mr. Singer has done everything possible to attempt to confer with Plaintiffs' counsel. [Deft. Ex. N; Deft. Ex. P] Now the Court must compel the needed discovery.

> **B.  Plaintiffs' Counsel Ignores What Was Actually Asked for in the Motion to Compel in Order to Accuse Defendants of Misrepresentation**

Defendants did complain that Plaintiffs refused to provide damage calculations. This is because Plaintiffs refused to do so. They instead replied with blanket claims of work product privilege and then refused to answer the question. [*See* Answer to Interrogatory 10, Deft. Exs. A-E, pp. 6-7] Defendants acknowledged Plaintiffs' Exhibits A and B in the memorandum in support of the motion to compel. [Deft. Motion to Compel, p. 4 (Docket 70)] But, as was the case then, Exhibits A and B only relate to the Fair Labor Standards Act claims (Count I). [Deft. Motion to Compel, p. 4 (Docket 70)] Each Plaintiff also has a Section 1983 claim and either a wrongful discharge or a constructive discharge claim. Plaintiffs have provided no information for damage calculations for those claims. That is what Defendants ask this Court to compel Plaintiffs to provide.

### C. Mitigation Data is Due because Plaintiffs Ignored the Interrogatories the First Time Defendants Asked the Questions

The idea that no formal request had been made for mitigation data prior to June 21, 2006 is simply wrong. Plaintiffs asked for the information in their first discovery requests in 2005. The only reason Defendants had to ask for the information again was Plaintiffs refused to provide a complete answer to Interrogatory 14. Defendants were entitled to an actual answer to this interrogatory in 2005. Instead, Plaintiffs offered a blanket assertion of privilege and then refused to answer the question. The fact that Plaintiffs forced Defendants to ask a second time for the information does not excuse the Plaintiffs from having to answer the question the first time.

Additionally, the motion to compel was filed nearly and month and a half after Defendants asked for the information again by letter and offered a detailed explanation as to why they were entitled to it. [Deft. Exs. G-K] Plaintiffs' counsel refused to confer. This is unacceptable and Plaintiffs should be compelled to respond to these interrogatories.

### D. Defendants Interrogatories Do Not Exceed the Allowable Limit

Plaintiffs claim that the interrogatories exceeded the number allowed under the federal rules because there were too many subparts. In support of this they cite Rule 33's language "including all discrete subparts" in the calculation of the number of interrogatories.[1] Their conclusion is the logical conclusion to reach if one does not read

---

[1] Fed. R. Civ. P. 33(a).

anything besides the rule itself.  But, the commentary to the rule makes it clear that Plaintiffs' reading of the rule is wrong.

The commentary to the 1993 amendment to Rule 33 makes it clear that the drafters were seeking to put an end to "the device of joining of 'subparts' questions that seek information about discrete separate subjects."[2]  As Professors Wright and Miller have explained, "an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question."[3]  Federal District Courts have come to the same conclusion both within the Ninth Circuit and outside of it.[4]  There is a good reason for this.  "[I]f all subparts count as separate interrogatories, the use of interrogatories might be unduly restricted or requests for increases in the numerical limit might become automatic."[5]  The test is "can the subsequent question stand alone?"[6]

Each of Defendants' interrogatory subparts are a more particularized example of what was called for in the interrogatory.  None of the subparts could stand alone.  For that reason Defendants did not go over the limit of allowable interrogatories.

---

[2] Fed. R. Civ. P. 33 cmt. 1993.

[3] Wright & Miller, *Federal Practice and Procedure*, Civil § 2168.1.

[4] *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D.Nev. 1997); *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664-65 (D.Kan. 2004).

[5] *Swackhammer*, 225 F.R.D. at 664 (quoting *Williams v. Board of County Commissioners of the Unified Government of Wyandotte County and Kansas City, Kansas*, 192 F.R.D. 689, 701 (D.Kan. 2000)).

[6] *Kendall*, 174 F.R.D. at 685 (providing afterward detailed examples of subparts that can and cannot stand alone).

### E. Interrogatory 10

Plaintiffs are incorrect in their contentions regarding Interrogatory 10 because they have failed to provide damage calculations for any claim except Count I.

