Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case 4:04-cv-00034-RRB |

### RULE 56(f) MOTION FOR THREE-WEEK EXTENSION
### TO FILE COMBINED REPLY AND OPPOSITION
### TO SUMMARY JUDGMENT (COUNT I)

Defendants respectfully request an additional three-week extension of time to file their Combined Reply and Opposition to Cross-Motion for Summary Judgment (Count I). This additional time is necessary to address a new issue raised by Plaintiffs, and due to an illness of a key City employee.

In January, Defendants moved for summary judgment on Count I of Plaintiffs' complaint, which states a claim for overtime pay under the Fair Labor Standards Act.

Small police departments are exempt from the law. Plaintiffs asserted in their complaint that several specific individuals should be included as law enforcement officers, thus defeating the City's exemption. In its motion, the City showed that these individuals were either not properly considered law enforcement officers or were not employed at relevant times. After seven months of delays, Plaintiffs recently opposed the motion and filed a cross-motion. In that pleading, Plaintiffs assert a new theory, not pleaded in their complaint, that the City's police department also employed "jail guards" who should be counted in determining whether the City is entitled to the small department exemption.

The State of Alaska, not the City of Fort Yukon, maintains an emergency prisoner guard program which pays the persons who serve as prisoner guards in Fort Yukon.[1] In order to disprove Plaintiffs' assertions and obtain summary judgment, the City must now obtain necessary records and potentially affidavits or testimony from the State of Alaska to establish that the prisoner guards are State employees, not City employees.

In addition, Plaintiffs refer to a passing reference in a memorandum to five jail guards and claim that these people were City employees. The City now needs to provide the Court with additional information or affidavits to establish whether the people listed in Plaintiffs' motion were ever employed or on the payroll of the City in any capacity. This task is complicated because the City Treasurer, Vera James, is currently hospitalized. [Declaration of Matthew Singer] The City expects that an additional three-week extension will allow time for the Treasurer to return to work or for the City to train

---

[1] *See* 13 AAC 62.020.

someone else to operate the payroll computer program. [Declaration of Matthew Singer] The City has only a few employees, so Ms. James' absence is sharply felt.

The City regrets any additional delay in deciding this long-pending motion, but believes it necessary and unavoidable in light of the above circumstances.

DATED at Anchorage, Alaska this 11th day of September, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By: s/ Matthew Singer
Matthew Singer
3000 A Street, Suite 300
Anchorage, AK 99503
Phone: (907) 563-8844
Fax: (907) 563-7322
Alaska Bar No. 9911072

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2006,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

s/ Matthew Singer