Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM, <br><br>                     Plaintiffs, <br><br>     vs. <br><br> FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA, <br><br>                     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case 4:04-cv-00034-RRB |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL PLAINTIFFS TO RESPOND
TO DEFENDANTS' SECOND DISCOVERY REQUESTS**

**I.     INTRODUCTION**

This is the second time Plaintiffs in this case have forced Defendants to seek court intervention due to failure to respond to discovery requests. Despite clear discovery requests and two follow-up letters from counsel, Plaintiffs refuse to provide information that is central to their alleged damages. The information requested – concerning the terms, conditions and benefits associated with Plaintiffs' employment after leaving the

City of Fort Yukon – is necessary to determine the amount, if any, of damages allegedly incurred by Plaintiffs. Plaintiffs' refusal to provide this information violates the letter and spirit of the discovery rules. Because Plaintiffs' counsel has refused to respond to requests to answer or supplement inadequate responses to these requests, Defendants are once again compelled to seek Court intervention to obtain information which should have been provided months ago.

## II. FACTUAL BACKGROUND

This case is five lawsuits in one. Five former police officers from the City of Fort Yukon are suing the City and its former City Manager, Fannie Carroll, asserting claims for overtime pay under the Fair Labor Standards Act and wrongful discharge or constructive discharge. The officers' claims span a period of almost three years. Hampton, McKillican and Schlumbohm all resigned on different dates, while Fleming and DeLeon were terminated.

As the Court is aware, the parties at one time believed they had settled all but the overtime claims in this case. During those settlement discussions, Plaintiffs' counsel represented in a letter to defense counsel that each Plaintiff had mitigated his damages and was not harmed by their termination or resignation from the City of Fort Yukon. [Ex. A] When Plaintiffs withdrew from the settlement, Defendants renewed their efforts to conduct discovery on these claims.[1]

---

[1] Defendants moved for summary judgment to enforce what it believed to be a contractual agreement resolving Counts II-IV. This Court disagreed with the City and denied the summary judgment motion on May 3, 2006. [Docket 45]

Defendants served their Second Discovery Requests on July 21, 2006. These discovery requests focus on Plaintiffs' damages associated with their claims for wrongful discharge/constructive discharge. Thus, the requests seek documents relating to Plaintiffs' income and to the terms, conditions and benefits of Plaintiffs' subsequent employment.

Defendants received Plaintiffs' responses on August 23, 2006. Each plaintiff refused to answer most of the requests, responding only that "these documents are not currently in the possession of [plaintiff.]" [Ex. B (DeLeon), Ex. C (Fleming), Ex. D (Hampton), Ex. E (McKillican), Ex. F (Schlumbohm)]

On August 25, 2006, defense counsel faxed to Plaintiffs' counsel a letter explaining why this response was inadequate. [Ex. G] On August 30, 2006, Defendants received "supplemental responses" from Plaintiffs Fleming, Hampton and Schlumbohm. [Ex. H (Fleming), Ex. I (Hampton), Ex. J (Schlumbohm)] However, as detailed in an August 31, 2006, fax to Plaintiffs' counsel, Plaintiffs had still failed to provide any response whatsoever to questions about the terms, conditions and benefits of their current employment. [Ex. K] Plaintiffs' counsel has failed to even respond to this letter. [*Id.*] As has become a pattern in this litigation, it is again clear that plaintiffs will not cooperate unless so ordered by the Court.

## III. DISCUSSION

Defendants served the same discovery requests on each of the five Plaintiffs. With rare exceptions, each responded with the same objections and refusals to answer. These

responses are inadequate and do not reflect a good faith effort to comply with discovery. The Court should compel responses to the Requests for Production. Accordingly, each Plaintiff should now be compelled to answer the following key discovery questions:

### *Request for Production No. 16*

This RFP asked Plaintiffs to provide "[a]ll tax returns, including all schedules and attachments, for the years 2001, 2002, 2003, 2004, and 2005." Only Plaintiffs DeLeon and McKillican have responded in full to this request.

Plaintiff Fleming initially provided years 2002 and 2005, and stated that years 2001, 2003 and 2004 "are not currently in the possession of Mr. Fleming. [Ex. C] In his supplemental response, Fleming provided years 2003 and 2004, but has still not provided year 2001. [Ex. H]

Plaintiff Schlumbohm provided only years 2003, 2004 and 2005, stating that "[y]ears 2001-2002 are not currently in the possession of Mr. Schlumbohm." [Ex. F] Likewise, Plaintiff Hampton has refused to provide years 2002 and 2005 because they are "not currently in [his] possession." [Ex. D]

Plaintiffs' refusal to fully respond to this RFP is improper. As a threshold matter, of course, tax returns and income records are among the easiest, most direct way to determine how, if at all, Plaintiffs were affected by leaving employment with the City of Fort Yukon. As has been briefed elsewhere, the City believes it did nothing wrong with regard to any of Plaintiffs' employment, but even if it did, it is of no matter if Plaintiffs were not damaged. The City is entitled to review income records to assess damages and

mitigation issues. It is reasonable to request income records from years prior to employment with the City of Fort Yukon so as to establish Plaintiffs' pattern with regard to productivity and work. Defendants are likewise entitled to review records subsequent to employment with the City to determine whether, as previously represented by Plaintiffs' counsel, Plaintiffs in fact have no damages.

