JDO

Jermain Dunnagan & Owens, P.C.
LAW OFFICES

WILLIAM K. JERMAIN
CHARLES A. DUNNAGAN
BRADLEY D. OWENS
RANDALL G. SIMPSON
HOWARD S. TRICKEY
GARY C. SLEEPER
SAUL R. FRIEDMAN

DIANE F. VALLENTINE
W. MICHAEL STEPHENSON
ANDRENA L. STONE
EUGENIA G. SLEEPER
MARK P. MELCHERT
SARAH E. JOSEPHSON

ERIC J. BROWN
MATTHEW SINGER
RAYMOND E. GOAD, JR.
MICHELLE L. BOUTIN
CHERYL MANDALA
CAROLINE P. WANAMAKER
THOMAS A. BALLANTINE

3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503-4097

TELEPHONE (907) 563-8844
FAX (907) 563-7322
E-MAIL info@jdolaw.com

SERVING ALASKANS SINCE 1976

August 25, 2006

<u>VIA FAX AND U.S. MAIL</u>
Fax No.: (907) 452-4725

Michael J. Walleri, Esq.
330 Wendell St., Suite E
Fairbanks, AK 99701

  Re: *Fleming, et al. v. City of Fort Yukon, et al.*

Dear Mr. Walleri,

  This letter identifies deficiencies in plaintiffs' responses to defendants Second Discovery Requests. The deficient responses are those that simply state that certain documents cannot be produced because they are "not currently in the possession" of the client.

  Federal Rule 34(a) states that the discoverable documents are those "which are in the possession, custody or control of the party upon whom the request is served[.]" The "federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand. Thus, legal ownership of the document is not determinative."[1] The inquiry does not stop with the question of whether your clients actually have these documents in their possession. "Therefore, 'under Rule 34 'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action.'"[2]

---

[1] *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citations omitted).

[2] *Proksch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D.Minn. 2000) (*quoting Bank of New York v. Meridien BIAO Bank Tanzania, Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997)).

Exhibit G,
Page 1 of 2

Michael J. Walleri, Esq.
August 25, 2006
Page 2

The requests for production related to your clients' tax returns, W-2 forms, pay stubs, documents relating to the terms of their current employment and benefits, and applications made to other employers after leaving Fort Yukon. All of these documents are obtainable by your clients. Your clients have a legal right to these documents. Your clients therefore must obtain and provide them in order to be in compliance with Federal Rule 34.

Under the proper Rule 34 standard, the following responses were deficient: Mr. McKillican's responses 20 and 21; Mr. DeLeon's responses 19, 20 and 21; Mr. Fleming's responses 16, 17, 19, 20 and 21; Mr. Hampton's responses 16, 17, 18, 19, 20 and 21; Mr. Schlumbohm's responses 16, 17, 18 and 19. Please have your clients contact the appropriate people, companies or agencies in possession of this information. Your clients have the right to obtain these documents. My clients therefore have the right under Rule 34 to these documents and to production of these documents by your clients. We would also note that all of these documents relate to your client's damages claim, and so probably should have been voluntarily disclosed pursuant to Federal Rule 26.

If you have any questions or concerns, please do not hesitate to call me and confer. As the deadline for discovery motions is fast approaching, a prompt response is necessary to avoid motions practice on this question.

Very truly yours,

JERMAIN DUNNAGAN & OWENS, P.C.

/s/ Matthew Singer

Matthew Singer

MS/jmh