

Print - Close Window 

Howard S. Trickey

Matthew Singer

JERMAIN, DUNNAGAN & OWENS, P.C.

3000 A Street, Suite 300

Anchorage, Alaska 99503

(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

REGINALD FLEMING, CHRISTOPHER )

DELEON, CHRIS HAMPTON, WILLIAM )

D. MCKILLICAN, and TODD )

SCHLUMBOHM, )

                )

        Plaintiffs, )

                )

  vs. )

                )

FANNIE CARROLL, and the CITY OF )

FORT YUKON, ALASKA, )

                )

        Defendants. )

            ) Case 4:04-cv-00034-RRB

**AFFIDAVIT OF FANNIE CARROLL**

STATE OF FLORIDA )

09/13/2006 15:27 FAX 8507841734    UPS STORE 0521    ☐002

Yahoo! Mail - fcarroll05@yahoo.com    Page 2 of 3

Case 4:04-cv-00034-RRB    Document 103-14    Filed 09/13/2006    Page 2 of 3

) ss.

COUNTY OF __)

I, Fannie Carroll, being first duly sworn upon oath, depose and state as follows:

1. I was City Manager at the time when Reginald Fleming and Todd Schlumbohm were terminated as employees of the City of Fort Yukon.
2. In his tenure as Chief of Police, Fleming was supposed to take care of all officer certification issues. He represented to me that he was hiring officers who met the requirements of the Alaska Police Standards Council. In December 2003, Fleming represented to the entire City Council that all of his officers were certified officers. Fort Yukon is a participating city with the Alaska Police Standards Council, and so I understood was required by law to hire officers whom met certain standards for city police officers.
3. Prior to Fleming's termination, I had no knowledge that he did not have his basic certification to be a police officer in Alaska. Fleming had been hired prior to my service as City Manager.
4. On or about the date when the City terminated Chief Fleming in February 2004, I learned that all of the personnel records for the police department were missing. I contacted the State Troopers, and several days later Officer Schlumbohm returned the files to the City. I understand that he has admitted that he took the files to Fairbanks and hid them in his closet.
5. Immediately prior to Fleming's termination, I expressly instructed Schlumbohm that I wanted to see the personnel records and tape recordings of meetings. I had had a conversation with Fleming where he had been directly insubordinate, refusing to return to Fort Yukon to address a personnel problem and instead telling me that I could go ahead and fire him. I scheduled a meeting with the City's attorney to assist me with initiation of the termination process of Fleming. The City's attorney asked that I bring the personnel records with me to Fairbanks. Schlumbohm refused to produce the files and said the files were going to remain in the department. He later removed the files and took them to Fairbanks on his next leave date. He returned the files only after the City contacted the State Troopers.
6. Officer Wallace, along with police consultant Greg Russell, reviewed the personnel files after Schlumbohm returned them. They informed me that Chief Fleming did not have his basic certification from the Alaska Police Standards Council. This was the first time I learned this fact, and I also learned that it was unlawful to continue employing Fleming as he had served in excess of 14 months.
7. During the same review of the personnel files, I learned that Officer Schlumbohm was not certifiable as a police officer, and therefore could not be employed as a police officer in Fort Yukon, because of his criminal record (DUI convictions). I learned this fact after February 11, when I sent him a notice of suspension for taking the personnel records and before February 16, the date we scheduled for his pre-termination hearing.
8. Prior to that date, I had no knowledge that Schlumbohm was not certifiable as a police officer under the Alaska regulations.
9. Had I known that Fleming was not certified and that Schlumbohm was not certifiable, I would have terminated both of them. It was important to me that the City comply with the Alaska Police Standards Council's requirements for city police officers, and I was concerned that being out of compliance could jeopardize funding for the department.
10. The City informed Todd Schlumbohm that it was scheduling a pre-termination hearing. Under the City personnel policy, the City Manager generally serves as hearing officer. Because I was involved in the termination decision, I asked Mary Beth Solomon to serve as the hearing officer. Ms. Solomon was a city council member. Schlumohm, Deleon, and Fleming all came into town on or about the date of the scheduled hearing for Schlumbohm and Deleon.
11. Deleon's lawyer sent the City a letter stating that he was not participating in a hearing. Consequently, the City did not proceed with Deleon's hearing.
12. For Schlumbohm, the City was prepared to proceed with his pre-termination hearing. Mr. Schlumbohm and I met, along with Greg Russell from the Alaska Municipal League. I asked him if he wanted an open or closed hearing. We also discussed his prior criminal convictions, and the fact that he could not be certified as a police officer under the Alaska Police Standards Council regulations. I gave him a choice of resigning or proceeding with the pre-termination hearing. He decided to resign rather than proceed with the hearing. Because he resigned, there was no hearing.
13. Plaintiffs assert the City owes them overtime pay under the Fair Labor Standards Act. The City did not pay its police officers overtime because of the small police department exemption in the law. I understood, based on the advice of the city's attorney, Perkins Coie LLP, that a department with fewer than five persons employed in law enforcement was not required to pay overtime. I believed then, and believe now, that the City was in compliance with this exemption because it never had more than four

police officers on the payroll at a time, and usually had only two or three. Prior to the complaint in this lawsuit, no one had ever suggested that the City was not entitled to the small-department exemption.

FURTHER AFFIANT SAYETH NAUGHT.

Fannie Carroll 

SUBSCRIBED AND SWORN TO before me this 13 day of September, 2006.

Notary Public in and for the State of Florida

County of Bay

My commission expires: Nov 19, 2008

Duer Burnett
Commission # DD372712
Expires November 19, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019