*City of Fort Yukon*
*P.O. Box 269*
*Fort Yukon, Alaska 99740*

## Employment Agreement

This agreement is entered into this 20th day of November, 2001. between Reginald Fleming (hereinafter "Employee") and the City of Fort Yukon, Inc. (hereinafter "Employer").

1. **PURPOSE.** Employer agrees to employ Employee in the position of Chief of Police of the Fort Yukon Police Department by the City of Fort Yukon, Alaska.

2. **TERM.** The term hereof shall commence on November 20, 2001 and ending November 20, 2003. Thereafter this agreement may be renegotiated upon such terms and conditions to which the parties may mutually agree, if any. Thirty (30) days before the anniversary date, parties shall begin negotiations for renewal of agreement.

3. **DUTIES.** Employee shall make every effort and shall devote full time and attention to fulfillment of the duties of the Chief of Police as more particularly described in Fort Yukon Code 2.28.010 It is the duty of the chief of police to enforce ordinances regulating the conduct of persons with the city so as to protect the public health, public safety and public peace, and welfare and to protect property within the city from loss and/or destruction by unlawful means, and to enforce those ordinances which by the terms of the ordinances the chief of police is specially instructed to enforce and to perform such duties as the city council may from time to time require performed. Employee further agrees not to engage in any other business that would conflict or give the appearance of conflict with the Employee's duties for Employer.

Employee shall comply with the policies, procedures, standards, directives and regulations now established or which may be established by the employer from time to time.

4. **PERFORMANCE EVALUATION.** Employee's performance shall be formally evaluated by the city council within ninety (90) days after the commencement of this agreement.

5. **COMPENSATION.** In consideration of Employee's performance under this agreement, Employee shall be paid the following:

   (a) A salary of $50,000.00, payable bi-weekly in equal installments of $1923.08.

   (b) Employee shall receive leave, vacation, and holidays in accordance with the City of Fort Yukon Personnel Policy Manual. Employee shall not be entitled to overtime pay or compensatory time. Employee shall also be eligible for coverage by Employer's standard group health plan, and retirement plan offered by Public Employee's Retirement System. (PERS).

   (c) Employer shall pay the expenses reasonably incurred by Employee in moving from Fairbanks to Fort Yukon. Employer shall not be responsible for Employee's expenses in moving from Fort Yukon upon the termination of this or any other agreement, except as provided by law.

(d) Employer shall pay Employee's rent not to excess $7800.00 per year. Employee will be responsible for ordinary charges for the following utilities: Water, heat, electricity and sewage.

6. **VEHICLE USE.** Employee may use any available Fort Yukon Police Department Vehicle for Employer's purposes.

7. **TERMINATION AND SEVERANCE PAY**

  (a) Nothing in this agreement shall prevent, limit, or otherwise interfere with the right of the City Council or the City Manager to terminate the services of the Employee at any time for any or no cause.

  (b) In the event Employee is terminated by the City Council/City Manager during such time that Employee is willing and able to perform the duties of Chief of Police, then in that event the City agrees to pay the Employee a lump sum cash payment equal to 1 months aggregate salary: provided, however, that in the event Employee is terminated because of his conviction of any felony or misdemeanor or any cause related to the fitness of Employee to perform the duties of office or for good cause related to Employee's performance of his duties, in that event, City shall have no obligation to pay the aggregate severance sum designated in this paragraph.

  (c) In the event Employee voluntarily resigns his position with the city, the employee shall give the City thirty (30) days written notice in advance of said resignation.

  (d) TERMINATION BY DEATH. This Agreement shall immediately and automatically terminate upon Employee's death.

8. **REIMBURSEMENT FOR EXPENDITURES.** Reimbursement for expenditures on behalf of the City shall not be paid unless reimbursement is sought in accordance with standard City procedures, including receipts, vouchers, and supporting material. Employer shall reimburse Employee for reasonable employment-related expenses including meals, civic club membership, travel and subscriptions, with prior approval from the City Manager.

9. **CONFERENCES AND CONTINUING EDUCATION.**

  (a) Employee shall be reimbursed for all cost of attending approved national or state Public Safety conference, subject to prior City Manager approval.

  (b) Employer shall pay any reasonable cost of registration, travel and subsistence relating to training programs which serve to continue the professional education development of Employee, subject to prior City Manager approval.

10. **CONFIDENTIALITY.** All matters required to be kept confidential by any provision of federal or state law, or city ordinance shall not be released by Employee to any person or group without the express consent of the City Manager/City Council.

11. **CONFLICT OF INTEREST.** Employee agrees to be fair and impartial in all dealings and to avoid any actions which create a conflict of interest, or which might reasonably be interpreted as affecting the impartiality of the position of Chief of Police. Employee will avoid any action which adversely affects or appears to affect Employee's ability to perform the duties of chief of police.

12. **MISCELLANEOUS PROVISIONS.**

    (a) GOVERNING LAW. This agreement shall be governed by and construed under the State of Alaska and is subject to all applicable city code provisions of the City of Fort Yukon.

    (b) PERSONNEL REGULATIONS. It is agreed that, with the exception of the applicable section addressing vacation, leave, health insurance, retirement benefits and travel, the provisions of the City of Fort Yukon Personnel Policy Manual do not apply to this agreement.

    (c) JURISDICTION. In the event that any action or suit is brought to enforce this agreement, the parties agree to be subject to exclusive in persona jurisdiction in the Superior Court of Alaska and agree that in any such action venue shall lie exclusively in the Fourth Judicial District.

    (d) ENTIRE AGREEMENT. This agreement contains the entire agreement of the parties and supersedes all prior negotiations. No other agreement, statement or promises may by or to any party, or any employee, officer, or agenda of any party, which is not contained in this agreement shall be binding or valid.

    (e) PARTIAL INVALIDITY. If any term, covenant, condition or provision of this agreement is held by a court of competent jurisdiction to be invalid, void or enforceable in force and effect and in no way be affected, impaired, or invalidated.

    (f) ASSIGNMENT. Employee may not assign this agreement.

    (g) AMENDMENT. This agreement may be amended only by a written document executed by the parties hereto.

13. **EMPLOYEE'S CERTIFICATION.**

Employee hereby certify receipt of a copy of this agreement and certifies that the contents hereof are understood by employee. Employee certifies that this agreement fairly represents the agreement reached between the parties.

**EMPLOYEE**

*(signature)*
Reginald Fleming
Dated: 10 Dec , 2001

**CITY OF FORT YUKON**

*(signature)*
Richard C. Carroll, Mayor
Dated: Nov. 20 , 2001

**ATTESTED**

*(signature)*
Mae Glazer, City Clerk
Dated: Dec 10 , 2001.

FY 665

Exhibit B
Page 4 of 4