Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case 4:04-cv-00034-RRB |

### DEFENDANTS' MOTION TO EXTEND DEADLINE FOR MOTIONS PRACTICE UNTIL PLAINTIFFS COMPLY WITH THEIR DISCOVERY OBLIGATIONS

The Court's current deadline for all motions practice is today. Defendants have attempted to comply with this deadline, and have prepared summary judgment motions as to all Plaintiffs, as well as a second discovery motion. Unfortunately, due to Plaintiffs' continued refusal to comply with discovery, Defendants have not been able to fully evaluate Plaintiffs' claims and there may be additional motions practice to which Defendants are entitled.

As of this date, Plaintiffs have yet to provide the most basic information about their employment subsequent to working for Fort Yukon, rendering it impossible for the City to fully evaluate Plaintiffs' claims. [*See e.g.,* Court's Order Compelling Responses to Defendants' First Discovery, Docket 87]  For example, if Plaintiffs have no damages, or are better off now than they were as Fort Yukon employees, then the City may be entitled to summary judgment. Defendants cannot even determine if an expert witness is needed to evaluate the damages claim for wrongful termination.[1]  Plaintiffs' discovery delay and sandbagging prevents the City from making such a motion or making basic decisions about how to defend this case.  Also, the City cannot determine if any additional discovery or evidentiary motions are necessary until it obtains responses to the outstanding requests.

Accordingly, Defendants respectfully request that the Court extend the deadline for motions practice until the later of the following:  (1) 30 days after Plaintiffs comply with the Court's order compelling responses to the Defendants' first discovery responses; or (2) 30 days after Plaintiffs' comply with the Court's likely order compelling responses to Defendants' second discovery responses (Defendants' motion to compel was filed today).  This extension is necessary so Defendants are not penalized nor prejudiced by Plaintiffs' refusal to comply with their discovery obligations.

---

[1]  Plaintiffs' counsel previously represented that his clients had successfully mitigated and were not damaged.  If this is so, then Defendants should not have to incur the time and expense of retaining an expert.  But until Plaintiffs actually explain their damages theory and provide the requested documents about their income and subsequent employment, Defendants remain in the dark.  This is unfair.

DATED at Anchorage, Alaska this 13th day of September, 2006.

           JERMAIN, DUNNAGAN & OWENS, P.C.

          By:   s/ Matthew Singer
             Matthew Singer
             Alaska Bar No. 9911072

          By:   s/ Howard S. Trickey
             Howard S. Trickey
             Alaska Bar No. 7610138
             3000 A Street, Suite 300
             Anchorage, AK  99503
             Phone:  (907) 563-8844
             Fax:  (907) 563-7322

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2006, a true and correct copy of the foregoing document was served electronically on the following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99709

By:   s/ Matthew Singer