Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON,  CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and  TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT: STATUTES OF LIMITATION ON FAIR LABOR STANDARDS ACT CLAIMS [COUNT I]**<br><br>Case No. F04-0034 CIV (RRB) |

The Defendants', City of Fort Yukon and Fannie Carroll, have moved for partial summary judgment on the issue of statute of limitations.  The Complaint in this matter was filed on December 29, 2004.   The parties agree that the claims in Count I – Wage and Hour Claims, is governed by 29 USC § 255, which establishes a two year statute of limitations for wage and hour claims generally, and a three year statute of limitations for willful violations. The motion seeks to define the "look back" period of wage claims.  If the employer's actions are deemed "willful" the

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                           *Page 1 of 7*
Opp: Partial Sum. Jud. (Count 1) [Docket 96]

plaintiffs may bring wage claims that accrued after December 29, 2001; if the claims are not found to be willful, the plaintiffs may bring wage claims that accrued after December 29, 2002.  The Court should deny the motion for summary judgment because there is sufficient evidence to raise a genuine issue of material fact with respect to whether the failure to pay the police officers overtime at times when there was five or more persons employed in law enforcement activities was "willful" within the meaning of the FSLA.

The City is only entitled to summary judgment if the Court finds that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits… show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A dispute over a material fact exists if the evidence would allow a reasonable fact-finder to return a verdict for the non-moving party.[2]  "(T)he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.[3]  The non-moving party may defeat judgment by producing sufficient specific

---

[1] *See* FRCP 56(c)
[2] *See Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)
[3] *Anderson v Liberty Lobby, Inc.*, 477 U.S., at 247-248

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

facts to establish that there is a genuine issue of material fact for trial.[4]  "The plaintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial."[5] There is sufficient evidence such that a reasonable fact-finder may find that the City's FSLA violations were willful.

There is little question that the City was aware of the FSLA obligation to pay employees overtime (1 ½ hourly wage rate) for hours worked in excess of 40 yours a week. The City Personnel Manual provides such evidence, in that it specifically references the FSLA.  Indeed, the policy manual provides clear evidence that the City knew about the FSLA, and affirmatively adopted a policy that all police officers should be exempt.[6]  The manual announces a City blanket policy providing that that all police officers are exempt.[7]  The Manual specifically references FSLA,  which  is clear evidence the City was aware of the FSLA.  However, the manual also declares a City policy that all police officers were exempt under the FSLA.  This is very different from the legal position of the City in this litigation; i.e. that police officers were exempt so long as they were less than five (5) persons employed by the in law enforcement activities.  Of course, the City might argue that it also had some

---

[4] *Celotex Corp. v Catrett,* 477 U.S. 317, 322 (1986).
[5] *Anderson* v. *Liberty Lobby, Inc., ante*, at 257.
[6] Plt. Exhibit 1 (Excerpt City Personnel Manual, Page p. 8)
[7] Id.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

unspoken policy that it would never hire more than four persons in law enforcement. However, as discussed in the related pending cross summary judgment motions on violations of FSLA's overtime rules, the exemption does not merely look at whether there are four or less police officers. Rather, the law considers all persons engaged in law enforcement – i.e. police officers and jail guards.

The City policy and practice was a board blanket policy that does not take into consideration the number of persons employed in law enforcement. Rather the policy, as articulated in the manual, provides for a blanket overtime exemption for all police officers, irrespective of whether there are five or more police officers, guards, etc. In this case, the City's policy manual acknowledges the FSLA, but articulates a blanket policy that clearly violates the FSLA. The City's personnel manual clearly adopted a blanket exemption for police officers. It did not adopt an exemption for jail guards. Nor did it adopt a policy that police officers were exempt so long as less than five law enforcement personnel were employed.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Fleming was hired in November 5, 2001.[8]  McKillican was hired August 1, 2002.[9]  Therefore, both men were employed between December 29, 2001 and 2002, and their claims would be affected by the statute of limitations.[10]  At the time of Officer McKillican's hire and for his first pay period, the City of Fort Yukon paid Officer McKillican on an hourly basis for every hour worked; e.g.  191 hours in that two week period. [11] After his first pay period, Officer McKillican the City changed his compensation, placed McKillican on a salary basis.   This clearly evidences an awareness that Officer McKillican was working in excess of 40 hours a week.

The willfulness standard was explained by the Ninth Circuit in *Alvarez v. IBP, Inc.*, 339 F.3d 894  (9th Cir., 2003).  The Court stated

> The determination of willfulness is a mixed question of law and fact …
> For § 255's extension to obtain, an employer need not knowingly have violated the FLSA; rather, the three-year term can apply where an employer disregarded  the very "possibility" that it was violating the statute although we will not presume that conduct was willful in the absence of evidence.
>
> To prove a particular FLSA violation willful under § 255, the Supreme Court has, in general, required evidence of an employer's "knowing or  reckless disregard for the matter of whether its conduct was prohibited by the statute.

---

[8] Complaint Para. 7  Admitted in Answer.
[9] Compalint Para. 8 Admitted in Answer.
[10] Three of the officers (Hampton, Schlumbohm and DeLeon) entire periods of employment occurred after the latter date, and hence their claims would not be affected by any statute of limitations.
[11] Plt. Exhibit 2 (Affidavit of Officer McKillican, with attachments) (attached)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*339 F.3d at, 908-909* In *Alvarez v. IBP, Inc.*, the Court correctly found that the employer was willful, where the employer was on notice of its FLSA requirements, yet took no affirmative action to assure compliance with them. There can be no serious dispute that the city knew that FSLA was an issue, and that the City recklessly disregarded *the possibility* that [it] was violating the FLSA. Under the standard in use within the Ninth Circuit, as articulated in *Alvarez v. IBP, Inc.*, the City' blanket exemption policy for police officers was clearly a "willful" violation of the FSLA. See also *Chao v. A-One Medical Services. Inc.*, 346 F.3d 908, 918-919 (9th Cir. 2003).

The Court should deny the City's motion. The three-year statute of limitations should apply rather than the two-year statute of limitations because the City knew of the FSLA requirements, and actually paid began McKillican's employment by paying him overtime in compliance with FSLA, and purposefully changed the policy in violation of FSLA.

DATED: October 16, 2006

s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wedell Street, Suite E
Fairbanks, AK 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
walleri@gci.net
AK. Bar No. 7906060

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                    *Page 6 of 7*
Opp: Partial Sum. Jud. (Count 1) [Docket 96]

<u>Certificate of Service</u>
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on October 17, 2006 via ECFl to:
Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

<u>s/ Michael J. Walleri</u>

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725