Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

REGINALD FLEMING, CHRISTOPHER
DELEON,  CHRIS HAMPTON, WILLIAM
D. MCKILLICAN, and  TODD
SCHLUMBOHM

               Plaintiffs,

   vs.

FANNIE CARROLL, and the CITY OF
FORT YUKON, ALASKA

             Defendants.

**MEMORANDUM**

**IN SUPPORT OF CROSS MOTION
FOR PARTIAL SUMMARY
JUDGMENT RESPECTING
FAILURE OF CITY TO CONDUCT
PRE-TERMINATION HEARINGS
AND EXCUSE OF FAILURE TO
PURSUE  ADMINISTRATIVE
GRIEVANCE PROCEDURES
(DELEON)**

Case No. F04-0034 CIV (RRB)

The City of Fort Yukon and Fannie Carroll (collectively referred to as the

City) have moved for partial summary judgment arguing that while Officer DeLeon

may have been wrongfully terminated, his claims[1] should be dismissed because

Officer DeLeon failed to avail himself of the administrative remedies contained in

---

[1] The City's motion does not explain which of Officer's DeLeon's claims it seeks to dismiss.  Officer
DeLeon's claims Count I (Unpaid Overtime), Count II (Wrongful Termination); Count IV (Violation
of 42 USC 1983-Procedural Due Process). It is assumed that the City's motion goes to Count II and IV.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

the personnel manual for the City of Fort Yukon.   The Court should deny the City's motion for partial summary judgment because there is sufficient evidence to raise a genuine issue of fact that 1) DeLeon did not have rights to grieve the action under the policy, 2) that he attempted to seek review by the City council but was denied access, and 3)  the City did not intend to afford Officer DeLeon his due process rights provided in the personnel policy, and, alternatively, that such efforts would have been futile because of bias.

Officer DeLeon has filed a cross motion for partial summary judgment seeking a rulings that

1)  City violated Officer DeLeon's rights to a pre-termination hearing;

2)  Officer DeLeon was excused from pursuing an administrative grievance.

As demonstrated below, the City totally deviated from the policies and procedures contained in the Personnel Manual, which included, the right to prior notice of the termination, a pre-termination hearing, and the notice of his rights.  It is remarkable that after such disregard to its own policies and procedures, the City now complains that Officer DeLeon's claims should be cut off because he didn't use grievance procedures, which likely didn't apply, and would have been futile.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

## I.    STANDARD FOR SUMMARY JUDGMENT.

The City is only entitled to summary judgment if the Court finds that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits… show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A dispute over a material fact exists if the evidence would allow a reasonable fact-finder to return a verdict for the non-moving party.[3]  "(T)he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.[4]  The non-moving party may defeat judgment by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial.[5]  "The plaintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial."[6]

---

[2] *See* FRCP 56(c)
[3] *See Anderson v Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)
[4] *Anderson v Liberty Lobby, Inc.,* 477 U.S., at 247-248
[5] *Celotex Corp. v Catrett,* 477 U.S. 317, 322 (1986).
[6] *Anderson* v. *Liberty Lobby, Inc., ante,* at 257.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

In this case, there is sufficient evidence such that a reasonable jury may find that the City did not intend to afford Officer DeLeon his due process rights provided in the personnel policy, and, alternatively, that such efforts would have been futile.

## II.     FACTS.

Officer DeLeon was hired by the City of Fort Yukon in June 2003.[7]  In early January 2004, a petition was circulated within the City of Fairbanks demanding, "the City Manager immediately relieve Officer Christopher Deleon of his position of City Patrolman."[8]  The petition did not list the reasons for the demand, except to accuse Officer DeLeon of "total disregard for the rural/native lifestyle."  On February 5, 2004, the city council held a meeting to discuss policing issues. [9] Officer DeLeon sought to address the Council with regard to mistruths being circulated in the community through the petition process.[10]  Chief Fleming, removed Officer DeLeon and explained that DeLeon had raised confidential personnel issues, which could not be addressed in public.  Fleming advised DeLeon to request an executive session with the Council.[11]  Officer DeLeon requested the Executive Session.[12]  The City

