```
                                                                1

 1              IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF ALASKA

 3

 4   REGINALD FLEMING, CHRISTOPHER    )
     DeLEON, CHRIS HAMPTON,           )
 5   WILLIAM D. McKILLICAN, and       )
     TODD SCHLUMBOHM,                 )
 6                                    )
                 Plaintiffs,          )
 7                                    )
          vs.                         )
 8                                    )
     FANNIE CARROLL, and the CITY     )
 9   OF FORT YUKON, ALASKA,           )
                                      )
10               Defendants.          )
     _____)
11   Case No. 4:04-cv-00034-RRB

12

13                    CONFIDENTIAL

14          DEPOSITION OF CHRISTOPHER DeLEON

15         Taken Wednesday, July 19, 2006

16      From the hour of 9:05 a.m. to 3:03 p.m.

17         Pages 1 through 232, inclusive
                      Volume 1
18
           Taken by Counsel for Defendants
19
                          At
20
        Offices of Heartland Court Reporters
21          100 Cushman Street, Suite 308
               Fairbanks, Alaska 99701
22

23

24   Reported by:
     CAROL A. McCUE, RMR
25   Heartland Court Reporters


         HEARTLAND COURT REPORTERS 907-452-6727
```

CONFIDENTIAL

COPY

EXHIBIT 15
PAGE 1 OF 2

1     A.    Wickwire, Thomas Wickwire.

2     Q.    And again, a -- let's look at Step 2.  Step 2
3  is a written presentation to the personnel officer.
4  First sentence of Step 2.

5     A.    Okay.

6     Q.    And then Step 3 says, if an informal
7  resolution is not promptly achieved at Step 2, then the
8  personnel officer shall issue a formal written
9  decision?  Do you see that?

10    A.    Uh-hum.

11    Q.    And then Step 4 is, if not satisfied with the
12 decision of the personnel officer, the employee shall
13 have a right to appeal to the city council.  Correct?

14    A.    Correct.

15    Q.    Now, you agree if Fannie Carroll was the
16 personnel officer, it wouldn't make sense for her to
17 act as a hearing officer for your employment dispute,
18 right?

19    A.    I would hope not.

20    Q.    So then you wouldn't object to the city
21 replacing her with somebody else for that second step
22 of the grievance process?

23    A.    Correct.

24    Q.    That's -- that's an effort to be fair to you,
25 right, or you certainly wouldn't -- you wouldn't