Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>      Plaintiffs,<br><br> vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case 4:04-cv-00034-RRB |

**REPLY IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT: STATUTE OF LIMITATIONS
ON FAIR LABOR STANDARDS ACT CLAIMS [COUNT I]**

**I.     INTRODUCTION**

The parties agree that Plaintiffs' overtime wage claim is subject to the statute of limitations in 29 U.S.C. § 255. That statute creates a two-year limitation period for overtime claims under the Fair Labor Standards Act ("FLSA"), unless Plaintiffs can show the employer "willfully" violated the Act, in which case the period is extended to three years. Plaintiffs have not produced a shred of evidence that the City willfully violated the

FLSA, so the Court should enter partial summary judgment barring any overtime claim prior to December 29, 2002 (two years prior to the date Plaintiffs filed their complaint on December 29, 2004). At minimum, the Court should enter judgment barring any overtime claim prior to December 29, 2001 (three years prior to filing).

## II. THERE IS NO EVIDENCE TO SUGGEST A WILLFUL VIOLATION OF THE FLSA

There is no evidence whatsoever to suggest the City willfully violated the FLSA. The only case cited by Plaintiffs, *Alvarez v. IBP, Inc.*,[1] only highlights the deficiencies in their claim. In *Alvarez*, the employer had been involved in lengthy prior litigation with the Department of Labor, and had been involved in litigation with its non-unionized employees over the very same overtime issues raised by the unionized employees in *Alvarez*.[2] The employer had been directly challenged about its overtime pay practices, so there was certainly "evidence of [the] employer's 'knowing or reckless disregard for the matter of whether its conduct was prohibited by statute.'"[3]

In stark contrast, there is no suggestion that prior to this lawsuit anyone had ever raised even the possibility that the City was violating the FLSA by not paying overtime to its police officers. Rather, as former City Manager Fannie Carroll explained in her affidavit, the City operated under the advice of counsel that a small police department with fewer than five law enforcement officers was exempt from overtime. [Affidavit of

---

[1]   339 F.3d 894 (9th Cir. 2003).

[2]   *See id.* at 899.

[3]   *Id.* at 908-09.

Carroll ¶ 13, at Docket 97] The City reasonably relied upon the advice of its counsel and on the plain language of the statutory exemption and promulgating regulations.

Amazingly, in their opposition to summary judgment on Count I, Plaintiffs indicate that their highly dubious claim for overtime requires this Court to ignore and invalidate the Department of Labor's regulations and inflate the size of the police department by treating civilian dispatchers as "persons employed in law enforcement." Plaintiffs stretch logic even further, asking the Court to include State of Alaska jail guards as City employees. And Plaintiffs then stretch logic past the breaking point by asking the Court to treat the City's maintenance director as a law enforcement officer. In other words, Plaintiffs claim that the City "willfully" violated the FLSA by relying on the plain language of the law and the regulations, and that the City instead should have "invalidated" the regulations and treated State of Alaska employees as City employees. This, of course, is ludicrous. The City cannot possibly be charged with a willful violation when that "violation" depends on the Court invalidating long-established regulations and inflating the police department by treating civilian and State employees as City law enforcement officers.

### III.  CONCLUSION

As explained by the City in its substantive motion for summary judgment on Count I, it was exempt from the FLSA because its small police department never employed more than four law enforcement officers. Even if there is some reason the Court cannot grant summary judgment for that reason, the Court should at least grant

partial summary judgment applying the two-year statute of limitations, as there is not a shred of evidence to suggest a willful violation of the FLSA.

DATED at Anchorage, Alaska this 26th day of October, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By: s/ Matthew Singer
Matthew Singer
Alaska Bar No. 9911072

By: s/ Howard S. Trickey
Howard S. Trickey
Alaska Bar No. 7610138
3000 A Street, Suite 300
Anchorage, AK  99503
Phone:  (907) 563-8844
Fax:  (907) 563-7322

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2006,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

s/ Matthew Singer
133422