IN THE SUPERIOR/DISTRICT COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT FAIRBANKS

FANNIE M. CARROLL,  )
                    )
    DOB: 5/12/60    )
    Petitioner,     )
                    )
versus              )
                    )
RICHARD E. MILLER   )
    DOB:            )
    Respondent.     )
_____)

CASE NO. 4FY-03-06 CI

## DENIAL ORDER

[X] A hearing on the petitioner's request for a protective order was held and the following person(s) appeared:
[X] Petitioner     [X] Respondent AND HIS ATTORNEY Michael Walleri

IT IS HEREBY ORDERED THAT:

[x] The petition is DENIED and this case is closed because the court finds there is not sufficient evidence that petitioner is
[ ] within a class defined by AS 18.66.990(5)
[x] the victim of domestic violence as defined by AS 18.66.990(3). Petitioner has alleged that respondent has committed the crime of stalking as a basis for her petition for a protective order.

Stalking under Alaska law is defined in 11.41.270 (in relevant part as to this case) as follows:

> (a) A person commits the crime of stalking...if the person knowingly engages in a course of conduct that recklessly places another person in fear of death or physical injury, or in fear of the death or physical injury of a family member.
> (b) In this section,
> (1) "course of conduct" means repeated acts of nonconsensual contact involving the victim...
> (3) "nonconsensual contact" means any contact with another person that is initiated or continued without that person's consent, that is beyond the scope of the consent provided by that person, or that is in disregard of that person's expressed desire that the contact be avoided or discontinued; "nonconsensual contact" includes
> (A) following or appearing within the sight of that person;
> (B) approaching or confronting that person in a public place or on private property;
> (C) appearing at the workplace or residence of that person;
> (D) entering onto or remaining on property owned, leased, or occupied by that person;
> (E) contacting that person by telephone;
> (F) sending mail or electronic communications to that person;

(G) placing an object on, or delivering an object to, property owned, leased, or occupied by that person;

The credible testimony at hearing indicated that the pattern of the relationship of the parties appears to be respondent offending petitioner by his words or behavior, a "break up" and then, after much apology, gifts and/or importunate begging by respondent, a "make up". This behavior, if respondent knew it was nonconsensual, could be the basis for a finding that respondent had committed the crime of stalking. However, since petitioner voluntarily participated in this pattern, the court cannot find that it was nonconsensual. Petitioner once again "broke up" with respondent on June 21, 2003. However, until petitioner sent Chief Fleming to deliver the message to respondent (on July 2, 2003) that she was serious about not wanting any private relationship with him, respondent had no notice that the relationship had permanently terminated. In the past, petitioner would tell respondent that she no longer wanted to see him and then would relent after much pressure by respondent to commence the relationship again. It was only when she sent Chief Fleming to deliver the message that this breakup was permanent that the former pattern of interaction between the parties was broken and it was only then that respondent had notice that the private contact and communication was nonconsensual. Although respondent's conduct during the "on again off again relationship" was insistent and intrusive and at times rude, he did not commit the crime of stalking once he was made aware by Chief Fleming that the "on again, off again" relationship between the parties was permanently "off".

Although the credible testimony at hearing is that the petitioner is so concerned by respondent's behavior that she does fear injury or death from him, and respondent did engage in a course of conduct that resulted in that fear, respondent did not commit the crime of stalking because the course of conduct ended once he was made aware that the contact was unwelcome and therefore nonconsensual. The evidence presented to the court did not establish by a preponderance that he acted "knowingly" when he made nonconsensual contact with petitioner prior to July 2, 2003.

It appears that petitioner filed her petition for a restraining order after she had an unpleasant confrontation with respondent during a city work session. This work session occurred after July 2, 2003. Petitioner is city manager and respondent is a city council member. Contacts and communications made in the course of the parties employment/offices with city government in Ft. Yukon are consensual if they relate to city business even if unpleasant. The stalking statute does not apply to those contacts. The evidence did not establish by a preponderance that the communication and contact during the work session related to anything other than city business. Therefore, despite petitioner's discomfort with the communications made during the work session, they did not constitute stalking. Respondent's behavior at a contested council session was inconsiderate and rude but not intended to cause petitioner fear.

Respondent had no intentional nonconsensual contact or communication with petitioner which met the definition of the stalking statute after he was informed that she no longer consented to the contact and communication.

Ft. Yukon is not a large community and it is likely that the parties will be in the proximity of one another in the future. Certainly, were respondent again to commence private contact and communication with petitioner or engage in a course of conduct of nonconsensual contact as defined by A.S. 11.41.270 petitioner would qualify for a protective order. Conduct of city business as a city council member is

DV-114 (12.99)(st.4)
DENIAL ORDER

AS 18.66.100-.990
Fleming v Carroll
Plt00592

permitted respondent although he should confine himself to regular office hours or risk further civil or even criminal action. He is aware that respondent is concerned that he will approach her at work when others are not present. Therefore, if he does so, he takes the risk of further legal action.

This order will be served on the Respondent as follows:
[ ] in court on this date
[x] by first-class mail and service on his attorney Michael Walleri
[ ] by police

8/27/2003 2:43 PM
Effective Date & Time

Alicemary L. Closuit
Magistrate

In-Court Distribution on above date:
☐ Petitioner
☐ Respondent
In-Court Clerk: _____

Other Distribution:
I certify that on _____ a copy of this Order was given or mailed to:
☐ Petitioner
☐ Respondent
☐ Local police/AST at _____ for their records
☐ Local police/AST at _____ to serve respondent
Clerk: _____

8·27·03
Copy to M. Walleri
original to Ft Yukon to serve parties + AST
(dummy file retained in Fairbanks)

EXHIBIT 10
3 3

DV-114 (12 99)(st.4)
DENIAL ORDER

AS 18.66.100-.990
Fleming v Carroll
Plt00591