Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| REGINALD FLEMING, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FANNIE CARROLL, and the CITY OF | ) | |
| FORT YUKON, ALASKA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | Case 4:04-cv-00034-RRB |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DELEON)

### I.   INTRODUCTION

Christopher DeLeon refused to attend his pre-termination hearing and, astonishingly, now sues the City for not giving him the hearing he refused to attend. When the City of Fort Yukon decided to terminate DeLeon's employment, it provided him written notice on February 9, 2004, and informed him of his right to a pre-termination hearing. Two days later, the City sent a new letter, indicating DeLeon's termination was "proposed" and scheduling his pre-termination hearing for February 16, 2004. The City continued to pay DeLeon through the date scheduled for the pre-

termination hearing.  In written letters from his lawyer, DeLeon expressly refused to attend this hearing.  Now, remarkably, DeLeon completely ignores his refusal to attend the hearing (never even mentioning it in his opposition papers) and complains that the City is somehow at fault because he never had a hearing.  In DeLeon's bizarre view of the law, he gets to refuse the hearing offered to him and then sue the City for damages because he didn't receive a hearing.  DeLeon's position stands well-settled law on its head, and, of course, defies common sense.

It cannot be disputed that DeLeon received notice and an opportunity to be heard, and that the City kept him on the payroll until DeLeon refused to attend his pre-termination hearing.  DeLeon received procedural due process.  His lack of a hearing was self-inflicted because he refused to attend.  He then failed to follow the grievance procedures.  The City is therefore entitled to summary judgment on DeLeon's employment claims.

## II.     THE CITY OFFERED A PRE-TERMINATION HEARING

DeLeon mischaracterizes completely the undisputed facts when he claims that the City never offered him a pre-termination hearing.  While DeLeon is entitled to have the facts viewed in the light most favorable to him, he is not entitled to fabricate facts or to ignore, for example, his own refusal to participate in a duly noticed pre-termination hearing.

The hallmarks of due process are notice and an opportunity to be heard.  It cannot reasonably be disputed that (1) the City gave DeLeon express written notice of the time

and date of his pre-termination hearing, and (2) DeLeon, through his lawyer, acknowledged the scheduled hearing and refused to attend.

The following facts are not and cannot be in dispute:

- On February 9, 2004, the City sent DeLeon written notice of termination. That letter quoted the personnel manual's section on termination, including the employee's right to request a hearing. [Ex. D]

- On February 11, 2004, the City sent DeLeon a second letter. This letter again informed DeLeon of his rights to a pre-termination hearing, and this time the City told DeLeon when and where his pre-termination hearing would be held. The hearing was set for February 16 at 10:30 a.m. before Mary Beth Solomon, a respected city elder. The letter expressly referred to DeLeon's "proposed termination." [Ex. E]

- DeLeon retained an attorney, Thomas Wickwire, who wrote two letters stating DeLeon's refusal to attend the pre-termination hearing. DeLeon did not attend the hearing. [Exs. F & G]

- The City paid DeLeon through February 16, the date of his hearing. [Ex. H]

- After his termination, DeLeon never filed or submitted any grievance of his termination. [DeLeon dep., pp. 137 - 144]

These facts are not in dispute and they establish the City's right to summary judgment.

## III.    DISCUSSION

The City moved for summary judgment because DeLeon declined to attend his pre-termination hearing and then failed to exhaust his available administrative remedies. DeLeon did not file a grievance or pursue the process offered by the City's personnel manual, electing instead to file this lawsuit. In his opposition papers, DeLeon argues that (1) the City failed to provide him a pre-termination hearing; (2) his rights and obligation to file a grievance are excused because he never had a pre-termination hearing; (3) the hearing offered by the City would have been futile because Mary Beth Solomon was biased; and, (4) he should have been able to appear before the entire City Council on the day of his pre-termination hearing. None of these arguments has any legal merit whatsoever.

### 1.    The City Complied with Due Process Requirements by Offering a Hearing and Keeping DeLeon on the Payroll Until the Date of The Hearing

DeLeon complains that he was denied his due process right to a pre-termination hearing. This is simply not true and ignores the well-settled facts and law.

