Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

REGINALD FLEMING, *et al.* )
)
Plaintiffs, )
)
vs. )
)
FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA, )
)
Defendants. )
) Case 4:04-cv-00034-RRB

**AFFIDAVIT OF CITY MANAGER MICHAEL JACKSON**

STATE OF ALASKA )
) ss.
FOURTH JUDICIAL DISTRICT )

I, Michael Jackson, being duly sworn upon oath, depose and state as follows:

1. I am the current City Manager of the City of Fort Yukon and state the following based on my personal knowledge and my review of the City of Fort Yukon's records.

2. To my knowledge and from the records, at no time between 2001 and 2004 did the City ever employ jail guards in any law enforcement capacity. The State of

Alaska maintains a jail guard program and a jail in Fort Yukon, and the State employs the jail guards who work at the Fort Yukon jail facility.

3. The City of Fort Yukon's City Code does not have any municipal offenses punishable by jail time, so there has never, to my knowledge, been an issue with whether the City should employ its own jail guard for law enforcement work.

4. From my search of the Fort Yukon records, I can find no instance where a jail guard was placed on the City's day-to-day payroll.

5. Instead, when someone violates a State criminal statute, our officers apprehend the suspect and call one of the State's jail guards to hold the suspect until the perpetrator is transferred to Fairbanks or released.

6. I understand that the Court will likely look at the following factors in determining whether the City employed these jail guards. In the following ten paragraphs (¶¶ 7-16), I will give the Court the accurate facts, to the best of my knowledge, which it needs to make a determination under the applicable factors.

7. *The nature and degree of control over the jailers.* The City has almost no control over how the jailers perform their jobs once it hands over someone who violated a State statute. Our control is limited to calling the jail guard to find out if he or she is available and interested in the work. If the jailer is available and interested, the City police officers drop the suspect off with the jailer. If we have a problem with the jailer, the City's method of control is the same as anyone else's: we can complain to the State.

8. *The degree of supervision, direct or indirect, of the work.* The City's supervision of the jailers is limited to forwarding complaints about their conduct to the

State unless the jailers break one of the State's own criminal laws. If that happened, then the jailer would be arrested, processed and placed under the supervision of another State jailer.

9. *The power to determine the pay rates or the methods of payment of the jailers*. The City has no control over the pay rates or the methods of pay for the jailers when they are holding people for a violation of State criminal statutes. This is due to the fact that the City does not pay the jailers for their work when they are incarcerating people pursuant to a State criminal statute. The State pays the jailers in those cases and determines the rate and method of payment.

10. *The right to hire, fire, or modify the employment conditions of the jailers*. The City picks the jailers off of a State approved list. Finding someone from that list willing to act as a jailer is often difficult to do, and usually the City simply uses whoever is the first to respond to a request.

11. *Investment in equipment and facilities*. The City has no investment in the jailers' equipment and facilities. All of the equipment is provided by the State and people are incarcerated in State facilities.

12. *The opportunity for profit or loss*. The jailers have an opportunity to make money simply by deciding to work when called upon. Surprisingly, they often decline the work, which makes it difficult to find a qualified person to work as a jailer.

13. *The permanency and exclusivity of employment*. The State's jail guards move in and out of the State system, so we rarely know who the City is going to be able

to contract with. We have to deal exclusively with the State system, but we never deal exclusively with individual jail guards.

14. *The degree of skill required for the job.* There is very little skill required for the job. I do not know what training the State gives the guards. The City does not train them.

15. *The ownership of the facilities where the work occurred.* The State owns the jail facilities and, to my knowledge, the City has made no investment at all in them.

16. *Whether the employee performs a specialty job integral to the business.* The City does not require that any one jailer perform the necessary duties. It only requires that one of the jailers on the State's list be available. If one jailer from the list is available, then it does not matter who that person is.

17. I also understand that Plaintiffs in this case allege that the guards were employees of the City for purposes of "Title 47" work.

