Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM, <br><br> Plaintiffs, <br><br> vs. <br><br> FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case 4:04-cv-00034-RRB

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION FOR SANCTIONS

## I.    INTRODUCTION

Defendants respectfully request that the Court impose sanctions on Plaintiffs for

failure to comply with the Court's discovery order filed August 31, 2006.[1]  An enormous

amount of time and money has been spent thus far in vain attempts to get Plaintiffs to

answer Defendants' interrogatories and requests for production.  Plaintiffs have failed to

_____
[1]    Minute Order at Docket 87.

give full and complete answers despite an order from the Court to do so.[2]  Defendants

sent Plaintiffs a letter to that effect in an effort to keep the Court from having to deal with

this discovery fight once again.  [Exhibit A]  In the letter, Defendants gave Plaintiffs until

October 16 to correct their discovery responses.  [*Id*.]  But, Plaintiffs have not seen fit to

respond.  It is now well past the time when Plaintiffs needed to comply.[3]  It is time to

sanction Plaintiffs for failing to comply with the Court's discovery order.

## II.    ARGUMENT

### A.    The Standards for Imposing Discovery Sanctions for Failure to Comply with a Discovery Order

The rules for imposing sanctions for failure to comply with a discovery order are

laid out in Federal Rule of Civil Procedure 37(b)(2).  "Rule 37(b)(2) gives the court a

broad discretion to make whatever disposition is just in the light of the facts of the

particular case."[4]  The Ninth Circuit reviews "the imposition of discovery sanctions under

Rule 37 for abuse of discretion."[5]  "The district court's 'discretion will not be disturbed

unless [the appellate court has] 'a definite and firm conviction that the court …

committed a clear error of judgment in the conclusion it reached upon a weighing of the

relevant factors'.'"[6]  However, "[w]here the drastic sanctions of dismissal or default are

---

[2]      *Id.*

[3]      *Id.*

[4]      Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 2289.

[5]      *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985).

[6]      *Id.* (*quoting United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980))

imposed, however, the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith."[7]

Possible sanctions listed in the Rule include: an order designating the facts in question in favor of the party that obtained the order, an order refusing to allow the disobedient party to support or oppose designated claims or defenses, an order striking pleadings, parts of pleadings, or staying or dismissing the case, and contempt sanctions.[8] "It should be noted that the five lettered paragraphs of Rule 37(b)(2), setting out some eight possible sanctions, are not mutually exclusive."[9] Generally,

> The court may impose several of these specified sanctions at the same time. There is one sanction that must always be considered no matter what action is taken under the five lettered paragraphs. A final unlettered paragraph of Rule 37(b)(2), applicable to every case in which sanctions are imposed under that subsection of the rule, provides that in lieu of any of the orders authorized in the five lettered paragraphs, or in addition thereto, the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.[10]

As will be shown in the following sections, Plaintiffs have failed to comply with the Court's discovery order. The Court should impose sanctions under Rule 37(b)(2) in whatever form it sees fit.

---

[7]    *Id*. (*quoting Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981)).

[8]    Fed.R.Civ.P. 37(b)(2)(A)-(D).

[9]    Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 2289.

[10]    Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 2289.

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS          PAGE 3
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE 4:04-cv-00034-RRB

**B.    Failures to Comply With the Court's Order That are Common to all Plaintiffs**

Common to all of Plaintiffs' responses to our discovery requests is their refusal to answer Interrogatory 14.  [*See* Exhibits B, C, D, E, and F]  Instead they simply make an assertion that this information was previously provided and direct Defendants to look to prior answers, deposition testimony and responses to requests for production.  This is not a valid answer to the question.   "Answers must be responsive, full, complete and unevasive.  Insofar as is practical they should be complete within themselves."[11]  Their answers also do not comply with the Court's order.  The Court ordered Plaintiffs to "provide – to the extent that they have not already done so – full and complete responses to Defendants' Interrogatories[.]"[12]  Defendants do not think that all of the information requested in Interrogatory 14 is in the documents that Plaintiffs cite in their answer.  But, even if it was and Defendants could locate it, it is not a valid objection for Plaintiffs that an interrogating party is already in possession of the information.[13]  Also, "it is not usually ground for objection that the information is equally available to the interrogator or is a matter of public record."[14]  "Thus, in the great majority of cases a party has been allowed to inquire about facts already known to him or her."[15]  Plaintiffs have to answer

---

[11]    *Pilling v. General Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968).

[12]    Minute Order at Docket 87 (emphasis in original).

[13]    *See* Wright and Miller, *Federal Practice and Procedure*, Civil § 2014; *see also U.S. v. 58.16 Acres of Land, more or less in Clinton County, State of Ill.*, 66 F.R.D. 570, 573 (E.D.Ill. 1975).

[14]    Wright and Miller, *Federal Practice and Procedure*, Civil § 2014.

