**Jermain Dunnagan & Owens, P.C.**
LAW OFFICES

WILLIAM K. JERMAIN
CHARLES A. DUNNAGAN
BRADLEY D. OWENS
RANDALL G. SIMPSON
HOWARD S. TRICKEY
GARY C. SLEEPER
SAUL R. FRIEDMAN

DIANE F. VALLENTINE
W. MICHAEL STEPHENSON
ANDRENA L. STONE
EUGENIA G. SLEEPER
MARK P. MELCHERT
SARAH E. JOSEPHSON

ERIC J. BROWN
MATTHEW SINGER
RAYMOND E. GOAD, JR.
MICHELLE L. BOUTIN
CHERYL MANDALA
CAROLINE P. WANAMAKER
THOMAS A. BALLANTINE

3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503-4097
TELEPHONE (907) 563-8844
FAX (907) 563-7322
E-MAIL info@jdolaw.com

SERVING ALASKANS SINCE 1976

October 10, 2006

<u>VIA FAX AND U.S. MAIL</u>
Fax No.: (907) 452-4725

Michael J. Walleri, Esq.
330 Wendell St., Suite E
Fairbanks, AK 99701

Re: *Fleming, et al. v. City of Fort Yukon, et al.*

Dear Mr. Walleri,

Thank you for your letter and for sending your clients' responses to our discovery requests. I have received and reviewed them. Although they are an improvement, there are still problems that need to be addressed.

Common to all of your clients' responses to our discovery requests is their refusal to answer Interrogatory 14. Instead they simply make an assertion that this information was previously provided and direct us to look to prior answers, deposition testimony and responses to requests for production. This is not a valid answer to the question. We have been over this ground before, but once again, it is not a valid objection that an interrogating party is already in possession of the information.[1] Also, "it is not usually ground for objection that the information is equally available to the interrogator or is a matter of public record."[2] "Thus, in the great majority of cases a party has been allowed to inquire about facts already known to him or her."[3] Your clients have to answer the question, and the fact that they have put it off for nearly a year does not absolve them from answering it.

---

[1] *See* Wright and Miller, *Federal Practice and Procedure*, Civil § 2014; *see also U.S. v. 58.16 Acres of Land, more or less in Clinton County, State of Ill.*, 66 F.R.D. 570, 573 (E.D.Ill. 1975).

[2] Wright and Miller, *Federal Practice and Procedure*, Civil § 2014.

[3] *Id.*

Michael J. Walleri, Esq.
October 10, 2006
Page 2

This evasiveness is particularly troubling because Judge Beistline has ordered your clients to provide us with full and complete answers to this specific interrogatory. "Answers must be responsive, full, complete and unevasive. Insofar as is practical they should be complete within themselves."[4] Under the rules, an incomplete response is "treated as a failure to ... respond."[5] We will give your clients one more chance to answer the interrogatory. But, if that does not happen prior to Monday, October 16, then I will move the court to sanction them for failing to comply with a discovery order. This statement applies to every other deficiency discussed below.

We do not agree that Request for Production 3 has been answered by your clients' deficient responses to the second requests for production. But in light of the Court order from October 5 requiring your clients to answer those requests, I will wait for those responses before moving for sanctions on this issue. If your clients fail to fully answer both the second requests and RFP No. 3 at the same time, I will move for sanctions.

I will go through the other problems with your clients' discovery responses one plaintiff at a time.

1.  **William McKillican**

**Interrogatory 13:**

It strikes us as unbelievable that Mr. McKillican has seen no health care providers whatsoever since 1995, which is his answer to Interrogatory 13. This also does not comport with his deposition testimony, where he stated that he had to have a physical prior to employment with the Fairbanks Police Department. There is at least one visit to a health care provider since 1995 that is not listed. Most likely there are more. Mr. McKillican needs to answer the question truthfully and completely in order to comply with the discovery order.

**Request for Production 10 & 11:**

In response to these requests for credentials, Mr. McKillican simply answered that "[a]ll known documents in possession of Plaintiff previously disclosed." I would remind

---

[4] *Pilling v. General Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968).

[5] Fed.R.Civ.P. 37(a)(3).

Michael J. Walleri, Esq.
October 10, 2006
Page 3

the plaintiff that the standard for discoverable information does "not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action."[6] Mr. McKillican now works at the Department of Defense in a law enforcement capacity. In his deposition he said that he trained for the job. Presumably he got a certificate showing this. He needs to provide it, along with all of the other certificates that he has acquired and not previously disclosed. If he fails to comply with the judge's order telling him to do so, I will move for sanctions.

   2.   **Todd Schlumbohm**

   **Request for Production 10:**

Mr. Schlumbohm failed to even answer this request for his certifications. We need these documents. We do not have these documents. We have a judge's order saying that we are entitled to these documents. If Mr. Schlumbohm does not provide these documents and fails to comply with the court order, we will move for sanctions.

   **Request for Production 11:**

We would simply remind Mr. Schlumbohm that he has a duty to actively get the documents if he has a legal right to get them and cannot hide behind a blanket statement that they are not currently in his possession. If there are other documents that exist, he needs to provide them.

   3.   **Chris Hampton**

   **Interrogatory 13:**

In response to this interrogatory, Mr. Hampton objected on the grounds of relevancy and the scope of discovery. We have already litigated this issue. Your clients lost. Mr. Hampton does not get to re-litigate it now. If he fails to comply with Judge Beistline's order by failing to answer this question fully, we will move for sanctions.

---

[6] *Proksch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D.Minn. 2000) (*quoting Bank of New York v. Meridien BIAO Bank Tanzania, Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997)).

Michael J. Walleri, Esq.
October 10, 2006
Page 4

**Requests for Production 10 &11:**

In response to these requests for credentials, Mr. Hampton simply answered that "[a]ll known documents in possession of Plaintiff previously disclosed." I would remind the plaintiff that the standard for discoverable information does "not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action."[7] If these documents exist at all, we ask that they be provided in the next week.

4.  **Chris DeLeon**

**Interrogatory 13:**

It strikes us as improbable that Mr. DeLeon has seen no health care providers whatsoever since 1995, which is his answer to Interrogatory 13. This would not comport his employment with the Fairbanks Police Department. He almost certainly has had a physical either before or during his employment with that department. There is at least one visit to a health care provider since 1995 that is not listed. There are probably more. Mr. DeLeon needs to answer the question truthfully and completely in order to comply with the discovery order. We will move for sanctions if he fails to do so.

**Requests for Production 10 &11:**

In response to these requests for credentials, Mr. DeLeon simply answered that "[a]ll known documents in possession of Plaintiff previously disclosed." I would remind the plaintiff that the standard for discoverable information does "not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action."[8] If these documents exist at all, we ask that they be provided in the next week.

---

[7] *Id.*

[8] *Id.*

Michael J. Walleri, Esq.
October 10, 2006
Page 5

If these deficiencies are not corrected by October 16, 2006, the defendants will move the court to impose sanctions on your clients for failure to respond fully to the discovery requests. If you wish to discuss this matter, do not hesitate to call.

> Very truly yours,
>
> JERMAIN DUNNAGAN & OWENS, P.C.
>
> *Matthew Singer/jmh*
>
> Matthew Singer

MS/jmh