Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON,  CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and  TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT RESPECTING FAILURE OF CITY TO CONDUCT PRE-TERMINATION HEARINGS AND EXCUSE OF FAILURE TO PURSUE ADMINISTRATIVE GRIEVANCE PROCEDURES (DELEON)**<br><br>Case No. F04-0034 CIV (RRB) |

Officer DeLeon, filed a cross motion for partial summary judgment seeking a determination that 1) the City of Fort Yukon violated Officer DeLeon's rights to a pre-termination hearing; and 2) Officer DeLeon was excused from pursuing an administrative grievance.[1]  The City has not filed a substantive opposition to the

---

[1] Docket 117

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                        *Page 1 of 6*
Reply: Partial Sum. Jud. (Deleon) [Docket 117]

cross motion, arguing that cross motions are improper,[2] and preferring to rely upon their prior briefing in support of their previous motion for summary judgment.[3]

Fundamentally, the City suggests that it allowed Officer DeLeon his pre-termination hearing rights, by affording him an opportunity, after his termination to a hearing before Mary Beth Solomon, a single city council member and "respected elder of the community'. However, this argument misses the critical point of Officer Deleon's motion: 1) the city's offer of a hearing violated the city procedures; and 2) the change in procedures proposed by the City rendered the process meaningless and futile.

The City wants it both ways. They demand that Officer Deleon exhaust his remedies in strict compliance with the City Personnel Code, but they make excuses and offer justifications as to why the City did not follow its own procedures. First, there is no serious factual dispute that the city code and state law require a pre-

---

[2] Cross motions for summary judgment are a standard and well recognized practice in Federal pleading practice. See MOORES MANUAL OF FEDERAL PRACTICE, § 17.11. The Ninth Circuit has held "that when simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Fair Hous. Council v. Riverside Two*, 249 F.3d 1132 (9th Cir. 2001)

[3] Referencing Docket 92 and 131

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

termination hearing. Equally, there is no question that the City terminated Officer DeLeon without first holding a pre-termination hearing. All of this is undisputed.

Instead of holding a pre-termination hearing, the City offered to hold a "post-termination hearing", however, instead of having the hearing conducted by the City Manager as provided for in the City code, the manager appointed Mary Beth Solomon to hold the hearing. There is nothing in the City code which allows such a deviation from procedure. Hence, there is no question that the City's proposed offer of a hearing was clearly in violation of city code and procedure.

Finally, assuming that the procedures used by the city could somehow be in "substantial compliance" with the state law and municipal procedure, Officer DeLeon felt, with substantial justification, that the Ms. Solomon was bias against him and the police force. Specifically, the evidence before the Court establishes that

1) Ms. Solomon wanted to disband the City police force in favor of a tribal police force

2) DeLeon had arrested Ms. Solomon for DUI recently,

3) Fannie Carroll had made statements to Greg Russell that some or all of the City Council members had already taken positions on his termination

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

    4) Chief Fleming believed that DeLeon would not have a fair hearing, and

    5) Councilman Richard Miller believed that the police officers would not receive a fair hearing.

In response, the City has failed to offer any evidence that it complied with the standard pre-termination or post–termination hearing procedures. Equally, the City has failed to offer any evidence that DeLeon would receive a fair and unbiased hearing. In particular, the City could have simply filed an affidavit from Ms. Solomon that she was free from bias. The city did not even attempt to produce such an affidavit. In essence, the City offers no evidence in support of its contention that the hearing offered to Officer DeLeon was free from bias as contended by Officer DeLeon, and his supporting evidence.

As a general matter, "(T)he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.[4] The non-moving party may defeat judgment by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial.[5] In regards to the cross motion, Officer DeLeon offered substantial evidence of bias and deviation

---

[4] *Anderson v Liberty Lobby, Inc.*, 477 U.S., at 247-248
[5] *Celotex Corp. v Catrett,* 477 U.S. 317, 322 (1986).

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*    *Page 4 of 6*
Reply: Partial Sum. Jud. (Deleon) [Docket 117]

from city procedure and policy. In response, the City has failed to offer a scintilla of evidence that Officer DeLeon would receive a fair and unbiased hearing. The failure of the City to oppose the motion with some showing of cognizable evidence showing a genuine factual dispute respecting the bias/neutrality of the offered hearing means that this court must grant summary judgment to Officer DeLeon on this issue.[6]

A dispute over a material fact exists if the evidence would allow a reasonable fact-finder to return a verdict for the non-moving party.[7] As noted above, mere allegations of factual dispute, without more, will not defeat an otherwise proper motion.[8] In light of the failure of the non-moving party (i.e. the City) to produce cognizable evidence in opposition to the motion for summary judgment, the Court must grant summary judgment to the moving party (i.e. Officer DeLeon).[9]

---

[6] Interestingly, the City admits that Ms.Carroll was bias and it would be inappropriate for her to hold the hearing. It is conceivable that the City, with consent of Officer DeLeon, could have appointed a neutral and unbias hearing officer to conduct the hearing. Alternatively, the City could have simply granted Officer DeLeon's request for a hearing before the City Council. At the time, Officer DeLeon believed that the City council could be neutral. It was only learned through discovery that several members of the City council had already made up their minds on the issue.

[7] *See Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)

[8] *Provenz v Miller,* 102 F.3d 1478, 1489-90 (9th Cir., 1996); *Angel v Seattle-First Nat.'l Bank,* 653 F.2d 1293, 1299 (9th Cir. 1981).

[9] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                 Page 5 of 6
Reply: Partial Sum. Jud. (Deleon) [Docket 117]

A failure to exhaust administrative remedies may be excused when the administrative process is biased.[10] In this case, all the evidence before the Court suggests that the hearing offered to Officer DeLeon was bias. The Court should grant summary judgment on this issue. As a result, Officer DeLeon's should be excused from failing to exhaust administrative remedies, and the Court should grant cross-motion for summary judgment.

DATED: November 20, 2006

s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, AK 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
walleri@gci.net
AK. Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and
Correct copy of the foregoing was sent to the following counsel
of record on November 20, 2006 via ECFl to:
Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

---

[10] *McCarthy v. Madigan*, 503 U.S. 140, 148, 117 L. Ed. 2d 291, 112 S. Ct. 1081 (1992)

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                 Page 6 of 6
Reply: Partial Sum. Jud. (Deleon) [Docket 117]