Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON,  CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and  TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT RESPECTING NON-APPLICABILITY OF GRIEVANCE PROCEDURES**<br><br>Case No. F04-0034 CIV (RRB) |

Police Chief Reginald Fleming , filed a cross motion for partial

summary judgment seeking a determination that that the City's Grievance system

did not apply to Chief Fleming. [1] The City has not filed a substantive opposition to

the cross motion,  arguing that cross motions are improper,[2] and  preferring to rely

---

[1] Docket 120

[2] Cross motions for summary judgment are a standard and well recognized practice in Federal pleading practice.  See MOORES MANUAL OF FEDERAL PRACTICE, § 17.11.  The Ninth Circuit has held "that when simultaneous cross-motions for summary judgment on the same claim are before the

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                    *Page 1 of 4*
Reply Cross Motion: Partial Sum Jud. (Fleming re
Grievance) [Docket 120]

upon their prior briefing in support of their previous motion for summary

judgment. [Docket 106 and 107] and the reply on this motion [Docket 134]   Motion

at Docket 106 and 107 deals with the alleged failure of Chief Fleming to exhaust his

administrative remedies.  The reply at Docket 134 does not address these issues.[3]  In

substance, the City has failed to file an opposition to Flemings motion for summary

judgment as to the applicability of the personnel code to Chief Fleming.[4]

As previously noted, the City has largely conceded that the contract between

the City and Fleming provides that the only provisions of the City Personnel Policy

that apply to Fleming relate to vacation, leave, health insurance, retirement benefits,

and travel.[5]  The grievance and pre-termination hearing provisions clearly do not

apply to Fleming.  The failure of the City to substantively respond to this motion,

---

court, the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Fair Hous. Council v. Riverside Two, 249 F.3d 1132 (9th Cir. 2001)*

[3] The filing at Docket 134 deals with Chief Fleming's FSLA claims, his status as an at-will employee, and his 1983 claims.  Upon review of the docket, Defendant's apparently have failed to reply to Flemings opposition to the motion at Docket 106.

[4] *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 950 (9th Cir. 1993);*Cristobal v. Siegel,* 26 F.3d 1488, 1491 (9th Cir. 1994) (quoting *Henry*); *Hoover v. Switlik Parachute Co.,* 663 F.2d 964, 967 (9th Cir. 1981) (where no opposition to motion filed, summary  judgment should not be granted if the evidence in support of the motion is insufficient).

[5] Def. Memo., at 2-3; See Def. Exhibit B, at 3  The agreement also indicated that he might be terminated without cause upon the condition that he be paid one (1) month of his salary severance pay.  If Fleming were terminated for cause, the City was not obligated to pay the severance pay.  Fleming was terminated for cause, and paid his severance pay.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

suggests that the City lacks any evidence or legal theory, or authority to suggest that the City personnel policy applied to Fleming.  In essence, the City has abandoned its prior assertions that Chief Fleming should have availed himself of the City's administrative procedures.

It is therefore safe to assert that there is no factual dispute as to the applicability of the grievance procedures to Chief Fleming.  As a general matter, "(T)he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.[6]  The non-moving party may defeat judgment by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial.[7]  In regards to the cross motion, Chief Fleming offered the terms of his contract which waive application of the procedures to Chief Fleming.  In response, the City has failed to offer a scintilla of contrary evidence or legal authority.  The failure of the City to oppose the motion with some showing of cognizable evidence showing a genuine factual dispute respecting the applicability of the grievance procedures concedes the point to Fleming.

---

[6] *Anderson v Liberty Lobby, Inc.*, 477 U.S., at 247-248
[7] *Celotex Corp. v Catrett,* 477 U.S. 317, 322 (1986).

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

The Court should grant Chief Flemings motion for summary judgment

holding that the grievance procedures of the City of Fort Yukon were not applicable

to Chief Fleming.


DATED: November 20, 2006                    s/ Michael J. Walleri
                                            Law Offices of Michael J. Walleri
                                            330 Wendell Street, Suite E
                                            Fairbanks, AK 99701
                                            (907) 452-4716
                                            (907) 452-4725 (Facsimile)
                                            walleri@gci.net
                                            AK. Bar No. 7906060



Certificate of Service
I hereby certify that under penalty of perjury that a true and
 Correct copy of the foregoing was sent to the following counsel
of record on November 20, 2006 via ECFl  to:
Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                              *Page 4 of 4*
Reply Cross Motion: Partial Sum Jud. (Fleming re
Grievance) [Docket 120]