Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM, <br><br>     Plaintiffs, <br><br> vs. <br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA, <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 4:04-cv-00034-RRB

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
TO STRIKE AFFIDAVIT OF MR. WALLERI OR, IN THE
ALTERNATIVE, TO DISQUALIFY MR. WALLERI FROM SERVING
AS BOTH ATTORNEY AND WITNESS IN THE SAME PROCEEDING**

**I.      INTRODUCTION**

Plaintiffs' counsel, Michael Walleri, has offered an affidavit where he interjects himself into this dispute with factual statements. The Alaska Rules of Professional Conduct preclude Mr. Walleri from serving as both counsel and witness. Accordingly, Defendants respectfully request that the Court either strike the offending affidavit and

enter an order in limine excluding Mr. Walleri from testifying in this matter, or, in the alternative, that the Court disqualify counsel from further representation in this matter.

This motion involves Paragraphs 3 and 4 of Mr. Walleri's affidavit, submitted with William McKillican's opposition to Defendants' motion for summary judgment. [*See* Docket 127]  Mr. Walleri's affidavit testimony contains inadmissible hearsay and concerns a subpoena that plaintiffs have never produced.  Further, Plaintiffs' counsel is prohibited by Alaska Rule of Professional Conduct 3.7 from representing a party at a trial where he is a necessary witness.  Either the affidavit is inadmissible under various evidence rules, or Plaintiffs' counsel has made himself a necessary witness to the proceeding by injecting himself into the case with his sworn testimony.

Defendants believe this case is likely to be resolved on summary judgment.  But if the Court finds there is some fact in question, then unless Plaintiffs come forward with another witness or document to support their contentions, Defendants will be forced to depose Mr. Walleri and put him on the stand during trial if his testimony is found to be relevant to any issue in dispute.

## II.  FACTS

On October 30, 2006, Plaintiffs' counsel filed William McKillican's opposition to summary judgment on his employment claims.  [*See* Docket 127]  In that opposition, Plaintiffs' counsel attached his own affidavit as Exhibit 5.  That affidavit stated that Plaintiffs' counsel had defended a man named Richard Miller when former City Manager Fannie Carroll filed a stalking petition against him in the summer of 2003.  [Walleri Aff.,

¶¶ 1, 2] It also stated that "[d]uring that process, the undersigned subpoenaed 911 tapes of the City of Fort Yukon police department because Fannie Carroll had informed my client that she had taped him making threatening comments to her in a phone conversation while she was using the 911 line." [Walleri Aff., ¶ 3] It also stated that "[t]he City was unable to produce those tapes" and that a judge denied the stalking petition after a hearing. [Walleri Aff., ¶¶ 4, 5, 6]

Plaintiffs have never produced the subpoena that Walleri alleges he filed in the stalking proceeding. Nor have Plaintiffs ever produced any evidence that the City was served with this subpoena. Instead, Plaintiffs' counsel cited to his own affidavit as support for the following statements:

- "In July of 2003, Fannie Carroll filed a stalking petition against a City Council member, Dick Miller after an unpleasant confrontation between the two during a city work session.["] [McKillican Opp., p. 8]

- "Ms. Carroll alleged that Mr. Miller was calling her and making unwanted contact with her, and that she had tape recordings of a conversation with him on the 911 line that would support her allegations." [McKillican Opp., p. 9]

- "The undersigned attorney represented Mr. Miller, and, on behalf of Mr. Miller, the undersigned subpoenaed the tapes from the City, but the tapes were never produced." [*Id.*]

- "On August 12, 2003, the Carroll/Miller hearing on long-term orders was scheduled. The 911 tapes were never produced at the hearing." [*Id.*]

It is unclear what exactly Plaintiffs' counsel sought to prove with these statements. These statements do not appear to have any bearing or relevance on any of the pending

motions for summary judgment. The City moved for summary judgment against McKillican because he quit his job and fails to show the intolerable working conditions necessary to prove constructive discharge.[1] How the City responded to a subpoena, which may not have even been issued until after McKillican quit, does not appear to have any possibly bearing on McKillican's working conditions, and, in any event, he expressly testified that the reason he quit was because of a proposed performance evaluation, not anything to do with this alleged subpoena.

Despite the apparent lack of relevance to anything at issue in the summary judgment papers, it appears Plaintiffs are offering Mr. Walleri's affidavit for two reasons. First, Plaintiffs seem to be alleging some sort of conspiracy theory that Defendant Fannie Carroll stole all of the tapes herself and then somehow blamed Plaintiffs Reginald Fleming, Chris DeLeon and Todd Schlumbohm when the tapes were missing.[2] This will no doubt be part of their theory that the implied covenant of good faith and fair dealing was violated during their terminations. [*See* Fleming Opp., pp. 8-12; Schlumbohm Opp., pp. 14-15] Second, Plaintiffs apparently think these statements are relevant to McKillican's employment claims, since they were submitted in his opposition to summary judgment on those claims, although Plaintiffs have failed to connect the dots or

---

[1]   *See Pitka v. Interior Regional Housing Authority*, 54 P.3d 785, 790 (Alaska 2002).

[2]   "During the termination of Chief Fleming and Officer DeLeon, Fannie Carroll demanded 911 tapes from Officer Schlumbohm, and all such tapes have since been 'lost.'" [McKillican Opp., p. 9]

explain the relevance of these facts to any material issue related to McKillican's claims or the City's defenses.

