Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. SCHLUMBOHM , and TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **REPLY MEMORANDUM TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT RESPECTING CONSTRUCTIVE TERMINATION  (Schlumbohm)**<br><br>Case No. F04-0034 CIV (RRB) |

Officer Schlumbohm filed a cross-motion seeking partial summary judgment seeking a ruling that Officer Schlumbohm was constructively terminated.[1] The City has not filed a substantive opposition to the cross motion, other than to make unsupported *ad homin* attacks suggesting bad faith and preferring to rely upon their

---

[1] Docket 130

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                                              Page 1 of 4
Reply: Partial Sum. Jud. (Schlumbohm) Docket 130

prior briefing in support of their previous motion for summary judgment.[2]  As noted below, however, the City does not contest the fact that Officer Schlumbohm was constructively terminated; rather they merely contest that the termination was not wrongful.  Consequently the Court should grant the motion.

To show constructive discharge under Alaska law the employee must prove that a "reasonable person in the employee's position would have felt compelled to resign." *Municipality of Anchorage v. Gregg, 101 P.3d 181, 192n40 2004 (Alaska 2004)*[3] In that case, a police officer was found to have been constructively discharged because she was forced to either resign or risk being fired.[4]  That is exactly the situation faced by Schlumbohm.  In the present case, within days of Chief Fleming being terminated, Officer Schlumbohm was promoted, and than placed upon suspension.  Upon returning to Fort Yukon, Schlumbohm met with Greg Russell

---

[2] Referencing Docket 102 and 149

[3] Citing In *Charles v. Interior Hous. Auth.*, 55 P.3d 57, 59-60 (Alaska 2002), which explained
> To prevail on a wrongful termination claim an employee must prove: (1) that the employee was discharged by its employer and (2) that the employer breached a contract or committed a tort in connection with the employee's termination. … Constructive discharge "satisfies the discharge element in a wrongful claim. A constructive discharge occurs when "an employer makes working conditions so intolerable that the employee is forced into an involuntary resignation." To establish constructive discharge it is not necessary that the employee actually "prove that the employer acted with the specific intent of causing the employee to resign.""

[4] Alternatively, in Gregg, the plaintiff could have elected to loose her police certification, because she was seeking leave that she was entitled to under federal, state, and local laws

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

who informed him that he was ineligible to be a police officer in Fort Yukon. There is little question that Officer Schlumbohm faced the same situation as the officer in *Municipality of Anchorage v. Gregg, 101 P.3d 181 (Alaska 2004)*

In the case of Officer Schlumbohm, the City offers no contradictory evidence nor does it even contest by allegation that Fannie Carroll intended to fire him. In substance, the City has conceded that it intended to fire Officer Schlumbohm because he was ineligible to serve as police officer. Indeed, at the present time, the City claims that it properly suspended him and planned termination because he was ineligible to serve as a police officer. Officer Schlumbohm was clearly eligible to serve as a VPO because Fort Yukon falls within the definition of an eligible community.[5] In their opposition, the City cites no legal authority to explain how a community the size of Fort Yukon fails to fall within the parameters of 13 AAC 89.005. Simply stated, the City now concedes the point by failing to offer any supporting evidence or authority that Schlumbohm was ineligible to be a VPO. Notwithstanding these considerations, there is no serious dispute of fact that Officer Schlumbohm resigned under the reasonable belief that his alternative was involuntary termination. Therefore, the Court must grant summary judgment that

---

[5] See Docket 129, p. 6 (Text associated with Footnote 15-17)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Officer Schlumbohm was constructively terminated.[6]  The question as to whether the constructive termination was wrongful remains for trial.

DATED: November 27, 2006          s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, AK 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
walleri@gci.net
AK. Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and
 Correct copy of the foregoing was sent to the following counsel
of record on November 27, 2006 via ECFl to:
Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

_____

---

[6] In the absence of evidence opposing the summary judgment, the court must grant summary judgment. *Provenz v Miller,* 102 F.3d 1478, 1489-90 (9th Cir., 1996);  *Angel v Seattle-First Nat.'l Bank,* 653 F.2d 1293, 1299 (9th Cir. 1981).

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*          *Page 4 of 4*
Reply: Partial Sum. Jud. (Schlumbohm) Docket 130