Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA, | )<br>)<br>) |
| Defendants. | )<br>) |
| | ) Case No. 4:04-cv-00034-RRB |

**NOTICE TO THE COURT OF PLAINTIFFS'
FAILURE TO COMPLY WITH DISCOVERY ORDER**

**I.   INTRODUCTION**

Defendants respectfully request that the Court not close discovery, dispositive and evidentiary motions on December 6, 2006 as provided in the minute order at Docket 123. Plaintiffs have failed to comply with the Court's discovery order at Docket 113.

## II.     ARGUMENT

Plaintiffs have failed to fulfill their discovery obligations as ordered by the Court when it granted Defendants' motion to compel discovery.  [Docket 113]  Discovery is currently set to close December 6, 2006, or when Plaintiffs comply with the discovery order at Docket 113, whichever is later.  [Docket 123]  Plaintiffs have failed to comply with the discovery order, and the Court should therefore hold the discovery, dispositive and evidentiary motions deadline open.

Plaintiffs have failed to comply with the discovery order at Docket 113, even assuming for the moment that all of the responses that Plaintiffs actually tried to make were adequate.[1]  Plaintiff Todd Schlumbohm has not answered Request for Production Nos. 16 and 17, as the discovery order required of him.  [*See* Ex. A; Docket 113] Plaintiff William McKillican has not answered Request for Production Nos. 19 and 21, as the discovery order required of him. [*See* Ex. B; Docket 113]  Plaintiff Reginald Fleming has failed to answer Request for Production No. 21, as the discovery order required of him.  [*See* Ex. C; Docket 113]

Plaintiff Chris DeLeon simply stated that the documents were not currently in his possession as his answer to Request for Production No. 21.  [*See* Ex. D]  This is not an acceptable answer under the rules of discovery, and is in fact the same answer that DeLeon gave prior to the Court's discovery order.  [*See* Ex. E; Docket 113]  The standard

---

[1]     Several of the responses were inadequate and will be part of an upcoming motion for discovery sanctions.  But it is unnecessary for the Court to consider them at this point because there are other requests in the discovery order that the Plaintiffs have simply ignored.

NOTICE TO THE COURT OF PLAINTIFFS' FAILURE TO COMPLY WITH DISCOVERY ORDER            PAGE 2
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

for discoverable information does "not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action."[2]  His answer is a failure to comply with the discovery order.

### III.    CONCLUSION

Defendants respectfully request that the Court not close discovery, dispositive and evidentiary motions on December 6, 2006 as provided in the minute order at Docket 123. Defendants are entitled to obtain this long overdue discovery before the close of these motions deadlines.

DATED at Anchorage, Alaska this 6th day of December, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By:   s/ Matthew Singer
     Matthew Singer
     Alaska Bar No. 9911072

By:   s/ Howard S. Trickey
     Howard S. Trickey
     3000 A Street, Suite 300
     Anchorage, AK  99503
     Phone:  (907) 563-8844
     Fax:  (907) 563-7322
     Alaska Bar No. 7610138

---

[2]    *Proksch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D.Minn. 2000) (*quoting Bank of New York v. Meridien BIAO Bank Tanzania, Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997)).

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2006,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

s/ Matthew Singer
141321