Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**<br><br><br>Case No. F04-0034 CIV (RRB) |

      Previously, the City of Fort Yukon, et. al. (Defendants, hereinafter referred to as "Fort Yukon") filed motions to compel responses to discovery. The Plaintiff Police Officers (collectively referred to as Officers) opposed arguing that they had substantially complied with the request. Without finding that the Officer's had failed to properly respond previously, this Court ordered "Plaintiff's (Officers) shall, within 30 days of this order, provide **– to the extent that they have not already done**

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                               *Page 1 of 19*
Op. : Def. Motion for Sanctions

**so** --- full and complete responses to Defendants Interrogatories Nos. 10, 13, 14 and Requests for Production 2, 3, 10, and 11. (emphasis added)[1]  The Officers provided Supplemental Discovery responses on October 3, 2006[2] and November 22, 2006 addressing all of the matters ordered by the Court.  Fort Yukon have moved for sanctions to some relating to only four of the seven items as to specific Officers: Interrogatories Nos. 13 (Hampton and DeLeon) 14 (all Officers) and Requests for Production Nos. 10 (McKillican and Schulmbohm), and 11 (McKillican).[3]  The Officers have fully complied with the Court's order.  Fort Yukon's motion for sanctions is groundless.   The Court should deny the motion.

**I.      FAILURE TO COMPLY WITH OBLIGATION TO CONFER.**

Fort Yukon seeks sanctions under FRCP 37.  As this court has previously noted, a motion pursuant to FRCP 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court

---

[1] Docket 87 (August 31, 2006)
[2] The parties met in Anchorage on September 29, 2006 and agreed to an extension necessary to accommodate both parties schedules.
[3] Defendants assert that Plaintiff's responses to Requests for Production No. 3 was not fully answered, but have not sought sanctions.  It is assumed that Defendants concede that Plaintiffs have full-filled obligations as to Interrogatories Nos. 10 (all Plaintiffs),  and 13 (Fleming, McKillican and Schulmbohm) and Requests for Production 2 (all Plaintiffs), 3 (all Plaintiffs), 10 (Fleming, Hampton, and DeLeon), and 11 (Fleming, Hampton, DeLeon, and Schulmbohm).

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

action." Fort Yukon has failed to include this certification in the motion, and the Court should deny the motion on these grounds alone.

On October 3, 2006, the undersigned forwarded the supplemental discovery responses as agreed upon by counsel.[4] In the cover transmittal, the undersigned indicated that opposing counsel should review the responses, and advise if there were any deficiencies. The undersigned proposed a teleconference between counsel to discuss any deficiencies that Fort Yukon might believe existed. After some discussions, it became clear that Fort Yukon was withholding documents from discovery, while demanding production of the same documents. On October 19th the undersigned requested supplementation as to the withheld documents, and proposed a meeting to discuss deficiencies.[5] Since the undersigned was going to be in Anchorage, the undersigned requested a meeting or teleconference to discuss outstanding discovery issues for October 26.[6] Fort Yukon counsel responded that he was unavailable to meet on the 26th and was traveling out of state until October 30, and requested a teleconference after that date. The two offices attempted to schedule a meeting, however, the meeting never took place. Fort Yukon filed the motion

---

[4] Plt. Ex. H. (attached)
[5] Plt. Ex. I (attached)
[6] id.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                    *Page 3 of 19*
Op. : Def. Motion for Sanctions

without first conferring with the undersigned.  As noted below, Fort Yukon is confused as to the responses.  These confusions could have been resolved if Fort Yukon had complied with the Federal rules and conferred with Council as required.  The motion should be denied on that basis alone.

## II.   THE OFFICER'S HAVE COMPLIED WITH THE PRIOR ORDER.

### a)   Interrogatory No. 14 (all Plaintiffs)

This interrogatory seeks information about the officer's post-severance employment.[7]  The Officers continue to object that Fort Yukon served more than the allowable number of interrogatories upon each plaintiff, which was critical as to

