Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO STRIKE WALLERI AFFIDAVIT /DISQUALIFY WALLERI**<br><br><br>Case No. F04-0034 CIV (RRB) |

The City of Fort Yukon has moved to strike the undersigned's affidavit filed as an exhibit in connection with McKillican's Opposition to the City's Motion for Summary Judgment.  The Court should deny the motion.

The affidavit in question asserted six facts: 1) On or about July of 2003, Fannie Carroll filed a stalking petition against a City Council member, Dick Miller; 2) the

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                           *Page 1 of 6*
Op. : Def. Motion for Sanctions

undersigned was Mr. Miller's attorney in those proceedings; 3) during those proceedings, the undersigned subpoenaed 911 tapes of the City of Fort Yukon police department because Fannie Carroll had informed my client that she had taped him making threatening comments to her in a phone conversation while she was using the 911 line, 4) the City was unable to produce those tapes; 5) A hearing on the long term orders for the stalking petition was held in Fort Yukon on August 13, 2003; and 6) the Court denied the stalking petition holding that Richard Miller had not engaged in stalking behavior.

As a preliminary matter, Fort Yukon complains that it did not receive a copy of the subpoena in discovery from the Plaintiffs. This is factually incorrect. A copy of the subpoena was included in the Plaintiff's Document Control System at Bate Stamp No. 593. (see attached)[1] Fort Yukon's assertion to the contrary is incorrect.

Of course, facts stated in the affidavit are supported by evidence in the record, including Ms. Carroll's deposition. For example, the fact that Ms. Caroll filed the petition against Mr. Miller, that the undersigned represented Mr. Miller.[2]

---

[1] Plt. Ex. 1
[2] See Docket 50 pp. 578

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*      *Page 2 of 6*
Op. : Def. Motion for Sanctions

Of course the subpoena existed.[3] The denial of the petition was attached as an exhibit.[4] The remaining items – i.e. date of hearing and non-production of 911 tape -- are actually part of the public record of the proceedings, which may be easily proved at trial independent of the undersigned's testimony.

Fort Yukon attacks the evidence as to relevancy. However, the evidence is relevant to Officer McKillican's constructive termination.  As pointed out in McKillican's Opposition and the evidence submitted in support of that opposition, there is a clear and obvious nexus between the constructive termination of McKillican and the Carroll/Miller stalking proceeding.  The evidence --- including the tape of the conversation between McKillican and Carroll --- show a clear nexus between the stalking proceeding that were going to trial and Carrolls efforts to evaluate McKillican in violation of city policy.  Indeed, Ms. Carroll's comments on the tape may reasonably be understood to mean that she was evaluating Mr. McKillican because he was spreading rumours about Carroll/Miller dispute.  The punitive inferences of the proposed evaluation may be reasonably inferred.

---

[3] Plt. Ex. 1
[4] Docket 127, Ex. 10

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Finally, the motion raises the question as to whether the mere fact that evidence is contained in an affidavit of counsel render the evidence inadmissible or require disqualification of an attorney. The answer to both questions is no. The cases cited by Fort Yukon are clearly distinguishable. In *Spivey v U.S.*,[5] the attorney affidavit went to issues of physical damage sustained by the plaintiff. In *Inglet & Co., Everglades Fertilizer*,[6] the attorney attempted to testify about matters normally required of an expert witness on certain operational procedures. In both cases, the Court noted that attorney affidavits are common, but that these cases presented unique attempts to establish central issues in the case. In the present case, the affidavit was merely to recite facts relating to other legal proceedings in which the undersigned served as counsel, and are more accurately reflected in the public record. The facts are not central to the case; rather they merely provide context respecting facts to which there is no material dispute.

Finally, Fort Yukon argues that the affidavit violates Rules of Professional Conduct 3.7, which prohibits an attorney from serving as an advocate in

---

[5] 912 F. 2d 80 (4th Cir. 1990)
[6] 255 F.2d 342 (5th Cir. 1958)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

proceedings where he is a **necessary** witness.[7] The undersigned is not a necessary witness, since there are plenty of other witnesses to the Carroll/Miller proceedings, including Mr. Miller himself.  Secondly, the rules allow an exception where the facts are uncontested.[8] Fort Yukon makes no allegation that the facts asserted in the affidavit are contested.  Finally, disqualification arises when the attorney is a central figure in the litigation going to a material fact.[9] The facts contained in the affidavit merely provide context, and may be proved at trial by other witnesses, if they become contested facts.

In the absence of Fort Yukon actually contesting any facts contained in the undersigned affidavit, and establishing that the undersigned is the only witness available to establish such facts, the motion for disqualification should be denied. Additionally, in the absence of Fort Yukon actually contesting the facts alleged in the complaint, the facts are clearly admissible.  The Court should deny the motion.

---

[7] ARPC 3.7
[8] ARPC 3.7(a)(1)
[9] Estate of McCoy 844 P.2d 1131 (Alaska 1993).

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*　　　　　　　　　　　　　　　　　　　　　*Page 5 of 6*
Op. : Def. Motion for Sanctions

| | |
|---|---|
| Date: December 15, 2006 | MICHAEL J. WALLERI |
| | /s/ Michael J. Walleri<br>Law Offices of Michael J Walleri<br>330 Wendell St., Suite E<br>Fairbanks, Alaska 99701<br>(907) 452-4716<br>(907) 452-4725<br>walleri@gci.net<br>AK Bar No. 7906060 |

Certificate of Service

I hereby certify that under penalty of perjury that a true and
Correct copy of the foregoing was sent to the following counsel
of record on December 15, 2006 via ECF to:

Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*
Op. : Def. Motion for Sanctions

*Page 6 of 6*