IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN and TODD SCHLUMBOHM,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL and the CITY OF FORT YUKON, ALASKA,<br><br>　　　　Defendants. | Case No. 4:04-cv-0034-RRB<br><br><br>**ORDER REGARDING**<br>**PENDING MOTIONS** |

**I.   INTRODUCTION**

　　　Before the Court are a number of pending motions, the majority of which are ripe motions and cross-motions for partial summary judgment that are addressed in-turn herein.

**II.   FACTS**

　　　Because the facts are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

///

///

**III. STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[1] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[2] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[3] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[4] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[5]

///
///

---

[1]  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[2]  Id. at 323-325.

[3]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

[4]  Id. at 255.

[5]  Id. at 248-9.

**IV. DISCUSSION**

    **A.    Dockets 22, 88, and 96.**

Upon due consideration of Defendants' Motion for Summary Judgment on Count I at Docket 22, and Plaintiffs' Opposition and Cross-Motion for Partial Summary Judgment on Count I at Docket 88, the Court hereby **ORDERS**, pursuant to Fed. R. Civ. P. 56(c), that Defendants' Motion at **Docket 22** is **GRANTED** and Plaintiffs' Cross-Motion at **Docket 88** is **DENIED**.

"Police departments with fewer than five persons employed in law enforcement are exempt from the overtime requirements of the [Federal Labor Standards Act ("FLSA")]."[6] "The Department of Labor has developed a three part test to define which employees are employed in law enforcement activities."[7]

---

[6]    Docket 77 at 2 (citing 29 U.S.C. § 213(b)(20). 29 U.S.C. 213(b)(20) provides:

> The provisions of section 207 of this title do not apply with respect to any employee of a public agency who in any workweek is employed in fire protection activities or any employee of a public agency who in any workweek is employed in law enforcement activities (including security personnel in correctional institutions), if the public agency employs during the workweek less than 5 employees in fire protection or law enforcement activities, as the case may be.

[7]    29 C.F.R. 553.211(a) provides:

> As used in the sections 7(k) and 13(b)(20) of the Act, the term "any employee . . . in law enforcement activities" refers to any employee (1) who is a uniformed or plainclothed member of a body of officers and subordinates who are empowered by State statute or local
> (continued...)

> Not included in the term "employee in law enforcement activities" are the so-called "civilian" employees of law enforcement agencies or correctional institutions who engage in such support activities as those performed by dispatcher, radio operators, apparatus and equipment maintenance and repair workers, janitors, clerks and stenographers.

With this in mind, and for additional reasons more carefully articulated within the relevant pleadings, the Court concludes Plaintiffs DeLeon, McKillican, Hampton, and Schlumbohm cannot possibly show any workweek where the City of Fort Yukon ever had more than four law enforcement employees – while they were individually and/or simultaneously employed as such.  As a consequence, Defendants are entitled to summary judgment on Count I with respect to these four Plaintiffs.

If the Court were to treat "Title 47" workers as law enforcement officers, which it does not, then Fleming may be entitled to overtime for the two workweeks where the City of Fort Yukon employed more than four police officers and Title 47

---

[7](...continued)
ordinance to enforce laws designed to maintain public peace and order and to protect both life and property from accidental to willful injury, and to prevent and detect crimes, (2) who has the power to arrest, and (3) who is presently undergoing or has undergone or will undergo on-the-job training and/or a course of instruction and study which typically includes physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid and ethics.

workers.[8]    Notwithstanding, because Fleming was an exempt supervisory employee,[9] he is not entitled to summary judgment on Count I.  Defendants – on the other hand – are.[10]

**B.    Dockets 91 and 117.**

Having thoroughly considered Defendants' Motion for Partial Summary Judgment (DeLeon) at Docket 91, and Plaintiffs' opposition filed thereto at Docket 118, the Court hereby **ORDERS**, pursuant to Fed. R. Civ. P. 56(c), that: (1) Defendants' Motion at

---

[8]    Plaintiffs' "Title 47" argument is correctly summarized and resolved as follows:

> The City [of Fort Yukon] occasionally separately contracts with some of the same people who work as State jail guards to watch over inebriants who are taken into custody under what the City [of Fort Yukon] calls a "Title 47," referring to the health and welfare statute, [Alaska Stat. § 47.37.170].  This is a civil health and welfare statute, not a criminal statute.  The City [of Fort Yukon] occasionally pays contract workers to assist with health and welfare work, but it does not employ correctional officers for law enforcement work. [Because t]hese City health contractors are neither employees nor law enforcement workers[, supra note 7], . . . they cannot be counted to inflate the size of the police department and negate its FLSA exemption.

Docket 141 at 11 (internal citation and footnote omitted).

[9]    29 U.S.C. § 213(a)(1) provides in relevant part: "The provisions of section 206 . . . and section 207 of this title shall not apply with respect to . . . any employee employed in a bona fide executive, administrative, or professional capacity . . . ."  At all times relevant to these pleadings Fleming was a bona fide executive.  Indeed, he was the Chief of Police.

[10]   As a result, Defendants' motion at **Docket 96** is **DENIED** as moot.

**Docket 91** is **GRANTED**; and (2) Plaintiffs' Cross-Motion at **Docket 117** is **DENIED**.

Claims made by DeLeon under Count II of the Complaint (wrongful discharge) are barred by his failure to exhaust his administrative remedies. DeLeon's claims under Count IV of the Complaint (procedural due process) are likewise barred by his refusal to avail himself of the adequate due process procedures offered by the City of Fort Yukon. As a result, summary judgment is appropriate against DeLeon as to Counts II and IV of the Complaint.

