Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>      Plaintiffs,<br><br> vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case 4:04-cv-00034-RRB |

**REPLY TO OPPOSITION TO MOTION
FOR DISCOVERY SANCTIONS**

**I.    INTRODUCTION**

Defendants respectfully request that the Court grant discovery sanctions as to Plaintiff Todd Schlumbohm's discovery responses and the other plaintiffs as it sees fit. The situation has changed somewhat since this original motion was filed. The Court's entry of summary judgment on Fleming, Hampton, DeLeon and McKillican's claims has

made their compliance with the discovery order unnecessary.  [At Docket 173] Schlumbohm's claims are headed for trial, however, and so he must comply with the Court's discovery order.  Since Plaintiffs have failed to comply with the Court's discovery order, they should be sanctioned.

## II.   A HISTORY OF THIS DISCOVERY PROBLEM

Defendants served their First Discovery Requests on June 21, 2005.  These discovery requests focus mostly on plaintiffs' claims for wrongful discharge/constructive discharge and damages.  Plaintiffs served their responses on September 1, 2005.  Soon thereafter, the parties reached what defendants believed to be a settlement agreement on all but the overtime claims.  Plaintiffs' counsel sent a letter explaining that his clients had not been damaged by the alleged wrongful terminations/constructive discharges.  [Attached Ex. F at Docket 71]

Plaintiffs later withdrew their settlement proposal.  Defendants moved for summary judgment to enforce what it believed to be a contractual agreement resolving Counts II-IV.  This Court disagreed with the City and denied the summary judgment motion on May 3, 2006.  [Docket 45]  At that point, it was apparent that the parties needed to complete discovery and fully litigate each of the claims asserted by plaintiffs.  Even though their counsel represented that they had no damages flowing from their wrongful terminations, plaintiffs insisted on prosecuting these claims.  But, they steadfastly refused to respond to discovery.

Defense counsel tried for over two months to convince plaintiffs to supplement their discovery responses with adequate answers. [*See* Singer Aff. At Docket 71] It became clear that plaintiffs would not cooperate unless so ordered by the Court. [*Id.*] Consequently, the Court intervened to allow Defendants the discovery to which they were entitled. [Minute order at Docket 87]

Plaintiffs have still failed to give full and complete answers despite an order from the Court to do so. [*Id.*] Defendants sent Plaintiffs a letter to that effect in an effort to keep the Court from having to deal with this discovery dispute. [*See* Attached Exhibit A at Docket 158] In the letter, Defendants gave Plaintiffs until October 16 to correct their discovery responses. [*Id.*] But, Plaintiffs did not see fit to respond. It is now well past the time when Plaintiffs needed to comply. [Minute order at Docket 87] Plaintiffs have provided bits and pieces of discovery, but nothing approaching full compliance.

### III. ARGUMENT

#### A. Plaintiffs' assertion that Defendants must meet and confer with Plaintiffs prior to making the motion for sanctions is baseless.

There is no requirement that parties meet and confer before making a motion requesting sanctions for failure to comply with a discovery order. Federal Rule 37(a)(2)(B) requires that the moving party certify that it made a good faith attempt to confer with the other party to secure the discovery prior to bringing <u>a motion to compel discovery</u>.[1] Defendants have already properly requested an order compelling discovery

---

[1] "… the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a

and the Court granted the order at Docket 87. In contrast, there is no requirement that the parties again meet and confer prior to bringing a motion for discovery sanctions.[2] There is not even a requirement that a party bring a motion for sanctions before the Court grants sanctions.[3] Plaintiffs' assertions to the contrary have no foundation.

Defendants have spent an enormous amount of time and energy trying to obtain basic discovery in this case. They should not have had to do so, and they certainly should not have had to do so once the Court issued its order compelling discovery responses. The notion that Defendants needed to confer with Plaintiffs to urge them to comply with a Court order is without merit.

**B.  Schlumbohm has failed to answer Interrogatory 14.**

Schlumbohm still has not properly answered Interrogatory No. 14. [Attached Ex. A] His latest attempt is in fact simply a bizarre repetition of the information that he provided back in September of 2005. [Exhibits A, B] The Court has already decided that this answer was insufficient. [Minute order at Docket 87] The fact that he has repeated the same insufficient information as supplemental discovery does not make it sufficient now.

