Howard S. Trickey
Matthew Singer
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 4:04-cv-00034-RRB

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION FOR ENTRY OF FINAL JUDGMENT**

**I.    INTRODUCTION**

Defendants respectfully request that the Court enter final judgment against Plaintiffs Fleming, DeLeon, McKillican and Hampton. This case was really five lawsuits in one. Because the Court has entered summary judgment against these four Plaintiffs, and there is no just reason for delay, the City of Fort Yukon and former City Manager Fannie Carroll are entitled to final judgment against these four former employees.

## II. FACTUAL AND PROCEDURAL SUMMARY

At this point, the Court is quite familiar with this dispute. Five former police officers sued the City of Fort Yukon and its former City Manager, alleging claims for overtime pay and wrongful termination/constructive discharge. Defendants have always maintained that these five cases should not have been brought as one case. Defendants indicated early on their intention, if necessary, to move after discovery and motions practice for bifurcation of these claims for separate trials. [*See* Docket 15; *see also* Order at Docket 16] Such motion is no longer necessary, as the Court at Docket 173 entered summary judgment against Fleming, DeLeon, McKillican and Hampton. The Court's order fully resolves all claims asserted by these four Plaintiffs.

The only claims that remain are Todd Schlumbohm's claims for constructive discharge and violation of due process. Mr. Schlumbohm's two remaining claims are separate and distinct from the claims asserted by the other Plaintiffs.

## III. ARGUMENT

### A. Federal Rule of Civil Procedure 54(b) Authorizes the Entry of Final Judgment as to the Other Plaintiffs' Claims

The existence of remaining claims by Schlumbohm does not preclude this Court from entering final judgment as to the other Plaintiffs' claims. To the contrary, Federal Rule of Civil Procedure 54(b) provides a mechanism for entry of final judgment in just such a circumstance.

Rule 54(b), "Judgment Upon Multiple Claims or Involving Multiple Parties," provides in pertinent part:

> [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the … parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Accordingly, the Court may direct the clerk to enter final judgment against Plaintiffs Fleming, DeLeon, McKillican and Hampton upon an express determination that no reason for delay exists. The Ninth Circuit Court of Appeals accords "great deference" to a district court's decision to enter a final judgment under Rule 54(b).[1]

### B. The Court Should Enter Final Judgment Against Fleming, DeLeon, McKillican and Hampton Because No Reason for Delay Exists

Rule 54(b) confers broad discretion on the trial court to determine whether or not there is reason to delay entry of final judgment. Professors Wright and Miller explain: "Given the wide range of discretion conferred on the trial judge in deciding whether there is no just reason for delay, the [trial] court should feel free to consider any factor that seems relevant to a particular action, keeping in mind the policies that the rule attempts to promote."[2]

The Ninth Circuit approaches Rule 54(b) questions through a "pragmatic approach focusing on severability and efficient judicial administration."[3] In *Texaco, Inc. v. Ponsoldt*, the Ninth Circuit explained that "Rule 54(b) certification is proper if it will aid

---

[1] *James v. Price Stern Sloan, Inc.,* 283 F. 3d 1064, 1068 n.6 (9th Cir. 2002) (citing *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 797-98 (9th Cir. 1991)).

[2] Wright & Miller, Federal Practice and Procedure § 2659 at 112.

[3] *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519, 1525 (9th Cir. 1987).

'expeditious decision' of the case."[4] The Court has long recognized "the guiding principle … that '[a] similarity of legal or factual issues will weigh heavily against entry of judgment' under Rule 54(b)."[5] Thus, "Rule 54(b) certification is scrutinized to 'prevent piecemeal appeals in cases which should be reviewed only as single units.'"[6]

Here, because the claims of the five Plaintiffs contain virtually no common legal or factual predicate, there is no danger of "piecemeal appeals." The only common factual predicate between Schlumbohm and the other four Plaintiffs is that each was at some point employed as a Police Officer in the City of Fort Yukon. Otherwise, Schlumbohm's claims stand legally and factually apart from the claims of the other Plaintiffs.

