Howard S. Trickey
Matthew Singer
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA, | ) ) ) |
| Defendants. | ) ) |
| | )  Case No. 4:04-cv-00034-RRB |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT ON EMPLOYMENT CLAIMS, COUNTS III and IV (TODD SCHLUMBOHM)**

## I.    INTRODUCTION

When the City of Fort Yukon ("City") moved for summary judgment against Todd

Schlumbohm ("Schlumbohm"), Schlumbohm was able to turn his own discovery

violations into "factual disputes" that muddied the waters and led to a denial of summary

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

judgment.    Now that discovery is closed, the City renews its motion based on the information withheld and misrepresented by Schlumbohm.

## II.    FACTS AND PROCEEDINGS

### A.    Factual Overview

On February 7, 2004, City Manager Fannie Carroll sent Schlumbohm a letter asking for, among other things, the police officers' personnel records so that they could be sent to the City's attorneys.  [Docket 103, Def. Ex. G, FY 1010]  Two days later, the City Manager faxed Schlumbohm a letter stating that Chief Fleming had been dismissed. [Docket 103, Def. Ex. E, FY 1026]

Schlumbohm testified that <u>after this phone call</u>, Schlumbohm called Fleming, who told him not to give the personnel files to the City Manager.  [Docket 103, Schlumbohm dep., pp. 53, 60]    Schlumbohm further testified that at the time he called Reginald Fleming and agreed to disobey the City Manager's orders, Schlumbohm was in Fort Yukon.    [*Id.*, pp. 59-60]    <u>After</u> his conversation with Fleming, Schlumbohm stole confidential personnel files from Fort Yukon, flew to Fairbanks and hid them in his bedroom closet.[1]  [*Id.*, pp. 49, 54]

When the City discovered that Schlumbohm had taken the police department's confidential personnel files, the City Manager sent Schlumbohm a notice of suspension

---

[1]    In his Opposition to the City's initial Motion for Summary Judgment, Schlumbohm falsely asserts that he could not have stolen the files because he took them to Fairbanks on Fleming's orders before Fleming was terminated as police chief.  [Docket 129, p. 9]  But his deposition testimony, cited above, directly contradicts this assertion.  [Docket 103, Schlumbohm dep., pp. 59-60, 62-64]

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

and proposed termination. [Plfs' Disc. 112-113]  In the course of the City's investigation, it learned that Schlumbohm was legally ineligible for continued employment as a police officer due to prior criminal convictions that had been wrongfully ignored by his co-plaintiff, Reginald Fleming.  [Docket 103, Schlumbohm dep., pp. 45-46; Carroll Aff. ¶ 12]

Schlumbohm was offered a pre-termination hearing, but resigned the morning his hearing was scheduled to take place.  [Docket 103, Def. Ex. J, 868; Schlumbohm dep., pp. 44-45]  At no time did Schlumbohm ever file a grievance.  [Docket 103, Schlumbohm dep., pp. 77, 79]

### B.      Procedural History

On December 18, 2006, the Court granted summary judgment as to all claims of Schlumbohm's co-plaintiffs.  [Docket 173]  As to plaintiffs DeLeon and McKillican, the Court expressly found that their failure to exhaust the administrative remedies related to their terminations barred the claims they now wished to raise in court.  [*Id.*, pp. 6, 8]  As to Schlumbohm, however, the Court held that there was a question of fact as to whether Schlumbohm was constructively discharged.  Accordingly, the Court denied summary judgment.  [*Id.*, pp. 7-8]

The City had argued that even if Schlumbohm had been constructively discharged, this would not have been wrongful because the City was about to terminate him for, among other things, being legally ineligible for the position for which he was hired.  The

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

City's argument was based on the requirements of 13 AAC 85.010 that police officers cannot have had two or more DUI convictions in the past ten years.

