Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON,  CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and  TODD SCHLUMBOHM<br><br>                             Plaintiffs,<br><br>   vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>                             Defendants. | **MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT**<br><br>**[FRCP 60 (b)]**<br><br><br><br><br><br>Case No. F04-0034 CIV (RRB) |

Plaintiffs seek relief from judgment entered against the Plaintiffs[1] based upon the order of December 18, 2006.[2]

---

[1] Docket 191 & 192
[2] Docekt 173

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                   Page 1 of 10
Memo: FRCP 60(b)

I.  **STANDARD OF REVIEW.**

FRCP 60(b) allows a party to seek relief from judgment upon a showing (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) other "extraordinary circumstances" which prevented a party from making a timely appeal. *See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).*   In this case, the Court's order and decision in this case contains a significant error of law.

II. **COUNT I – OVERTIME**

The Court ruled that the small police department FSLA exemption for overtime applied to the Fort Yukon police department.[3] That provision exempts from FSLA police departments that employ less than five (5) employees employed in law enforcement activities.[4] Of particular note, the Court held that "Plaintiffs… cannot possibly show any workweek where the City of Fort Yukon ever had more than four law enforcement employees – while they were individually and/or

---

[3] Docket 173
[4] See 29 USC 213 (b)(20)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

simultaneously employed as such."[5]  The Court improperly applied the improper burden of proof.

The Ninth Circuit has clearly and repeatedly held that "An employer who claims an exemption from the FLSA has the burden of showing that the exemption applies. . . ."[6]  In this case, the City is claiming the exemption, and therefore, has the burden of proof to show the applicability of the exemption with "plainly and unmistakably" evidence.[7]

The Court's order, however, reverses the evidentiary standard, by resting its reasoning upon the idea that the Plaintiff's cannot show any week in which the City of Fort Yukon employed more than four law enforcement employees.  With all due respect, the Court's order contains manifest and clear error in determining the burden of proof as to Count I.

---

[5] Docket 173, p. 4
[6] *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983).
[7] *Cleveland v. City of Los Angeles, 420 F.3d 981,* 988 *(9th Cir. 2005)*; See also *Donovan v. Nekton, Inc.,* 703 F.2d 1148, 1151 (9th Cir. 1983) (quoting *Phillips Co. v. Walling,* 324 U.S. at 493).

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

### III. WRONGFUL TERMINATION. (Deleon)

The Court reasons that the City cured any procedural due process violation as to DeLeon "two days later when it informed DeLeon that his dismissal was only "proposed" and scheduled a pre-termination hearing for February 16th."[8] It is true that DeLeon's lawyer advised the City that DeLeon would not be attending that hearing. However, the problem with this reasoning is that the Court overlooked the fact that DeLeon returned to Fort Yukon on February 16. No hearing was actually conducted.

As noted in the briefing, on February 16, Officer DeLeon,[9] returned from Fairbanks to Fort Yukon because a City Council meeting had been scheduled.[10] The Officers had wanted to attend the City Council meeting, but Greg Russell, a consultant with the Alaska Municipal League advised them that they could not go into the Council chambers meet with the Council.[11] The Court is overlooking the evidence in the case that shows that Officer DeLeon presented himself in Fort Yukon to address his firing on February 16th . While he clearly desired to meet with the Council and have the Council address the issue, the City didn't actually proceed

---

[8] Docket 173 at 6
[9] Schlumbohm and Fleming also returned to Fort Yukon.
[10] Docket 118; Plt. Ex. 11 ( Schlumbohom Depo.) 79:23 – 80:12
[11] Id., 80:15- 81:14.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

with any pre-termination hearing, either conducted by Mary Beth Solomon, or by the City Council.  This evidence is sufficient to establish a genuine dispute of material fact: i.e. Did Officer DeLeon present himself for the pre-termination hearing and whether the City refused to conduct that hearing as required by Alaska law and the City of Fort Yukon personnel code.  The court should have denied the City's motion for summary judgment.

**IV.    CONSTRUCTIVE TERMINATION. (McKillican)**

The Court granted summary judgment to the City as to McKillican, in part, because the Court found that McKillican was not constructively discharged. However, in the same order, the Court indicated that Officer Schlumbohm was discharged because he felt that he was faced with a choice between being fired and resigning.   However, Officer McKillican testified the same as Officer Schlumbohm. For example, the following exchanges:

```
1   Q.  Why did you quit?
2   A.  Because I felt that I wasn't -- that I was
3   going to be fired.[12]
    …….
```

---

[12] Exhibit 1 (attached) McKillican's Depo p. 67: 1-3

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                *Page 5 of 10*
Memo: FRCP 60(b)

