Howard S. Trickey
Matthew Singer
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>           Plaintiffs,<br><br>    vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:04-cv-00034-RRB |

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES AGAINST
FLEMING, DELEON, HAMPTON, AND MCKILLICAN**

## I.  INTRODUCTION

Defendants City of Fort Yukon and former city manager Fannie Carroll (hereinafter "the City" or "Defendants") respectfully seek an award of attorney's fees incurred defending the wrongful discharge/constructive discharge and related due process employment claims (Counts II-IV) asserted by Reginald Fleming, William D.

McKillican, Chris Hampton, and Christopher DeLeon. Plaintiffs made the expensive decision to aggressively litigate dubious employment claims, and this litigation strategy caused the City to incur substantial attorney's fees for which it now seeks an award as prevailing party.

The City seeks to recover a portion of its fees, pursuant either to Alaska Civil Rule 68 or Alaska Civil Rule 82. The City does not seek to recover any of the fees it incurred in defending the federal law overtime claim brought pursuant to the Fair Labor Standards Act (that statute does not generally permit a defendant to recover its fees). Nor does the City seek to recover any of the fees expressly incurred defending Todd Schlumbohm's claims, as his case is yet to be resolved.

## II.    FACTUAL SUMMARY

This motion seeks to recover fees from four of the five plaintiffs: Reginald Fleming, Christopher DeLeon, Chris Hampton, and William D. McKillican. Fleming, DeLeon, Hampton, and McKillican each alleged a claim for overtime pay under the Fair Labor Standards Act (Count I), and they each alleged state law claims for wrongful discharge or constructive discharge and a related claim for violation of due process (Counts II-IV). The Court at Docket 173 granted summary judgment to Defendants as to the FLSA overtime claim and on the other claims asserted by Fleming, DeLeon and McKillican, and at Docket 169 the Court granted summary judgment on the other claims asserted by Hampton.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

In defending this matter, the City incurred a total of $143,164.00 in attorney's fees. Of this amount, $43,109.34 was for defense of the Count I overtime claim brought under the FLSA. [Singer Aff., Ex. 6] The City does not seek recovery of any portion of this amount. In addition, $9,618.48 of the total fees is directly attributable to defense of the claims brought by Todd Schlumbohm. [Singer Aff., Ex. 9] The City does not seek recovery of those fees as Schlumbohm's claims remain unresolved. That leaves a total of $90,436.18 which the City attributes either directly to defense of Claims II-IV ($70,649.74) or to "general defense costs" ($19,786.44). [Singer Aff., Exs. 7 and 8] The general defense costs are for such things as initial disclosures, client conferences and the like, which are fees that cannot be directly attributed to a particular cause of action but should be recoverable as they would have been incurred whether or not there was a federal cause of action stated in the complaint. The City seeks an award of a portion of the $90,436.18 that it incurred in general defense costs and defense of the wrongful termination/constructive discharge and related due process claims.

The City made an early offer of judgment to each of the plaintiffs in the amount of $1,000.00. [Singer Aff., Exs. 1-4] These offers were expressly made pursuant to "AS 09.30.065, Alaska Civil Rule 68, and Federal Civil Rule 68." The City made its offer on April 15, 2005, the same day it produced its initial disclosures pursuant to Federal Civil Rule 26. The City incurred fees after April 15, 2005 in defense of Claims II-IV in the amount of $65,798.24 and in general defense of the case in the amount of $11,989.94, for a total of $77,788.18. [Singer Aff., Ex. 5]

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' MOTION FOR ATTORNEY'S FEES AGAINST
FLEMING, DELEON, HAMPTON, AND MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB
PAGE 3

**III.    ALASKA RULE 68 FEES**

**A.    While There Is a Split of Authority Within the Ninth Circuit, the City Requests that the Court Award Fees Pursuant to Alaska Civil Rule 68**

This Court must decide the proper measure of attorney's fees for the state law employment claims which this Court heard pursuant to its pendent jurisdiction. There is conflicting authority in the Ninth Circuit about whether it is appropriate for a federal district court to award attorney's fees pursuant to a state's version of Rule 68. In *Home Indemnity Company v. Lane Powell Moss & Miller*, the Ninth Circuit considered whether Alaska Rule 68 or Federal Rule 68 should govern in a diversity action.[1] The court held that Rule 68 is a procedural rule, and that

> "if there is a federal rule of procedure covering a particular point of practice or pleading in dispute, such rule governs in a federal diversity action even if resort to state law would lead to a different result." The district court correctly found that Fed.R.Civ. P. 68 controlled in this diversity action.[2]

Under *Home Indemnity Co.*, it would appear inappropriate to base a fee award on Alaska Civil Rule 68.

