Howard S. Trickey
Matthew Singer
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>　　　　　Defendants. | <br><br><br><br><br><br><br><br><br><br><br>Case No. 4:04-cv-00034-RRB |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT ON EMPLOYMENT CLAIMS, COUNTS III and IV (TODD SCHLUMBOHM)**

**I.     INTRODUCTION**

During a status hearing on February 2, 2007, the City asked the Court for permission to renew its Motion for Summary Judgment as to Todd Schlumbohm's employment claims after discovery had closed. The Court granted this request and, accordingly, the City renewed its motion within the timeframe allowed by the Court. Because Schlumbohm was ineligible for continued employment as a matter of law, and,

moreover, because his claims are barred as a matter of law by his failure to exhaust his administrative remedies, the Court should grant the City's renewed motion for summary judgment.

## II.   ARGUMENT

### A.   Because Holding a Trial on Claims which are Barred as a Matter of Law Violates Principles of Judicial Economy, the Could Should Grant the City's Renewed Motion

Under established Alaska law, an employee alleging constructive discharge has a duty to exhaust administrative remedies before filing suit.[1] As a matter of law, Todd Schlumbohm's claims are barred by his failure to exhaust his administrative remedies. Indeed, this Court dismissed the claims of two of Schlumbohm's co-plaintiffs, Officers DeLeon and McKillican, expressly because of their similar failure to exhaust administrative remedies. [Docket 173, pp. 6, 8]

Schlumbohm's criticisms of the City's renewed motion as "inappropriate" miss the mark for several reasons. First, the City expressly requested permission to renew its motion once discovery was closed. Second, the City's motion raises a legal question not addressed in the Court's Order. Third, it would be an extraordinary waste of judicial resources to hold a trial on claims which are barred as a matter of law.

Schlumbohm contends that the Court's Order intended to "establish the law of the case" by determining that Schlunbohm may have been constructively discharged. [Docket 197, p. 4] But the City is not challenging the Court's determination that a

---

[1]   *State v. Beard (Beard IV)*, 960 P.2d 1, 8 (Alaska 1998).

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

question of fact exists as to whether Schlumbohm was constructively discharged. Rather, the City seeks a ruling on whether Schlumbohm's claims are nonetheless barred by his failure to exhaust.

Alaska law holds unequivocally that employees claiming constructive discharge are required to exhaust their administrative remedies.[2] Because the Court's initial Order as to Schlumbohm did not expressly address this exhaustion requirement (*e.g.* by deciding whether or not he was excused from the requirement), the Court cannot be said to have established "the law of the case" on the issue which is the subject of the City's renewed motion.

For the reasons set forth in the City's Opening Memorandum and below, Schlumbohm's failure to exhaust is an absolute bar to his employment claims. Because these claims are barred as a matter of law, holding a trial would be a profound waste of judicial and party resources. Accordingly, the City respectfully requests that the Court grant its renewed motion for summary judgment and dismiss Schlumbohm's barred claims.

**B.   Schlumbohm's Claims are Barred as a Matter of Law by His Failure to Exhaust His Administrative Remedies**

Todd Schlumbohm sought to avoid his obligation to exhaust administrative remedies by quitting his job once he found out that the City planned to terminate him.[3]

---

[2]   *Id.* at 8.

[3]   It is undisputed that Schlumbohm was offered a pre-termination hearing, but instead resigned the morning his hearing was scheduled to take place. [Docket 103, Def. Ex. J, 868; Schlumbohm dep., pp. 44-45]

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

But Alaska law requires exhaustion of remedies before an employee may bring a constructive discharge claim.[4]

Schlumbohm admits that he never filed a grievance arising out of his alleged constructive discharge. [Docket 103, Schlumbohm dep., pp. 77, 79] He now claims that doing so would have been "futile." [Docket 197, pp. 14-18] But his futility argument flatly ignores the standards of the controlling law – namely, the standard by which "futility" is measured.

As in his original Opposition to the City's motion, Schlumbohm misstates the controlling legal standard, again claiming that "the process appeared futile to someone in Officer Schlumbohm's position." [Docket 197, p. 18] But this question is irrelevant. Alaska law does not view futility by some subjective standard, but, rather, asks whether an adverse decision is "a certainty."[5]

Schlumbohm contends that his administrative remedies would have been futile because "the hearing would be before Fannie Carroll," who, he contends, was biased against him. [*Id.*, pp. 15-16] But Schlumbohm admits that he had a right to appeal any decision to the full City Council. [*Id.*, p. 15] Schlumbohm has offered no evidence that the entire City Council would have been insurmountably biased. Instead, his "futility" analysis completely ignores the City Council's reviewing function.[6] The Alaska Supreme

---

[4]  *Beard IV*, 960 P.2d at 8.

[5]  *Id.*; *Voigt v. Snowden, II*, 923 P.2d 778, 782 (Alaska 1996).

[6]  *See Voigt*, 923 P.2d at 783.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Court held in *Municipality of Anchorage v. Higgins* that an administrative remedy was not futile, although "two of the [remedy's] three steps … involved appeals to the very individuals responsible for [the action under protest]," because the third step of the remedy was not demonstrably futile.[7] [*See id*., pp. 15-16]

Schlumbohm has not satisfied (and cannot satisfy) the black-letter "requirement that an adverse decision be a 'certainty.'"[8]  Because he cannot satisfy the futility criteria established by the Alaska Supreme Court, Schlumbohm is not excused from exhausting his contractual and administrative remedies.

