Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT**<br><br>**[FRCP 60 (b)]**<br><br><br>Case No. F04-0034 CIV (RRB) |

Plaintiffs have moved[1] for relief from judgment pursuant to FRCP 60(b) with respect to the Courts order of December 18, 2006.[2] Defendants oppose.[3] The Court should grant Plaintiff's motion.

---

[1] Docket 196
[2] Docekt 173
[3] Docket 207

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

## I. COUNT I – OVERTIME

The plain language of the Court's order improperly imposed the burden of proof upon the Plaintiffs with regard to the issue of whether the City of Fort Yukon employed fewer than four persons in law enforcement activities. This Court specifically held, "Plaintiffs… cannot possibly show any workweek where the City of Fort Yukon ever had more than four law enforcement employees – while they were individually and/or simultaneously employed as such."[4] That holding implicitly assumes that the Plaintiff's have the burden of proof on this issue. That is incorrect and would constitute plain error. The rule is "An employer who claims an exemption from the FLSA has the burden of showing that the exemption applies… ."[5] Such a showing must be by the presentation of plain and unmistakably evidence.[6]

The City relies upon the standards for summary judgment under FRCP 56(e), to suggest that the evidentiary burden is upon the party opposing a motion for summary judgment.[7] However, federal rules and procedures require that the underlying motion must be "properly supported" before the burden of production

---

[4] Docket 173, p. 4
[5] *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983).
[6] *Cleveland v. City of Los Angeles, 420 F.3d 981,* 988 *(9th Cir. 2005)*; See also *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983) (quoting *Phillips Co. v. Walling,* 324 U.S. at 493).
[7] See *Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986); *See Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

shifts to the non-moving party.[8]  Where the ultimate burden of proof is upon the non-moving party, a properly supported motion for summary judgment must establish that there is no genuine issue of fact.[9]  The evidence submitted by the City simply did not do this.

On the other hand, a genuine issue of fact may be found to exist where the non-moving party presents evidence creating an issue of fact.  The testimony of Reginald Fleming – clearly established that at various time, the City employed more than four persons in law enforcement at the same time, particularly when Fleming, DeLeon, Schlumbohm and McKillican were all employed, and at the same time, the City employed Title 47 jail guards.  At a minimum, the evidence presented by Chief Fleming established a genuine factual issue respecting the application of FSLA exemption.   The Court should not have granted summary judgment on this issue.

### III.   WRONGFUL TERMINATION. (Deleon)

The City argues that the Court correctly ruled that the City cured procedural due process violation as to DeLeon "two days later when it informed DeLeon that

---

[8] Id.
[9] Id.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

his dismissal was only "proposed" and scheduled a pre-termination hearing for February 16th."[10] However, the Court clearly overlooked the evidence that DeLeon returned to the City on that date and requested to meet with the City Council.

The City argues that the meeting with the City Council is not the pre-termination hearing process required by the City Personnel Code. Neither was the "ad hoc" hearing set by the City Manger with a single member of the City Council that had been arrested by the grieving officer and advocated on behalf of elimination of the entire police force. The City wants to hold Officer DeLeon to strict compliance with procedures that the City Manger established, even though those procedures were not authorized under the City personnel code. The Court should either demand strict compliance with the Personnel Code by both the City and the officer, or allow substantial compliance by both. It is fundamentally illogical to hold Officer DeLeon to strict compliance with exhaustion of procedures that violate the City Code.

Of course, the first problem is that the city didn't hold the hearing prior to termination, nor did the City re-instate DeLeon and schedule a pre-termination hearing. Rather, the City simply scheduled a pre-termination hearing after DeLeon

---

[10] Docket 173 at 6

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

was terminated. But more importantly, the personnel policy requires that the City Manager hold the hearing.[11] The City Personnel Code does not allow the City Manager to select a hearing officer who may be bias because the officer in question arrested her.

As the City offers the rather disingenuous argument that altered its pre-termination hearing process because of perceived bias by the City Manager who first fired Chief Fleming ---who refused to fire officer DeLeon--- so that she could fire Officer DeLeon in turn. However, the appearance of bias is not remedied by appointing a City Council member who had recently been arrested by Officer DeLeon and had proposed abolishing the City police force.

It is undisputed that the City departed from the procedure and practice respecting Officer DeLeon's rights to a pre-termination hearing in several respects. Moreover, there is ample evidence that there are serious and genuine issues of fact respecting whether those altered procedures cured, in substance, the violations of Officer DeLeon's rights to a fair and impartial pre-termination hearing as required

---

[11] Def. Ex. B, p14-15. Chap. 5, Section 3, which reads

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

by due process.  The Court should re-instate Officer DeLeon's wrongful discharge claims.

### IV.    CONSTRUCTIVE TERMINATION. (McKillican)

McKillican testified that he resigned because he was going to be fired.[12] Schlumbom testified that he resigned because he was going to be fired.  The two officers testified in near identical language, however, the Court reached different conclusions.  The City attempts to make a distinction between the two officers by suggesting that McKillican's fear was unreasonable.  The City argues that the City Manager was merely doing an evaluation, which improperly assumes that the evaluation was proper.   McKillican's fear, however, was clearly reasonable.

Carroll actions toward McKillican clearly violated the City Personnel Code, and Ordinances in that 1) Carroll was not suppose to do McKillican's evaluations; Chief Fleming was to do his evaluations, and 2) it was not the proper time to do an evaluation.  Finally, her demand to do an evaluation arose out of an angry confrontation Carroll initiated with McKillican in which she falsely accused

---

[12] Docket 196 pp.5-6; See also, *Id*., Exhibit 1 (attached) McKillican's Depo p. 67: 1-3

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                     *Page 6 of 9*
Reply: FRCP 60(b) [Docket 196]

McKillican of spreading rumors about her and the City Councilman against whom she was seeking, but was denied, a stalking restraining order.  With all due respect to the Court, the taped conversation, submitted in the record, is ample evidence of McKillican's reasonable belief that he was going to be fired.  The termination is a textbook constructive termination, and the Court should vacate the judgment against Officer McKillican.

## V.     WRONGFUL TERMINATION. (Fleming)

The City calls "astounding" the assertion that Alaska State law provides that public employees --- even at will employees –may only be dismissed for just cause, and must be afforded a pre-termination hearing.[13]  However, all of the case law in Alaska holds that is the case. [14]

## VI.

---

[13] Docket 7

[14] See also *Odum v. University of Alaska*, 845 P.2d 432, 434 (Alaska, 1993);  *Storrs v. Municipality of Anchorage*, 721 P.2d 1146, 1149-50 (Alaska 1986), cert. denied, 479 U.S. 1032, 93 L. Ed. 2d 832, 107 S. Ct. 878 (1987); *Kenai Peninsula Borough Bd. of Educ. v. Brown*, 691 P.2d 1034, 1037 (Alaska 1984);  *McMillan v. Anchorage Community Hosp.*, 646 P.2d 857, 864 (Alaska 1982); *University of Alaska v. Chauvin*, 521 P.2d 1234, 1238 (Alaska 1974);*Nichols v. Eckert*, 504 P.2d 1359, 1366 (Alaska 1973)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

**WRONGFUL TERMINATION. (Public Corruption)**

The City argues that the officer's claims that they were fired to prevent investigations into municipal corruption is bizarre and is unsupported by any evidence. The City is correct in characterizing this situation as bizarre. The officers claims are true. The police officers in Fort Yukon faced a very bizarre situation in that they were investigating the father of the City Manager for embezzlement from the City, only to have the City Manager fire them.

The City argues that there was no evidence in support of these accusations. However, aside from the fact that Fleming, DeLeon, and Schlumbohm all offered testimony that they were engaged in such an investigation, the City overlooks that their own investigator –Gregg Russell--- confirmed that the officers reported to him that they were involved in a criminal investigation of Fannie's father related to embezzlement from the City at the time of their termination.[15] Russell, and the subsequent City police did nothing to inquire into this charge.[16] Oddly, the City Council had asked Chief Fleming to investigate the embezzlement.[17] In short, the police officers were fired for doing what they were hired to do.

---

[15] Docket 121, pp 6-7; See Id., Plt. Ex. 4 (Russell Depo) 63:15- 64:16
[16] Id.,
[17] Docket 121, pp 6-7

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

As previously noted, this Court failed to consider these issues at all, which is a significant oversight. At a minimum, the evidence before the Court created a genuine factual dispute as to whether the firings violated public policy.

**CONCLUSION.**

The Court should grant relief from judgment for the reasons stated above.

DATED: April 11, 2007        s/ Michael J. Walleri

                             Law Offices of Michael J. Walleri
                             330 Wendell Street, Suite E
                             Fairbanks, Alaska 99701
                             (907) 452-4716
                             (907) 452-4725 (Facisimile)
                             walleri@gci.net
                             AK. Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and
Correct copy of the foregoing was sent to the following counsel
of record on April 11, 2007 via ECFl to:
Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                    *Page 9 of 9*
Reply: FRCP 60(b) [Docket 196]