Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON,  CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and  TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY FEES**<br><br><br><br><br><br>Case No. F04-0034 CIV (RRB) |

Plaintiff's oppose Defendant's motion for attorney fees.  The City's claims fail rest upon Alaska Civil Rule 68 and 82, which do not apply to federal law claim heard under the Court federal question jurisdiction.  While the Court considered Plaintiff's state law claims under its supplemental jurisdiction, the Ninth Circuit has clearly held that Alaska Civil Rule 68 does not apply in this forum.  Furthermore, Alaska Rule 82 would not apply to consideration of the Plaintiffs state law claims because the work claimed in this regard were inextricably linked to the defense of

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

the federal law claims arising under §1983. Equally, the general defense costs clearly relate to work on Officer Schlumbohm's claims, for which the City has not prevailed. Finally, if Alaska Rule 82 were applied, the Court should reduce any such award because of improper and duplicitous and unnecessary work created by the City improper discovery activities.

**BACKGROUND.**

This action was brought by five (5) former members of the Fort Yukon Police Department against the City of Fort Yukon and the City Manager alleging violations of federal law with respect to their employment. Specifically Count I for all five plaintiffs alleged violations of federal Fair Labor Standards Act [29 USC 207- Unpaid Overtime]. Count IV also involved all five plaintiffs, and alleged violations of federal civil rights statutes [42 USC § 1983- Due Process Violations]. Three officers --- including Officer Schlumbohm --- alleged constructive termination claims under state law [ Count III], and two officers alleged wrongful termination claims under state law [Count II]  The Court dismissed all the FSLA claims respecting all five officers, and §1983 claims brought by all officers, except Schlumbohm. The Court also dismissed all state law claims brought by all officers, except Schlumbohm.   The Court has entered judgment against all plaintiffs on all counts, except

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Schlumbohm's federal §1983 and state law claims. The Court recently denied the plaintiff's motion for reconsideration. It is important to note, however, that Counts II-IV were jointly briefed, and jointly decided by the Court. Indeed, this Court held that the same factual considerations determined the outcome of the Officers' §1983 claims and the constructive/wrongful termination claims.[1]

The City seeks attorney fees against Fleming, DeLeon, Hampton and McKillican of $58, 341.14 under Alaska Civ. R. 68, or Civ. R. 82 fees, which would be approximately $18,087.24.[2]

I. GENERAL PROBLEMS WITH BILLING

The City argues that it is not making a claim for FSLA claims and Schulmbohm specific activities. However, the City is making claims for general defenses of all claims which necessarily relate FSLA, §1983 and Schlumbohm issues. For example, the City included in its claims for Counts II-IV, costs connected with discovery motion practice. While some of these costs were clearly improper as discussed below, discovery in both directions related to the federal claims and

---

[1] Docket 173
[2] The City suggests enhancement of Rule 82 amounting to $54, 261.71. However, as discussed below,

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Schlumbohm issues, and has not been segregated. Part of this relates to the coding procedures used by the City. If the coding for work was not specific to Schlumbohm or FSLA, the matter was assumed to relate to either general defense or state law claims. This ignores that the state law claims were inextricably linked to the §1983 claims,[3] and that nearly all discovery was related to Schlumbohm's issues to some degree or the other. In making it's claim, however, the City has not clearly segregated common expenses that related to the defense of all claims, including the federal law claims and the State law claims of Officer Schlumbohm.

## II. THERE IS NO RIGHT TO RECOVER ATTORNEYS' FEES UNDER THE FRCP.

FRCP 54(d)(2) and Local Rule 54-16 create a procedure but not a right to recover attorneys' fees.[4] Thus, the Local Rule requires the party seeking attorney fees to specifically cite the legal authority for the award of attorney fees. In this case, the City has cited only Alaska Civ. R. 68 and 82. The City seeks costs for the defense of Counts II through IV. However, Count IV is a federal law claim brought under the courts jurisdiction over federal questions. Counts II and III were state law claims

---

[3] Docket 173

[4] *MRO Communications, Inc. v American Tel. And Tel. Co.* 197 F. 3rd 1276, 1280 (9th Cir. 1999) citing Advisory Committee Notes to Fed. R. Civ. P. 54(d)(2) (noting that Rule 54(d)(2) "establishes a procedure for presenting claims for attorneys' fees"). In Abrams v. Lightolier Inc., 50 F.3d 1204, (9th Cir. 1995)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

brought under the Court's supplemental jurisdiction. The City's motion simply ignores the distinction between the federal claims expressed in Count IV, and the state law claims expressed in Counts II and III. As discussed below, the oversight is significant.

### III. THE CITY HAS NO CLAIM RELATING TO FSLA DEFENSE FEES.

A prevailing defendant in FLSA action is not entitled to attorney's fees, since 29 USCS § 216(b) does not provide for plaintiffs to pay attorney's fees to defendants.[5] The City claims that it has not made a claim for costs incurred in connection with the defense of the FSLA claims. However, the City has made claims for "general defense" work amounting to over $9,618. 48. Clearly these costs related to the defense of the FSLA claims and are not allowable.

### IV. THE CITY MAY NOT CLAIM ATTORNEY FEES AGAINST AN UNSUCCESSFUL CLAIMANT UNDER §1983.

There is no question that attorney fees are not recoverable with respect to the defense of the federal law claims – i.e. Count IV. Generally, U.S. federal courts apply the so called "American Rule" which provides that litigants must pay their

---

[5] *Fegley v Higgins* 19 F3d 1126 (6th Cir., 1994).

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

own attorney's fees, absent legislation providing otherwise. *Alyeska Pipeline Service Co. v Wilderness Societ,*[6]   That decision is generally regarded as reaffirming the application of the "American Rule" in federal courts, and was recently confirmed in *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*[7]   In particular, the rule applies in all proceedings brought under federal question jurisdiction seeking to adjudicate federal law claims.   The court held that it would be inappropriate for the Judiciary, without legislative guidance, to reallocate the burdens of litigation set under the traditional American Rule.

Count IV presents claims under federal law (§1983) thus invoking this courts jurisdiction as to a federal question.   There is no basis --- and the City offers no legal authority ---- for applying state substantive law respecting fee shifting with regard to a case arising under federal question jurisdiction.   The City refers to two cases --- *Home Indemnity Co. v Lane Powell,*[8] and *MRO Communications, Inc. v American Tel. And Tel. Co.*[9]   Both cases are clearly distinguishable because these cases only considered diversity and state law claims.   The distinction is critical, of course,

---

[6] 421 U.S.240 (1975; See also *Travelers Cas. & Sur. Co. of Am. v. PG&E,* 127 S. Ct. 1199, 1204 (2007)
[7] 532 U.S. 598 , 603 (2001)
[8] 43 F. 3d 1322, 1332 (9th Cir. 1995)
[9] 197 F. 3rd 1276 (9th Cir. 1999)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

because under the *Eire* doctrine, where federal court jurisdiction rests on diversity of citizenship, the federal court must apply the substantive law of the forum State.[10] However, the rule in *Erie* contains a significant and relevant exception: state law is applicable to all cases except "in matters governed by the Federal Constitution or by acts of Congress".[11] Thus, the issue of the application of state law arises only in diversity cases; not cases founded upon federal question jurisdiction and considering federal law claims.

But more importantly, both cases actually support the denial of fees incurred with defense of a §1983 claim. In *Home Indemnity Co.* the Court noted that while Federal procedural rules govern in diversity actions, "If there is a federal rule of procedure covering a particular point of practice or pleading in dispute, such rule governs in a federal diversity action even if resort to state law would lead to a different result." [12] The Court went on to note that fee shifting under Alaska Rule 68 (offers for judgment) deals with an issue also addressed in Federal Rule of Civil Procedure 68, but in a different manner that would conflict with the federal rules.

---

[10] *See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78, 82 L. Ed. 1188, 58 S. Ct. 817 (1938).*
[11] Id.
[12] *43 F. 3d 1322, 1332 (9th Cir. 1995) citing Santana v. Holiday Inns, Inc., 686 F.2d 736, 740 (9th Cir. 1982).*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Thus, Alaska Rule 68 did not apply, even in a diversity case. In other words, the Court rejected the City's contention asserted in this matter.

In the other case, *MRO Communications,* the Court specifically noted that no claim was made – nor presumably could have been made --- for attorney fees to defend against the federal law claims.[13]

The City's application for attorney fees totally ignores that claims for attorney fees for §1983 claims is governed by federal statute --- i.e. § 1988.[14] As noted, above, Local Rule 54.3 requires the City to state clearly the statutory basis for such claims. The City has not made any claim under the applicable federal statute, and therefore has waived any such claims.[15] However, the treatment of such claims under the statute should inform the Court as it considers the City's claim. Although fees under § 1988 are discretionary, the Supreme Court in *Christiansburg Garment Co. v.*

---

[13] I97 F.3d, at 1297
[14] 42 U.S.C. § 1988(b). The statute provides
 "In any action or proceeding to enforce a provision of ... the Civil Rights Act of 1964 ... the court, **in its discretion, may** allow the prevailing party ... a reasonable attorney's fee as part of the costs." (emphasis added)
[15] There is little question that this omission was knowingly made, since the statute is specifically discussed in a case cited by the City in its application for fees. See *MRO Communications, Inc. v American Tel. And Tel. Co.*, 197 F. 3d, at 1279

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*EEOC,*[16] held that before awarding attorneys' fees, a prevailing Title VII defendant must show the Court that the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." As the Court continued, in making this determination, a court must avoid the post hoc temptation of finding the plaintiff's litigation meritless simply because she did not prevail at trial.[17] In this case, the City has made no claim that the plaintiff's claims were "frivolous, unreasonable, or without foundation". Under the principles enunciated by the Supreme Court, no award of attorney fees would be allowable as to the §1983 claims.

Thus, the City has no cognizable claim for attorney fees incurred with respect to the federal law claims contained within Count IV (§1983). However, the City has made claims for "general defense" work amounting to over $9,618. 48 and defense of Counts II, III, **and IV** (i.e. the §1983 claims). Of course, the claims related to "general defense," and Count IV, are clearly costs incurred in defense of the §1983 claims. Consequently, award for such fees is not permissible.

---

[16] *434 U.S. 412,* 421-22 n 5 *(1978)*
[17] Id. at 421-22; Hughes v. Rowe, 449 U.S. 5, 14, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (per curiam). The Court warned that "hindsight logic could discourage all but the most airtight claims ...." Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1188-89 (11th Cir. 1985) (quoting Christiansburg, 434 U.S. at 421-22).

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

### V.  STATE LAW CLAIMS ARISING UNDER SUPPLEMENTAL JURISDICTION

The City claims attorney fees under Alaska Civ. Ru. 68 or 82 for all the state law claims considered by the Court subject to its supplemental jurisdiction.  As discussed below, the City may have some claim under Civ. R. 82, but has no claim under Alaska Civ. R. 68.  More problematic, however, is the §1983 claims and the state law claims are so intertwined that neither the City nor this Court can segregate those activities directed at the federal actions from those actions directed at the state law claims.  Given that the City has lumped its claims for attorney fees incurred in defense of state law claims (which may be permissible) with fees incurred with respect to federal claims (which are clearly impermissible), the City has failed to present a claim attorney fees "necessarily incurred" in connection with the defense of the state law claims as required by Alaska Rule 82.

#### A.  The City May Not Claim Rule 68 Attorney Fees.

As noted above, the Ninth Circuit has already held that Alaska Rule 68 is not applicable with regard to shifting fees because it is "procedural" rather than "substantive". [18]  The 9th Circuit has held that the question whether the "American"

---

[18] *Home Indemnity Co., supra.* This analysis flows from the *Erie* doctrine, which holds the federal court must apply the substantive law of the forum State; however,

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                        *Page 10 of 17*
Op: Attorney Fees

or "English" rule applies is a question of state substantive law, and therefore may be applied in the consideration of federal matters considered under diversity jurisdiction.[19]  However, both FRCP 68 and the Alaska Civ. R. 68 both address offers of judgment and their effect.  Under FRCP 68, the refusal to accept an offer better than obtained at judgment is liability for costs, not inclusive of attorney fees.  Under Alaska Civ. R. 68, the refusal to accept an offer better than obtained at judgment is liability for attorney fees.  The Ninth Circuit has held that the rules governing offers of judgment are "procedural" within the meaning of *Erie*, and Alaska Civ. R. 68 is not applicable, even in the context of a diversity case.  *MRO Communications, Inc. v American Tel. And Tel. Co.*, 197 F. 3d, at 1279.  In commenting on this result with respect to a similar conflict between a Nevada rule and FRCP 68, one District Court noted

> This case before us presents the rare example when a state substantive law governing an award of attorney's fees comes into conflict with a federal statute or procedural rule. Having concluded that Fed. R. Civ. P. 68 is "sufficiently broad to cover the point in dispute," namely offer of judgment rules, we find that it controls, and that defendants are not entitled to attorney's fees. Because it deals with offers of judgment, NRS 17.115 deals

---

procedural issues are governed by federal law. *See Erie Railroad Co. v. Tompkins, supra.*  To determine whether a state rule is procedural or substantive, the Court should apply the "outcome determinative test. *Hanna v. Plumer, 380 U.S. 460, 468, 14 L. Ed. 2d 8, 85 S. Ct. 1136 (1965)* In applying such test, the Court must consider the "twin goals" of the Erie doctrine: discouragement of forum-shopping and avoidance of inequitable administration of the laws. Id.
[19] *Bevard v. Farmers Insurance Co., 127 F.3d 1147, 1148 (9th Cir. 1997).*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

with the same matter as Fed. R. Civ. P. 68. Further, because it awards attorney's fees NRS 17.115 is in conflict with Fed. R. Civ. P. 68 which only provides for recovery of costs. (citations omitted)[20]

Thus, the Court may not apply the Alaska Civ. R. 68 to enhance attorney fees claimed by the City.

### B. The City May Not Claim Rule 82 Attorney Fees Because It Would Conflict With Federal Law.

Under Alaska law, where some attorney fees are incurred for purposes allowing award under Civ. R. 82, and other fees are incurred for purpose that are non-allowable for award under Civ. R. 82, the party claiming fees must separate work activity that is claimable under Civ. R. 82 from non-allowable work. [21] However, as noted above, the work in defense of §1983 claims was the same work used to defend on state law claims. To award attorney fees for the same work merely because it also defended against the state claims, would violate the basic principles of the federal rule which prohibits the award of attorney fees to a prevailing defendant in a §1983 claim absent a showing of bad faith. As a consequence, unless the City can demonstrate that it engaged in work solely directed at the state law claims, awarding attorney fees for work used to defend the

---

[20] *Walsh v. Kelly*, 203 F.R.D. 597, 599, (Nev. D. Ct., 2001)
[21] *Dias v Silver Bay Logging, Inc.* 55 P.3d 732, 737 (Alaska 2002)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

federal law claims – regardless of whether it was also used to defend against state claims --- would clearly conflict with applicable federal law, and the state law must yield to the conflicting federal law.

VI. **IF ALASKA CIVIL RULES 82 APPLY, THE COURT SHOULD REDUCE NOT ENHANCE THE AWARD BECAUSE OF VEXATIOUS DISCOVERY BEHAVIOR AND APPORTIONMENT PRINCIPLES**.

If the Court applies Rule 82, the City seeks enhanced attorney fees under Civ. R. 82((b)(3). However, the City does not really explain why, except to re-argue the merits of the Officer's claim, which is insufficient under Civ. R. 82. There is no reason for enhancement of attorney fees. In *Walton v. Ramos Aasand & Co., 963 P.2d 1042, 1046(Alaska 1998)* the Court upheld an award of 60 % of actual fees for vexatious behavior by a plaintiff. The City has not claimed vexatious behavior. Rather, it would appear that the opposite is true, and the principle of Civ. R. 82 would suggest a decrease in awarded fees, rather than enhancement.

For example, the City seeks attorney fees amounting to $6, 668.50 of litigation costs with respect to the failed settlement efforts. The parties entered into a tentative settlement, which the plaintiffs ultimately did not accept. The City pressed a 'breach of contract" claim, which this court rejected because the parties had not entered into

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                 Page 13 of 17
Op: Attorney Fees

a formal settlement and anticipated that they would do so with a formal signing that did not happen.[22]

Similarly, the city was particularly deleterious in the late provision of discovery. For example, in February, 2006, the Plaintiffs requested personnel records from the City respecting all persons employed by the police department. This was a critical issue because the number and timing of people employed by the police department was a critical issue in the City's claimed exemption. In July, 2006, these records had not been produced and the plaintiff had to file a motion to compel.[23] The records were produced immediately so that the City could claim that the records were in fact produced.[24] While the production of the records mooted the motion, it is clear that the City needlessly delayed production until the last moment requiring the unnecessary motion practice. Similarly, Ms. Carrol refused to even discuss her litigation with Mr. Miller, which was intimately tied to the termination of Officer McKillican, and required motion practice[25] and an order to requiring Ms. Carroll to provide written supplemental responses.[26]

---

[22] Docket 45.
[23] See Docket 50, 51 The parties discussed these deficiencies in May, and Mr. Trickey assured the undersigned that they would be provided immediately. See Docket 71, Ex. L, p. 2
[24] Dee Docket 69
[25] Docket 49
[26] Docket 93

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

On the other side, the City moved to compel production of documents that they had in their possession. The clearest case involves Officers DeLeon and McKillican who went to work for the City of Fairbanks Police department after their employment at Fort Yukon. Officer DeLeon has been continuously employed with the Fairbanks Police Department during this litigation. Officers DeLeon and McKillican provided the City of Fort Yukon with releases of records to allow access to their Fairbanks Police Department records, and the records of both officers were produced to the City's attorney on July 6, 2006.[27] However, Defense counsel never produced these documents in supplemental discovery, and withheld information respecting the possession of the documents.[28] Nonetheless, on August 3, 2006 --- one month after opposing counsel received the post-termination employment records for DeLeon and McKillican --- the City of Fort Yukon brought a motion to compel arguing that "(N)one of the Plaintiffs have provided a single document related to their employment subsequent to leaving the City of Fort Yukon."[29] Ultimately, this was entangled in the City's subsequent motion for sanctions against

---

[27] See Ex. 1 (attached)
[28] See affidavit of counsel, attached.
[29] Docket 70, at p. 8

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                         *Page 15 of 17*
Op: Attorney Fees

the Plaintiffs.[30] Interestingly, opposing counsel acknowledges that the undersigned attorney complained about these types of tactics as "make work" tactics.[31] Opposing counsel's response ---as reported by them – was to tell the undersigned to stop complaining.[32] Of course, Counsel's billing on these discovery issues was over $5,000. [33]

In summary, Defendants engaged in actions unnecessarily inflated the cost of this litigation. However, as detailed above, these actions were taken by Council for the City of Fort Yukon. If the Court applies Alaska Civ. R. 82, adjustments should be made to reduce, not enhance an award of attorney fees claimed by the City of Fort Yukon.

**CONCLUSION**

The Court should deny the motion for attorney fees because the Defendants are seeking attorney fees connected with the defense of federal law claims (i.e. FSLA and §1983), which are not allowed. To the extent that these fees were incurred in connection with the defense of state law claims, the City has failed to segregate state

---

[30] Docket 157 and 158
[31] Docket 71, p 2, line 6; See also Docket 71, Ex. L (letter from Waller to Trickey)
[32] Id., p. 2, line 6; See also Docket 71, Ex. M (letter from Trickey to Walleri)
[33] See billings, pp. 6-9

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                              *Page 16 of 17*
Op: Attorney Fees

law defense costs from federal law defense costs, which is probably impossible because the state law claims were inextricably entwined with the §1983 claims. Moreover, Alaska Civ. R. 68 is not applicable to federal cases. And finally, and in the alternative, if the Court does apply Alaska Rule 82 fees, the Court should reduce such fees awarded to reflect the inflated costs of 'make work' litigation by the City of Fort Yukon.

DATED: April 23, 2007                MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J Walleri
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725
walleri@gci.net
AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and
Correct copy of the foregoing was sent to the following counsel
of record on April 23, 2007 via electronic filing to:

Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                *Page 17 of 17*
Op: Attorney Fees