Howard S. Trickey
Matthew Singer
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>              Plaintiffs,<br><br>  vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>              Defendants. | Case No. 4:04-cv-00034-RRB |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

**I.   INTRODUCTION**

Defendants have moved for a partial award of their attorney's fees as prevailing party. Plaintiffs offer several arguments in opposition: (1) that Alaska Rule 68 does not apply in federal court; (2) that Alaska Rule 82 does not apply to any of plaintiffs' claims because they tacked on an ill-considered Section 1983 claim; and (3) that defendants should not obtain any prevailing party fees because of alleged discovery abuses. None of

these are valid reasons for denying prevailing party fees to the City of Fort Yukon and Fannie Carroll.

While there is admittedly a split of Ninth Circuit authority on the applicability of Alaska Rule 68, the more recent and better-reasoned case indicates that state Rule 68 awards are proper. More importantly, it appears that the District of Alaska follows the more recent decision holding that the state law should govern. As to the Section 1983 claim, plaintiffs' due process claim failed based on one fact: none of the plaintiffs ever attempted to utilize their due process rights. The Section 1983 claim was a tacked-on, throw-away claim, and its successful defense was so factually linked to the state law claims that it must be treated as a subset of the state law claim. In other words, the City did not incur any additional attorney's fees defending the Section 1983 claims, but it did incur substantial fees to defend the state law wrongful termination/constructive discharge claims. Finally, plaintiffs' accusations about discovery abuses are untrue, mischaracterize the record, and seek to re-litigate issues this Court has already decided against plaintiffs. Defendants incurred significant attorney's fees to defend the state law employment claims of Fleming, DeLeon, Hampton, and McKillican, and so prevailing defendants should rightfully be entitled under Alaska law to recover a portion of their attorney's fees.

## II. WHILE THERE IS A SPLIT OF AUTHORITY, ALASKA RULE 68 SHOULD GOVERN THIS DISPUTE

As explained in the City's opening brief, there is a split of authority within the Ninth Circuit about whether Alaska Rule 68 applies in federal court. In *Home Indem. Co.*

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

*v. Lane Powell Moss & Miller*,[1] the court held that Alaska Rule 68 did not apply, but in the later case of *MRO Communications, Inc. v. American Tel. & Tel. Co.*, the court held that a state Rule 68 should govern.[2] The City respectfully submits that *MRO Communications* is the current law of the Ninth Circuit and the District of Alaska, and that it provides better policy reasoning. Alaska Rule 68 and its implanting statute, AS 09.30.065, are more than a procedural rule. The rule and statute articulate the policy of the Alaska legislature to encourage settlement, deter frivolous claims, and penalize those who decline to accept reasonable offers of compromise. Since the statute is **substantive**, not procedural, the *MRO Communications* decision should govern.

The District of Alaska has applied *MRO Communications* to Rule 82 attorney's fees. Judge Sedwick cited *MRO Communications* as the governing law applicable to the award of attorney's fees regarding state law claims in *U.S. ex rel. Rebar Placement Co. v. GBC, L.L.C. Contractors*.[3] As Judge Sedwick put it, "District courts follow state rules for awarding attorney's fees when exercising their subject matter jurisdiction over state-law claims."[4] The fact Judge Sedwick cited *MRO Communications* for this rule should

---

[1]   43 F.3d 1322, 1332 (9th Cir. 1995).

[2]   197 F.3d 1276, 1282-83 (9th Cir. 1999).

[3]   *U.S. ex rel. Rebar Placement Co. v. GBC, L.L.C. Contractors*, 2005 WL 846211, *1 n.9 (D. Alaska 2005). [Attached as Ex. 10]

[4]   *Id*. at *1.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES                           PAGE 3
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

mean that it is equally applicable to attorney fee awards based on an offer of judgment.[5] That is, after all, the subject of the *MRO Communications* decision.[6]

These plaintiffs would undeniably owe Alaska Rule 68 fees on the state claims if they had filed this lawsuit in state court. They should not be able to avoid liability by attaching meritless federal claims to boost themselves into a federal forum. Any other decision will lead to federal courts becoming the forum of choice for marginal claims. If this Court agrees that *MRO Communications* governs, then it should award fees for the state law claims pursuant to Alaska Rule 68.

**III.   PLAINTIFFS' IDEA THAT STATE LAW IS ONLY APPLIED IN DIVERSITY CASES IS WITHOUT MERIT**

Plaintiffs' astonishing argument that "the application of state law only arises in diversity cases" is without merit. [Plaintiffs' Opp., p. 7]   Judge Sedwick rejected this argument, holding that it was not a tenable argument under the local rules.

> RPC argues that District of Alaska Local Rule 54.3(b) allows the court to apply Rule 82 in diversity cases only. If that were true, Rule 82 would not apply here because RPC and Grose Brothers are not diverse. But while Local Rule 54.3(b) requires that the court apply Rule 82 in diversity cases, Local Rule 54.3(a)(2) accepts Rule 82 as potential authority for recovering attorney's fees in other cases.[7]

Any contention that Rule 82 does not apply in non-diverse actions is foreclosed by Local Rule 54.3(a)(2). Local Rule 54.3(a)(2) also accepts the entirety of the "Alaska Rules of Civil Procedure" as potential authority for recovering attorney's fees in non-diverse

---

[5]   *Id*. at *1 n.9.

[6]   *MRO Communications*, 197 F.3d at 1281.

[7]   *U.S. ex rel. Rebar Placement Co.*, 2005 WL 846211, *1 n.14.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

actions. Alaska Rule of Civil Procedure 68 falls within that category, and it similarly applies to non-diverse actions.

## IV. THE SECTION 1983 CLAIM WAS SO MERITLESS THAT IT REQUIRED NO TIME TO REFUTE, AND DEFENDANTS ARE ENTITLED TO RULE 68 OR RULE 82 FEES ON THE STATE LAW CLAIMS

Much of plaintiffs' opposition to fees rests on their assertion that all of the fees sought by defendants are attributable to defense of the Section 1983 claim, which is a federal law claim not subject to Alaska Rules 68 and 82. But this assertion is without merit. As explained in the declaration of counsel submitted herewith, defendants analyzed the Section 1983 claim as factually a subset of the state law claims. That is, if defendants could establish that plaintiffs' wrongful termination and constructive discharge claims were baseless and barred as a matter of law because plaintiffs failed to exhaust their administrative remedies, then defendants could also establish the corollary rule that a person cannot sue for violation of due process when the only alleged violation is the person's own failure to participate in the available due process procedure. Thus, defendants focused their discovery requests, depositions, and summary judgment pleadings on defeating the allegations of constructive discharge and wrongful termination.

For example, the City established on summary judgment that former Chief Fleming was an at-will employee. That fact resolved his "wrongful termination" state law claim, and also destroyed any claim that he had suffered a denial of due process. It did not cost the City any additional defense fees to defend the Section 1983 due process

claim once it had established the facts necessary to show that Fleming was an at-will employee. Likewise, once the City demonstrated that DeLeon had failed to exhaust his administrative remedies and refused to participate in the hearing offered by the City, those facts resolved both his wrongful termination claim and his Section 1983 claim. Again, the City faced no additional defense costs associated with defending the "add-on" 1983 claim – the meat and bones of this defense was in disproving the state law constructive discharge/wrongful termination claims.

As explained in the attached declaration of counsel, defendants do not estimate spending more than 10 hours litigating the Section 1983 claim. Defendants have sought in every manner to be conservative in their fee request and to exclude any fees that should reasonably be attributed to the FLSA claim or other non-recoverable categories. Defendants would not object if the Court were to deduct 10 hours from defendants' fee request, or even if the Court were to be extra-cautious and double or triple that estimate. In any event, the throw-away Section 1983 claims did not require significant defense effort and should not prevent a substantial fee award in favor of defendants for defeating the state law employment claims.

## V.  PLAINTIFFS' ACCUSATIONS OF DISCOVERY MISCONDUCT ARE WITHOUT MERIT

As has been their practice throughout this litigation, plaintiffs next attack the conduct of defendants and claim there were discovery abuses. These issues were already litigated, and plaintiffs lost on each and every issue. For example, plaintiffs complain that Fannie Carroll did not answer questions about her personal relationship with Dick

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES                                                          PAGE 6
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

Miller. But when plaintiffs filed a motion to compel on this issue, the Court agreed with Ms. Carroll that plaintiffs' questions were over-reaching and she did not have to answer questions about her personal relationship. Likewise, the Court denied plaintiffs' other discovery motions and meritless requests for sanctions.

Plaintiffs next claim outrage that some of the discovery sought by the City from plaintiffs overlapped with documents the City obtained directly from the City of Fairbanks. But it is not a valid objection that an interrogating party is already in possession of the information.[8] Also, "it is not usually ground for objection that the information is equally available to the interrogator or is a matter of public record."[9] "Thus, in the great majority of cases a party has been allowed to inquire about facts already known to him or her."[10] The information defendants sought from plaintiffs, including not only employment records but also W-2 records and self-employment history, was far more expansive. The undersigned defense counsel routinely seeks to obtain the same or similar information from multiple sources, as experience has repeatedly proven that documents retained in a personal file may be more or less complete than documents retained in an employer's file.

The point of defendants' discovery was not to oppress or harass plaintiffs, but only to obtain the basic information necessary to evaluate and defend this case. Defendants

---

[8]   *See* Wright and Miller, *Federal Practice and Procedure*, Civil § 2014; *see also U.S. v. 58.16 Acres of Land, more or less in Clinton County, State of Ill.*, 66 F.R.D. 570, 573 (E.D. Ill. 1975).

[9]   Wright and Miller, *Federal Practice and Procedure*, Civil § 2014.

[10]  *Id*.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES                                     PAGE 7
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

propounded only one set of discovery requests in this case, and took depositions only of the named plaintiffs and no other witnesses. If plaintiffs ever believed that defendants' discovery was over-reaching, the Civil Rules contain express provision for motion for protective order. Plaintiffs filed no such request, and indeed all of their affirmative discovery motions were denied by this Court. There were no discovery abuses.

## VI. PLAINTIFFS' OTHER ARGUMENTS ARE EQUALLY WITHOUT MERIT

Finally, plaintiffs intersperse a number of other arguments into their opposition papers, none of which have any merit. For example, they assert that all of the City's "general defense" costs should be attributed to defense of Todd Schlumbohm's claims, even though the City has separately segregated all of its Schlumbohm-related defense costs. The City purposefully over-included fees in the Schlumbohm category, including all portions of any entry that made any mention of Schlumbohm. It would be unfair to also attribute all of the general defense costs to Schlumbohm as well. Even assuming Schlumbohm's case was treated as a separate lawsuit, the City had to produce an answer, initial disclosures, and it had to communicate with its client. These costs should be recoverable against the four plaintiffs who filed losing claims.

DATED at Anchorage, Alaska this 3rd day of May, 2007.

JERMAIN DUNNAGAN & OWENS, P.C.

By: *s/ Matthew Singer*
Matthew Singer
Alaska Bar No. 9911072

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES                                                                 PAGE 8
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB

By: *s/ Howard S. Trickey*
Howard S. Trickey
Alaska Bar No. 7610138
3000 A Street, Suite 300
Anchorage, AK 99503
Phone: (907) 563-8844
Fax: (907) 563-7322

CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2007,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

*s/ Matthew Singer*

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES       PAGE 9
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-cv-00034-RRB