Howard S. Trickey
Matthew Singer
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>Defendants. | Case No. 4:04-cv-00034-RRB |

## **DECLARATION OF MATTHEW SINGER**

1. I am an attorney for defendants in this matter.

2. In opposing defendants' motion for attorney's fees, plaintiffs are critical of defendants for not separating out the fees to defend the Section 1983 claims from the fees to defend the state law claims for constructive discharge and wrongful termination.

3. In defending this lawsuit, we analyzed the Section 1983 claims as factually subsumed by the state-law claims. That is, upon initial review of the complaint, we

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

{00151916 }

determined that if discovery established grounds for summary judgment on the state law claims, the Section 1983 claims would necessarily fall away.

4.     For example, from the beginning it was our intent to defend Chief Fleming's wrongful termination claim based on the fact that he was an at-will employee. We knew that this fact would also resolve his Section 1983 due process claim because the law does not provide due process rights to an at-will employee who has suffered no loss of property.

5.     As a result of our defense strategy, we did not spend any significant time defending the Section 1983 claim, but instead focused our discovery requests, depositions, and motions practice on the wrongful termination and constructive discharge claims.

6.     I have reviewed all of our attorney's fees billings and am familiar with every stage of this lawsuit. If asked to estimate how much time the defense team dedicated solely to defense of the Section 1983 claims, I would estimate no more than 10 hours on this task for the entire lawsuit. To be extra-conservative, I would then ask the Court to triple that number and deduct 30 hours from defendants' claimed attorney's fees. Thirty hours times my hourly rate of $165 would be $4,950. I think this calculation would drastically over-estimate the actual time spent by this firm in defending the Section 1983 claim, and so would certainly resolve any concern articulated by plaintiffs that such fees are not properly recoverable under Alaska Rule 68 and Alaska Rule 82.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DATED at Anchorage, Alaska this 3rd day of May, 2007.

*s/ Matthew Singer*
Matthew Singer
3000 A Street, Suite 300
Anchorage, AK 99503
Phone: (907) 563-8844
Fax: (907) 563-7322
Alaska Bar No. 9911072

CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2007,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

*s/ Matthew Singer*

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DECLARATION OF MATTHEW SINGER                                                                                   PAGE 3
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE 4:04-cv-00034-RRB