Howard S. Trickey
Matthew Singer
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM,<br><br>          Plaintiffs,<br><br>     vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA,<br><br>          Defendants. | Case No. 4:04-cv-00034-RRB |

**OPPOSITION TO MOTION FOR COURT REVIEW
OF CLERK'S AWARD OF COSTS**

**I.     INTRODUCTION**

The Court should reject Plaintiffs' motion to reduce the clerk's award of $10,945.39 in litigation costs to the City of Fort Yukon and Fannie Carroll ("City"). The clerk's award of costs was proper under Federal Rule of Civil Procedure 54, Local Rule 54.1 and prevailing federal law. Plaintiffs Reginald Fleming, Chris Hampton, Chris DeLeon and William McKillican's (collectively "Plaintiffs") motion contains neither

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

legal citation nor factual support.  Accordingly, the motion presents this Court with no basis for altering the clerk's award.

## II.     ANALYSIS

"Federal Rule of Civil Procedure 54(d)(1) creates a presumption in favor of awarding a prevailing party its costs other than attorneys' fees, but vests in the district court the discretion to refuse to award such costs if the district court gives specific reasons explaining why the case is not ordinary and why it would be 'inappropriate or inequitable to award costs.'"[1]  When objecting to specific costs, "the party objecting to the clerk's taxation has the burden of persuading the court that it was improper."[2]

The four Plaintiffs failed to meet this burden, or even to provide any valid reason at all for the Court to upset the award.  Plaintiffs have cited no authority and provided no documentation that could lead the Court to decide that the clerk made a mistake.  Both the facts and the law actually support the clerk's award of costs, and the Court should allow the award to stand.

### A.     The Deposition Costs Were Properly Assessed

The Court should not upset the clerk's award of costs for depositions.  The taxing of costs to losing parties is governed by statute and Federal Rule of Civil Procedure 54.[3]  Plaintiffs' main complaint is that they were charged for depositions the City used to

---

[1]     *Jack Russell v. American Kennel Club*,  407 F.3d 1027, 1038 (9th Cir. 2005).

[2]     10 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d § 2679.

[3]     *Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 441 (1987) ("[28 U.S.C.] § 1920 provides that the fee may be taxed as a cost, and Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs.").

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

successfully obtain summary judgment. Plaintiffs have confused the legal standard and now claim that Fleming, DeLeon, Hampton and McKillican cannot be assessed costs for depositions unless the Court cited the deposition in its order.

Plaintiffs assert that the City has not "used" the various depositions in obtaining summary judgment. A quick review of the contents of the motions shows that this statement is incorrect. [*See* attached Exhibit A.] The City used every single taxed deposition in its successful summary judgment motions. Under the correct legal standard, these deposition costs are chargeable to the four unsuccessful Plaintiffs.

Federal Civil Rule 54(d)(1) provides that "costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk *may* be reviewed by the court."[4] The taxing of costs to losing parties is governed by statute and Federal Rule of Civil Procedure 54.[5] The United States District Court of Alaska has interpreted these statutes and Rule 54 to allow imposition of certain costs related to depositions.[6]

> **(e) Taxable costs.** Taxable costs, as set forth by statute with the following clarifications, include:
> …
> (3) *Deposition Costs*. The reporter's charge for a deposition used, including an audio-visual deposition if ordered by the court or stipulated to by the parties, is taxable.[7]

---

[4] Federal Civil Rule 54(d)(1) (emphasis added).

[5] *Crawford Fitting Co.*, 482 U.S. at 441 ("[28 U.S.C.] § 1920 provides that the fee may be taxed as a cost, and Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs.").

[6] Local Civil Rule 54.1(e)(3).

[7] *Id*.

This rule is the same as that followed in other federal jurisdictions.

> There is general agreement that the expenses of a deposition may be taxed as costs when it was received in evidence, although this is not always true. The justification for taxing the expense of a deposition that is introduced in evidence also supports taxing the expense of a deposition employed on a successful motion for summary judgment.[8]

"Also taxable are postage, notarial certificates, and witness fees incurred in connection with the examination."[9]  Attorney fees and attorney traveling expenses associated with depositions are not taxable costs.[10]  But, this is not an issue for this motion because these expenses were never included in the original motion for costs.

The correct legal standard is that the deposition costs are correctly imposed on the losing party if they were "used" by the prevailing party to obtain summary judgment.[11] The City "used" all of the depositions in order to obtain summary judgment, as demonstrated in Exhibit A.  Plaintiffs should be taxed the proper costs for the depositions necessarily used by the City in obtaining summary judgment.

### B.    The Clerk Was Correct in Taxing the Copying Fees

The four unsuccessful Plaintiffs should be taxed costs for the copying fees thus far in this case.  "Joint and several liability for costs is the general rule unless equity

---

[8]    10 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d § 2676.

[9]    *Id*.

[10]    Local Civil Rule 54.1(f)(1); 10 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d § 2676 ("Except as prescribed in the discovery rules, attorney's fees associated with depositions are not taxable costs, however.  The same is true, barring exceptional circumstances of an attorney's traveling expenses.").

[11]    *See* Local Rule 54.1(e) (allowing recovery of the cost of "The reporter's charge for a deposition used"); *see also* 10 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d § 2676.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA  99503
(907) 563-8844
FAX (907) 563-7322

OPPOSITION TO MOTION FOR COURT REVIEW OF CLERK'S AWARD OF COSTS                                                             PAGE 4
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-CV-00034-RRB

otherwise dictates."[12]  Generally, "a district court, in exercising its equitable discretion, may apportion costs between the prevailing and non-prevailing parties as it sees fit."[13]  The case law in multiple plaintiff cases "plac[es] the burden on the losing parties to introduce evidence and persuade the court that costs should be apportioned, and in the event that they fail to do so, the default rule is that costs may be imposed jointly and severally."[14]  Plaintiffs' motion to review costs fails to offer any evidence to persuade the Court to exercise its equitable discretion to allocate these costs.

In the alternative, if the Court wishes, it could hold the copying costs in abeyance until the resolution of Schlumbohm's case.  This is the solution the Eighth Circuit used where only one plaintiff's claims survived summary judgment in a multi-plaintiff suit.[15]  If the Court wishes to address the copying costs at a later date, it has the discretion to postpone its award of costs.  Plaintiffs have not given the Court any actual basis to do so and the City does not believe delay is necessary here.  But, if the Court determines that would be a proper course of action, then it should postpone the award of copying costs until after the conclusion of Schlumbohm's trial.

### III.  CONCLUSION

The Court should not upset the clerk's award of costs.  The clerk properly awarded costs and Plaintiffs have provided no legitimate reason to alter the clerk's award.

---

[12]  *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002).

[13]  *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 469 (3d Cir. 2000).

[14]  *Id.*

[15]  *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005).

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA  99503
(907) 563-8844
FAX (907) 563-7322

DATED at Anchorage, Alaska this 18th day of June, 2007.

JERMAIN DUNNAGAN & OWENS, P.C.

By: *s/ Matthew Singer*
Matthew Singer
Alaska Bar No. 9911072

By: *s/ Howard S. Trickey*
Howard S. Trickey
Alaska Bar No. 7610138
3000 A Street, Suite 300
Anchorage, AK  99503
Phone:  (907) 563-8844
Fax:  (907) 563-7322

CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2007,
a true and correct copy of the foregoing
document was served electronically
on the following counsel of record:

Michael J. Walleri
330 Wendell St., Suite E
Fairbanks, AK 99701

*s/ Matthew Singer*

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA  99503
(907) 563-8844
FAX (907) 563-7322

OPPOSITION TO MOTION FOR COURT REVIEW OF CLERK'S AWARD OF COSTS                                                                                                          PAGE 6
*FLEMING, ET AL. V. CARROLL, ET AL.*
CASE NO. 4:04-CV-00034-RRB