Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON, CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **REPLY TO OPPOSITION TO MOTION FOR COURT REVIEW OF CLERK'S AWARD OF COSTS**<br><br><br><br>Case No. F04-0034 CIV (RRB) |

In their Opposition to Plaintiffs' Motion for Review of Clerk's Award of Cost's, Defendant's have referred to substantial case law, however, the case law does not support the Clerk's decision. Rather, the problem in this case arises from the fact that the Court has elected to enter judgment in a multiple party case as to dismissed Plaintiffs, while proceeding to trial on the remaining plaintiff.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                    *Page 1 of 4*
Reply: Review Award of Costs.

As a preliminary point, the Defendant's alternative suggestion that the Court should hold the award of costs in abeyance until the resolution of the trial is very sensible. The Plaintiff's endorse and agree with this suggestion.

However, should the Court proceed with taxation of costs, FRCP 54 (d)(1) is clear in providing that the Court has discretion to refuse to award costs. [1] Simply stated, if the Court finds good reason not to award costs, FRCP 54 allows the denial of the award of costs by its terms.

In *Robinson v. Sikorsky Aircraft Corp., 142 Fed. Appx. 489 (2nd Cir., 2005)* the Court of Appeals noted that it could not tell from the record which of the defendant's depositions ---, all taken before any of the settling plaintiffs settled --- were undertaken in connection with the plaintiff's case. Equally, the Court noted that the Court did not explain why and how it allocated costs among the prevailing and non-prevailing parties. The same may be said for the present case. The Defendants opposition admits that all depositions were used against all five Plaintiff's at one or another time during motion practice – including the Plaintiff,

---

[1] FRCP 54 (d)(1) Costs; Attorneys' Fees.
 (1) *Costs Other than Attorneys' Fees.* Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party **unless the court otherwise directs**; (emphasis added)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

whose claims await trial. Defendants offer no rational explanation to allocate some costs to the dismissed Plaintiff's as opposed to the Plaintiff awaiting trial. As the *Robinson* decision suggests, the better practice is to postpone award of costs until all litigation has come to an end.[2] As previously noted, there is still one Plaintiff, Officer Schlumbohm, awaiting his day in Court which is scheduled for November 2007. The Court should not award costs to be awarded against the four non – prevailing Plaintiff's until Officer Schlumbohm's trial has concluded.

*In re Derailment Cases, 417 F.3d 840 (8th Cir. 2005)* the Court distinguished that there may be prevailing parties and non-prevailing parties. As the Court noted,

> Because the general rule is that parties against whom costs are ordered are jointly and severally liable for those costs, if BNSF is ultimately deemed a prevailing party against the Stachon plaintiffs, then those plaintiffs, along with the other consolidated plaintiffs, will be jointly and severally liable for BNSF's costs. If, on the other hand, BNSF is not designated a prevailing party against the Stachon plaintiffs, then they will have no liability for the award of costs to BNSF.

417 F.3d, at 844

The Court should reduce the costs awarded by the Clerk by $10,407.09 so as to not exceed $538.30 as requested in the Plaintiff's Motion for Review of Clerk's Award of Costs.

---

[2] Frankly, the same logic would suggest delay of award of attorney fees, which the Court has already awarded. The Plaintiffs would suggest that the Court should stay final judgment as to such awards until after the resolution of all claims.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

    DATED: June 26, 2007            MICHAEL J. WALLERI

                                                        /s/ Michael J. Walleri
                                                        Law Offices of Michael J Walleri
                                                        330 Wendell St., Suite E
                                                        Fairbanks, Alaska 99701
                                                        (907) 452-4716
                                                        (907) 452-4725
                                                        walleri@gci.net
                                                        AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and
Correct copy of the foregoing was sent to the following counsel
of record on June 26, 2007 via electronic filing to:

Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*      *Page 4 of 4*
Reply: Review Award of Costs.

Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON,  CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and  TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **REPLY TO OPPOSITION TO MOTION FOR COURT REVIEW OF CLERK'S AWARD OF COSTS**<br><br><br><br>Case No. F04-0034 CIV (RRB) |

In their Opposition to Plaintiffs' Motion for Review of Clerk's Award of Cost's, Defendant's have referred to substantial case law, however, the case law does not support the Clerk's decision.  Rather, the problem in this case arises from the fact that the Court has elected to enter judgment in a multiple party case as to dismissed Plaintiffs, while proceeding to trial on the remaining plaintiff.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                                 *Page 1 of 4*
Reply: Review Award of Costs.

As a preliminary point, the Defendant's alternative suggestion that the Court should hold the award of costs in abeyance until the resolution of the trial is very sensible.  The Plaintiff's endorse and agree with this suggestion.

However, should the Court proceed with taxation of costs, FRCP 54 (d)(1) is clear in providing that the Court has discretion  to refuse to award costs. [1]  Simply stated, if the Court finds good reason not to award costs, FRCP 54 allows the denial of the award of costs by its terms.

In *Robinson v. Sikorsky Aircraft Corp., 142 Fed. Appx. 489 (2nd Cir., 2005)* the Court of Appeals noted that it could not tell from the record which of the defendant's depositions ---, all taken before any of the settling plaintiffs settled --- were undertaken in connection with the plaintiff's case.  Equally, the Court noted that the Court did not explain why and how it allocated costs among the prevailing and non-prevailing parties.  The same may be said for the present case.  The Defendants opposition admits that all depositions were used against all five Plaintiff's at one or another time during motion practice – including the Plaintiff,

---

[1]FRCP 54 (d)(1) Costs; Attorneys' Fees.
  (1) *Costs Other than Attorneys' Fees.* Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party **unless the court otherwise directs**; (emphasis added)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                     Page 2 of 4
Reply: Review Award of Costs.

whose claims await trial.  Defendants offer no rational explanation to allocate some costs to the dismissed Plaintiff's as opposed to the Plaintiff awaiting trial.  As the *Robinson* decision suggests, the better practice is to postpone award of costs until all litigation has come to an end.[2]  As previously noted, there is still one Plaintiff, Officer Schlumbohm, awaiting his day in Court which is scheduled for November 2007.  The Court should not award costs to be awarded against the four non – prevailing Plaintiff's until Officer Schlumbohm's trial has concluded.

*In re Derailment Cases, 417 F.3d 840 (8th Cir. 2005)* the Court distinguished that there may be prevailing parties and non-prevailing parties.  As the Court noted,

> Because the general rule is that parties against whom costs are ordered are jointly and severally liable for those costs, if BNSF is ultimately deemed a prevailing party against the Stachon plaintiffs, then those plaintiffs, along with the other consolidated plaintiffs, will be jointly and severally liable for BNSF's costs. If, on the other hand, BNSF is not designated a prevailing party against the Stachon plaintiffs, then they will have no liability for the award of costs to BNSF.

417 F.3d, at 844

The Court should reduce the costs awarded by the Clerk by $10,407.09 so as to not exceed $538.30 as requested in the Plaintiff's Motion for Review of Clerk's Award of Costs.

---

[2] Frankly, the same logic would suggest delay of award of attorney fees, which the Court has already awarded.  The Plaintiffs would suggest that the Court should stay final judgment as to such awards until after the resolution of all claims.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                 *Page 3 of 4*
Reply: Review Award of Costs.

|  |  |
|---|---|
| DATED: June 26, 2007 | MICHAEL J. WALLERI |
|  | /s/ Michael J. Walleri<br>Law Offices of Michael J Walleri<br>330 Wendell St., Suite E<br>Fairbanks, Alaska 99701<br>(907) 452-4716<br>(907) 452-4725<br>walleri@gci.net<br>AK Bar No. 7906060 |

Certificate of Service
I hereby certify that under penalty of perjury that a true and
 Correct copy of the foregoing was sent to the following counsel
of record on June 26, 2007 via electronic filing to:

Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*  *Page 4 of 4*
Reply: Review Award of Costs.

Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINALD FLEMING, CHRISTOPHER DELEON,  CHRIS HAMPTON, WILLIAM D. MCKILLICAN, and  TODD SCHLUMBOHM<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE CARROLL, and the CITY OF FORT YUKON, ALASKA<br><br>Defendants. | **REPLY TO OPPOSITION TO MOTION FOR COURT REVIEW OF CLERK'S AWARD OF COSTS**<br><br><br><br>Case No. F04-0034 CIV (RRB) |

In their Opposition to Plaintiffs' Motion for Review of Clerk's Award of

Cost's, Defendant's have referred to substantial case law, however, the case law does

not support the Clerk's decision.  Rather, the problem in this case arises from the fact

that the Court has elected to enter judgment in a multiple party case as to dismissed

Plaintiffs, while proceeding to trial on the remaining plaintiff.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon* — Page 1 of 4
Reply: Review Award of Costs.

As a preliminary point, the Defendant's alternative suggestion that the Court should hold the award of costs in abeyance until the resolution of the trial is very sensible. The Plaintiff's endorse and agree with this suggestion.

However, should the Court proceed with taxation of costs, FRCP 54 (d)(1) is clear in providing that the Court has discretion to refuse to award costs.[1] Simply stated, if the Court finds good reason not to award costs, FRCP 54 allows the denial of the award of costs by its terms.

In *Robinson v. Sikorsky Aircraft Corp., 142 Fed. Appx. 489 (2nd Cir., 2005)* the Court of Appeals noted that it could not tell from the record which of the defendant's depositions ---, all taken before any of the settling plaintiffs settled --- were undertaken in connection with the plaintiff's case. Equally, the Court noted that the Court did not explain why and how it allocated costs among the prevailing and non-prevailing parties. The same may be said for the present case. The Defendants opposition admits that all depositions were used against all five Plaintiff's at one or another time during motion practice – including the Plaintiff,

---

[1] FRCP 54 (d)(1) Costs; Attorneys' Fees.
  (1) *Costs Other than Attorneys' Fees.* Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party **unless the court otherwise directs**; (emphasis added)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                          Page 2 of 4
Reply: Review Award of Costs.

whose claims await trial.  Defendants offer no rational explanation to allocate some costs to the dismissed Plaintiff's as opposed to the Plaintiff awaiting trial.  As the *Robinson* decision suggests, the better practice is to postpone award of costs until all litigation has come to an end.[2]  As previously noted, there is still one Plaintiff, Officer Schlumbohm, awaiting his day in Court which is scheduled for November 2007.  The Court should not award costs to be awarded against the four non – prevailing Plaintiff's until Officer Schlumbohm's trial has concluded.

*In re Derailment Cases, 417 F.3d 840 (8th Cir. 2005)* the Court distinguished that there may be prevailing parties and non-prevailing parties.  As the Court noted,

> Because the general rule is that parties against whom costs are ordered are jointly and severally liable for those costs, if BNSF is ultimately deemed a prevailing party against the Stachon plaintiffs, then those plaintiffs, along with the other consolidated plaintiffs, will be jointly and severally liable for BNSF's costs. If, on the other hand, BNSF is not designated a prevailing party against the Stachon plaintiffs, then they will have no liability for the award of costs to BNSF.

417 F.3d, at 844

The Court should reduce the costs awarded by the Clerk by $10,407.09 so as to not exceed $538.30 as requested in the Plaintiff's Motion for Review of Clerk's Award of Costs.

---

[2] Frankly, the same logic would suggest delay of award of attorney fees, which the Court has already awarded.  The Plaintiffs would suggest that the Court should stay final judgment as to such awards until after the resolution of all claims.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                 *Page 3 of 4*
Reply: Review Award of Costs.

|  |  |
|---|---|
| DATED: June 26, 2007 | MICHAEL J. WALLERI |
|  | /s/ Michael J. Walleri |
|  | Law Offices of Michael J Walleri |
|  | 330 Wendell St., Suite E |
|  | Fairbanks, Alaska 99701 |
|  | (907) 452-4716 |
|  | (907) 452-4725 |
|  | walleri@gci.net |
|  | AK Bar No. 7906060 |

Certificate of Service
I hereby certify that under penalty of perjury that a true and
 Correct copy of the foregoing was sent to the following counsel
of record on June 26, 2007 via electronic filing to:

Mr. Howard S. Trickey
Mr. Matt Singer
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Fleming, et. al. v City of Fort Yukon*                                                                                        *Page 4 of 4*
Reply: Review Award of Costs.