### F. Interrogatory 13

Plaintiffs are incorrect that "[t]here is no claim for medical damages." [Plf. Opp., p. 8] They are attempting to get damages for lost health insurance benefits. [Plf. Opp., p. 8] Plaintiffs are aware that the standard for relevance in discovery is broader than the standards for admissibility.[7] [Plf. Motion to Compel, p. 5 (Docket 49)] To be relevant, the question must "appear reasonably calculated to lead to the discovery of admissible evidence."[8] Their medical history is relevant to the calculation of damages for lost health insurance. It is impossible to calculate damages for the loss of this item without knowing whether or not Plaintiffs would have used it. In the case of Mr. Schlumbohm, Plaintiffs' counsel is correct that Defendants already have the answer they need. [Plf. Opp., p. 9] His damages for lack of health insurance appear to be nothing. But, several of the Plaintiffs refused and continue to refuse to answer the interrogatory on the grounds that the interrogatories are irrelevant. [Plf. Opp., p. 8] The interrogatory is relevant and the Court should compel those Plaintiffs to answer it.

---

[7]   Fed.R.Civ.P. 26(b)(1).

[8]   Fed.R.Civ.P. 26(b)(1).

### G. Interrogatory 14

The questions are not moot. Plaintiffs essentially ask the Court to excuse their past refusal to answer simply because they have forced Defendants to use deposition time to find the answers that should have been provided in Plaintiffs' interrogatories. Some of the questions, like the damage calculations, should have been answered in initial disclosures.[9] Plaintiffs cannot benefit from their own sandbagging by avoiding basic discovery requests.

### H. Plaintiffs Have Responded to Request for Production No. 2 by Misreading and Then Refusing to Answer

This request for production did not seek "employment records for the officer [at] times they were employed by the city." [Plf. Opp., p. 11] It asked for employment records relating to work that was "subsequent to employment with defendant." [Defendant Request for Production No. 2 (emphasis added)] The request was clear on this point. The Motion to Compel was clear on this point. [Deft. Motion to Compel, p. 8 (Docket 70)] Plaintiffs continue to refuse to comply with the actual request in favor of scolding Defendants about an imaginary request. [Plf. Opp., p. 11] The Court should compel them to comply with the actual request.

### I. A Request for Tax Returns is Not Excessive

Plaintiffs justify their refusal to provide the requested documents on the ground that the request for 10 years of tax returns is irrelevant and excessive. Plaintiffs are

---

[9] Fed R. Civ. P. 26(a)(1)(C).

incorrect on both counts. The requests are calculated to lead to admissible evidence on the subject of mitigation of damages. Income records from years prior to employment with Fort Yukon are relevant to establishing Plaintiffs' productivity and work patterns.

Likewise, the request is not overly excessive and burdensome. "It is not sufficient to simply state that the discovery is overly broad and burdensome, nor is a claim that answering the discovery will require the objecting party to expend considerable time and effort analyzing 'huge volumes of documents and information' a sufficient factual basis for sustaining the objection."[10] A simple assertion that the request "was clearly excessive" will not support this objection either. "The mere fact that producing documents would be burdensome and expensive and would interfere with a party's normal operations is not inherently a reason to refuse an otherwise legitimate discovery request."[11] Plaintiffs have alleged nothing that even compares with this level of burdensomeness. A quick trip to the Internal Revenue Service is all that is needed to comply with this request.

### J. Defendants are Entitled to Whatever Documentation of Certification Plaintiffs Have

Defendants are entitled to review any documentation related to certification earned or obtained by Plaintiffs. The certification documents are relevant in that they are likely to lead to admissible evidence regarding Plaintiffs' employment claims. For example, the City terminated Chief Reggie Fleming for his poor job performance, including his

---

[10]   *Wagner v. Dryvit Systems, Inc.*, 208 F.R.D. 606, 610 (D.Neb. 2001).

[11]   *Baine v. General Motors Corp.*, 141 F.R.D. 328, 331 (M.D.Ala. 1991).

apparent willingness to hire police officers who as a matter of law could not meet the minimum standards to serve as officers as set forth by the Alaska Police Standards Council. The City even has doubt that Chief Fleming himself was appropriately certified during his tenure with the City. Further, several of these officers were involved in the theft of personnel records from the City at the time they resigned or were terminated. The City does not possess any documentation indicating that any one of the Plaintiffs had obtained proper police certification. If Plaintiffs actually possess any such certificates, they should be compelled to produce them.

### III.  CONCLUSION

This Court should grant Defendants' motion to compel. Plaintiffs have raised no valid legal reasons why Defendants are not entitled to the information. They have also not raised any valid legal argument as to why they are excused for refusing to respond to reasonable discovery.

DATED at Anchorage, Alaska this 25th day of August, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By: s/ Matthew Singer
Matthew Singer
3000 A Street, Suite 300
Anchorage, AK  99503
Phone:  (907) 563-8844
Fax:  (907) 563-7322
Alaska Bar No. 9911072

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2006,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

s/ Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

s/ Matthew Singer