As to the specific defense asserted throughout Plaintiffs' response to this and the remaining RFPs, the documents not currently being in Plaintiffs' possession does not alleviate Plaintiffs' responsibilities under the Civil Rules. Federal Rule of Civil Procedure 34(a) states that the discoverable documents are those "which are in the possession, custody or control of the party upon whom the request is served[.]" The "federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand. Thus, legal ownership of the document is not determinative."[2]

The inquiry does not stop with the question of whether Plaintiffs actually have the requested documents in their immediate possession. "'[U]nder Rule 34 'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-

---

[2]   *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citations omitted).

party to the action.'"[3] The documents sought in this RFP – tax returns – are documents to which plaintiffs have a legal right and which are obtainable by plaintiffs. Rule 34 requires plaintiffs to obtain and produce them.

### *Request for Production No. 17*

This RFP asked Plaintiffs to provide "[a]ll W-2 forms received by you for the years 2001, 2002, 2003, 2004, and 2005." As with RFP No. 16, this is a standard RFP in employment litigation. Nonetheless, Plaintiffs Hampton, Fleming and Schlumbohm have still failed to fully comply with this request. Plaintiff Hampton failed to provide his 2004 and 2005 W-2, stating that these documents "are not currently in the possession of Mr. Hampton." [Ex. D] Schlumbohm refused to provide his 2003 W-2 and Fleming his 2001 and 2002 W-2 forms on the same basis [Ex. F (Schlumbohm), Ex. C and H (Fleming)].[4] As with Plaintiffs' tax returns, the W-2s sought in this RFP are documents to which Plaintiffs have a legal right and which are obtainable by Plaintiffs. Rule 34 requires Plaintiffs to obtain and produce them.

### *Request for Production No. 19*

RFP No. 19, another standard damages request in the employment arena, asks each Plaintiff to provide "[a]ny documents indicating the terms of your current

---

[3] *Proksch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D.Minn. 2000) (*quoting Bank of New York v. Meridien BIAO Bank Tanzania, Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997)).

[4] In Exhibit H, Fleming purports to produce all remaining W-2s. However, the documents produced do not include a 2001 or 2002 W-2. Plaintiffs' counsel has not responded to defense counsel's letter of August 30, which specifically pointed out that these documents were still missing. [Ex. K]

employment, including job descriptions, pay scales, collective bargaining agreements, and/or employment contracts." As with the other RFPs that are the subject of this motion, this RFP goes to the heart of Plaintiffs' questionable damages claims, and, specifically, goes to whether Plaintiffs have fully mitigated their damages, as has been previously claimed by their attorney. [*See* Ex. A]

Plaintiffs DeLeon, Fleming, Hampton and Schlumbohm have provided no documents responsive to this request, instead simply stating that the information is not in their possession at this time. [Ex. B, C, D, F] This response is patently improper for the reasons discussed above. This is information to which Plaintiffs have a right and which they may obtain. The Court should therefore order Plaintiffs DeLeon, Fleming, Hampton and Schlumbohm to respond to this RFP.

The Court should further order Plaintiff McKillican to supplement his response. McKillican, who is currently employed by the Department of Defense as a Fort Wainwright police officer, has provided only a single, one-page document in response to this request. [*See* Ex. E] McKillican has failed to provide his job description, collective bargaining agreements and/or other responsive materials. [*Id*.] The document appears to be a governmental pay scale. The one-page document he produced is obviously not the only document setting out the terms and conditions of his employment with the Department of Defense. Rather, there are surely additional documents – which McKillican "has the right, authority, or practical ability, to obtain" – responsive to this request. These terms and conditions, in turn, are material to the question whether

McKillican has any damages at all, or whether, as asserted by his counsel, he has fully mitigated his damages. [*See* Ex. A] The Court should order him to respond in full to the RFP.

### *Request for Production No. 20*

This RFP asked Plaintiffs to provide "[a]ny and all documents related to any benefits of your current employment, including retirement, medical, dental, life or other benefits." As with the previously-discussed RFPs, benefits being received as part of Plaintiffs' current employment are a necessary part of the damages inquiry. Again, however, Plaintiffs DeLeon, Fleming, Hampton and McKillican have refused to respond to this request, instead simply stating that the information is not in their possession at this time. For the reasons set forth above, this answer is inadequate, and the Court should compel Plaintiffs to respond.

### *Request for Production No. 21*

RFP 21 requested that plaintiffs provide "[c]opies of any applications for employment you made after leaving employment with the City of Fort Yukon." This RFP goes to mitigation, and to whether Plaintiffs made reasonable efforts to mitigate their damages. Despite the obvious relevance, and despite their obligation under FRCP 34, Plaintiffs DeLeon, Fleming, Hampton and McKillican have refused to respond to this request, instead again simply stating that the information is not in their possession at this time. As with the other RFPs discussed above, the Court should order Plaintiffs to provide full and complete responses to RFP 21.

## IV. CONCLUSION

Defendants respectfully request that this Court, pursuant to Federal Civil Rule 37, compel Plaintiffs to respond fully to Defendants' first discovery requests, and to promptly provide answers to Requests for Production 16, 17, 19, 20 and 21.

DATED at Anchorage, Alaska this 13th day of September, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By:   s/ Matthew Singer
      Matthew Singer
      3000 A Street, Suite 300
      Anchorage, AK  99503
      Phone: (907) 563-8844
      Fax: (907) 563-7322
      Alaska Bar No. 9911072

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2006,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

s/ Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

s/ Matthew Singer