---

[7] See Def. Memo, at 2
[8] Plt Ex1 (DeLeon Depo. Ex. No. 4)
[9] Plt. Ex. 2 (DeLeon Depo), at pp. 126-127
[10] Id, at 128
[11] Id, at 132
[12] Id. at 132:11-15; Plt. Ex. 3 Carroll Depo.)  123:20-24

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Council granted his request and set a meeting for February 18, 2004 to be held in Executive Session to hear Officer DeLeon's concerns about the petition.[13]   However, before February 19th, City Manager Carroll fired DeLeon.[14]

On February 9, 2004, a letter of Dismissal was served upon Officer DeLeon alleging "insubordination, disrespect to superiors and receipt of a written statement and a petition, which individually and collectively provide just cause."[15]  The termination was effective immediately.  The notice included a copy of the personnel policy manual and stated that the manual "sets forth your rights, including the right to request a hearing." The letter went on to state, "For your information, if you request a hearing, it will not be before the City Manager."

Two days later, (February 11th) Fannie Carroll issued a second letter[16] after she meet with the City attorneys,[17] which cited additional reasons for DeLeon's termination.  The second letter indicated that a hearing would be conducted by Mary Beth Solomon, "a respected member of the community, a city Council member

---

[13] Plt. Ex. 4 (Carroll Depo.)  124:8-18
[14] Id.
[15] Plt. Ex. 5 (Exhbit Nos. 5 to DeLeon Depo)
[16] Plt. Ex. 6 (Exhbit Nos. 6 to DeLeon Depo)
[17] Plt. Ex. 7 (Carroll Depo.)  143:15- 144:10; See also 126:13-24

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                    *Page 5 of 21*
Opp: Partial Sum. Jud. (Count 1) [Docket 96]

and a member of the tribal council".  A hearing was set for February 16, 2004 in Fort Yukon.

According to Chief Fleming, the appointment of Mary Beth Solomon as the hearing officer was a set up because DeLeon had previously arrested her.[18]  DeLeon also believed that Ms. Solomon would be bias because he had arrested here for DUI and she wanted to disband the city police department and replace it with tribal police officers.[19]

On February 14, 2006 Fannie Carroll called the AMLJIA (the Alaska Municipal League Joint Insurance Association), who in turned called Mr. Russell, one of its consultants.[20]  Russell called Fannie Carroll and she informed him that that she was receiving conflicting direction from the City Council; i.e. "ranging from firing the cop, to leaving him alone."[21]  Russell traveled to Fort Yukon.

On February 16, 2004 --- the date set for Officer DeLeon's hearing before Mary Beth Solomon--- Officers DeLeon, Schlumbohm and Fleming returned from

---

[18] Plt. Ex. 8 (Fleming Depo) 179:20-180:3
[19] Plt. Ex9 (DeLeon Depo)  136:22- 137:9
[20] Plt. Ex. 10 (G. Russell Depo.) 7:7- 8:20; 41-22
[21] Id. Russell Depo Exhibit 1 (excerpt)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                    *Page 6 of 21*
Opp: Partial Sum. Jud. (Count 1) [Docket 96]

Fairbanks to Fort Yukon because they understood that a City Council meeting had

been scheduled.[22]  The Officers had wanted to attend the City Council meeting, but

Greg Russell, a consultant with the Alaska Municipal League advised them that they

could not go into the Council chambers meet with the Council.[23]


### III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES.

The exhaustion of administrative remedies involves three questions: (a) is

exhaustion of remedies required?; (b) did the complainant exhaust those remedies?;

and (c) is the failure to exhaust remedies excused?[24]


### a) Fort Yukon Dismissal and Grievance Procedures; The City Violated DeLeon's Right to a Pre-termination Hearing.

The City of Fort Yukon Personnel policy has two separate sections dealing

with dismissal (Chapter 5) and grievance procedures (Chapter 7).[25]  As a starting

point, it must be understood that the Alaska Supreme Court has consistently held

---

[22] Plt. Ex. 11 ( Schlumbohom Depo.) 79:23 – 80:12
[23] Id., 80:15- 81:14.  In his deposition, Gregg Russell indicated that he was unclear whether the city council meeting actually took place, and Mr. Russell believed that the officers actually declined to attend.  Plt. Ex. 12 (Russell Depo) 17:1-23  On the other hand, Councilwoman Debra McCarty indicated that she met individually with Russell that day, and that the Council may have met with Russell in executive session after her individual meeting, but she could not be sure that such a council meeting ever really took place.  Plt. Ex. 13(McCarty Depo.) 39:17-41:20
[24] *Bruns v. Municipality of Anchorage, 32 P.3d 362, 367 (Alaska, 2001) citing State, Dep't of Transp. & Pub. Facilities v. Fairbanks North Star Borough, 936 P.2d 1259, 1260-61 (Alaska 1997)*
[25] Def. Ex. B.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                     *Page 7 of 21*
Opp: Partial Sum. Jud. (Count 1) [Docket 96]

that due process of law guaranteed by the United States and Alaska Constitutions

requires a **pre-termination** hearing with regard to public employees, such as

Officer DeLeon.[26]  A public employee ordinarily has the right to an adversarial

hearing **before** he may be effectively dismissed.[27]  Chapter 5 of the City of Fort

Yukon Personnel Policy (dealing with Dismissals) reflects this legal principle, by

providing that a city employee may **only** be dismissed for just cause, and

requiring a pre-termination hearing.[28]  The pre-termination hearing is conducted

by the City Manager.[29] Additionally, the policy provides for mandatory

progressive discipline.[30]  However, it is very clear that within the dismissal

process, an employee only has grievance rights **after** the pre-termination hearing.

---

[26] *Odum v. University of Alaska, 845 P.2d 432, 434 (Alaska, 1993); Storrs v. Municipality of Anchorage, 721 P.2d 1146, 1149-50 (Alaska 1986), cert. denied, 479 U.S. 1032, 93 L. Ed. 2d 832, 107 S. Ct. 878 (1987); Kenai Peninsula Borough Bd. of Educ. v. Brown, 691 P.2d 1034, 1037 (Alaska 1984);  McMillan v. Anchorage Community Hosp., 646 P.2d 857, 864 (Alaska 1982); University of Alaska v. Chauvin, 521 P.2d 1234, 1238 (Alaska 1974);Nichols v. Eckert, 504 P.2d 1359, 1366 (Alaska 1973)*

[27] *Storrs v. Municipality of Anchorage, 721 P.2d 1146, 1149-50 (Alaska 1986), cert. denied, 479 U.S. 1032, 93 L. Ed. 2d 832, 107 S. Ct. 878 (1987); K*

[28] See Def. Ex. B, p14-15.  Chap. 5, Section 3, which reads

> An employee may be dismissed for just cause using the procedures of this Chapter, Section 8; except as otherwise provided by state statute, city charter, or city ordinance, **a city employee may be dismissed for only just cause.**  Before an employee is dismissed, the City shall provide the employee with **written notice stating**
> a)    **the reasons for the proposed dismissal, and**
> b)    **the right to request a hearing before the City Manager**
> If the employee requests a hearing the City Manager shall promptly schedule a hearing during which the employee shall have the right to confront the witnesses against him, to testify in his own behalf and to call witness to testify on his behalf.
> An employee who is dismissed after a pre-termination hearing shall have the right to pursue a grievance under Chapter 7.

[29] Id.

[30] See Def. Ex. B, p. 15.  Chap. 5, Section 8.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Indeed, the personnel policy expressly provides, "An employee who is dismissed after a pre-termination hearing shall have the right to pursue a grievance under Chapter 7."[31]  The policy does not allow a grievance in cases where there is no pre-termination hearing.

There is no serious dispute Officer DeLeon was first informed of his termination in the February 9th letter, which clearly terminated him effective on that date.  There is no serious factual dispute that the City failed to afford Officer DeLeon prior notice of his termination, nor did the City afford Officer DeLeon the opportunity to request a pre-termination hearing.

Chapter 7 of the City Personnel Manual is a separate section dealing with grievances.  The grievance section of the policy manual is near unintelligible, but clearly provides that only an "employee" can file a grievance.   The policy does not appear to allow non-employees (i.e. terminated former employees) to file a grievance, except as otherwise provided in Chapter 5.[32]  The policy defines a grievance as

---

[31] Id, Footnote 28, supra.
[32] Id, Footnote 28, supra.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Any dispute between an employee and the City of Fort Yukon, which impacts an employees would not ordinarily give rise to a grievance subject to this grievance procedure, any matter which adversely affects nay employees ability to perform his or her job could be reason of a grievance.

The grievance process is a four-step process involving:

i)   an informal meeting between the employee and his supervisor.

ii) a written presentation to the Personnel officer followed by an informal

resolution by Personnel officer;

iii) a right of appeal to the City Council.[33]

Of course, Chief Fleming was DeLeon's supervisor, and Fannie Carroll, as the

City Manager was also the City Personnel Officer.[34]

**b) DeLeon Did Not Clearly Have A Grievance Right.**

The first inquiry that the Court must make is whether Officer DeLeon had a

right to grieve his termination.    The inquiry as to whether DeLeon "had a

grievable claim involves the proper interpretation of a contract provision and is

therefore a matter of law."[35]  The parties agree that the terms of the contract in this

---

[33] See Def. Ex. B, p. 21-30.
[34] Id., at p 7 (Chap. 1, §13)
[35] *Grant v. Anchorage Police Dep't, 20 P.3d 553, 555 (Alaska, 2001)* As a general matter,

**Michael J. Walleri**

*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                            *Page 10 of 21*
Opp: Partial Sum. Jud. (Count 1) [Docket 96]

regard are set out in the City's personnel policy manual. [36] However, the City

merely assumes that a contractual grievance right exists.


Under Chapter 5, the grievance process only applies to dismissals, after a pre-

termination hearing by the City Manager.   The grievance procedure commences

with the Supervisor (Chief Fleming), which is reviewed by the Personnel Officer

(Fannie Carroll), and allows an appeal to the City Council.


It is somewhat obvious that the DeLeon was not an employee after he was

terminated, and would not have a grievance procedure available to him, except to

the extent that the dismissal provisions make the grievance procedures apply.  The

Dismissal Procedures only allow DeLeon to file a grievance only after his "pre-

termination" hearing.  There was never prior notice of his termination, and no pre-

termination hearing.   DeLeon was terminated prior to any hearing process. Given

the fact that there was no prior notice of the dismissal, nor any pre-termination

hearing, there DeLeon had no rights under the personnel policy to file a grievance.

---

[36] See Def. Memo, at 6

**Michael J. Walleri**

*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Of course, the city policy requires the City to advise the employee of his right to a hearing before the City Manager.   In her first letter (February 9th), Ms. Carroll expressly advises Officer DeLeon "if you request a hearing, it will not be before the City Manager."  In the second letter (February 11th) Fannie names Mary Beth Solomon as a hearing officer to hear the post-termination hearing.  Contrary to opposing counsel's inferences, Officer DeLeon was not afforded the opportunity to simply have his appeal heard by the City Council.

Taken as a whole, to the extent that the personnel policy is comprehensible, it does not actually provide Officer DeLeon with a right to pursue an administrative grievance, because he was denied the right to a pre-termination hearing.  Moreover, the notice of his rights clearly misstated his rights, which would include a right to a hearing before Ms. Carroll, with review by the City Council, thus denying Officer DeLeon his full rights and misdirecting him as to the nature of his rights. DeLeon did not have a right to pursue a grievance in either the *de jure* or *de facto* sense of that right.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                      *Page 12 of 21*
Opp: Partial Sum. Jud. (Count 1) [Docket 96]

**c)  There Is A Factual Dispute As To Whether Deleon Pursued His Grievance Rights.**

There is a factual dispute as to whether DeLeon attempted to pursue his grievance rights.  It is apparent that the City Manager refused to conduct a pre-termination or post-termination hearing of DeLeon's dismissal.   As a beginning point, it is necessary to first attempt to figure out what the grievance process was, if it existed at all.   The pre-termination hearing was simply skipped by Fannie; she fired him effective on February 9th.  This meant that the pre-termination provisions of the dismissal procedure (i.e. hearing by the City Manager) were not really available.  Assuming *arguendo* that the grievance process was available to Officer DeLeon, it was to begin with an informal discussion with his supervisor. DeLeon's supervisor was Chief Fleming and Sgt. Schulmbohm. [37]  Of course, Chief Fleming and Sgt. Schulmbohm were terminated by the time DeLeon came back to Fort Yukon.  J.R. Wallace was appointed as the Chief, but there is no evidence that he was in Fort Yukon at these critical times, nor that DeLeon was advised who his supervisor would have been if he had wanted to file a grievance.

---

[37] Plt. Ex. 14 (DeLeon Depo) 200:5-23.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

As Officer DeLeon indicates in his deposition, Fannie's refusal to conduct the hearing makes sense, given that she went over Chief Flemming's head and terminated Officer DeLeon in violation of the Personnel Policy, which requires the employee's supervisor (Chief Fleming or J.R. Wallace) to initiate dismissal.[38]  It is also true that DeLeon objected to having Mary Beth Solomon, a single council member known to be hostile to DeLeon—conduct the hearing.   Given that DeLeon's termination was done by the City Manager, over whom only the City Council had authority, the most reasonable and meaningful appeal would have been the City Council as a whole; not a single city council member who had been previously arrested by DeLeon and who expressed a desire to disband the entire police force.

DeLeon returned to Fort Yukon from Fairbanks to meet with the Council on February 16.[39]  Earlier, DeLeon had requested a hearing before the City Council, and the City had set an executive session to meet with DeLeon on his concerns for

---

[38]  Plt. Ex. 15 DeLeon Depo) 143:15-19.   Chapter 5, § 3, requires the city to follow Chapter 5, § 8 of the manual for dismissal.  That section requires that the employee's supervisor initate termination proceedings. According to Ms. Carroll, Reggie was fired before DeLeon was terminated and she appointed J.R. Wallace as Chief of Police.  Plt. Ex. ---- (Carroll Depo) 162:1-5  It is somewhat confusing, however, it is clear that at the time DeLeon was fired, either Fleming or Wallace was the chief of police, and was DeLeon's supervisor.
[39] Supra, note22

**Michael J. Walleri**

*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

the 18th,[40] but Carroll fired DeLeon before that meeting could occur.  As noted

above, when the officers returned to Fort Yukon to meet with the Council, Gregg

Russell informed them that the City council would not meet with them.   Clearly,

DeLeon was attempting to bring his concerns to the City Council, which was a

course of action that opposing counsel clearly implies to be the proper course of

action that DeLeon should have pursued.  Rather, Gregg Russell told DeLeon and

the other officers that the City Counsel would not meet with them.   Thus, if the

four-step grievance process was legally available, DeLeon had no access to the

first three steps, which had to be handled by his supervisor or the city personnel

officer.   This left the City Council as the only avenue available within the

grievance process, and when DeLeon when to Fort Yukon to meet with the

Council, he was advised by Gregg Russell that the Council would not meet with

him.


**d) DeLeon Was Excused In Not Pursuing His Grievance Rights.**

Courts have held that failure to exhaust administrative remedies may be

excused where the administrative procedures are ineffective because of lack of

meaningful access, bias, futility, or the possibility that the claimant could face

---

[40] Supra, note 10

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                    *Page 15 of 21*
Opp: Partial Sum. Jud. (Count 1) [Docket 96]

irreparable harm if the administrative process is followed.[41]   In this case, the

remedies were ineffective because of the lack of access to the grievance system

(described above) and obvious bias.


As noted above, there is no serious factual dispute that the City did not

follow proper procedure in terminating Officer DeLeon.  Fannie fired DeLeon

without any prior notice, and without affording an opportunity to conduct a pre-

termination hearing.    Afterwards, DeLeon was not informed as to his supervisor;

i.e. the person to whom he should initiate a grievance process. Fannie affirmatively

advised that she would not hear a grievance from DeLeon as required by the policy;

---

[41] *Bruns v. Municipality Of Anchorage, Anchorage Water & Wastewater Utility, 32 P.3D 362, 371 (Alaska, 2001)*; Citing Kevin W. Reese, Administrative Remedies Must Be Exhausted Absent Circumstances Supporting an Exception to Exhaustion Doctrine, 47 S.C. L. Rev. 17, 22 (1995); *see also McCarthy v. Madigan, 503 U.S. 140, 148, 117 L. Ed. 2d 291, 112 S. Ct. 1081 (1992)* (explaining principle that a failure to exhaust administrative remedies may be excused when the administrative process is biased); *Bowen v. City of New York, 476 U.S. 467, 483-84, 90 L. Ed. 2d 462, 106 S. Ct. 2022 (1986)* (holding that a failure to exhaust administrative remedies may be excused when the claimant faces a danger of irreparable harm from the administrative process); *Robyns v. Reliance Standard Life Ins. Co., 130 F.3d 1231, 1236 (7th Cir. 1997)* (applying standard that a failure to exhaust administrative remedies may be excused where "there has been a lack of meaningful access to the review procedures"); *Eidelson v. Archer, 645 P.2d 171, 181 (Alaska 1982)* (establishing that failure to exhaust administrative remedies may be excused where the pursuit of the administrative remedy would be futile due to the certainty of an adverse decision). The plaintiffs' fear of retaliatory discharge is a type of harm that could render the administrative remedies here ineffective. It is well established that retaliatory discharge, if carried out, gives rise to a private right of action against the employer. We have recognized retaliatory discharge claims in our prior decisions. See *Norcon, Inc. v. Kotowski, 971 P.2d 158, 167 (Alaska 1999)* (recognizing that "retaliatory discharge [for whistle blowing activities] gives rise to a cause of action for breach of the duty of good faith and fair dealing"); *Bishop v. Municipality of Anchorage, 899 P.2d 149, 154 (Alaska 1995)* (assessing claim for alleged retaliatory discharge for protected First Amendment activity).

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

and Fannie did not refer the matter to the Council, which was the next step in the

process.  Rather she named Mary Beth Solomon to hear the matter.

    More importantly, however, it is clear that the substitute process proposed by

Fannie was substantially biased.  Greg Russell's report clearly indicates that Fannie

Carroll reported to him on February 14th that the City Council was informed about

the terminations and that the members had already decided their positions on the

matter: i.e. that Fannie was receiving "conflicting direction from her City Council on

how this matter should be resolved ranging from firing the cop to leaving him

alone."  Fannie's statements to Russell clearly indicate that some or all of the City

Council members had already taken positions on the termination of the police

officers prior to hearing any evidence.

    But more importantly, Fannie Carroll appointment of Mary Beth Solomon

created a bias environment.  DeLeon indicated that he was very aware that a hearing

before Solomon was futile.  In his deposition, DeLeon stated

            A. …And then there was also a -- something in there stating that I

        could have a meeting with a person of the city council who is Mary Beth

        Solomon, I think is her name. Well, I knew that that was going to go

**Michael J. Walleri**

*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

nowhere.  Mary Beth wanted to disband the police department.  That was

one of her big issues while she was on the city council.  She wanted tribal

police officers -- police department. She also didn't like me because I

arrested her for DUI.  I knew that it was going to be futile for me to have a

face-to-face meeting with her.[42]

Later, DeLeon confirmed that he had heard from a city council member, and another

relative of Fannie Carroll, that the result was pre-determined.  DeLeon testified,

> Q.  Now, you understood that if -- if she (Mary Beth Solomon) disagreed
> with you, there was a right afterward to appeal to the city council, correct?
> A.  Correct.
> Q.  And did you have -- did anyone from the city council say anything to
> you that made you think there was some predetermined decision about your
> termination?  Did you have any conversation with city council about your
> termination at all?
> A.  Yes.
> Q.  Who?
> A.  Debbie Carroll.
> Q.  Debbie Carroll?
> A.  Yeah.
> Q.  And what did she say to you?
> A.  She said -- and also, I'm trying to think of her name, it's Fannie
> Carroll's sister-in-law.  And I can't recall her name.
> Q.  Is it Vicky?
> A.  Vicky's the mayor.
> Q.  Okay.
> A.  There's another city council member, and I'm sorry, I apologize, I
> can't recall her name right now. But we spoke at length, several
> conversations.  And --
> Q.  When?

---

[42] Plt. Ex. 17 (DeLeon Depo) 136:23- 137: 9.

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

A.  When all this was happening.  When I got the letter.  And you know, now that I remember, I'm not sure if I was in Fort Yukon or not.  I might have been served at my house.

Q.  In Fairbanks?

A.  Yes.

Q.  Okay.

A.  So -- but they said it wasn't fair and it wasn't right and that -- you know, that I wouldn't get a fair hearing.

Q.  Well, but the city council members that you spoke to said it wasn't fair --

A.  Correct.

Q.  -- that you were terminated?

A.  Correct.  Terminated.  Correct.  But I wouldn't get a fair -- fair, I guess, hearing with Mary Beth.

Q.  They said you wouldn't get a fair hearing with Mary Beth Solomon?

A.  Correct.[43]


Chief Fleming testified that the appointment of Mary Beth Solomon was a "set-up" because DeLeon had arrested Ms. Solomon.[44]  Indeed, there is no evidence known to the Plaintiffs that would suggest that the process proposed by Carroll was would provide an independent and neutral consideration of Officer DeLeon's claims, if he had presented them.


There is clear and ample evidence that the process was bias, and that the City's administrative procedures would be ineffective because of lack of meaningful access, bias, and futility.  DeLeon was prevented from meeting with the Council.

---

[43] Id., at 145:20 – 147:14
[44] Plt. Ex. 18  (Fleming Depo) 179:20-180:3

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

The City Manager appointed a person known to be hostile to the police department and DeLeon in particular. A city council member and another relative of the City Manager advised DeLeon that he would not receive a fair hearing. And the Chief of police opined that the appointment of Mary Beth Solomon was a set up. Under such circumstances, DeLeon's access to the grievance process was frustrated, and the decision making process was riddled with bias. Clearly, DeLeon was excused from pursuing the tainted grievance proceedings, if they were available to him at all.

**CONCLUSION**

The Court should deny the City's motion to dismiss DeLeon's claims as to Count II and Count IV for the reasons set forth above. The Court should grant DeLeon's cross motion for partial summary judgment seeking a rulings that

1) City violated Officer DeLeon's rights to a pre-termination hearing; and

2) Officer DeLeon was excused from pursuing an administrative grievance.

DATED: October 16, 2006          s/ Michael J. Walleri
                                 Law Offices of Michael J. Walleri
                                 330 Wendell Street, Suite E
                                 Fairbanks, AK 99701
                                 (907) 452-4716
                                 (907) 452-4725 (Facsimile)
                                 walleri@gci.net
                                 AK. Bar No. 7906060

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                    *Page 20 of 21*
Opp: Partial Sum. Jud. (Count 1) [Docket 96]

Certificate of Service
I hereby certify that under penalty of perjury that a true and
 Correct copy of the foregoing was sent to the following counsel
of record on October 17, 2006 via ECFl  to:
Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503


s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725