The Alaska Supreme Court and the United States Supreme Court agree that "the root requirement of the Due Process Clause is … that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest."[1]

---

[1]     *City of North Pole v. Zabek*, 934 P.2d 1292, 1297 (Alaska 1997) (*quoting Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 542 (1985) (internal quotation omitted).

"This principle requires 'some kind of hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment."[2]

An employee cannot claim a due process violation when he has been offered a pre-termination hearing but refuses to attend. In *Mercado-Alicea v. P.R. Tourism Co.*, the court held that a public employee with a protected interest in employment was not deprived of a pre-termination hearing or his due process rights where the employee failed to attend the proffered hearing.[3] Several courts hold that the right to a pre-termination hearing is waived when the employee is offered a hearing and refuses to attend.[4] The Fifth Circuit considered in *Galloway v. State of Louisiana* a case where the employee was offered a pre-termination hearing but did not attend because he was in the hospital.[5] Later, rather than request a hearing, he bypassed the administrative procedure for an investigation alternative. The court rejected his procedural due process claim, holding that "an employee cannot ignore the process duly extended to him and later complain that he was not accorded due process." In the instant case, DeLeon refused to attend the

---

[2]     *Loudermill*, 470 U.S. at 542 (*quoting Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972).

[3]     396 F.3d 46, 53 (1st Cir. 2005).

[4]     *See Ryan v. Illinois Dep't of Children & Family Serv.*, 185 F.3d 751, 761 (7th Cir. 1999) (the right to object to an arguably deficient hearing is waived when an employer offers a pre-termination hearing and a public employee facing termination fails to accept the offer by failing to appear.). *See also Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) ("employee cannot claim lack of due process when his employer offered him such a pre-termination hearing and he refused to attend."); *Cliff v. Bd. of Sch. Comm'rs of City of Indianapolis*, 42 F.3d 403, 414 (7th Cir. 1994) ("the right to such a hearing is waived when an employer offers a pre-termination hearing and the employee fails to accept.").

[5]     *Galloway v. State of Louisiana*, 817 F.2d 1154 (5th Cir. 1987).

proffered hearing and so cannot now complain that he was not accorded due process or that he is excused from exhausting is administrative remedies.

DeLeon rests his claim entirely on the February 9, 2004, termination letter from the City.  [Ex. D]  Viewed in the light most favorable to DeLeon, if the City had sent that first letter and done no more, then perhaps it would have violated due process.  A public employee is entitled to some sort of hearing prior to termination.  The February 9 letter expressly informed DeLeon of his right to a hearing.  The letter, however, also indicated that DeLeon's termination was "effective immediately."  [Ex. D at 1]

But the City did not leave it at the February 9 letter.  If it was a due process violation to dismiss DeLeon before he had an opportunity to request a hearing, the City cured the problem two days later.  On February 11, the City sent a second letter.  [Ex. E]  This time, the City expressly stated that DeLeon's termination was only "proposed." [*Id.*]  The letter began by referencing the February 9 letter, stating "you were notified of the reasons for your <u>proposed</u> dismissal and your right to request a hearing."  [Ex. E at 1 (emphasis added)].  The letter expressly explained that his termination was only "<u>proposed</u>."  [*Id.*]  The letter plainly gives DeLeon notice of the reasons for his termination, and then schedules a hearing for February 16.  [*See id.*]  This second letter undeniably comports with all requirements for due process.

In *City of North Pole v. Zabek*, the Alaska Supreme Court considered a case where the employer terminated a public employee while she was on leave.[6]  The City simply provided Zabek a letter informing that she was terminated, and did not offer any pre-termination process whatsoever.  The Court held that the complete lack of any pre-termination process was a violation of the employee's constitutional rights.  The Court went on to hold, however, that the City cured the due process violation by offering a post-termination hearing where the employee had the opportunity to be heard in an adversarial proceeding.[7]  The *Zabek* case establishes that a violation of due process can be cured by adequate subsequent proceedings.

Here, even if the Court were to somehow construe the February 9 letter as a due process violation (even though it gave notice *and* expressly informed DeLeon of his right to request a hearing), the City certainly cured the defect two days later when it informed DeLeon that his dismissal was only "proposed" and scheduled a pre-termination hearing for February 16.

Just as significantly, DeLeon was still on the City's payroll through February 16. [Ex. H  (City Manager Carroll personally completed a timesheet for DeLeon so he could be paid for February 9-16[th])]  DeLeon does not dispute these payroll records.  [DeLeon dep., p. 154]  So he suffered no deprivation of property right on February 9.  The City kept him on the payroll through the date it scheduled for his pre-termination hearing.

---

[6]       934 P.2d 1292 (Alaska 1997).

[7]       *Id*. at 1298.

DeLeon cannot reasonably assert that he was denied a hearing.  His lawyer wrote: "I have a copy of a letter to him from Fannie Carroll, City Manager, dated February 11, inviting him to a hearing on February 16, 2004, where grounds for his dismissal would be discussed.  Mr. DeLeon declines to participate in such a hearing."  [Ex. F]  In a second letter, DeLeon's attorney wrote: "Mr. DeLeon does not request, and will not be participating in any hearing at which any remedy for job action or discipline recently taken against him could result."  [Ex. G]

Simply put, DeLeon was not denied a pre-termination hearing.  He was offered a hearing, and he refused to attend.

**2.    DeLeon Cannot Avoid His Duty to Exhaust by Refusing to Attend His Pre-Termination Hearing**

The City's personnel manual explains that "An employee who is dismissed after a pre-termination hearing shall have the right to pursue a grievance under Chapter 7."  [Ex. B at 14]  DeLeon reads this provision to mean that the grievance rights under the City's personnel manual only accrue after the employee first attends a pre-termination hearing. Since he refused to attend his hearing, DeLeon asserts he had no duty to exhaust his administrative remedies.   Again, DeLeon defies the law and common sense, and advances a position that renders meaningless the duty to exhaust remedies.

As a preliminary issue, the question of whether DeLeon had a duty to grieve his dismissal is a question of law.  In *Grant v. Anchorage Police Department*, the plaintiff

argued that his termination was not grievable under the contract.[8]   In rejecting the plaintiff's claim and holding that he had failed to exhaust, the Alaska Supreme Court explained that the question of "whether Grant had a grievable claim involves the proper interpretation of a contract and is therefore a matter of law."[9]   The same is so here, where this Court must decide whether an employee can avoid the duty to exhaust by refusing to attend a pre-termination hearing.

Were the Court to adopt DeLeon's argument that he can avoid the duty to exhaust by refusing to attend his pre-termination hearing, that would create an exception to the duty to exhaust that would be so wide as to swallow the rule.    In *Grant*, the Alaska Supreme Court rejected an interpretation of a collective bargaining agreement that would allow a terminated employee to always be excused from seeking arbitration and instead immediately file a lawsuit regarding his termination.[10]   Such an interpretation would be inconsistent with Alaska's strong public policy requiring exhaustion of administrative procedures.

DeLeon's refusal to attend his pre-termination hearing is no different than an employee who commences the grievance process but then fails to follow through with that process.   In *Voigt v. Snowden*, the Alaska Supreme Court upheld summary judgment against a public employee who started the grievance process, but then failed to continue

---

[8]      20 P.3d 553 (Alaska 2001).

[9]      *Id.* at 556.

[10]     20 P.3d at 556.

when he declined to request a hearing.[11]  The only difference between *Voigt* and the instant case is that DeLeon refused to even commence the administrative procedures available to him, since he refused to attend the proffered hearing and submitted no written grievance.  [Exs. F & G (Attorney Wickwire's letters refusing to attend hearing)]

### 3.   DeLeon's Futility Argument is Meritless, Because Even if Mary Beth Solomon were Biased, he had Further Remedies with a Hearing Before the City Council

DeLeon claims that he was excused from exhausting his remedies because the hearing officer, Mary Beth Solomon, was biased.  First, there is no authority the City is aware of that requires the hearing officer in a pre-termination hearing to be neutral.  The point of the hearing is to give notice and an opportunity to be heard.  If DeLeon disliked the City's termination decision, he then had subsequent grievance rights, including a hearing before the full City Council.

The Alaska Supreme Court has recognized an exception to the duty to exhaust remedies "where the administrative remedy is inadequate or where the pursuit of the administrative remedy would be futile due to the certainty of an adverse decision."[12]  Under this doctrine, it is a "requirement that an adverse decision be a 'certainty.'"[13]  A reviewing committee's involvement in a prior decision will not establish futility unless that involvement has made it impossible for the committee to render an impartial

---

[11]    923 P.2d 778 (Alaska 1996).

[12]    *Eidelson v. Archer*, 645 P.2d 171, 181 (Alaska 1982).

[13]    *Voigt v. Snowden, II*, 923 P.2d 778, 782 (Alaska 1996).

decision.[14]  Situations where the court has found that exhaustion was excused include where one party is not subject to the contract in question,[15] where the reviewing board did not have the power to grant relief,[16] and where the form of the procedure itself was the contested issue.[17]

None of these circumstances is present here.  Rather, DeLeon appears to contend that participating in the scheduled pre-termination hearing would have been futile because of his perception that Ms. Solomon would not be fair to him.  Even if his perception were accurate, the Solomon hearing would not have been the end of his administrative remedies for his termination.  In fact, it would have only been the first step. After his hearing, DeLeon would have had the contractual right to grieve his termination.  [Ex. B, p. 14]  The final step of this process would have been a binding decision from the entire City Council, after which he could bring his case to the courts. [Ex. B]

DeLeon admitted that he did not know how the City Council would rule and that several members of the council were sympathetic to his position.  [DeLeon dep., pp. 140-147]  Accordingly, an adverse ruling by Ms. Solomon would not have been a certainty, as

---

[14]     *Id.*

[15]     *See Sprucewood Inv. Corp. v. Alaska Housing Finance Corp.*, 33 P.3d 1156, 1164 (Alaska 2001).

[16]     *See State, Dept. of Revenue v. Andrade*, 23 P.3d 58, 67 (Alaska 2001).

[17]     *See Kleven v. Yukon-Koyukuk School Dist.*, 853 P.2d 518, 525 (Alaska 1993).

is required by the Alaska Supreme Court to excuse exhaustion.[18] DeLeon's failure to exhaust his administrative remedies is therefore not excused.

### 4.    DeLeon Had No Right to Demand an Immediate Meeting with the City Council

DeLeon refused to attend his pre-termination hearing and did not submit a grievance.  In short, he followed none of the provisions of the City's personnel manual. Instead, he claims to have requested an immediate meeting with the City Council and that he was prevented from meeting with the Council.  There is no caselaw or authority that allows DeLeon to simply ignore the personnel manual and make up a different grievance procedure.  He was certainly aware that he had grievance rights and that the City had scheduled for him a hearing on February 16.  He refused to attend that hearing and then declined to submit any type of written grievance as required by the personnel manual. Even if he thought the pre-termination hearing before Ms. Solomon was a "set up," he was required to attend the hearing and then proceed with the grievance process. Accordingly, DeLeon failed to exhaust and his failure is not excused.

## IV.    CONCLUSION

DeLeon was offered a pre-termination hearing and refused to attend.  He never submitted a written grievance.  In his opposition and "cross-motion," DeLeon simply seeks to obfuscate and ignore the basic, undisputed facts.  Under well-established law, DeLeon cannot allege a due process violation when he failed to attend the proffered

---

[18]    *Voigt*, 923 P.2d at 782.

hearing, and he cannot allege a wrongful termination when he failed to follow the available administrative procedures.  The City is therefore entitled to summary judgment on DeLeon's wrongful termination and Section 1983 due process claims.

DATED at Anchorage, Alaska this 30th day of October, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By:   s/ Matthew Singer
        Matthew Singer
        Alaska Bar No. 9911072

By:   s/ Howard S. Trickey
        Howard S. Trickey
        Alaska Bar No. 7610138
        3000 A Street, Suite 300
        Anchorage, AK  99503
        Phone:  (907) 563-8844
        Fax:  (907) 563-7322

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2006,
a true and correct copy of the foregoing
document was served electronically on the
following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99709
By:   s/ Matthew Singer
133455