18. From time to time, the City contracts with some of the same people who serve as State jail guards to serve the City for the purposes of Title 47 work. A "Title 47" is when the City takes an inebriated person into custody for that person's own health and welfare. We hold the person at the State's jail because there is no other appropriate facility in Fort Yukon. The City occasionally has contracted with some of the people who work as jail guards to supervise persons taken into custody pursuant to Title 47.

19. It is also my understanding that the Court will look at the following factors in order to determine whether these Title 47 workers were, in reality, independent

contractors. The following (¶¶ 20-24) represents the answers to those factors to the best of my knowledge.

20. *The degree of control exercised by the alleged employer.* The City exercises no real control over these people in their Title 47 work. The City usually calls the people on the State's jail guard list and uses the first person who will take the job. How the person performs the job is never dictated by the City.

21. *The extent of the relative investments of the employee and the employer.* Neither the City nor the guards make any investment in the State's building where the people brought in under Title 47 are housed. The City does not pay for training of any sort for the Title 47 workers.

22. *The degree to which the employee's opportunity for profit and loss is determined by the employer.* The guards are paid on an hourly basis. Title 47 requires that the inebriated person be held until they are sober or 12 hours, whichever is shorter. The City cannot do anything to change that requirement and does not try. So, a Title 47 worker's opportunity for profit or loss is largely dependent on the level of inebriation of the person who is in custody. The City has no control over the how long it takes for the person to sober up.

23. *The skill required for performing the job.* No special skill is required for performing the job, but since we use the State's jail facility, the person has to be approved by the State.

24. *The permanency of the relationship.* The City has no permanent or even semi-permanent relationship with Title 47 workers. The City simply picks from the

State's guard list and hires whoever will work under a contract. There is a large turnover within the guard list, and the City never knows who will be available.

25. The City does not do job evaluations, dock pay, reprimand or anything else with the people hired for purposes of Title 47 work.

26. I understand that Plaintiffs are accusing the City of improper record keeping. To my knowledge, the City maintains payroll records for all employees. These consist of regularly kept timesheets, as well as paystubs reflecting dates and hours worked and rate of pay. At Plaintiffs' request, the City has produced to its attorneys all payroll records for persons employed in any capacity with the City's police department during the periods Plaintiffs were employed. Of the 3,569 pages of documents the City has produced in this case, most are payroll records and timesheets of the City employees. The reason that some of the jail guards identified by Plaintiffs do not have any payroll records is that those persons worked for the State of Alaska, not the City. The City does not maintain records for persons employed by the State of Alaska.

27. The City's former treasurer, Vera James, earlier provided to the Court an affidavit in this case. Ms. James recently passed away after a battle with cancer.

28. One of the things that Ms. James provided to the Court was a chart identifying dates of employment for each police officer. I am attaching a new chart, updated to reflect the new allegations by Plaintiffs. This new chart, Exhibit A, lists the police chief, the police officers, and the Title 47 workers. The City does not believe that its Title 47 contract workers are employees or persons employed in law enforcement. But it largely does not matter how the Court treats these Title 47 workers, because even if

they are counted, they generally do not inflate the size of the police department above 4 law enforcement employees.

29. The first two pages of Exhibit A to my affidavit provide a list of each employee who worked for the City in each month between November 2001 and February 2004 (the months when Plaintiffs were employed by the City). The Court will see that there are only four months where the City had more than 4 police officers and Title 47 workers during the entire month. For these months, we have prepared calendars on pages 3-6 of Exhibit A which show the Court on a workweek by workweek basis who was working for the police department. Some employees, particularly the Title 47 contractors, did not work every workweek. With the exception of one week in February 2002, and one week in March 2002, the City never employed more than 4 police officers and Title 47 workers in any given workweek. The two exceptions are the week of February 16-22, 2002 and March 2-8, 2002, where the count would be 5 employees if the Court includes Title 47 workers as law enforcement employees. Exhibit A is based on the City's timesheet and payroll records and is true and accurate to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

Michael Jackson

SUBSCRIBED AND SWORN TO before me this 30 day of October, 2006.

FORT YUKON AK 99740 OCT 27 2006 USPS

Postmaster/Notary Public

Coreen Petersen Postmaster
Notary Public in and for Alaska
My commission expires: Term

FORT YUKON AK 99740 OCT 30 2006 USPS

# Fort Yukon Police Department, Officers and Title 47 Contract Guards Employed from 2001-2002
## By Pay Period

| 2001 | | 2002 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nov | Dec | Jan | Feb | Mar | Apr | May | June | July | Aug | Sept | Oct | Nov | Dec |
| # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees |
| 4 See detail | 3 See detail | 3 | 5 See detail | 5 See detail | 4 | 3 | 3 | 2 | 2 | 2 | 2 | 3 | 2 |
| Deborah Hardy (Officer): 10/27-12/7/01 | | | | | | | | | | | | | |
| Gerald Alexander (Officer): 11/3/01-3/15/02 | | | | | | Gerald Alexander (Officer): 5/11-24 | | | | | | | |
| Harold Yeager (T47): 10/27-11/9/01; 11/24-12/7/01 | | | | | | | | | | | | | |
| Reginald Fleming (Chief of Police): 10/27/01-2/13/04 | | | | | | | | | | | | | |
| Judy Alexander (T47): 11/10, 12/8-21/01 | | | Judy Alexander (T47): 2/2-2/15 | | | | | | | | | Judy Alexander (T47): 11/9-22/02 | |
| | Gary Webber (T47): 12/21/01-4/19/02 | | | | | | | | | | | | |
| | | | Michael Hardy (Temp): 2/16, 3/8, 3/26-30, 5/2-26, 4/1-26, 6/8-21/02 | | | | | | | | | | |
| | | | | Dale Hardy (T47): 3/30/02-4/26/02 | | | | | | | | | |
| | | | | Alfred Peter (T47): 3/16-29/02 | | | | | | | | | |
| | | | | | | | Cynthia Taylor (T47CG): 6/22/02-7/19/02 | | | | | | |
| | | | | | | | | | William "Dave" McKillican (Officer): 8/17/02-8/15/03 | | | | |

** The City does not believe that Title 47 workers ("T47") are law enforcement employees. However, for purposes of this Exhibit, the City counts each Title 47 worker as such an employee.

00133753

M. Jackson Aff
Ex. A, pg. 1 of 6

# Fort Yukon Police Department, Officers and Title 47 Contract Guards Employed from 2003-2004
## By Pay Period

| 2003 | | | | | | | | | | | | 2004 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jan | Feb | Mar | Apr | May | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb |
| # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees | # of Law Enforcement Employees |
| 4 | 4 | 4 | 4 | 3 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 |
| Reginald Fleming (Chief of Police): 10/27/01-2/13/04 | | | | | | | | | | | | | |
| Gary Webber (T47): 1/4/03-4/11/03 | | | | | | | | | | | | | |
| William "Dave" McKillican (Officer): 8/17/02-8/15/03 | | | | | | | | | | | | | |
| Chris Hampton (Officer): 1/4/03-2/18/03 | | | | | | | | | | | | | |
| | | Todd Schlumbahm (Officer): 3/15/03-2/13/04 | | | | | | | | | | | |
| | | | | | Chris DeLeon (Officer): 6/21/03-2/13/04 | | | | | | | | |
| | | | | | | | | Greg Sims (T47CG): 9/5-9/12/03 | | | | | |
| | | | | | | | | | Joseph Wallace (Officer): 10/25/03-2/20/04 | | | | |

** The City does not believe that Title 47 workers ("T47") are law enforcement employees. However, for purposes of this Exhibit, the City counts each Title 47 worker as such an employee.

00133753

M. Jackson Aff
Ex. A, pg. 2 of 6

**Ft. Yukon Police Dept.** **Detail of Nov/Dec 2001 and Feb/March 2002** **"WORKWEEK" = Sat.-Friday**

# November 2001

November 2001

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

December 2001

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

| Monday | Tuesday | Wednesday | Thursday | Friday | Sat/Sun |
|---|---|---|---|---|---|
| | | | November 1<br>Deborah Hardy: 8/2<br>Reginald Fleming: 8 | 2<br>Deborah Hardy: 8/1<br>Reginald Fleming: 8 | 3<br>Deborah Hardy: 8<br>4 |
| 5<br>Reginald Fleming: 3 | 6<br>Reginald Fleming: 8 | 7<br>Harold Yeager: 8<br>Reginald Fleming: 8 | 8<br>Harold Yeager: 8<br>Reginald Fleming: 8 | 9<br>3 WORKWEEK EMPLOYEES<br>Harold Yeager: 8<br>Reginald Fleming: 9 | 10<br>Gerald Alexander: 1 hr<br>Judy Alexander: 8 hrs<br>Reginald Fleming: 11<br>11<br>Gerald Alexander: 8 hrs<br>Reginald Fleming: 18 |
| 12<br>Gerald Alexander: 8/8<br>Reginald Fleming: 8 | 13<br>Deborah Hardy: 8<br>Reginald Fleming: 8 | 14<br>Deborah Hardy: 8<br>Reginald Fleming: 8 | 15<br>Deborah Hardy: 16<br>Reginald Fleming: 8 | 16<br>4 WORKWEEK EMPLOYEES<br>Deborah Hardy: 16<br>Reginald Fleming: 8 | 17<br>Deborah Hardy: 8/2<br>Gerald Alexander: 8<br>Reginald Fleming: 8<br>18<br>Gerald Alexander: 8 |
| 19<br>Gerald Alexander: 8<br>Reginald Fleming: 8 | 20<br>Deborah Hardy: 8<br>Reginald Fleming: 8 | 21<br>Deborah Hardy: 8<br>Reginald Fleming: 8 | 22<br>Deborah Hardy: 8<br>Gerald Alexander: 8/6<br>Reginald Fleming: 8 | 23<br>3 WORKWEEK EMPLOYEES<br>Deborah Hardy: 8/5<br>Gerald Alexander: 9<br>Reginald Fleming: 8 | 24<br>Deborah Hardy: 8<br>25<br>Deborah Hardy: 8 |
| 26<br>Deborah Hardy: 8<br>Reginald Fleming: 8 | 27<br>Deborah Hardy: 12<br>Reginald Fleming: 8 | 28<br>Deborah Hardy: 12<br>Reginald Fleming: 8 | 29<br>Deborah Hardy: 12<br>Reginald Fleming: 8 | 30<br>2 WORKWEEK EMPLOYEES<br>Deborah Hardy: 13<br>Reginald Fleming: 8 | |





**M. Jackson Aff**
**Ex. A, pg. 3 of 6**

Ft. Yukon Police Dept. **Detail of Nov/Dec 2001 and Feb/March 2002** **"WORKWEEK" = Sat.-Friday**

# December 2001

December 2001

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

January 2002

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 | | |

| Monday | Tuesday | Wednesday | Thursday | Friday | Sat/Sun |
|---|---|---|---|---|---|
| | | | | | December 1: Reginald Fleming: 8<br>2: Harold Yeager: 2 hrs<br>Reginald Fleming: 11 |
| 3: Gerald Alexander: 8/8<br>Reginald Fleming: 10 | 4: Gerald Alexander: 8/8 | 5: Gerald Alexander: 8/8<br>Harold Yeager: 3 hrs<br>Reginald Fleming: 2 | 6: Gerald Alexander: 8/13<br>Reginald Fleming: 8 | 7: 3 WORKWEEK EMPLOYEES<br>Gerald Alexander: 8/8<br>Reginald Fleming: 5 | 8: Reginald Fleming: 8<br>9: Reginald Fleming: 8 |
| 10: Gerald Alexander: 8<br>Reginald Fleming: 8 | 11: Gerald Alexander: 8<br>Reginald Fleming: 8 | 12: Gerald Alexander: 11<br>Reginald Fleming: 13 | 13: Gerald Alexander: 8/5<br>Reginald Fleming: 13 | 14: 2 WORKWEEK EMPLOYEES<br>Gerald Alexander: 8<br>Reginald Fleming: 13 | 15: Gerald Alexander: 3 Judy Alexand<br>Reginald Fleming: 14<br>16: Reginald Fleming: 14 |
| 17: Gerald Alexander: 8/5<br>Reginald Fleming: 8 | 18: Gerald Alexander: 8/4<br>Reginald Fleming: 8 | 19: Gerald Alexander: 8<br>Reginald Fleming: 14 | 20: Gerald Alexander: 8<br>Reginald Fleming: 14 | 21: 3 WORKWEEK EMPLOYEES<br>Gerald Alexander: 8<br>Reginald Fleming: 14 | 22: Reginald Fleming: 5<br>23: Reginald Fleming: 10 |
| 24: Reginald Fleming: 10 | 25: Reginald Fleming: 8 | 26: Gerald Alexander: 8/2<br>Reginald Fleming: 8 | 27: Gary Webber: 2 hrs<br>Reginald Fleming: 10 | 28: 3 WORKWEEK EMPLOYEES<br>Gerald Alexander: 9<br>Reginald Fleming: 14 | 29: Reginald Fleming: 8<br>30: Reginald Fleming: 10 |
| 31: Gerald Alexander: 8<br>Reginald Fleming: 10 | | | | | |



10/25/2006 2:54 PM

**M. Jackson Aff**
**Ex. A, pg. 4 of 6**

Ft. Yukon Police Dept. **Detail of Nov/Dec 2001 and Feb/March 2002** **"WORKWEEK" = Sat.-Friday**

# February 2002

February 2002

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | | |

March 2002

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 | | | | | | |

| Monday | Tuesday | Wednesday | Thursday | Friday | Sat/Sun |
|---|---|---|---|---|---|
| | | | | February 1<br>Gary Webber: 6<br>Gerald Alexander: 8<br>Reginald Fleming: 12 | 2<br>Reginald Fleming: 10<br>3<br>Gerald Alexander: 4<br>Reginald Fleming: 10 |
| 4<br>Gerald Alexander: 1 8<br>Reginald Fleming (Chief of Police): 1 | 5<br>Gerald Alexander: 8<br>Reginald Fleming (Chief of Police): { | 6<br>Gerald Alexander: 8<br>Reginald Fleming (Chief of Police): { | 7<br>Gerald Alexander: 8<br>Reginald Fleming (Chief of Police): 1 | 8<br>2 WORKWEEK EMPLOYEES<br>Gerald Alexander: 8<br>Reginald Fleming (Chief of Police): 1 | 9<br>Reginald Fleming: on call<br>10<br>Gerald Alexander: 1 hr<br>Reginald Fleming: on call |
| 11<br>Gerald Alexander: 8/1<br>Reginald Fleming: on call | 12<br>Gerald Alexander: 8<br>Reginald Fleming: on call | 13<br>Gerald Alexander: 8<br>Reginald Fleming: on call | 14<br>Gerald Alexander: 8<br>Reginald Fleming: on call | 15<br>2 WORKWEEK EMPLOYEES<br>Gerald Alexander: 8<br>Reginald Fleming: on call | 16<br>Dale Hardy: 11 Judy Alexander: 12<br>Michael Hardy: 11<br>Reginald Fleming: 10<br>17<br>Reginald Fleming: 10 |
| 18<br>Gerald Alexander: 8<br>Reginald Fleming: 8 | 19<br>Gerald Alexander: 8<br>Reginald Fleming: 8 | 20<br>Gerald Alexander: 8<br>Reginald Fleming: 10 | 21<br>Gerald Alexander: 1/8<br>Reginald Fleming: 8 | 22<br>5 WORKWEEK EMPLOYEES<br>Gerald Alexander: 8<br>Reginald Fleming: 10 | 23<br>Gerald Alexander: 2<br>24<br>Gerald Alexander: 3/6<br>Reginald Fleming: 8 |
| 25<br>Gerald Alexander: 8<br>Reginald Fleming: 10 | 26<br>Gerald Alexander: 8<br>Reginald Fleming: 12 | 27<br>Gerald Alexander: 8<br>Reginald Fleming: 10 | 28<br>Gerald Alexander: 8<br>Reginald Fleming: 10 | | |



10/25/2006 2:54 PM

**M. Jackson Aff**
**Ex. A, pg. 5 of 6**

Ft. Yukon Police Dept. | Detail of Nov/Dec 2001 and Feb/March 2002 | "WORKWEEK" = Sat.-Friday

# March 2002

March 2002

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 | | | | | | |

April 2002

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | | | | |

| Monday | Tuesday | Wednesday | Thursday | Friday | Sat/Sun |
|---|---|---|---|---|---|
| | | | | March 1<br>2 WORKWEEK EMPLOYEES<br>Gerald Alexander: 8/4<br>Reginald Fleming: 12 | 2<br>Gerald Alexander: 1 hr<br>Reginald Fleming: 16<br>3<br>Reginald Fleming: 8 |
| 4<br>Gerald Alexander: 8/4<br>Reginald Fleming: 14 | 5<br>Gerald Alexander: 8<br>Reginald Fleming: 10 | 6<br>Gerald Alexander: 2/8<br>Reginald Fleming: 12 | 7<br>Gary Webber: 5 1/2<br>Gerald Alexander: 8/12 | 8<br>5 WORKWEEK EMPLOYEES<br>Dale Hardy: 9<br>Gerald Alexander: 8/12<br>Michael Hardy: 9<br>Reginald Fleming: 8 | 9<br>Gerald Alexander: 8<br>Reginald Fleming: 8<br>10<br>Reginald Fleming: 8 |
| 11<br>Gerald Alexander: 8<br>Reginald Fleming: 8 | 12<br>Gary Webber: 7<br>Gerald Alexander: 8<br>Reginald Fleming: 16 | 13<br>Gary Webber: 10.5<br>Gerald Alexander: 8<br>Reginald Fleming: 16 | 14<br>Gerald Alexander: 8<br>Reginald Fleming: 16 | 15<br>3 WORKWEEK EMPLOYEES<br>Gerald Alexander: 8<br>Reginald Fleming: 12 | 16<br>Reginald Fleming: 10<br>17<br>Reginald Fleming: 12 |
| 18<br>Reginald Fleming: 16 | 19<br>Reginald Fleming: 16 | 20<br>Dale Hardy: 4 1/2<br>Reginald Fleming: 16 | 21<br>Dale Hardy: 11 1/2<br>Reginald Fleming: 16 | 22<br>3 WORKWEEK EMPLOYEES<br>Alfred Peter: 3 1/2<br>Reginald Fleming: 16 | 23<br>Alfred Peter: 8 1/2<br>Reginald Fleming: 16<br>24<br>Reginald Fleming: 20 |
| 25<br>Reginald Fleming: 8 | 26<br>Dale Hardy: 4<br>Michael Hardy: 4<br>Reginald Fleming: 16 | 27<br>Dale Hardy: 4<br>Michael Hardy: 4<br>Reginald Fleming: 12 | 28<br>Dale Hardy: 8<br>Michael Hardy: 8 | 29<br>4 WORKWEEK EMPLOYEES<br>Dale Hardy: 9<br>Michael Hardy: 9 | 30<br>Dale Hardy: 1 hr<br>31 |



10/25/2006 2:54 PM

**M. Jackson Aff**
**Ex. A, pg. 6 of 6**