[15]    *Id.*

the question and comply with the Court's order, and the fact that they have put it off for nearly a year does not absolve them from answering it.

Defendants also do not agree that Request for Production 3 has been answered by Plaintiffs' deficient responses to the second requests for production. [Exhibits B, C, D, E, and F] But in light of the Court order from October 5 requiring Plaintiffs to answer those requests, Defendants will wait for those responses before moving for sanctions on this issue.[16]

**B.    Individual Problems With the Plaintiffs' Discovery Responses**

      **1.    William McKillican**

            **a.    Interrogatory 13**

It strikes Defendants as improbable that Mr. McKillican has seen no health care providers whatsoever since 1995, which is his answer to Interrogatory 13. [Exhibit E] This also does not comport with his deposition testimony and the facts surrounding that testimony. McKillican applied for and got employment with the Fairbanks Police Department. [Exhibit G, McKillican dep., p. 39] The Fairbanks Police Department requires a physician's release, signed by a physician, before they will begin the hiring process.[17] That is at least one visit to a health care provider since 1995 that is not listed. Most likely there are more. McKillican needed to answer the question truthfully and

---

[16]    Order at Docket 113.

[17]    *See* Fairbanks Police Department Hiring Process (*available at* www.ci.fairbanks..ak.us/documents/police/employment/hiring.pdf).

completely in order to comply with the discovery order.  He failed to do so and the Court should impose sanctions.

### b.    Request for Production 10 & 11

In response to these requests for credentials, Mr. McKillican simply answered that "[a]ll known documents in possession of Plaintiff previously disclosed."  [Exhibit E at 6] The standard for discoverable information does "not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action."[18]  McKillican now works at the Department of Defense in a law enforcement capacity.  [Exhibit G, McKillican dep., p. 106]   In his deposition he said that he trained for the job. [Exhibit G, McKillican dep., p. 105]   Presumably he received a certificate showing this, and presumably he has the right to get a copy of it.  He needed to provide it, along with all of the other certificates that he has acquired and not previously disclosed.  He failed to do so, which is a failure to comply with the Court's order.   The Court should impose sanctions.

### 2.    Todd Schlumbohm

### a.    Request for Production  10

Schlumbohm failed to even answer this request for his certifications.  Defendants need these documents as there is a dispute about what kind of training Schlumbohm

---

[18]    *Proksch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D.Minn. 2000) (*quoting Bank of New York v. Meridien BIAO Bank Tanzania, Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997)).

received while working in Fort Yukon. Defendants do not have these documents. The Court has ordered Schlumbohm to provide these documents. Schlumbohm failed to provide these documents and failed to comply with the Court's order. The Court should impose sanctions.

### 3.    Chris Hampton

#### a.    Interrogatory 13

In response to this interrogatory, Hampton objected on the grounds of relevancy and the scope of discovery. [Exhibit D] We have already litigated this issue. Plaintiffs lost. Hampton does not get to re-litigate it now.[19] Hampton has failed to comply with the Court's order by failing to answer this question fully. The Court should impose sanctions.

### 4.    Chris DeLeon

#### a.    Interrogatory 13

It strikes Defendants as improbable that Mr. DeLeon has seen no health care providers whatsoever since 1995, which is his answer to Interrogatory 13. [Exhibit C] This would not comport with his employment with the Fairbanks Police Department. [DeLeon dep., p. 10] DeLeon almost certainly has had a physical either before or during his employment with that department.[20] That is at least one visit to a health care provider

---

[19]    Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 2289 ("The propriety of the discovery sought is not in issue at the time sanctions are being imposed under Rule 37(b). That question will have been decided when the court ordered the discovery.").

[20]    *See* Fairbanks Police Department Hiring Process (*available at* www.ci.fairbanks..ak.us/documents/police/employment/hiring.pdf).

since 1995 that is not listed.  There are probably more.  DeLeon needs to answer the question truthfully and completely in order to comply with the discovery order.  The Court should impose sanctions for his failure to do so.

## III.   CONCLUSION

Defendants respectfully request that the Court impose sanctions on the above Plaintiffs.  They have failed to comply with the Court's discovery order.  The Court should sanction them under Federal Rule of Civil Procedure 37(b)(2).

DATED at Anchorage, Alaska this 16th day of November, 2006.

JERMAIN DUNNAGAN & OWENS, P.C.

By:   s/ Matthew Singer
      Matthew Singer
      Alaska Bar No. 9911072

By:   s/ Howard S. Trickey
      Howard S. Trickey
      Alaska Bar No. 7610138
      3000 A Street, Suite 300
      Anchorage, AK  99503
      Phone:  (907) 563-8844
      Fax:  (907) 563-7322

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2006,
a true and correct copy of the foregoing
document was served electronically on the
following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99709

By:   s/ Matthew Singer

133592