### III.   ARGUMENT

Paragraphs 3 and 4 of Plaintiffs' counsel's affidavit should be stricken, or Walleri should be disqualified from further representing Plaintiffs in this case. "Only admissible evidence may be considered in deciding a motion for summary judgment."[3] "When an attorney's affirmation does not comply with Rule 56(e), the court should strike the portions thereof which are not made upon the affiant's personal knowledge, contain inadmissible hearsay or make conclusory statements."[4]

Paragraph 3 reads that "the undersigned subpoenaed 911 tapes of the City of Fort Yukon police department because Fannie Carroll had informed my client that she had taped him making threatening comments to her in a phone conversation while she was using the 911 line." [Walleri Aff., ¶ 3] What Fannie Carroll informed Plaintiffs' counsel's client is not a subject for which Plaintiffs' counsel gets to offer testimony. It is inadmissible hearsay under Federal Rule of Evidence 802 and therefore should be stricken.[5]

Further, to the extent that Mr. Walleri is attempting to testify about the contents of a subpoena, Plaintiffs' counsel should produce the subpoena, not testify about what the

---

[3]   *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).

[4]   *Omnipoint Comm. v. Common Council of City of Peekskill*, 202 F.Supp.2d 210, 213 (S.D.N.Y. 2002).

[5]   *Id.*; Fed.R.Civ.P. 802.

subpoena contained. The best evidence rule applies "when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself[.]"[6] It is the subpoena itself that would have required the City to produce tapes. If Plaintiffs' counsel wants to show that the tapes were properly subpoenaed he needs to produce the subpoena and show that the tapes were actually the subject of a properly administered subpoena. The failure to produce the alleged subpoena is particularly egregious since Civil Rule 26 requires voluntary disclosure of relevant evidence.

In any case, Plaintiffs' counsel should not be allowed to be the only witness regarding this alleged subpoena and the non-production of tapes. "It is elementary that counsel may not participate both as an advocate and as a witness, absent special circumstances."[7] It is "an unnatural, if not virtually impossible, task for counsel, in his own case, to drop his garments of advocacy and take on the somber garb of an objective fact-stater."[8] Under Alaska Rule of Professional Conduct 3.7(a), "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except when: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work a substantial hardship on the client." As the comment notes:

---

[6]  *U.S. v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004).

[7]  *Spivey v. U.S.*, 912 F.2d 80, 84 (4th Cir. 1990).

[8]  *Inglet & Company v. Everglades Fertilizer Co.*, 255 F.2d 342, 349 (5th Cir. 1958).

> Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as analysis of the proof.[9]

Plaintiffs' counsel has not produced any documentary evidence for his contentions or other witnesses who can testify from personal knowledge about the subpoenaed tapes and their non-production. Mr. Walleri is improperly attempting to use his own statements, apparently in some of hope of creating a question of fact in order for Plaintiffs to survive summary judgment.

It is not at all apparent that Walleri's affidavit has any bearing on any issue raised in the pending summary judgment motions. But if Plaintiffs somehow survive summary judgment based on these facts, Mr. Walleri will be a necessary witness to the extent that his clients are relying on his testimony and that there is no other evidence regarding his contentions. If his statements are not stricken, Plaintiffs' counsel must be disqualified from this case. Respectfully, Mr. Walleri is an able attorney and would likely be an able witness. But Mr. Walleri cannot ethically be his clients' fact witness and their attorney at the same time.[10]

---

[9]  Alaska Rule of Professional Conduct 3.7 cmt.

[10] Alaska Rule of Professional Conduct 3.7.

MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO STRIKE AFFIDAVIT OF MR. WALLERI OR, IN THE ALTERNATIVE, TO DISQUALIFY MR. WALLERI FROM SERVING AS BOTH ATTORNEY AND WITNESS IN THE SAME PROCEEDING
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

PAGE 7

## IV.     CONCLUSION

The Court should either strike Paragraphs 3 and 4 of Mr. Walleri's affidavit, and enter an order in limine barring Mr. Walleri from further testifying in this matter, or the Court should disqualify Mr. Walleri from further representation in this case.  Paragraphs 3 and 4 of Mr. Walleri's affidavit are not based on admissible evidence.  Even if they were based on admissible evidence, counsel's use of his own affidavit in an apparent effort to create a question of fact makes him a necessary witness.  The Court should therefore bar him from representing his clients at trial due to Alaska Rule of Professional Conduct 3.7.

DATED at Anchorage, Alaska this 21st day of November, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By:   s/ Matthew Singer
      Matthew Singer
      Alaska Bar No. 9911072

By:   s/ Howard S. Trickey
      Howard S. Trickey
      Alaska Bar No. 7610138
      3000 A Street, Suite 300
      Anchorage, AK  99503
      Phone:  (907) 563-8844
      Fax:  (907) 563-7322

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2006,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

s/ Matthew Singer
135851

MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO STRIKE AFFIDAVIT OF
MR. WALLERI OR, IN THE ALTERNATIVE, TO DISQUALIFY MR. WALLERI FROM SERVING
AS BOTH ATTORNEY AND WITNESS IN THE SAME PROCEEDING
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

PAGE 9