---

[7] The Interrogatory text was as follows:
   Interrogatory No. 14:  Please describe each of your employment experiences subsequent to employment with the City of Fort Yukon, including current employment, and specify:
   a. The name and address of each employer;
   b. The inclusive dates of employment;
   c. The principal business of your employer;
   d. Your initial job duties and responsibilities;
   e. Your initial salary;
   f. Each change in your salary, including the date, amount and reason for such change;
   g. Each change in your job title or responsibilities, including the date and a description of the change;
   h. The nature of any fringe benefits received initially;
   i. Any change in fringe benefits, including the date of such change and the reason for such change;
   j. The name and address of each of your supervisors;
   k. A description of any training or education you received;
   l. The number of employees (if any) that you supervised;
   m. The contents of any evaluations received;
   n. Reason for leaving.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                 Page 4 of 19
Op. : Def. Motion for Sanctions

Interrogatory No. 14.[8]  Moreover, the Interrogatory, with its 14 sub-parts is excessive and burdensome.[9]  However, notwithstanding those objections, the Officers fully and completely responded to the request prior to the issuance of the Order.  Hence, no further response was required under the terms of the order.

Opposing Counsel claims "Common to all Plaintiff's responses to our (Fort Yukon's) discovery responses is their (the Officer's) refusal to answer Interrogatory 14."[10]  This is a gross mischaracterization of the facts, and is easily disproved by Fort Yukon's own prior filings.  The Officers did not refuse to answer the Interrogatory.  On August 31, 2005, (long before Fort Yukon's initial motion to compel) the Officer's responded with a detailed post-severance work history.[11]  Moreover, Fort Yukon

---

[8] As previously noted, Fort Yukon was limited to 25 Interrogatories or discrete sub-parts per Officer.  FRCP 33(a)  Interrogatory 14 --- served on each Officer ---contained 14 sub-parts, meaning that Interrogatory 14 actually exceeded the allowable number per officer.  The Court has never addressed this issue. The Court should enforce the limit on the number of Interrogatories Fort Yukon may request.

[9] Fort Yukon's interpretation of an acceptable response is particularly onerous.  Fort Yukon is demanding more than substantive responses; rather Fort Yukon is demanding a particular format for such responses.  The Federal Rules do not require that a party responding to discovery format such responses in a particular manner; rather the responses need only respond in substance to the interrogatory's question.  It is clear that the interrogatory is more designed to create work for plaintiffs, rather than elicit discoverable information.

[10] Docket 158, at 4

[11] Docket 71 (See Def. Ex. A through E).  As noted therein, McKillican responded
<u>Answer</u>: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such objection, Mr. McKillican has been employed at the following places:
  1. August 16, 2003, through February 28, 2005, Mr. McKillican was employed by the Fairbanks Police Department as a police officer. Mr. McKillican's beginning pay rate was

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

$19.98 per hour; however, after he completed his field training program he began earning $23.10 per hour.
2. April 18, 2005, through May 2005, Mr. McKillican worked for the North Slope Borough Police Department as a police officer. During his employment, Mr. McKillican earned $30.62 per hour.
3. June 20, 2005, through the present Mr. McKillican worked at Doyon Universal as a security officer. During his employment, Mr. McKillican earns $15.40 per hour.

Chief Fleming responded:
<u>Answer</u>: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules; request is excessive and burdensome. Reserving such objection, I have been employed at the following places: April 16 2004  To  Oct.  2004    Alaska Rail Road Police and Security
(Summer Job Only) Gary Wing Supervisor   388-1713; Oct.  2004  To Present    Data Security Supervisor  Lori Mace  and I Supervise 3 Other Officer   452-2215;0ct. 2004  To  Now   Airforce National Guard   Msgt Rinkon Is My Supervisor 377-8690

Officer Schlumbohm responded
<u>Answer</u>:  Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such objection, Mr. Scholmbaum has been employed at the following places:
1. March 1, 2004, through March 12, 2004, Mr. Schlombaum was employed by West Valley High School as a security officer. During his employment, Mr. Scholmbaum's duties included the following: observe approximately 1,300 teen age students and 100 staff members; enforce laws, rules, and disciplinary actions; recognize gangs, symbols, actions and demeanors; prevent drug activities and alcohol usage by the students; dealt with students who were reported with possessing weapons while on school property; and dealt with students who were violent and/or suicidal.
2. May 5, 2004, through October 22, 2005, Mr. Schlombaum was employed by Alaska Distributors as a merchandiser. During his employment, Mr. Scholmbaum's duties include the following: stocking and rotating of merchandise; placing signs and banners for sale items; building displays; delivering merchandise to customers in the Fairbanks and North Pole areas.
2. October 25, 2005, through March 18, 2005, Mr. Schlombaum was employed by Lathrop High School as a security officer. During his employment, Mr. Scholmbaum's duties included the following: observe approximately 1,300 teen age students and 100 staff members; enforce laws, rules, and disciplinary actions; recognize gangs, symbols, actions and demeanors; prevent drug activities and alcohol usage by the students; dealt with students who were reported with possessing weapons while on school property; and dealt with students who were violent and/or suicidal.
3. March 18, 2005, through the present Mr. Schlombaum was employed by Securitas as a security officer. During his employment, Mr. Scholombaum's duties included the following: maintaining a safe environment for tourists and business owners in the downtown area of Fairbanks; assisting highly intoxicated persons to the detox van

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

conducted the Officers depositions on July 19, 2006 (Hampton[12] and Deleon[13]), July 20, 2006 (Fleming[14]), and August 17, 2006 (McKillican[15] and Schlumbohm[16]). The Officer's deposition answers provided substantially more information than requested in the Interrogatory. As the deposition questioning indicates, Fort Yukon counsel had all of the post-severance information available <u>prior</u> to the

---

and/or the Fairbanks Police Department; detailed report writing; filling out police reports; testifying in court; and making citizen arrests when there are misdemeanor offenses in his presence.

Officer DeLeon responded:
<u>Answer</u>: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such objection, Mr. DeLeon has been employed at the following places:
1. Beginning in April or May 2004 through August 2004, Mr. DeLeon was employed Bachner Companies as a laborer. The Address is 542 4th Ave., Suite 300, Fairbanks, Ak. 99701 phone number 451-4440. Mr. DeLeon earned $12.00 per hour; however, he left this job because he was offered a position by the Fairbanks Police Department.
2. In August 2004 through the present, Mr. DeLeon was employed by the Fairbanks Police Department as a police officer. At $23.68/hr., with city benefits.

Officer Hampton responded:
<u>Answer</u>: Objection, Defendant has requested response to a number of interrogatories in excess of the number permitted by Civil Rules. Reserving such objection, beginning in April 2003 through approximately February 2004, Mr. Hampton was employed at Home Depot, Fairbanks as a Loss Prevention Investigator. Mr. Hampton earned $10.00 per hour; however, he left this job when he started his present job at Fort Knox. Approximately, February 2004 through the present, Mr. Hampton is employed by Fort Knox Goldmine as a security officer where he earns $17.00 per hour. Mr. Hampton has completed his certification for Emergency Trauma Technician while employed at his present job.
See also attached Exhibit C.

Exhbit C was Officer Hampton's resume.

[12] Plt. Ex. A (attached) (Hampton's Depo) pp. 5-9
[13] Plt. Ex. B (attached) (DeLeon's Depo) pp. 9-19
[14] Plt. Ex. C (attached) (Fleming's Depo) pp. 15-28
[15] Plt. Ex. D (attached) (McKillican's Depo) pp. 8-40  Officer McKillican is the only officer that had a significant change in employment, which was disclosed during his deposition.
[16] Plt. Ex. E (attached) Schlumbohm's Depo) pp. 30 -37

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

depositions,[17] which allowed Fort Yukon counsel to probe into areas where he desired clarification. Of particular note, three of these depositions were conducted prior to Fort Yukon's motion to compel filed on August 3, 2006.[18] The remaining two depositions were conducted after Fort Yukon filed its motion to compel, but before the Court entered the August 30th order. The Officer's supplemental responses indicating that the information was previously provided is clearly correct. Fort Yukon's assertions to the contrary are patently inconsistent with the facts and evidence.

But the depositions revealed further concerns about Fort Yukon's good faith in bringing this motion. In addition to the prior interrogatory responses, the Officers had signed releases of information to allow Fort Yukon to directly obtain the Officer's post-severance employment records from their employers. Fort Yukon obtained Officer McKillican's and Officer DeLeon's employment records from the City of Fairbanks pursuant to these releases on July 28, 2006.[19] Curiously, Fort Yukon failed to disclose its receipt of these records by supplemental disclosure, as required by the federal rules. Nonetheless, Fort Yukon continued to demand

---

[17] See generally Ex. A, B, C, D, & E
[18] See Docket 70
[19] Plt. Ex. G (attached)  Records located at Bate Stamp FY 3570-3622)

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                   *Page 8 of 19*
Op. : Def. Motion for Sanctions

disclosure of these same records, while it withheld confirmation of receipt of these same records.[20] The undersigned counsel requested supplementation,[21] which was only recently provided.[22] Of course, it is now obvious that Fort Yukon was withholding these records at the same time that it filed its original motion to compel,[23] and this motion for sanctions,[24] claiming that it had not received this information from the Officers.

    Finally, it should not escape the Court's notice that Fort Yukon has failed, in its motion, to identify the nature of the missing information relative to Interrogatory No. 14. Rather, Fort Yukon makes board and untrue allegations that the Officer's have refused to answer. As noted above, these claims are obvious and patent mischaracterizations. Clearly the Officer's have responded with a full and complete post-severance employment history, and had done so prior to the Court's August 31st Order. Fort Yukon's motion as to Interrogatory No. 14 is groundless. The Court should deny the motion for sanctions because the Officer's have fully and completely complied with the Court's prior order.

---

[20] Plt. Ex. F (Aff't of Counsel) (attached)
[21] Plte Ex. I (attached)
[22] See Plt. Ex. G
[23] See Docket 70, filed August 3, 2006
[24] See Docket 158, filed November 16, 2006

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

     **b)**     **Interrogatory No. 13** (McKillican, Hampton and DeLeon)

The interrogatory asked to identify medical providers since 1995.[25] Officers McKillican and DeLeon have indicated that they have seen no medical providers, other than Officer DeLeon's previously disclosed visits to the Fort Yukon Health Clinic during his employment for Fort Yukon. A record of this medical service was provided in initial responses to discovery by Officer DeLeon.[26] Additionally, Officer DeLeon discussed his injuries and treatment in his deposition.[27]

Fort Yukon does not believe Officer DeLeon and McKillican answers. Fort Yukon offers no contradictory evidence; rather mere conjecture that there should be more. However, the Officer's answers are consistent with the Officer's Fairbanks Police Personnel records obtained by Fort Yukon last July.[28]

---

[25] The Interrogatory text was as follows:
> Interrogatory No. 13: Please state the name, address, telephone number and place of employment of any doctors, osteopaths, chiropractors, psychiatrists, psychologists, hospitals, medical clinics, or health care providers that you have seen, been examined by, or who have treated you since 1995. Please list these health care providers in the order in which they were seen.

Obviously, the interrogatory is excessive and burdensome in that it is seeks medical records for the last eleven (11) years.

[26] These included an on-the-job injury sustained during the Massingill arrest in January, 2004, (Plt. Doc. Control No. 146) and a chest pain in October 2003 , (FY 1249).

[27] Plt. Ex. B (attached) (DeLeon's Depo) pp. 226-227 Of course, Fort Yukon has a copy of the Workman's Compensation paperwork. As indicated by Officer DeLeon, Fort Yukon never processed the workman's compensation claim, but Officer DeLeon has not, and does not intend to file a claim against Fort Yukon, despite the rather obvious violation of state law. Id.

[28] See Plt. Ex. G; Bate Stamp FY 3590 and 3611

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Fort Yukon accuses the two officers of lying, because the Fairbanks Police Department requires a medical release in the hire process. However, a review of their personnel records, which Fort Yukon possesses, does not contain such a release. More importantly, in his deposition, Officer McKillican explained the "physical test" administered by the Fairbanks Police Department, which did not include a physician examination.[29] Fort Yukon is confused as to the requirements of Fairbanks hiring process.

Of course, Fort Yukon also complains about Officer Hampton. However, Officer Hampton recently entered a non-opposition to dismissal of his constructive termination and §1983 claims, leaving only his wage and hour claim. Interrogatory

---

[29] See Plt. Ex. D (attached) (McKillican's Depo) p. 34
```
 8   Q.  And describe the physical fitness test to me.
 9   A.  Do 21 push-ups, you do 29 sit-ups, you run a
10        mile and a half, and you run a 300 meter sprint.
11   Q.  And did you do that at the Fairbanks Police
12        Department or at the university?  Where is that?
13   A.  That -- that was -- I believe it was at the
14        Little Dipper Ice Arena at the indoor track.
15   Q.  And someone from the police department is
16        supervising the test?
17   A.  Yes.  They administer the test to you, yes.
18   Q.  Were other people taking the test, as well?
19   A.  Yes.
20   Q.  All the current applicants take the same test?
21   A.  Absolutely.
```

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

No. 13 seeks information that is not relevant to Officer Hampton's remaining claims. As a result, the motion is moot as to Officer Hampton.

**c) Requests for Production Nos. 10 & 11** (McKillican and Schlumbohm)

This request seeks copies of the Officers' certificates and license.[30] Fort Yukon claims that Schlumbohm and McKillican failed to answer the request for certifications. This is not correct. McKillican's Fort Yukon personnel file contained his 1st Aid Card,[31] Instructor's First Aid card,[32] and his breath test certificate.[33] Subsequently, McKillican provided his Alaska Police Standards Basic Certificate,[34] State of Maryland First Responder certification,[35] renewal breath test certification,[36] Control Tactic Instructor certificate,[37] and ASP Officer Certificate.[38] Officer Schlumbohm provided a copy of his VPO certificate,[39] which was a significant issue in motion for summary judgment. Of course, Fort Yukon has made an issue about

---

[30] The text of the Request for Production was as follows:
  Request for Production No. 10: All certificates, licenses or special credentials held by plaintiff, including the date of receipt and the name and address of the organization, which awarded or conveyed each.
[31] FY 1099
[32] FY 1100
[33] FY 1093
[34] Plt. Doc. Control No. 597
[35] Plt. Doc. Control No. 598
[36] Plt. Doc. Control No. 600
[37] Plt. Doc. Control No. 601
[38] Plt. Doc. Control No. 604
[39] Plt. Doc. Control No. 605

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                     *Page 12 of 19*
Op. : Def. Motion for Sanctions

Officer Schlumbohm's driver's license. A copy of that is located in Fort Yukon's personnel files.[40] In summary, Officers McKillican and Schlumbohm complied with the order. Fort Yukon's motion on this issue is groundless.

    **d)**    **Requests for Production No. 11** (McKillican).

This request seeks copies of <u>applications</u> for certificates and license of the officers.[41] Fort Yukon argues that McKillican should be required to produce applications for all certificates and licenses that he has. As noted above, Officer McKillican has a number of such certificates. Of course the problem with applications is that they are turned into agencies, which retain the application. The applicant does not retain the application. In short, Officer McKillican is not in possession of the applications he submitted to obtain his various certificates. Rather, the records in question are in the custody of various governmental and non-governmental agencies.

As a general rule, a party need not produce documents that are not in his possession or not reasonably accessible to him. *Pope v Ungerer & Co. 49 FRD 300, 14*

---

[40] FY 860

[41] The text of the Request for Production was as follows:
    <u>Request for Production No. 11</u>: All documents or records relating to application for any such certificate, license, or special credential, regardless of whether granted to plaintiff.

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*FR Serv 2d 503 (1969, ND Ga); LaChemise Lacoste v. Alligator Company, Inc.*, 60 F.R.D. 164, 172 (D. Del. 1973)  It is not seriously contested that the documents are not in Officer McKillican's possession.  The question, therefore, is whether Officer McKillican has "reasonable access" to the records.  The answer is clearly no.  As noted above, the records are in the custody of various governmental and non-governmental agencies. Normally, other discovery mechanisms are available to Fort Yukon to obtain records in the custody of non-parties.   Officer McKillican has disclosed the records in his possession and to which he has reasonable access.  Officer McKillican cannot be required to produce records that are not in his possession, nor be reasonably expected to be in his possession.  The Court should deny the motion.

### III.     Interrogatories – The Officer's Were Under No Obligation To Provide Responses To Interrogatories To Which They Had Already Responded.

Fort Yukon objects to the Officer's supplemental responses to Interrogatories Nos. 13 and 14, which indicated that the Officers had already responded to the Interrogatories.   As noted above, the officers had already responded fully and completely to the Interrogatories 13 and 14 prior to the issuance of the order in the prior responses and the depositions.  The order in question directed the officers to

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

provide discovery "to the extent that they have not already done so".  The officers' responses were consistent with the order.

Fort Yukon argues that it could not find the answers to the Interrogatories.[42]  The responses were in the initial responses to the interrogatories used by Fort Yukon's counsel during the depositions.  The depositions clearly demonstrate that Fort Yukon's counsel was fully aware of the responses.  The depositions also refute any claim that Fort Yukon could not find the responses to the Interrogatories.  More over, it must be assumed that opposing counsel could find the responses contained in the depositions because he was physically present and interacting with the witnesses during the depositions.[43]

---

[42] Docket 158, at 4

[43] Fort Yukon may legitimately complain that Officer DeLeon did not report his visit to the Fort Yukon clinic after his on-the-job injury in his interrogatory response.  Of course, Officer DeLeon may respond to an interrogatory by production of a business record.  FRCP 33(d)  However,  as noted above this was clearly discussed in Officer DeLeon's deposition, and opposing counsel examined Officer DeLeon on this issue.  At most, the oversight is de minimus.  Moreover, if opposing counsel had actually met with the undersigned as requested and required by the Rules, this confusion could have been resolved without resort to court.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

### IV. The Officer's Were Under No Obligation To Produce Documents Already Within the Document Control Systems of the Parties.

Fort Yukon objects to the Officer's supplemental responses to requests for production Nos. 10 and 11, which indicated that the documents were in the possession of Fort Yukon. The order in question directed the officers to provide discovery "to the extent that they have not already done so".  The order clearly reflects the general rule that parties need not provide discovery with regard to information already in possession of moving party. *Compagnie Continentale D'Importation v Pacific Argentine Brazil Line, Inc. 1 FRD 388 (1940, DC NY)* The reply to requests for production that indicated that the documents has been provided complied with the prior courts order. Additionally, the replies that indicated that the documents were in the possession of Fort Yukon, were appropriate, where those documents were within the parties document control system.

Fort Yukon cites *U.S. v 58.16 Acres of Land, 66 F.R.D. 570, 573 (E.D. Ill. 1975)* for the point that it is not a valid objection for a party to note that the information is already in a parties possession.  However, the case did not deal with requests for

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*   *Page 16 of 19*
Op. : Def. Motion for Sanctions

production; it dealt with interrogatories. Opposing counsel has simply cited an irrelevant case.[44]

## V.     Sanctions Are Inappropriate.

Fort Yukon has requested sanctions under FRCP 37(b)(2), which includes a variety of sanctions.[45] Fort Yukon does not specify which sanction the Court should enter, and it is therefore difficult to respond on this issue. However, before the court

---

[44] In correspondence, Fort Yukon counsel argues that the Officer's must advise him as to Bate Stamp numbers to documents previously produced. He is clearly wrong. The officer's were only required to give document location numbers when responding to interrogatories by the production of business records. There is no requirement that the Officer's give Fort Yukon counsel bate stamp numbers with regard to responses to requests for production.

[45] The rule provides for the following sanctions

(2) *Sanctions by Court in Which Action Is Pending*. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
   (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
   (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
   (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
   (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
   (E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                        Page 17 of 19
Op. : Def. Motion for Sanctions

imposes sanctions for violating a discovery order, the Court must first find that the party actually violated the order. FRCP 37(b)  As noted above, the Officer's complied with the order.  The motion is groundless and sanctions would be inappropriate.

## CONCLUSION

      The Court should deny Fort Yukon's motion for sanctions because the motion does not contain a certification that the moving party conferred with the undersigned prior to filing the motion, and because the officers fully and completely responded to the requested information.

Date: December 15, 2006                              MICHAEL J. WALLERI

                                                               /s/ Michael J. Walleri
                                                            Law Offices of Michael J Walleri
                                                            330 Wendell St., Suite E
                                                            Fairbanks, Alaska 99701
                                                            (907) 452-4716
                                                            (907) 452-4725
                                                            walleri@gci.net
                                                            AK Bar No. 7906060

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                      *Page 18 of 19*
Op. : Def. Motion for Sanctions

<u>Certificate of Service</u>
I hereby certify that under penalty of perjury that a true and
Correct copy of the foregoing was sent to the following counsel
of record on December 15, 2006 via ECF to:

Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

<u>s/ Michael J. Walleri      </u>

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725