The Court further concludes that: (1) the City did <u>not</u> violate DeLeon's right to a pre-termination hearing ("Here, even if the Court were to somehow construe the February 9 letter as a due process violation . . . , the City . . . cured the defect two days later when it informed DeLeon that his dismissal was only "proposed" and scheduled a pre-termination hearing for February 16."[11]); and (2) although it likely would not have been an easy task, DeLeon was <u>not</u> excused from pursing an administrative grievance. Indeed, the Court finds that: (1) DeLeon was duly reminded of his contractual right to pursue a grievance; and (2)

---

[11] Docket 131 at 7. <u>See also</u> Docket 92, Ex. E at 1 ("By letter dated February 9, 2004, you were notified of the reasons for your <u>proposed</u> dismissal and your right to request a [pre-termination] hearing." Emphasis added.).

"even viewing the facts in the light most favorable to DeLeon, exhaustion of contractual remedies was <u>not</u> futile in this case."[12]

### C.  Dockets 102 and 130.

Upon due consideration of Defendants' Motion for Partial Summary Judgment on Employment Claims, Counts III and IV (Todd Schlumbohm), at Docket 102, and Plaintiffs' Cross-Motion for Partial Summary Judgment Respecting Constructive Termination (Schlumbohm) at Docket 130, the Court hereby **ORDERS**, pursuant to Fed. R. Civ. P. 56(c), that Defendants' Motion at **Docket 102** and Plaintiffs' Motion at **Docket 130** are **DENIED**.

Because the facts leading up to Schlumbohm's resignation are in dispute, and because the determination as to whether a "reasonable person" in Schlumbohm's position would have felt "compelled" to resign constitutes a question of material fact,[13] and for additional reasons more carefully articulated in the relevant pleadings, the Court finds that summary judgment is inappropriate

---

[12]   Docket 92 at 10 (emphasis added).

[13]   Indeed, Gregg Russell, a consultant from the Alaska Municipal League Joint Insurance Association, may have incorrectly advised Schlumbohm that he was not eligible to be a police officer in Fort Yukon; whereby, the grievance process may have appeared "futile" to someone in Schlumbohm's position. "[I]n [Schlumbohm's] words, 'I resigned from Fort Yukon because, to put it bluntly, it was either get fired or resign.'"  Docket 129 at 10 (footnote omitted). <u>See</u> <u>Municipality of Anchorage v. Gregg</u>, 101 P.3d 181, 192 n.40 (Alaska 2004)(<u>citing</u> <u>Charles v. Interior Regional Housing Authority</u>, 55 P.3d 57, 60 (Alaska 2002)("To show constructive discharge the employee must prove that a 'reasonable person in the employee's position would have felt compelled to resign.'")).

against and/or for Schlumbohm as to Counts III and IV of the Complaint.

    **D.    Dockets 104 and 137.**

Upon due consideration of Defendants' Motion for Partial Summary Judgment on McKillican's Employment Claims (Counts III and IV) at Docket 104, and Plaintiffs' Cross-Motion for Partial Summary Judgment Respecting Constructive Termination (McKillican) at Docket 137), the Court hereby **ORDERS**, pursuant to Fed. R. Civ. P. 56(c), that Defendants' Motion at **Docket 104** is **GRANTED** and Plaintiffs' Motion at **Docket 137** is **DENIED**.

McKillican's claims are barred because he failed to utilize the grievance process under his contract, and has thereby failed to exhaust his contractual remedies,[14] and because he was not constructively discharged.  Indeed,

> McKillican cannot state a claim for constructive discharge because he quit his job after the City Manager told him she was going to conduct a job evaluation.  Even assuming the evaluation was going to be negative, as a matter of law the threat of one poor job evaluation is not a constructive discharge.[15]

Accordingly, the Court finds that summary judgment is appropriate against McKillican as to Counts III and IV of the Complaint.

---

[14]    Docket 105 at 1.

[15]    <u>Id.</u> at 2.

**E.   Dockets 106 and 120.**

Upon due consideration of Defendants' Motion for Summary Judgment on Liability and Damages (Fleming) at Docket 106, and Plaintiffs' opposition thereto at Docket 121, the Court hereby **ORDERS**, pursuant to Fed. R. Civ. P. 56(c), that Defendants' Motion at **Docket 106** is **GRANTED** and summary judgment is entered in favor of Defendants as to each of Fleming's claims.  Indeed, Fleming was hired as an at-will employee.[16]  As a result, Plaintiff's Motion for Partial Summary Judgment Respecting Non-Applicability of Grievance Procedures at **Docket 120** is **DENIED**.

**V.   CONCLUSION**

For reasons stated herein, and for additional reasons more carefully articulated within the relevant pleadings, **Dockets 22, 91, 104**, and **106** are **GRANTED**.  **Dockets 102, 117, 120, 130, and 137** are **DENIED**.  **Docket 96** is **DENIED** as moot.  This matter shall proceed forward in due course with respect to Schlumbohm's employment claims, i.e., Counts III and IV.  The remainder of the claims presented in Plaintiffs' Complaint are **DISMISSED**.

ENTERED this 18th day of December, 2006.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[16]   Docket 125 at 9.