Answering Interrogatory 14 should be a relatively straightforward proposition. This is especially true if, as he asserts, the answers are all contained in the mass of papers

---

certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed.R.Civ.P. 37(a)(2)(B).
[2]   Fed.R.Civ.P. 37(b)(2).
[3]   *Id*.

attached to Schlumbohm's opposition to discovery sanctions. Yet, he has still not fully and completely answered Interrogatory No. 14 in any proper form. [*See* Exhibit A]

This information is necessary for Defendants to make an intelligent calculation of Schlumbohm's damages and efforts to midigate. Simply holding Schlumbohm's answer side-by-side with the information requested in the interrogatory shows that he has not answered the interrogatory. The Court has in fact already decided that the answer that was repeated in the supplemental discovery was insufficient. [Minute order at 87; Exhibits A, B] The Court should grant discovery sanctions for Schlumbohm's continued and stubborn refusal to answer this interrogatory.

    **C.**    **Schlumbohm provided his Village Police Officer training certificate only after this motion for sanctions was filed and has not provided any documentation as to whether he was actually certified or employed as a Village Police Officer.**

Officer Schlumbohm provided his Village Police Officer training certificate to Defendants on November 27, 2006. [*See* Attached Exhibit C] This was well after the Court had ordered him to provide it. [Minute order at Docket 87] It was also well after the parties had finished briefing the question of summary judgment on Schlumbohm's claims.[4] As Plaintiffs themselves note, whether Schlumbohm has a Village Police Officer certificate "was a significant issue in motion for summary judgment [*sic*]." [Plaintiffs' Opp. p. 12] Had Schlumbohm provided this document prior to the finish of briefing on that issue perhaps the issue of whether he was qualified to be a police officer could have

---

[4] Defendants' filed their reply brief regarding summary judgment on Schlumbohm's claims on November 13, 2006.

been resolved. As it stands, we now know that Schlumbohm was trained as a Village Police Officer. We still do not know whether Schlumbohm was ever qualified to be <u>certified as a Village Police Officer</u> by the Alaska Police Standards Council under 13 AAC 89.010-020 or whether he was ever certified as a Village Police Officer under 13 AAC 89.030 as he claims. We also do not know why Fleming promoted him to a position that required Schlumbohm to be eligible for an "advanced" police certificate, or why Schlumbohm applied to be certified as a normal police officer and only listed his normal police training after taking Village Police Officer Training. [*See* Attached Exhibits D, E] The reason that we do not know these facts is because Schlumbohm never provided documents

Had Schlumbohm complied with this discovery request, Defendants would have had the requisite information needed to at least begin to answer these questions <u>prior to the summary judgment motions practice</u>. As it stands, it is remains unclear what Schlumbohm is actually certified to do, if anything. The Court should sanction him for failing to timely comply with the Court's order to provide the requisite information. [Minute order at Docket 87]

> **D.  Although the discovery issue is moot as to the other Plaintiffs, the Court should still grant discovery sanctions as it sees fit.**

The Court may grant discovery sanctions as to the other Plaintiffs in this case. Although the Court's grant of summary judgment on the other Plaintiffs' claims has made gaining their discovery a moot point, Defendants should not have been forced to go through this long and drawn out process to get discovery to which they are entitled. [At

Docket 173] It would be appropriate for the Court to grant sanctions against DeLeon, Fleming, McKillican and Hampton. Defendants respectfully request that the Court grant such sanctions as it sees fit.

## IV.  CONCLUSION

Defendants respectfully request that the Court sanction Plaintiffs for failing to comply with its discovery order at Docket 87.

DATED at Anchorage, Alaska this 29th day of December, 2006.

JERMAIN DUNNAGAN & OWENS, P.C.

By: s/ Matthew Singer
Matthew Singer
Alaska Bar No. 9911072

By: s/ Howard S. Trickey
Howard S. Trickey
Alaska Bar No. 7610138
3000 A Street, Suite 300
Anchorage, AK  99503
Phone:  (907) 563-8844
Fax:  (907) 563-7322

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2006,
a true and correct copy of the foregoing
document was served electronically on the
following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99709

By: s/ Matthew Singer