This Court has granted summary judgment on the only legal claim these five Plaintiffs had in common – the FLSA claim asserted in Count I of the complaint. The only remaining claims are Schlumbohm's claims involving his <u>individual</u> employment experience and alleged constructive termination. Specifically, Schlumbohm claims he was constructively discharged and denied due process. The City claims he stole confidential documents and was offered a pre-termination hearing but then quit. These issues are factually and legally unrelated to the claims of Fleming, DeLeon, McKillican and Hampton. Accordingly, there is no danger here that an appellate court reviewing the

---

[4]   939 F.2d 794, 797 (9th Cir. 1991) (*quoting Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987)).

[5]   *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005) (*quoting Morrison-Knudsen Co., Inc. v. Archer,* 655 F.2d 962, 965 (9th Cir. 1981)).

[6]   *Texaco, Inc.*, 939 F.2d at 797-98 (*quoting McIntyre v. United States*, 789 F.2d 1408, 1410 (9th Cir. 1986) (internal citations and quotations omitted)).

claims of Fleming, DeLeon, McKillican and/or Hampton would be "required to address legal or factual issues that are similar to those contained in" Schlumbohm's claims.[7]

Likewise, because there is no danger of piecemeal appeals, Schlumbohm will not be prejudiced by the timely issuance of final judgments against the four Plaintiffs whose claims have been summarily adjudicated. Indeed, the practical effect will be indistinguishable from the Court granting a motion to sever the various Plaintiffs' claims, as earlier requested by Defendants. The Ninth Circuit has previously upheld the district court's decision to sever the disparate claims of multiple plaintiffs in an employment case. In *Coleman v. Quaker Oats Co.*,[8] the Court said that it was within the district court's discretion to sever three plaintiffs from a group of ten when all claimed age discrimination during a series of layoffs.[9] By a parity of reasoning, if these claims could have been severed prior to trial, there is no just reason to prevent the entry of final judgment as to the majority of claims while allowing Schlumbohm's claims to go forward to trial.

Finally, Defendants have been forced to incur substantial attorney's fees defending against Plaintiffs' claims. A final judgment may enable Defendants to seek attorney's fees and costs as the prevailing party. There is no justification for delaying consideration of such an award until after the resolution of Schlumbohm's unrelated claims. To the

---

[7]   *See, Morrison-Knudsen Co., Inc., supra*, at 965.

[8]   232 F.3d 1271 (9th Cir. 2000).

[9]   *Id.* at 1297.

contrary, unnecessarily delaying an award of fees and costs would unfairly prejudice Defendants, who are entitled to timely seek the recovery of their fees.

## IV.   CONCLUSION

Five plaintiffs filed what were essentially five separate lawsuits against Defendants, but combined their unrelated claims into a single, jumbled complaint. The Court has now dismissed completely the claims of four of these Plaintiffs. Because Plaintiffs' individual employment claims never shared a true common factual or legal predicate, and because the only arguably common legal claim – for overtime pay – has been dismissed entirely, there is no just reason to delay the entry of final judgment against those Plaintiffs whose claims have been summarily adjudicated.

For the reasons set forth above, Defendants respectfully request that the Court find that no just reason for delay exists, and, accordingly, enter final judgment pursuant to Civil Rule 54(b) in favor of Defendants and against Plaintiffs Fleming, DeLeon, McKillican and Hampton.

DATED at Anchorage, Alaska this 1st day of February, 2007.

JERMAIN DUNNAGAN & OWENS, P.C.


By:   s/ Matthew Singer
         Matthew Singer
         Alaska Bar No. 9911072

By:  s/ Howard S. Trickey
    Howard S. Trickey
    Alaska Bar No. 7610138
    3000 A Street, Suite 300
    Anchorage, AK  99503
    Phone:  (907) 563-8844
    Fax:  (907) 563-7322

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2007,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

s/ Matthew Singer