In his Opposition to Summary Judgment, Schlumbohm claimed that the requirements set forth in 13 AAC 85.010 did not apply to his employment, and that the applicable standards were the standards for Village Police Officer employment. [Docket 129, p. 6] He then asserted that he was qualified for employment as a VPO, and cited to "Plt. Exhibit 6 (Schlumbohm's VPO Certification)" as proof. [Docket 129, p. 6] But Plaintiffs' Exhibit 6 was not Schlumbohm's VPO certification, but was a placeholder promising the purported VPO certificate would be provided later. [See Ex. A to Declaration of Counsel]

Schlumbohm later submitted a "supplemental filing of Exhibit 6" to his motion. But the document submitted was not a VPO certification issued by the Alaska Police Standards Council pursuant to 13 AAC 89.030. Instead, it was a certificate indicating that Schlumbohm attended a two-week VPO training class. [See Ex. B to Declaration of Counsel]

In the discovery that followed the Court's Order, Schlumbohm failed to ever produce a VPO certification. [Decl. of Counsel, ¶¶ 3, 5, 6] Instead, he merely produced a document showing he attended a VPO training course and other police training. [*Id.*, ¶¶ 5, 6] Successful completion of the VPO training course is only one of four requirements to obtain VPO certification. [See Ex. D to Declaration of Counsel] Because Schlumbohm's misstatement of material facts surrounding his qualifications may have

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

led to the Court's denial of summary judgment, the City respectfully renews its motion for summary judgment as to Schlumbohm's claims. Also, in light of the Court's rulings on other motions, the City also renews its motion on the question of whether Schlumbohm's claims are barred for failure to exhaust his administrative remedies. Under established Alaska law, an employee alleging constructive discharge has a duty to exhaust.

## III.   ARGUMENT

### A.   Schlumbohm Used His Own Discovery Violations to Manufacture a Factual Dispute Regarding His Eligibility for Employment

In its Opening Memorandum in Support of Summary Judgment, the City explained that Schlumbohm was ineligible for employment as a police officer in Fort Yukon. [Docket 103, p. 2] Schlumbohm countered that only the VPO standards applied to Fort Yukon, and that he was eligible for employment as a Village Police Officer within Fort Yukon. [Docket 129, p. 6] Schlumbohm further suggested that investigator Greg Russell's statements about his ineligibility constituted constructive discharge. [Docket 129, p. 10]

Schlumbohm is wrong about both the facts and the law. As a matter of law, Fort Yukon can only employee "police officers" within the meaning of the Alaska Police Standards Council's regulations. Those regulations require "<u>participating departments</u>" to abide by the hiring restrictions set out therein. 13 AAC 85.010(a) ("A participating

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

police department may not hire a person as a police officer unless the person meets the following qualifications.").

The regulations further define "participating police department" to include "a police department of any political subdivision of the state that has not excluded itself." 13 AAC 85.900(12). According to the undisputed testimony of former City Manager Fannie Carroll, Fort Yukon is a "participating department" for purposes of the Police Standards. [Docket 103, Carroll Aff., ¶ 2 ("Fort Yukon is a participating city with the Alaska Police Standards Council.")] The Alaska Police Standards Council's website confirms that Fort Yukon is a participating police department.[2] The regulations are clear that the City, as a participating police department, can only hire police officers who meet the criteria set forth in 13 AAC 85.010. Thus, Schlumbohm's ineligibility for continued employment is a matter of law, not a factual question.

Moreover, even if Fort Yukon could hire VPOs, which it cannot as a matter of law, Schlumbohm failed to demonstrate that he is eligible for employment even as a VPO. In his Opposition brief, Schlumbohm cited to an exhibit that he claimed would show his VPO certification. [Docket 129, p. 6] Instead, the "exhibit" was a placeholder stating that the VPO certification would be provided at some unstated date. [See Ex. A to Decl. of Counsel]

To date, Schlumbohm has still never produced any VPO certification. [Decl. of Counsel, ¶¶ 3, 5, 6] While Schlumbohm has produced evidence that he attended a VPO

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

---

[2]      *See* http://www.dps.state.ak.us/apsc/asp/member.asp.

training, such training is only one of four requirements for VPO certification, which must be issued by the Alaska Police Standard Council.  [*Id*., ¶ 5 and Exhibit D]  Schlumbohm never received from the Alaska Police Standards Council a VPO certificate – or any other certificate, for that matter.    Thus, there is no admissible evidence supporting Schlumbohm's claim that he was even eligible for continued employment as a VPO. Accordingly, the City renews its motion for summary judgment as to his employment claims.

> **B.    Schlumbohm's Failure to Exhaust Bars Any Claim**

The Court's Order of December 18, 2006 found an issue of material fact as to whether Schlumbohm was constructively discharged based on investigator Russell's statements about his ineligibility for his current position.  However, the City believes that even if there is a disputed fact about whether Schlumbohm was constructively discharged, it should still be entitled to summary judgment because there is no dispute that Schlumbohm failed to exhaust his administrative remedies.

This Court dismissed the claims of Officers DeLeon and McKillican expressly because those two employees failed to exhaust administrative remedies.  The same holding should apply to Todd Schlumbohm.  Alaska law requires exhaustion of remedies before an employee may bring a constructive discharge claim.  In *State v. Beard* (Beard IV), the Alaska Supreme Court explicitly held that a state employee's constructive wrongful discharge claim was foreclosed by his failure to exhaust his administrative

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA  99503
(907) 563-8844
FAX (907) 563-7322

remedies.[3] The Court further held that requiring exhaustion of such claims "promotes judicial efficiency by affording an institution an opportunity to correct its own errors, so as to render judicial action unnecessary."[4]

Under Alaska law, even if he was constructively discharged, Schlumbohm was still bound by the same duty to exhaust as Officers DeLeon and McKillican. The policy basis for such a requirement is clear. It would be a bizarre result indeed if a public employee could avoid his obligations vis-à-vis administrative remedies simply by quitting before his employer is able to convene his pre-termination hearing. Just as Officers DeLeon and McKillican were barred from pursuing their wrongful termination claim by their failure to exhaust, so too is Officer Schlumbohm.

The Court noted in footnote 13 of its Order that Investigator Russell's statement regarding Schlumbohm's ineligibility may have made the grievance process appear futile. However, as noted above, Investigator Russell was conveying the correct legal standard – that Schlumbohm was ineligible for employment because the City is a "participating department" bound by the restrictions set forth in 13 AAC 85.010.

Furthermore, it is well established that the fact that an employee may dislike the likely result does not make a grievance process futile. Because Investigator Russell did not have the "final say," or indeed any say, in the resolution of Schlumbohm's grievance, Schlumbohm was still required to pursue his administrative remedies. The public policy

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

---

[3]    *State v. Beard (Beard IV)*, 960 P.2d 1, 8 (Alaska 1998).

[4]    *Id.*, 960 P.2d at 5.

basis articulated in *Beard* – affording an institution the opportunity to correct its own errors – still requires that Schlumbohm allow the grievance process an opportunity to work before filing suit.

## IV.    CONCLUSION

Todd Schlumbohm misstated and misrepresented the evidence in order to avoid summary judgment on his employment claims.  Now that discovery has closed, the evidence is clear that Schlumbohm was ineligible for employment either as a police officer or as a VPO.  Furthermore, and even if he was constructively discharged, Schlumbohm's failure to exhaust his administrative remedies bars any claims against the City as a matter of law.  Accordingly, the City respectfully renews its motion for summary judgment on Schlumbohm's employment claims.

DATED at Anchorage, Alaska this 2nd day of March, 2007.

JERMAIN DUNNAGAN & OWENS, P.C.

By:    s/ Matthew Singer
       Matthew Singer
       Alaska Bar No. 9911072

By:    s/ Howard S. Trickey
       Howard S. Trickey
       3000 A Street, Suite 300
       Anchorage, AK  99503
       Phone:  (907) 563-8844
       Fax:  (907) 563-7322
       Alaska Bar No. 7610138

CERTIFICATE OF SERVICE

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA  99503
(907) 563-8844
FAX (907) 563-7322

I hereby certify that on March 2, 2007,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

*s/ Matthew Singer*
#146560

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322