12   Q.   And so rather than allow the city manager to
13   evaluate you, you quit your job?
14    A.   I felt that if I let her evaluate me, bad
15   performance evaluation, that she was going to -- I
16   mean, there was no doubt in my mind she was going to
17   give me a bad performance evaluation.  So I felt that,
18   you know, I didn't have a chance.
19        And, you know, with a bad performance
20   evaluation, I could have been terminated because I
21   hadn't been there a complete year yet, so I was
22   technically still on probation.
23        So if I was on probation, and I believe it was
24   a year probation, I'm not certain on that, but you
25   know, if I was still on probation, they could terminate
1   me for any cause.  So that's why I -- you know, I chose
2   to quit.  I mean, I -- I didn't have a choice.
3    Q.   But just to --
4    A.   Or get fired for something that I wasn't --
5   that I didn't do.
6    Q.   So it was -- it was specifically the city
7   manager's indication to you that she was going to
8   evaluate you that caused you to quit your job?
9    A.   Her actions, yes.[13]

---

[13] Id., 67: 12-68:9

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Functionally, the only difference between Schlumbohm and McKillican is that McKillican indicated greater concerns about his long term ability to be certified as a police officer. The Court overlooked critical evidence of which raises serious factual issues as to whether McKillican was constructively terminated.

V.   **WRONGFUL TERMINATION. (Fleming)**

The Court granted summary judgment in favor of the City based merely upon the idea that Fleming was an at-will employee.[14] The problem with this is that the Court overlooked the general principle of Alaska State law that public employees --- even at will employees –may only be dismissed for just cause, and must be afforded a pre-termination hearing. [15] No cause was given. The firing violated Alaska law.

VI.   **WRONGFUL TERMINATION. (Fleming)**

---

[14] Docket 173
[15] See Def. Ex. B, p14-15. Chap. 5, Section 3. See also *Odum v. University of Alaska, 845 P.2d 432, 434 (Alaska, 1993); Storrs v. Municipality of Anchorage, 721 P.2d 1146, 1149-50 (Alaska 1986), cert. denied, 479 U.S. 1032, 93 L. Ed. 2d 832, 107 S. Ct. 878 (1987); Kenai Peninsula Borough Bd. of Educ. v. Brown, 691 P.2d 1034, 1037 (Alaska 1984); McMillan v. Anchorage Community Hosp., 646 P.2d 857, 864 (Alaska 1982); University of Alaska v. Chauvin, 521 P.2d 1234, 1238 (Alaska 1974);Nichols v. Eckert, 504 P.2d 1359, 1366 (Alaska 1973)*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Most disturbing is the Court's overlooking the critical element of the Plaintiff's claims; i.e. the termination of McKillican, Fleming, DeLeon and Schlumbohm violated public policy because they were terminated to prevent investigations into government corruption by the targets of the investigation. Police are hired to enforce the law. Special scrutiny should be applied when police are fired by government officials subject to their investigations.

In the case of McKillican, the firing was done to cover up the fact that Fannie Carrol had used the 911 phone system to tape conversations with Dick Miller in a personal dispute between the two.[16] The personal use of the 911 system for personal use was clearly wrongful. These tapes were subpoenaed in that matter, and were "lost" by the city, resulting in the failure to produce the tapes. The destruction of these tapes was clearly illegal. Additionally, it is clear that Carroll had no authority to evaluate McKillican, and the timing of the evaluation was irregular. The taped conversation between Carrol and McKillican show a clear nexus between the Carrol/Miller matter. Indeed, Carroll tells McKillican in the tape that she is angry because she believes McKillican's is spreading rumours about her and Miller. There is no question that Carroll's actions were unrelated to McKillican's job performance

---

[16] Docket 138, *in passim*.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

as a police officer, but was rooted in her attempts to cover up her wrongful, possibly illegal behavior and misdirected anger at Miller. Such outrageous behavior has no role in public employment.

More compelling, however is the fact that Fleming, and DeLeon were engaged in a criminal investigation of Fannie Carrol's father – Richard Carroll – who was on the City Council. The officers --- Fleming, DeLeon and Schlumbohm --- are arguing that their terminations were motivated by an intention to disrupt this criminal investigation. The Court orders do not address these issues at all. The Court's failure to address the issue is significant. The simple fact that the City Manager's father was under criminal investigation for embezzlement from the City when the City Manager fired the police officers, at a minimum, looks bad. However, it also creates – *ipso facto* – a genuine issue of material fact in dispute respecting the reasons for the terminations. That factual dispute precludes the issuance of summary judgment and requires a jury to assessment of the truth of the matter.

**CONCLUSION.**

The Court should grant relief from judgment for the reasons stated above.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DATED: March 19, 2007                s/ Michael J. Walleri

                                          Law Offices of Michael J. Walleri
                                          330 Wendell Street, Suite E
                                          Fairbanks, Alaska 99701
                                          (907) 452-4716
                                          (907)452-4725 (Facisimile)
                                          walleri@gci.net
                                          AK. Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and
 Correct copy of the foregoing was sent to the following counsel
of record on March 19, 2007 via ECFl  to:
Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                              *Page 10 of 10*
Memo: FRCP 60(b)