However, in the later case of *MRO Communications v. AT&T*, the Ninth Circuit reached an opposite result.[3] In *MRO Communications*, the court discussed the differences between Nevada's Rule 68 and Federal Rule 68. While the federal rule would not provide any fee recovery, under the state rule the defendant would be entitled to recover fees had the claims been brought in state court. The Ninth Circuit held in such

---

[1]    *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322 (9th Cir. 1995).

[2]    *Id.* at 1332 (citations omitted).

[3]    *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276 (9th Cir. 1999).

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

circumstances that it would be unjust to deny such recovery simply because the forum is federal. Specifically the court explained:

> Had MRO filed its state law claims in state court, Nevada's offer of judgment rules and statutes would provide the applicable procedure. MRO chose to file its state claims in federal court. Nevada law permits a prevailing defendant to recover attorneys' fees incurred after an offer of judgment is rejected by the plaintiff. It would be unjust and a violation of the national policy described in *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to reach a different result here simply because the forum is federal.
>
> In *Alyeska Pipeline Service Co. v. Wilderness Society,* the Supreme Court addressed a similar situation that can arise because of our dual court systems in these words:
>
> > Prior to the decision in *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this Court held that a state statute requiring an award of attorneys' fees should be applied in a case removed from the state courts to the federal courts: "[I]t is clear that it is the policy of the state to allow plaintiffs to recover an attorney's fee in certain cases, and it has made that policy effective by making the allowance of the fee mandatory on its courts in those cases. It would be at least anomalous if this policy could be thwarted and the right so plainly given destroyed by removal of the cause to the federal courts." *People of Sioux County v. National Surety Co.,* 276 U.S. 238, 243, 48 S.Ct. 239, 72 L.Ed. 547 (1928). The limitations on the awards of attorneys' fees by federal courts deriving from the 1853 Act were found not to bar the award. *Id.* at 243-244, 48 S.Ct. 239. We see nothing after *Erie* requiring a departure from this result. *See Hanna v. Plumer,* 380 U.S. 460, 407-468, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).
>
> 421 U.S. at 259 n. 31, 95 S.Ct. 1612. We are persuaded that the same principle should apply to a state statute that awards attorneys' fees to a defendant whose offer of judgment has been rejected in a case where the plaintiff has filed supplemental state law claims in federal court. We hold

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' MOTION FOR ATTORNEY'S FEES AGAINST
FLEMING, DELEON, HAMPTON, AND MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

PAGE 5

that *Delta Airlines*' interpretation of Federal Rule 68 does not apply to an award of attorneys' fees made under Nevada law.[4]

The City respectfully submits that *MRO Communications* should apply to the instant case. There is no question that had Fleming, DeLeon, Hampton and McKillican brought their wrongful termination/constructive discharge claims in state court, that the trial judge would now be awarding fees pursuant to Alaska Civil Rule 68. That rule manifests Alaska's clear intent to encourage settlement by creating incentive to accept offers of judgment. It would be unjust indeed if litigants could simply avoid AS 09.30.065 and Alaska Rule 68 by filing their state law claims as pendent claims in federal court. This is the very policy reason why the *MRO Communications* court concluded that Nevada's Rule 68 should apply to an award of fees incurred in defense of state law claims brought in federal court. This Court should follow the same approach here and invoke Alaska Rule 68 to an award of fees incurred in defense of the employment claims.

### B.   Under Alaska Civil Rule 68, The City is Entitled to 75% of its Fees Incurred Since April 15, 2005

If this Court determines that Alaska Civil Rule 68 governs, then this section explains how the Court should calculate an award. The Rule provides that if a party rejects an offer and then obtains a less favorable final judgment, the offering party is entitled to a percentage of its fees incurred by the offeror from the date of the offer. The percentage depends on when the offer is made. Pursuant to Alaska Rule 68(b)(1), "if the

---

[4]   *Id.* at 1282-83.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' MOTION FOR ATTORNEY'S FEES AGAINST                                        PAGE 6
FLEMING, DELEON, HAMPTON, AND MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

offer was served no later than 60 days after the date established in the pretrial order for initial disclosures required by Civil Rule 26, the offeree shall pay 75 percent of the offeror's reasonable actual attorney's fees."

The pretrial order in this case required the parties to exchange initial disclosures on April 15, 2005. [Docket 8] The City submitted its offers of judgment to Fleming, DeLeon, Hampton, and McKillican on April 15, 2005. [Exs. 1-4] Thus, the City is entitled under Alaska Rule 68(b)(1) to an award of 75% of its fees incurred from April 15, 2005. That amount is $58.341.14 ($77,788.18 x 75%). [Ex. 5]

### IV.  IN THE ALTERNATIVE, THE COURT SHOULD AWARD FEES PURSUANT TO ALASKA CIVIL RULE 82

If this Court does not award fees expressly pursuant to Alaska Civil Rule 68, then it should make an award pursuant to Alaska Civil Rule 82. It is well settled that this Court applies Alaska Civil Rule 82 to state law claims litigated in federal court.[5]

Under the fee schedule set forth in Alaska Rule 82(b)(2), a prevailing party in a contested case without trial is ordinarily entitled to 20% of its actual fees. That amount would be $18,087.24 (20% of the $90,436.18 incurred in general defense and Counts II-IV defense). [Ex. 5] However, Rule 82(b)(3) gives the Court discretion to increase the amount of the award. In this case, several factors weigh in favor of an increased award and the City requests an award of at least 60% of its defense fees.

---

[5] *See Certain Underwriters at Lloyds London v. Inlet Fisheries, Inc.*, 2006 WL 1495296 *3 (D. Alaska 2006) (awarding Alaska Rule 82 fees to party who successfully defended state law claims alleged in third party complaint) (*citing Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1230 (9th Cir. 1997) (holding that attorney's fees are awarded for services rendered in connection with a particular claim or cause of action)).

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' MOTION FOR ATTORNEY'S FEES AGAINST                                               PAGE 7
FLEMING, DELEON, HAMPTON, AND MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

First, the Court may increase an award for "vexatious or bad faith conduct." Here, the parties reached an amicable settlement of all of the Counts II-IV claims. [*See* Docket 20] Plaintiffs then reneged on the agreement, demanding instead a "global settlement" of all claims. [Docket 20, Ex. H] Plaintiffs insisted on prosecuting the Counts II-IV claims because they thought these additional claims would increase settlement leverage. It was not a good litigation strategy for Plaintiffs to continue prosecuting meritless claims for the sole purpose of trying to force a settlement.

Second, the Court may increase an award based on the "reasonableness of the claims and defenses pursued by each side." In *Garrison v. Dixon*, the Alaska Supreme Court sustained an award of 100% of fees incurred when the plaintiffs litigated for over two years and then abandoned their meritless claims during motions practice, without ever producing any evidence to support their claims.[6] Chris Hampton's litigation conduct was at least as egregious. While still a probationary employee, Hampton quit after only three weeks on the job, and he offered no evidence to support his constructive discharge claim. Hampton insisted on prosecuting his claim for well over a year, through discovery, depositions, and significant motions practice. But when the City moved for summary judgment, Hampton did not even oppose the motion. [*See* Docket 128] Since he had no objection to summary judgment, it appears that Hampton's sole reason for prosecuting his employment claims was to harass Defendants and increase his leverage for settlement.

---

[6]     19 P.3d 1229, 1235 (Alaska 2001).

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Likewise, former police chief Reginald Fleming was plainly an "at-will" employee and simply had no basis to challenge the City's termination. Christopher DeLeon had very clear rights to grievance procedures and he expressly refused to exhaust those remedies. Alaska law is ironclad about the duty of an employee to exhaust his remedies before filing a lawsuit,[7] and the record indicated that DeLeon was consulting with an attorney at the relevant time. William D. McKillican claimed a constructive discharge, but produced no evidence whatsoever to support his claim and could not show a single adverse employment action taken against him. In short, these constructive discharge/ wrongful termination claims were not reasonable or well-considered claims, and this factor strongly tips in favor of a heightened award under Rule 82(b)(3).

Further, Plaintiffs' litigation conduct substantially increased the cost and complexity of this matter. Plaintiffs repeatedly filed unsuccessful discovery motions. [Dockets 36, 49, 51] Plaintiffs also refused to comply with their own discovery obligations, requiring motions practice by Defendants. [Dockets 70, 98] And at summary judgment, Fleming, DeLeon and McKillican each insisted on filing a "cross-motions" on all of their claims. [Dockets 117, 120, 130, 137] The Court did not grant any of Plaintiff's motions and each was essentially an exercise in futility. All of these litigation decisions increased the costs to defend this matter and warrant an upward adjustment of Rule 82 fees.

---

[7] *See, e.g., Schmitz v. Yukon-Koyukuk School District*, 147 P.3d 720 (Alaska 2006).

DEFENDANTS' MOTION FOR ATTORNEY'S FEES AGAINST                                        PAGE 9
FLEMING, DELEON, HAMPTON, AND MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

In light of these factors, the City submits that the Court should award pursuant to Alaska Civil Rule 82 no less than 60% of the fees actually incurred in general defense costs and in defense of Counts II-IV, for a total amount of $54,261.71.[8]  [Ex. 5]

## V. FLEMING, DELEON, MCKILLICAN AND HAMPTON ARE JOINTLY AND SEVERALLY LIABLE FOR THE CITY'S ATTORNEY'S FEES

The Alaska Supreme Court has repeatedly held that when a defendant prevails against the claims of multiple plaintiffs who have elected to consolidate their claims, the prevailing defendant is entitled to a joint and several attorney's fee award against all losing plaintiffs.  In *Hughes v. Foster Wheeler Co.*, multiple plaintiffs chose to consolidate their claims and the court held that the prevailing party defendant was entitled to a joint and several attorney's fee award against all plaintiffs.[9]  In *Stepanov v. Gavrilovich*, the court explained: "Appellants moved to consolidate their actions because they concerned the same issue.  All brought suit against the same parties, alleging the same cause of action.  We think it just and reasonable that they bear the costs incurred in defending against their united claims jointly and severally."[10]

The same logic applies with equal force here.  Fleming, DeLeon, Hampton, and McKillican elected to bring one lawsuit, each alleging the same causes of action and all alleging that their terminations/constructive discharges were part of some vast conspiracy

---

[8]  *See e.g.*, *Travelers Cas. & Sur. Co. of America v. Gelbrich*, 2005 WL 3336516 (D. Alaska 2005) (this Court awarded defendant 60% of its attorney's fees, based on a number of factors including a Rule 68 offer of judgment and Alaska Rule 82).

[9]  932 P.2d 784 (Alaska 1997).

[10]  594 P.30, 36 (Alaska 1980).

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

by City Manager Fannie Carroll.  Having elected to bring one lawsuit, to allege the same claims, and to expressly allege that their claims were linked by common conduct by the City, Plaintiffs reasonably must be held accountable for a portion of the fees and costs incurred in defending against their united claims.  A joint and several award is thus appropriate in this matter.

## VI.  CONCLUSION

For the foregoing reasons, the City respectfully requests an award of prevailing party attorney's fees against Fleming, DeLeon, Hampton, and McKillican.  The City submits that the Court should award $58.341.14, pursuant to Alaska Civil Rule 68, or a comparable amount pursuant to Alaska Civil Rule 82.  [Ex. 5]

DATED at Anchorage, Alaska this 21st day of March, 2007.

JERMAIN DUNNAGAN & OWENS, P.C.

By: *s/ Matthew Singer*
Matthew Singer
Alaska Bar No. 9911072

By: *s/ Howard S. Trickey*
Howard S. Trickey
Alaska Bar No. 7610138
3000 A Street, Suite 300
Anchorage, AK  99503
Phone:  (907) 563-8844
Fax:  (907) 563-7322

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA  99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' MOTION FOR ATTORNEY'S FEES AGAINST                                                                PAGE 11
FLEMING, DELEON, HAMPTON, AND MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2007,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701


*s/ Matthew Singer*
148259

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' MOTION FOR ATTORNEY'S FEES AGAINST
FLEMING, DELEON, HAMPTON, AND MCKILLICAN
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

PAGE 12