### C. Having Defeated Summary Judgment by Claiming to be a Certified VPO, Schlumbohm Cannot Now Claim that His Lack of VPO Certification is Immaterial

Finally, there is no merit to Schlumbohm's convoluted attempts to backtrack from his prior claims of holding a VPO certification. Because Schlumbohm used his alleged VPO certification to create a material issue of fact to obtain summary judgment, the fact that he has no such certification is unquestionably relevant to the renewed motion.

The City had argued that even if it had constructively discharged Schlumbohm, doing so would not have been "wrongful" because the City was about to terminate him

---

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

[7]  *Municipality of Anchorage v. Higgins*, 754 P.2d 745, 747-48 (Alaska 1988); *see also Voigt*, 923 P.2d at 781-82 (stating that administrative procedures are not futile where ultimate administrative decision rests with one who was only minimally involved with prior administrative stages).

[8]  *Voigt*, 923 P.2d at 782.

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR PARTIAL SUMMARY        PAGE 5 OF 8
JUDGMENT ON EMPLOYMENT CLAIMS , COUNTS III AND IV (TODD SCHLUMBOHM)
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

for, among other things, being legally ineligible for the position for which he was hired.[9] Schlumbohm opposed this argument by first contending that standards applicable to his employment were those for Village Police Officers, and then by asserting that he was a certified VPO. [*See* Docket 129, p. 6 (citing to "Plt. Exhibit 6 (Schlumbohm's VPO Certification)")] However, Exhibit 6 was not Schlumbohm's VPO certification, but, rather, was only a certificate of having attended a two-week training course.

The Court originally denied summary judgment, finding that there was a question of fact as to whether the City constructively terminated Schlumbohm by informing him, possibly in error, that he was ineligible for continued employment.[10] At the February 2, 2007 status conference, the City sought an opportunity to renew its summary judgment motion after the close of discovery. [2/27/07 transcript, pp. 26-27] As counsel explained at the time, Schlumbohm had defeated summary judgment by claiming to be a VPO, but then failed to produce any evidence that he was a certified VPO. [*Id.*, pp. 25-27]

Schlumbohm now claims that the City is trying to "mislead" the Court by pointing out Schlumbohm's lack of a VPO certification. [Docket 197, p. 12] Not so. The City has simply asked the Court to reconsider its prior decision about Schlumbohm's

---

[9] Under 13 AAC 85.010, police officers cannot have had two or more DUI convictions in the past ten years.

[10] Contrary to Schlumbohm's assertions, Greg Russell was correct. As a matter of law, Fort Yukon cannot employ "police officers" who fail to satisfy the qualifications set forth in the Alaska Police Standards Council's regulations. Schlumbohm does not contest that Fort Yukon is a "participating department." [Docket 197, p. 11] The regulations are clear that the City, as a <u>participating police department</u>, can only hire police officers who meet the criteria set forth in 13 AAC 85.010. Thus, Schlumbohm's ineligibility for continued employment is a matter of law, not a factual question.

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR PARTIAL SUMMARY    PAGE 6 OF 8
JUDGMENT ON EMPLOYMENT CLAIMS , COUNTS III AND IV (TODD SCHLUMBOHM)
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

eligibility for continued employment, to the extent that decision may have been based on Schlumbohm's false claim that he was a certified VPO.  [*See* Docket 129, p. 6]

Moreover, even if Schlumbohm were correct about both the City's legal authority to hire VPOs and about the significance of his lack of even a VPO certification, his claims would still be legally barred by his failure to exhaust.  Thus, the Court should disregard Schlumbohm's shrill accusations that the City is somehow "seeking to mislead this Court" by pointing out Schlumbohm's reliance on false factual assertions in opposing the City's motion for summary judgment.  [*See* Docket 197, p. 9]  Even if Schlumbohm had been eligible for continued employment with the Fort Yukon Police Department, he was required to make that argument to the City Council prior to advancing it in Court.  If Schlumbohm did not agree with Greg Russell and Fannie Carroll about his eligibility to serve as a police officer, he should have filed a grievance.  His failure to file a grievance bars his claim, and requires entry of summary judgment against him.

## III.   CONCLUSION

Under Alaska law, an employee who claims to have been constructively discharged is required to exhaust his administrative remedies prior to filing suit.  Just as their respective failures to exhaust barred the claims of Plaintiffs DeLeon and McKillican, so too does Schlumbohm's failure to exhaust bar his employment claims as a matter of law.  There are no material facts in dispute on this issue.  Because the most basic principles of judicial economy prohibit the parties from litigating to trial claims

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR PARTIAL SUMMARY      PAGE 7 OF 8
JUDGMENT ON EMPLOYMENT CLAIMS , COUNTS III AND IV (TODD SCHLUMBOHM)
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

which are legally barred, the City respectfully renews its motion for summary judgment on Schlumbohm's employment claims.

DATED at Anchorage, Alaska this 28th day of March, 2007.

JERMAIN DUNNAGAN & OWENS, P.C.

By: *s/ Matthew Singer*
Matthew Singer
Alaska Bar No. 9911072

By: *s/ Howard S. Trickey*
Howard S. Trickey
3000 A Street, Suite 300
Anchorage, AK 99503
Phone: (907) 563-8844
Fax: (907) 563-7322
Alaska Bar No. 7610138

CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2007,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

*s/ Matthew Singer*
#148550

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR PARTIAL SUMMARY   PAGE 8 OF 8
JUDGMENT ON EMPLOYMENT CLAIMS, COUNTS III AND IV (TODD SCHLUMBOHM)
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB